IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK ALLEN, in his official
capacity as DIRECTOR OF OREGON
HEALTH AUTHORITY, an agency
of the State of Oregon

No. 3:18-cv-212-MO (LEAD)
No. 3:18-cv-296-MO

Plaintiff(s),

TRIAL MANAGEMENT
ORDER

v.

FAMILYCARE INC., an Oregon
non-profit corporation,

Defendant(s).

**MOSMAN, J.,**

1.    Pretrial conference: January 7, 2019 at 1:00 p.m. in Judge Mosman's Courtroom #16.

2.    4-day jury trial date: January 15, 2019 at 9:00 a.m. in Judge Mosman's Courtroom #16.

3.    Pretrial Material Filing Deadlines:

    a.    Expert reports are due July 6, 2018.

    b.    **October 29, 2018:**

        (1)    Joint jury instructions and verdict form.

    c.    **November 2, 2018:**

        (1)    Plaintiff's exhibit lists and judge's copies of exhibits;

       (2)     Plaintiff's lay witness statements if not previously provided under an agreement between the parties or by court order;

       (3)     Any itemized list(s) of special damages;

       (4)     Objections to jury instructions and verdict form.

d.     **November 16, 2018:**

       (1)     Defendant's exhibit lists and judge's copies of exhibits;

       (2)     Defendant's lay witness statements;

       (3)     Plaintiff's deposition designations (defendant's deposition designations due November 21, 2018);

       (4)     Plaintiff's and defendant's trial memoranda.

e.     **November 30, 2018:**

       (1)     Plaintiff's and defendant's motions in limine and Daubert motions;

       (2)     Plaintiff's rebuttal exhibits;

       (3)     Plaintiff's rebuttal lay witnesses;

       (4)     Requested voir dire;

       (5)     Plaintiff's and defendant's objections to the other party's exhibits, witnesses, and/or deposition designations in three separate documents;

f.     **December 14, 2018:**

       (1)     Responses to motions in limine.

       (2)     Plaintiff's and defendant's responses to objections to exhibits, witnesses and deposition designations in three separate documents.

4.     Procedures:  The original of all trial documents will be electronically filed with the court and copies served on the court and all parties.  Both the original and the judge's copies of all trial

documents will be three-hole punched and placed into binders with clearly marked index tabs. Each item listed should be a separately captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

a.     <u>Proposed Joint Jury Instructions and Verdict Form</u>: The parties shall submit a complete set of joint jury instructions and a single joint verdict form. The parties shall designate those instructions agreed upon. If the parties disagree as to the form or content of any instruction, then an alternative proposed instruction may be submitted along with a brief analysis (which should include any relevant legal authority), as to why one instruction should be given over the other. A failure to provide a brief analysis of the objection will be viewed as failure to object. The same procedure should be followed relative to each question proposed in the verdict form.

Generally, I give the following 9th Circuit Model Jury Instructions during preliminary instructions: (1) Duty of the Jury; (2) Claims and Defenses; (3) Burden of Proof; (4) What is Evidence; (5) What is Not Evidence; (6) Direct and Circumstantial Evidence; (7) Ruling on Objections; (8) Impeachment Evidence; (9) Credibility of Witnesses; (10) Expert Opinion; (11) Deposition in Lieu of Live Testimony; (12) Conduct of the Jury; (13) No Transcript Available to the Jury; (14) Taking Notes; (15) Bench Conferences and Recesses; and (16) Outline of Trial. The parties should not submit these instructions in their joint jury instructions. If a party has an objection to the model version of these instructions, the party must provide a brief analysis of the objection with its objections to the joint jury instructions. If an instruction does not apply to the case, the party must so indicate.

Generally, I give the following 9th Circuit Model instructions at the conclusion of trial: (1) Introduction; (2) Burden of Proof; (3) What is Evidence; (4) What is Not Evidence; (5) Evidence for

a Limited Purpose; (6) Direct and Circumstantial Evidence; (7) Credibility of Witnesses; (8) Duty to

Deliberate; (9) Communication with the Court; and (10) Return of Verdict. The parties should not

submit these instructions in their joint jury instructions.  If a party has an objection to the model

version of these instructions, the party must provide a brief analysis of the objection with its

objections to the joint jury instructions.  If an instruction does not apply to the case, the parties must

so indicate.

Counsel need only submit proposed jury instructions specific to the issues in the pending

case, including a "Claims and Defenses" instruction that contains a short and plain statement of the

jury's principal task and that describes the central issue or issues to be decided.  The 9th Circuit

Model Jury Instructions or Oregon State Bar UCJI model instructions should be used.

The parties shall submit the instructions in the order in which they would like the instructions

read to the jury. If more than ten instructions specific to the issues in the case are submitted, the

parties must include an index.  Local Rule 51 provides that each instruction shall be on a separate

sheet of paper with authority in support of each principle.  Parties shall file a copy of the proposed

jury instructions on CM/ECF.  In addition, parties shall email a copy of the proposed jury

instructions in MS Word format to Judge Mosman's Courtroom Deputies, Dawn Stephens and Kara

Scheele, at chambers_mosman@ord.uscourts.gov.

b.        Exhibits and Exhibit Lists:  Plaintiff's exhibits should be numbered and listed starting

with "1".  Defendant's exhibits should be numbered and listed starting with "501".  The case number

should be printed on each exhibit sticker.  If there are multiple parties or more than 500 exhibits per

party, contact Judge Mosman's Courtroom Deputies, Dawn Stephens at (503) 326-8024 or Kara

Scheele at (503) 326-8031 for number assignments.  For emailed questions, please email

Chambers_Mosman@ord.uscourts.gov.  Photographs, charts, and the like will be individually

numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Copies of each numbered, copyable exhibit shall be supplied to the court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with the Pretrial Conference Order. Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs. All staples and clips will be removed from the copies of the exhibits which are placed in the three-ring binders.

Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

Impeachment exhibits will be marked, sealed and delivered only to the court; each exhibit should be listed on your exhibit list as "Impeachment Exhibit."

Even if exhibits are preadmitted at the pretrial conference, the exhibits must be "used" or "referenced" in order to be submitted to the jury during deliberations. This means an attorney must show the exhibit to a witness **and** publish it to the jury. Mentioning an exhibit in an opening or closing argument is not sufficient.

        c.      <u>Witnesses</u>:

        (1)     <u>Lay Witness</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations, together with a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the

PAGE 5 - TRIAL MANAGEMENT ORDER

witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party. **Failure to include adequate descriptions of the topics about which witnesses will testify may result in the exclusion of the witness and /or the witnesses's testimony about the inadequately described topic.** Please give a time estimate for the direct testimony of each witness. At the end of each day of trial, I may ask the party presenting evidence to inform the jury about whether we are on schedule. Names and statements of impeachment witnesses may be sealed and delivered only to the court.

(2)    Expert Witnesses:  Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. **As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.**

The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

(3)    Witnesses with Disabilities:  **10 days prior to trial**, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation.

d.    Depositions: Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court with those portions sought to be admitted highlighted. Both the originals and court copies must be so highlighted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the

parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" because they are read to the jury and are not sent to the jury during deliberations. Such depositions should be numbered and accompanied by a deposition list. If a party seeks to introduce a deposition transcript as an exhibit to go to the jury during deliberations, that transcript must be marked and included within the exhibit book.

e.      Itemized list of special damages:  Specify damages sought and how such damages will be proven -- i.e. through which exhibits and/or witness testimony.

f.      Trial Memoranda:  Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 35 pages without prior approval.

g.      Motions in Limine:  All motions in limine and responses thereto shall be filed in a single document not to exceed 35 pages without leave of court. Separate motions shall be designated as subparts of the single document.

h.      Proposed voir dire questions: During voir dire, I will ask the potential jurors their names and place and length of residence. I will also ask them to describe their (1) educational background; (2) military service; (3) occupation(s); (4) family and/or household; (5) hobbies; (6) interests; and (7) volunteer work. In addition, I will ask the jurors to describe their prior experience with the legal system, which may include serving on a jury or being a party or witness in a lawsuit.

I may ask the potential jurors several questions specific to the case. Each party may submit no more than 12 voir dire questions specific to the case. If requested, I will consider granting each party a maximum of 10 minutes to ask their own questions. If any voir dire is undertaken by

counsel, it shall be restricted to those areas approved by me and within the accepted proposed voir dire questions.

i.      Objections to Witnesses, Exhibits, and/or Deposition Designations: Objections to witnesses, exhibits, and/or deposition designations must be specific and complete and must identify the exhibit, witness, and/or deposition designation.  Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

5.      During the pretrial conference, be prepared to discuss the following:

(a)     Motions in limine and other objections to witnesses, depositions and exhibits.

(b)     Voir dire questions.

(c)     Peremptory challenge procedure.

(d)     Jury instructions.

(e)     Verdict form.

(f)     Settlement and/or mediation efforts.

(g)     Anticipated timetable.

(h)     Courtroom presentations:  graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player).

6.      No exhibits or testimony will be received in evidence at trial nor the filing of amended pleadings or supplemental jury instructions allowed unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause.

---

[1] Example:  Plaintiff objects to exhibit 301 (plaintiff's employment application) on grounds of relevance.  Plaintiff has stipulated to the effective date of her employment.  Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment.  This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

PAGE 8 - TRIAL MANAGEMENT ORDER

7.      Please refer to the Trial Court Guidelines for U.S. District Court of Oregon on the court's

website:  https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines.

IT IS SO ORDERED.

DATED this ___2nd___ day of March, 2018.


                                         /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        Chief United States District Judge

PAGE 9 - TRIAL MANAGEMENT ORDER