## In the Circuit Court of the State of Oregon
## for the County of Multnomah

*FAMILYCARE, INC., an Oregon non-profit corporation,*

*Plaintiff,*

*vs.*

*OREGON HEALTH AUTHORITY, an agency of the State of Oregon,*

*Defendant.*

*No. 17CV09226*

**CIVIL SUBPOENA DUCES TECUM**

**To:**    **Gallant Policy Advisors, Inc.**

**Address:**    **2972 Inland Drive S**
**Salem, OR 97302**

Pursuant to Oregon Rule of Civil Procedure 55 F(3), you are **commanded to produce documents described in Attachment A** at the offices of Markowitz Herbold PC, 1211 SW Fifth Avenue, Suite 3000, Portland, Oregon 97204 no later than **December 18, 2017, at 9:00 AM,** on behalf of defendant.

Compliance with this subpoena may be accomplished by mailing copies of the requested documents to Harry B. Wilson at the above address by December 18, 2017.

*Dated: November 30, 2017*

_____
*Harry B. Wilson, OSB No. 077214*

*I hereby certify that the foregoing is a complete and exact copy of the original subpoena in the above entitled cause as the same appears in my hands for service.*

_____
IF AN OFFICER, STATE TITLE

| | | |
|---|---|---|
| *Witness Fee* | $ | 30.00 |
| *Mileage Fee* | $ | 0.00 |
| *TOTAL* | $ | 30.00 |

STATE OF OREGON, County of _____ ss:
    *I hereby certify that I served the within subpoena on the _____ day of _____, 2017 on the within named _____ by delivering to him/her a copy thereof personally and giving or offering to him/her at the same time the fees and mileage to which he/she is entitled for travel to and from the place designated in said subpoena and one day's attendance; that I am a competent person over the age of 18 years.*

_____

Harry B. Wilson, OSB No. 077214, Special Assistant Attorney General
for Defendant
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon  97204-3730
(503) 295-3085; HarryWilson@MarkowitzHerbold.com

674262

CIVIL SUBPOENA DUCES TECUM - Attorney for Defendant

## ATTACHMENT A

### INSTRUCTIONS

1.     Electronically Stored Information.  Electronically Stored Information includes all documents that exist in electronic format. Format for production of documents:

a.     Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software.  (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

b.     All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions.  All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document.  A single PDF of all scanned hard copy documents is not acceptable.

c.     Emails should be produced in single-page TIFF format. Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

PAGE 1 – Attachment A to CIVIL SUBPOENA DUCES TECUM – Gallant Policy Advisors

**ATTACHMENT A**

d.      Excel documents should be produced in native format with all metadata preserved.  Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

e.      PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

f.      All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

g.      All logs should be produced in native format.

h.      Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

i.      All files shall be labeled with a Bates or control number.

j.      Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

k.      All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

l.      Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss

PAGE 2 – Attachment A to CIVIL SUBPOENA DUCES TECUM – Gallant Policy Advisors

## ATTACHMENT A

AM/PM). Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

m.    Defendants reserve the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

2.    Possession, custody, or control. This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody, or control.

3.    Privilege log. If documents are withheld or redacted due to privilege include a privilege log at the close of discover that (1) states the reason(s) you are refusing to produce the document and (2) describes the author(s), recipient(s), date and subject matter of the document in enough detail so that a determination can be made about the applicability of the claim of privilege or other reason for refusing to produce the document.

4.    File organization. File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

5.    Interpretation.

a.    Words in the singular include their plural meaning, and vice versa.

b.    The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

c.    References to persons and other entities include their agents, employees, representatives, and attorneys.

PAGE 3 – Attachment A to CIVIL SUBPOENA DUCES TECUM – Gallant Policy Advisors

## ATTACHMENT A

### DEFINITIONS

1.      "Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

2.      "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, text messages, voice mails, social media posts, correspondence, notes, and electronic mail.

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

4.      "Any" should be construed to include "all," and "all" should be understood to include "any."

5.      "Relating to" or "relate to" means concerning, referring to, pertaining to, consisting of, containing, describing, evidencing, constituting, reflecting, bearing upon or having any logical or factual connection with the subject matter dealt with or alluded to in the subparagraphs of these requests.

6.      "You" or "Yours" means Gallant Policy Advisors, Inc. and its parents, subsidiaries, predecessors, successors, assigns, and anyone working on its behalf including but not limited to employees, officers, executives, managers, and agents.

7.      "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, and anyone working on its behalf including but not limited to employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

8.      "OHA" means the Oregon Health Authority.

9.      "Lawsuit" means *FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court Case No. 17CV09226.

PAGE 4 – Attachment A to CIVIL SUBPOENA DUCES TECUM – Gallant Policy Advisors

## ATTACHMENT A

### DOCUMENT REQUESTS

1.    All communications between You and anyone related to the allegations, claims, and defenses in the Lawsuit, the allegations, claims, and defenses in any other lawsuit between FamilyCare and OHA, or the rates FamilyCare receives from OHA.

2.    All contracts between You and FamilyCare from January 1, 2014 to present.

3.    All invoices or bills for Your work for FamilyCare from January 1, 2014 to present.

4.    All documents prepared by You, received by You, or in Your possession, custody, or control as a result of Your work for FamilyCare related to OHA; the State of Oregon; the allegations, claims, and defenses in the Lawsuit; or the allegations, claims, and defenses in any other lawsuit between FamilyCare and OHA.

5.    All communications between You and FamilyCare related to OHA; the State of Oregon; the allegations, claims, and defenses in the Lawsuit; or the allegations, claims, and defenses in any other lawsuit between FamilyCare and OHA.

6.    All documents related to FamilyCare's communications with the media from January 1, 2014 to present.

673295

PAGE 5 – Attachment A to CIVIL SUBPOENA DUCES TECUM – Gallant Policy Advisors