PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

☏ +1.503.727.2000
🖷 +1.503.727.2222
PerkinsCoie.com

January 16, 2018

Douglas R. Pahl
DPahl@perkinscoie.com
D. +1.503.727.2087
F. +1.503.346.2087

**VIA EMAIL**

Matthew A. Levin
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
mattlevin@markowitzherbold.com

**Re:    FamilyCare, Inc. v. Oregon Health Authority - Gallant**

Dear Matt:

This letter responds to your letter of January 9, 2018 requesting that FamilyCare produce privileged communications between it and Gallant Policy Advisors ("Gallant"). Because the communications are protected by the attorney-client privilege as well as the work product doctrine, FamilyCare respectfully declines your request.

For purposes of the attorney-client privilege, Gallant is a "representative of the client" and is therefore entitled to participate in communications covered by the privilege. Under ORS 40.225(2), the attorney-client privilege protects communications "[b]etween the client or the client's representative and the client's lawyer or a representative of the lawyer[.]" ORS 40.225(d) defines "Representative of the client" to include "[a] person who has authority to obtain professional legal services, or to act on legal advice rendered, on behalf of the client, or a person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the person's scope of employment for the client."

Gallant is a "representative of the client" and thus its participation in communications between FamilyCare and its attorneys is protected by the attorney-client privilege.

During the extended dispute between FamilyCare and Oregon Health Authority ("OHA"), legislation has been proposed, and at times, enacted, that could affect both FamilyCare's business and litigation strategies. As expected, FamilyCare has consulted its attorneys regarding the potential impact of these various legislative proposals. Gallant, FamilyCare's legislative consultant and lobbyist, has participated in many of these discussions, assessing the impact of FamilyCare's litigation on its legislative standing, and vice versa. Informed by the views of legal counsel, Gallant worked to carry out FamilyCare's legislative strategies by engaging with policymakers and supporting, opposing or seeking to amend pending legislation. In short, Gallant's communications with FamilyCare and its counsel were critical to the meaningful

138145094.2

Perkins Coie LLP

Matthew A. Levin
January 16, 2018
Page 2

provision of legal advice, and communications including Gallant fall squarely within the protections of the attorney-client privilege as defined under Oregon law.

In addition to the plain language of the rule, the legislative history supports FamilyCare's position. Indeed, in 2009, the legislature amended ORS 40.225 to protect precisely these sorts of communications. The previous iteration of ORS 40.225 narrowly defined "representative of the client" to mean a principal, employee, officer, or director of the client. As the sponsor of the 2009 amendment explained in committee testimony, under the pre-2009 law, a client's independent contractor could not have privileged communications with the client's attorney. To illustrate, the sponsor offered the following on-point hypothetical: Corporation A hires a law firm and, separately, a contract lobbyist to lobby the legislature on issues related to the law firm's work for Corporation A. According to the sponsor, the intent of his amendment to ORS 40.225 was to expand the attorney-client privilege to protect communications between the law firm and the contract lobbyist about their mutual representation of Corporation A. (Testimony, House Judiciary Committee, HB 2453, March 3, 2009 (statement of Rep. Brent Barton)).

The 2009 amendment to ORS 40.225 brought Gallant -- FamilyCare's contract lobbyist -- squarely within the protections of the attorney-client privilege. Because Gallant is a "representative of the client" under ORS 40.225, communications that included FamilyCare, its legal counsel and Gallant are privileged.

The cases cited in your letter do not support a different conclusion. First, they are out-of-state cases, which are not relevant to the scope of Oregon's attorney-client privilege. *See State v. Haas*, 325 Or 492, 507 (1997) ("OEC 503(1)(d) is not patterned after any other state's definition of 'representative of the client.' Therefore, no other state's interpretation of that term is instructive."). Second, FamilyCare's case is distinguishable from the cases cited in your letter, in which communications with "ordinary public relations" advisors were found not necessary to provide legal advice. *See Calvin Klein Trademark Trust v. Wachner*, 198 FRD 53, 54-55 (SDNY 2000) (distinguishing situation in which communications were necessary "to enabl[e] counsel to understand aspects of the client's own communications that could not otherwise be appreciated in the rendering of legal advice."); *see also Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003) (noting failure to identify "any legal advice that required the assistance of a public relations consultant"). As discussed above, communications with Gallant were critical to the provision and enactment of legal advice, drawing them within the ambit of the privilege.

Although not addressed in your letter, the Gallant communications discussed above are also protected by the work product doctrine, as shown by the cases cited in your letter. *See Calvin Klein Trademark Trust*, 198 FRD 53 at 55 ("It does not follow, however, that an otherwise valid assertion of work-product protection is waived with respect to an attorney's own work-product simply because the attorney provides the work-product to a public relations consultant whom he

138145094.2
Perkins Coie LLP

Matthew A. Levin
January 16, 2018
Page 3

has hired and who maintains the attorney's work-product in confidence."); *Haugh*, 2003 WL 21998674, at *4 ("All of the documents submitted in conjunction with this motion are covered by the work product privilege, as they were all prepared by a party, her agent, attorney or consultant in anticipation of litigation.").

Finally, in your letter, you raise concerns about the adequacy of FamilyCare's privilege log. The privilege log sets forth (a) the individuals involved in the communication, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, and (d) the date the document was generated, prepared, or dated. It also provides summary information on the subject matter of each document and states the basis for asserting privilege as to each document. This is adequate to establish the *prima facie* applicability of the attorney-client privilege as to the withheld documents. *See, e.g.*, *In re Grand Jury Investigation*, 974 F2d 1068, 1071 (9th Cir. 1992).

I'm happy to discuss these issues with you at your convenience.

Very truly yours,

Douglas R. Pahl

138145094.2
Perkins Coie LLP

Ex. 12 - Simpson Decl.
Page 3 of 3