IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>          Defendant. | Case No. 17CV09226<br><br>**PLAINTIFF FAMILYCARE INC.'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**<br><br>**Oral Argument Requested** |

**INTRODUCTION**

In this latest round of Rule 21 motions to dismiss, OHA recycles almost word-for-word the arguments it raised in opposition to FamilyCare's motion to amend the complaint. The Court rejected those arguments once, and should do so again. As before, OHA's motions rest mostly on disputed issues of fact and particular, narrow interpretations of the operative contracts— arguments that would be inappropriate for resolution by summary judgment, let alone a motion to dismiss. FamilyCare's second amended complaint contains more than enough detail to establish that OHA breached the implied covenant of good faith and fair dealing in the Settlement Agreement, breached the express terms and the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement, and intentionally interfered with FamilyCare's business relations. *Cf. Susitna Ltd. v. Pacific First Federal*, 118 Or App 126, 128 (1993) (A

PAGE 1- PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

LEGAL137196359. 3

claim will survive a motion to dismiss if the complaint "contains even vague allegations of all material facts.") OHA's motions to dismiss should be denied.

## ARGUMENT

**A.    To determine whether the complaint states a claim for relief, the Court must assume the truth of the allegations and draw all favorable inferences in FamilyCare's favor.**

"A complaint states facts sufficient to constitute a claim for relief if it contains allegations which permit the introduction of evidence which will satisfy the elements of that claim." *Warm Springs Forest Prods. Ind. v. EBI Co.*, 300 Or 617, 627 (1986). A claim will survive a motion to dismiss if the complaint "contains even vague allegations of all material facts." *Susitna Ltd. v. Pacific First Federal*, 118 Or App 126, 128 (1993); *see also Chaney v. Shell Oil Co.*, 111 Or App 556, 567, *rev den* 313 Or 299 (1992) (complaint need only allege the existence of agreement and breach to survive ORCP 21 A(8) motion). "Motions for judgment on the pleadings are not generally well-regarded by the courts, because hasty or imprudent use of the procedure can conflict with the policy of ensuring litigants a full and fair opportunity to try their claim or defense." *Teegarden v. State*, 270 Or App 373, 378-79 (2015) (quoting *Thompson v. Telephone & Data Systems, Inc.*, 130 Or App 302, 309 (1994)).

When reviewing a motion to dismiss for failure to state a claim, courts construe the allegations liberally. *Simonsen v. Ford Motor Co.*, 196 Or App 460, 462 (2004). The Court assumes the truth of all well-pleaded allegations and draws all favorable inferences in the plaintiff's favor. *Furrer v. Sw. Or. Comty. College*, 196 Or App 374, 376 (2004). Even if a court grants a motion to dismiss, it may grant leave to file an amended complaint and should do so freely "when justice so requires." *Herinckx v. Sanelle*, 281 Or App 869, 878-79, 385 P3d 1190, 1198 (2016).

PAGE 2-    PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 21 MOTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**B.    FamilyCare adequately pleaded its claim for Intentional Interference with Business Relations.**

**1.    FamilyCare adequately alleges improper interference.**

OHA argues that OHA's communications plan outlining a public relations campaign against FamilyCare cannot be the basis for an Intentional Interference with Business Relations claim because it was an "internal" document that shows that "OHA merely *considered* a strategy to defend itself" in the press.  (Defendant's Rule 21 Motions Responding to Second Amended Complaint ("Motion") at 5.)  But OHA's story of an internal, hypothetical communications plan is contradicted by readily-provable allegations in the complaint, including that:

- The plan was, in its own words, designed to: portray FamilyCare as an "outlier" that is "more concerned with the bottom line and increasing revenues than the health of Oregonians"; use media to "hurt [FamilyCare's] credibility in the news"; "[h]ighlight FamilyCare as an outlier and only worried about profit margins"; promote FamilyCare's competitor "as a truly inclusive CCO that provides greater access to Oregonians with high cost medical needs"; and use vulnerable Medicaid enrollees as pawns by getting "a few discreet examples of OHP members with high cost medical issues (i.e. HIV) who chose Health Share b/c FamilyCare couldn't provide them with the care they need." (Second Am. Compl. ¶ 55.)

- OHA did, in fact, implement its communications plan, by, among other things, sending "targeted press releases" and emails to journalists consistent with the plan, making statements to the media, and publishing reports portraying FamilyCare as an "outlier." (Second Am. Compl. ¶ 57).

- The purpose of the communications plan was to injure FamilyCare, and OHA knew that its communications plan was substantially certain to interfere with the relationships among FamilyCare and its providers, members, and employees. (Second Am. Compl. ¶¶ 109-110.)

- After the details of OHA's communications plan became publicly known, Ms. Saxton sent a letter of apology to FamilyCare, acknowledging that "sharing negative information about FamilyCare with media" is "not an acceptable strategy for OHA, or any state agency." (Second Am. Compl. ¶ 56.)

- Ms. Saxton was forced to resign "as a consequence of" the communications plan. (Second Am. Compl. ¶ 58.)

PAGE 3-    PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ex. 2 - Wilson Decl.
Page 3 of 13

OHA complains that the allegations regarding OHA's communications with third parties are "too vague" to make out a claim for intentional interference, but then lists four specific statements identified in the complaint that were made in furtherance of the communications plan. (Motion at 5-6.)  The complaint contains even more specific details about OHA's implementation of the communications plan, including that:

- OHA sent targeted press releases to the Portland Business Journal, Willamette Week, Portland Tribune, Oregon Public Broadcasting, the Oregonian, and the Lund Report. (Second Am. Compl. ¶ 57.)

- OHA has sent personalized emails to journalists and conducted other outreach to further its messaging.  (*Id.*)

- Media reported that OHA's position is that FamilyCare "is just trying to pad its profits." (*Id.*)

- Ms. Saxton made statements to the media consistent with the messaging in the communications plan, telling journalists, among other things, that the disagreement between the parties "has been driven by FamilyCare's goal to be paid more Medicaid dollars" and trying to undermine FamilyCare by implying that it is upset simply because "they didn't get the rate they wanted for 2017."  (*Id.*)

- OHA also published reports, including the January 2017 publication of "Oregon's Health System Transformation Quarterly Legislative Report" containing financial comparisons that erroneously portrayed FamilyCare as an "outlier." (*Id.*)

- OHA issued a press release dated April 11, 2017, regarding the motion to dismiss it filed in this lawsuit, and implying that FamilyCare's business decisions—not the law rates from OHA—were to blame for any financial difficulties FamilyCare was having and that FamilyCare's focus was not on the health and care of OHA members.  (*Id.*)

These allegations, coupled with the malicious intent evidenced by the communications plan, are more than sufficient to allow a reasonable jury to conclude that OHA took concrete steps to implement the communications plan and interfere with FamilyCare's business relations. Indeed, it was this same course of conduct that, once revealed, prompted Ms. Saxton to acknowledge shortly before she resigned that "sharing negative information about FamilyCare with the media" is "not an acceptable strategy for OHA, or any state agency."  These allegations

PAGE 4-   PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

are more than sufficient to state a claim for intentional interference and entitle FamilyCare to present its case to a jury. *See Thompson v. Telephone & Data Systems, Inc.*, 130 Or App 302, 309, adh'd to as modified on recons., 132 Or App 103 (1994) ("Motions for judgment on the pleadings are not generally well-regarded by the courts, because hasty or imprudent use of the procedure can conflict with the policy of ensuring litigants a full and fair opportunity to try their claim or defense."); *see also Weinstein v. Mullen*, 116 Or 549, 553 (1925) ("Ultimate facts, and not evidence, should be pleaded.").

### 2.    FamilyCare adequately alleges that OHA's improper interference caused economic damages.

OHA next argues that FamilyCare has not alleged that OHA's improper interference caused any damages. (Motion at 6.) But FamilyCare alleges precisely that. Specifically, FamilyCare alleges that it contracts with health care providers to coordinate integrated physical, mental, and dental health services to Oregon Health Plan members; that FamilyCare's business relationships with those health care providers result in a pecuniary benefit to FamilyCare; that OHA knew its communications plan was substantially certain to interfere with the relationships between FamilyCare and its providers (not to mention its relationships with its members and employees); that OHA's actions did in fact contribute to at least one provider group enrolling with FamilyCare's competitor, thereby disrupting the business relationship between FamilyCare and the provider group; and that this disruption resulted in economic harm to FamilyCare. (Second Am. Compl. ¶¶ 1, 108-113.)

OHA argues that FamilyCare has not alleged that any provider groups have "ceased contracting with FamilyCare or that a provider group may contract with only one CCO" (Motion at 6-7), but this is an impermissibly crabbed reading of the complaint. *See Simonsen v. Ford Motor Co.*, 196 Or App 460, 462 (2004) (when reviewing a motion to dismiss for failure to state a claim, courts construe the allegations liberally). FamilyCare alleges that at least one provider

PAGE 5-    PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

group enrolled with FamilyCare's competitor as a result of OHA's interference, and that this defection damaged FamilyCare. (Second Am. Compl. ¶¶ 108-113.) OHA's assertion that FamilyCare has not "suffered any actual damages" is therefore a disputed fact inappropriate for resolution in a motion to dismiss. (Motion at 7.)

Similarly, OHA's assertion that FamilyCare was not injured by OHA's interference because "FamilyCare receives payments based on the number of enrolled OHP members, not the number of providers" is a factual dispute best presented to a jury. (Motion at 7.) Even assuming that assertion is technically true, it says nothing about FamilyCare's costs or ability to attract members (and thus profits) and does not contradict FamilyCare's allegation that interference with its relationships with its providers has caused economic harm to FamilyCare. (*See* Second Am. Compl. ¶¶ 112-113.)

**C.    FamilyCare is entitled to present its contractual claims to a jury.**

OHA's remaining arguments relate to FamilyCare's new contract claims, and rely mostly on crabbed, disputed interpretations of the operative contracts and the underlying facts. Those disputes are inappropriate for resolution by motion to dismiss.

**1.    FamilyCare adequately pleaded its claim for breach of the implied covenant of good faith and fair dealing of the Settlement Agreement.**

There is no merit to OHA's contention that the implied duty of good faith in the Settlement Agreement either duplicates the explicit terms of the Settlement Agreement or impermissibly expands the scope of that contract. The heart of the good faith requirement present in every contract is "each party's obligation to perform the contract, including exercising any discretion that the contract provides, in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollack v. D.R. Horton Inc.-Portland*, 190 Or App 1, 11 (2003). Here, the communications plan targeting FamilyCare and building up its competitors strongly suggests that when OHA calculated FamilyCare's 2017 capitation rates under the

PAGE 6-    PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ex. 2 - Wilson Decl.
Page 6 of 13

Settlement Agreement, it did not exercise its discretion in a way that "effectuate[d] the objectively reasonable contractual expectations of the parties," but instead cut FamilyCare's 2017 rates in a manner that violated FamilyCare's expectation that it would be treated fairly and in good faith.

OHA argues that this claim also fails because FamilyCare "seeks a remedy that . . . violates basic separation of powers and federalism principles" and that to grant FamilyCare relief, the Court would be required to conclude "that, as a matter of law, a private entity is entitled to unilaterally decide how much public money it should receive based upon the opinions of its hired actuaries." (Motion at 10.)  This is hyperbole.  FamilyCare seeks *damages* for breach of contract, a remedy authorized by ORS 30.320.  *See Bradford v. Davis*, 290 Or 855, 866 (1981) ("Of course the state may be sued for breach of contract, by way of the agency alleged to have made such a contract, outside the Tort Claims Act." (citing ORS 30.320)).  And a *jury* is entitled to decide whether OHA performed its contractual obligations in good faith and, if not, what damages are appropriate.

### 2.    FamilyCare adequately pleaded its claim for breach of the Dispute Resolution Agreement.

As explained in FamilyCare's amended complaint, the Dispute Resolution Agreement called for the parties "to conduct a free and open discussion" about the appropriate methodology for calculating capitation rates, to "work cooperatively," and to "provide information that . . . is relevant and necessary to evaluate actuarial rates." (Second Am. Compl. ¶ 40.)  The Dispute Resolution Agreement further committed the parties to "participating in good faith in at least three substantive Dispute Resolution discussions" (*id.*), and instructed the participants to conduct themselves "at the highest level of professionalism and courtesy, all with the goal toward accomplishing a prompt resolution satisfactory to both parties."  Declaration of Renee Stineman filed in support of Defendant's Opposition to Motion for Leave to Amend, Ex. 1 at p. 4. FamilyCare intends to prove that "OHA did not fulfill its obligations under the Dispute

PAGE 7-    PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Resolution Agreement" and "never intended to fulfill its promises and instead duped FamilyCare into executing the Dispute Resolution Agreement and foregoing litigation while it developed its campaign to smear FamilyCare." (Second Am. Compl. ¶ 98). These allegations, which must be taken as true for the purpose of this motion, are sufficient to state a claim for breach of the Dispute Resolution Agreement.

OHA argues that this claim must fail because OHA's misconduct was "exactly what [the] contract call[ed] for," (Motion at 11), but that is incorrect. The contract did not call for OHA to use information and materials revealed in the dispute resolution process to develop a smear campaign, nor did it allow OHA to dupe FamilyCare into incurring significant expenses related to a dispute resolution process that OHA had no intention of participating in in good faith.

OHA also argues that, despite a contractual obligation to "provide information that . . . FamilyCare's actuary believes is relevant and necessary to evaluate actuarial rates," OHA had no duty to actually provide that information because it was confidential and no agreement has been reached with other CCOs to protect that information. (Motion at 11-12.)  But, as OHA notes in its brief, OHA had an obligation to "cooperatively work toward an agreement for protection of Confidential Information (by, for example, providing Confidential Information to an independent third-party expert)."  (*Id.*)  FamilyCare intends to prove at trial that OHA did not comply with this requirement.

Similarly, there is no merit to OHA's argument that it was excused from the explicit obligation to provide necessary actuarial information by a provision later in the Dispute Resolution Agreement that "OHA understands and agrees that if it does not provide the information that FamilyCare's actuary believes is relevant and necessary to establish actuarial rates, then FamilyCare's ability to provide a specific alternative proposal will be limited." (Motion at 12.)  That language only underscored the importance of the obligation to provide critical information by acknowledging that FamilyCare could not meet its obligations if OHA did

PAGE 8-    PLAINTIFF'S OPPOSITION TO
          DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

not provide the information (a situation that FamilyCare had experienced many times before in its dealings with OHA), and was not meant to excuse OHA's failure to provide the information.

Finally, OHA argues that the Dispute Resolution Agreement did not prohibit it from incorporating the information FamilyCare revealed during the process into its communications plan. (Motion at 12.) But this misses the point: OHA's simultaneous development of a smear campaign against FamilyCare is strong evidence that OHA did not participate in the dispute resolution process in good faith.

In short, FamilyCare has alleged facts that, if proven, will allow FamilyCare to prevail on its claim that OHA breached the Dispute Resolution Agreement. This more than satisfies the burden to plead ultimate facts, and the motion to dismiss this claim should be denied.

       **3.**      **FamilyCare adequately pleaded its claim for breach of the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement.**

OHA argues that FamilyCare's claim for breach of the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement fails because that agreement defined "good faith" as "participating in at least three dispute resolution discussions." (Motion at 13-14.) This argument lacks merit. First, even accepting OHA's crabbed reading of the "good faith" term, OHA did *not* engage in three dispute resolution discussions. (Second Am. Compl. ¶ 52.) More fundamentally, the Dispute Resolution Agreement does not define "good faith." As OHA notes, the Agreement committed the parties to "participating in good faith in at least three substantive Dispute Resolution discussions." (Motion at 14 (quoting Second Am. Compl. ¶ 40).) But that phrase does not define "good faith"—it merely requires it.  Indeed, OHA's argument reads the good faith requirement out of the contract. A better reading is that the obligation to perform the contract in good faith imposed the usual obligation to perform the contract "in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollack v. D.R. Horton Inc.-Portland*, 190 Or App 1, 11 (2003).  FamilyCare intends to prove that "OHA breached the implied covenant of good faith and fair dealing by, among other things, not

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ex. 2 - Wilson Decl.
Page 9 of 13

engaging in good faith and by using the dispute resolution process to gather information to use in its smear campaign against FamilyCare." (Second Am. Compl. ¶ 104.) This allegation, taken as true, is more than sufficient to state a claim for breach of the covenant of good faith.

## CONCLUSION

For the reasons stated above, the Court should deny OHA's Rule 21 motions.

DATED:  October 12, 2017

**PERKINS COIE LLP**

By:  */s/ Brian Samuelson*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian P. Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  1.206.359.8000
Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE 10-  PLAINTIFF'S OPPOSITION TO
  DEFENDANT'S RULE 21 MOTIONS

LEGAL137196359. 3

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ex. 2 - Wilson Decl.
Page 10 of 13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Oregon that, on October 12, 2017, he caused to be served on the person(s) listed below in the manner shown:

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 21 MOTIONS

David B. Markowitz
Matthew A. Levin
Renée E. Rothauge
Dallas DeLuca
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
DavidMarkowitz@MarkowitzHerbold.com
MattLevin@MarkowitzHerbold.com
ReneeRothauge@Markowitzherbold.com
DallasDeLuca@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalernoOwens@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority*

Elizabeth C. Knight
Michael D. Crew
Dunn Carney Allen
851 SW 6th Ave Ste 1500
Portland OR  97204
eknight@dunncarney.com
mcrew@dunncarney.com

*Attorneys for AllCare CCO, Inc.*

Brian M. Parrott
Brian M Parrott LLC
851 SW 6th Ave Ste 1500
Portland OR  97204
brian@bparrot-law.com

*Attorney for PrimaryHealth of Josephine County, LLC*

Anna Sortun
Tonkon Torp LLP
888 SW 5th Ave Ste 1600
Portland OR  97204
anna.sortun@tonkon.com

*Attorney for Cascade Health Alliance, LLC, Western Oregon Advanced Health, LLC, and Umpqua Health Alliance*

PAGE 1-   CERTIFICATE OF SERVICE

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy Ste 900
Portland OR  97209
dpl@aterwynne.com

*Attorney for Columbia Pacific CCO, LLC and Jackson Care Connect*

Gregory A. Chaimov
Christopher McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Ave, Suite 2400
Portland, OR 97201-5610

*Attorneys for Health Share of Oregon*

Frank V. Langfitt III
Miller Nash Graham & Dunn LLP
111 SW 5th Ave Ste 3400
Portland OR  97204
frank.langfitt@millernash.com

*Attorney for Eastern Oregon Coordinated Care Organization, LLC*

W. Chris Jenkins
Tyler G. Jacobsen
Samaritan Health Services
2300 NW Walnut Blvd
Corvallis OR  97330
wjenkins@samhealth.org
tjacobsen@samhealth.org

*Attorney for Intercommunity Health Network - Coordinated Care Organization*

Eric A Lindenauer
Garvey Schubert Barer
121 SW Morrison St 11th Fl
Portland OR  97204
elindenauer@gsblaw.com

*Attorney for PacificSource Community Solutions*

Joel A. Parker
Jeffrey D. Hern
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave Ste 1900
Portland OR  97204
jparker@schwabe.com
jhern@schwabe.com

*Attorneys for Trillium Community Health Plan, Inc.*

Arden J. Olson
Harrang Long Gary Rudnick PC
360 E 10th Ave Ste 300
Eugene OR  97401
arden.j.olson@harrang.com

*Attorney for Willamette Valley Community Health, LLC*

Peter F. Stoloff
Peter F Stoloff PC
5285 Meadows Rd Ste 235
Lake Oswego OR  97035
pstoloff@perstoloff-law.com

*Attorney for Yamhill Community Care Organization*

☒    United States Mail, First Class
☒    By E-Mail

PAGE 2-    CERTIFICATE OF SERVICE

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  October 12, 2017

**PERKINS COIE LLP**

By:  */s/ Brian Samuelson*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Brian P. Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted pro hac vice)*

    Melanie K. Curtice, WSB No. 28479
    MCurtice@perkinscoie.com
    Matthew P. Gordon, WSB No. 41128
    MGordon@perkinscoie.com
    Perkins Coie LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101
    Telephone:  1.206.359.8000
    Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE 3-    CERTIFICATE OF SERVICE

LEGAL137196359. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222