10/23/2017 4:55:04 PM
17CV09226

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | No. 17CV09226<br><br>**DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT** |

## INTRODUCTION

FamilyCare's second amended complaint alleges four new contract and tort claims. Each fails to state a claim for relief. In its eighth claim for relief, FamilyCare alleges that the Oregon Health Authority ("OHA") used "improper means" and an "improper purpose" to interfere with its business relations. But FamilyCare's second amended complaint fails to allege that OHA did anything "improper." FamilyCare also fails to allege ultimate facts that OHA caused any of its business partners to cease doing business with it.

FamilyCare's fifth claim for relief, for breach of the implied covenant of good faith and fair dealing, fails as a matter of law. A plaintiff may not use the implied covenant of good faith and fair dealing to vary the substantive terms of a contract, to insert new terms into the contract, or to provide a remedy for an act that is expressly permitted by contract. FamilyCare's fifth claim for relief fails because the express terms of the Settlement Agreement, not the implied duty of good faith and fair dealing, provide the only limitations on OHA's right to limit FamilyCare's future rates.

**MARKOWITZ HERBOLD PC**
**SPECIAL ASSISTANT ATTORNEYS GENERAL**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

Ex. 3 - Wilson Decl.
Page 1 of 12

FamilyCare's sixth and seventh claims for relief, for breach of the Dispute Resolution Agreement, fail because OHA performed that agreement in good faith and according to the agreement's express terms.

For these reasons, OHA respectfully requests that the Court dismiss FamilyCare's fifth, sixth, seventh, and eighth claims for relief.  In the alternative to dismissal of the eighth claim, the Court should order FamilyCare to make that claim more definite and certain.

ARGUMENT

**I.    The Court should dismiss FamilyCare's eighth claim for relief for failure to state a claim.**

      **A.    FamilyCare's eighth claim fails because OHA's alleged conduct was not "improper."**

FamilyCare's intentional interference claim fails because OHA's conduct was not "improper."  To plead a claim for intentional interference with a business relationship, FamilyCare must allege that OHA interfered with a FamilyCare business relationships through "improper means" or for an "improper purpose."  *Nw. Nat. Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 497-98 (1999).  To be improper, a defendant's means "must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law. . . ."  *Id.* at 498.  To be improper, a defendant's purpose "must be to inflict injury on the plaintiff 'as such.'"  *Id.*  (quoting *Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or 201, 211 (1978)).  It "is not improper for a defendant to interfere in a manner 'wholly consistent with its pursuit of its own business purposes as it sees them * * *.'"  *Eusterman v. Nw. Permanente, P.C.*, 204 Or App 224, 238 (2006) (quoting *Top Serv. Body Shop, Inc.*, 283 Or at 212) (alterations omitted).

          **1.    FamilyCare fails to allege that OHA acted with "improper means."**

FamilyCare fails to allege that OHA interfered with its business relationships through improper means.  Rather, FamilyCare alleges that OHA created, and partially implemented, a

**Page    2 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

communications plan.  (Second Am. Compl. ("Compl.") ¶ 109.)  But creation of a communications plan, alone, is not improper.  (*See* Def.'s Rule 21 Mot. Resp. to the Second Am. Compl. at 5.)  Creation of a communications plan does not "violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law." *Nw. Nat. Gas Co.*, 328 Or at 498.

In addition, the statements allegedly made by OHA employees FamilyCare lists in paragraph 57 of the Second Amended Complaint are not improper because they are merely OHA's opinion about FamilyCare's motives in the rate-setting process.  Such statements of opinion are not defamatory falsehoods.  *See, e.g.*, *Reesman v. Highfill*, 327 Or 597, 605-06 (1998) (expressions of opinion are not actionable defamation).  Accordingly, the statements identified in paragraph 57 are not "improper."

Furthermore, FamilyCare's bare allegation that OHA used "misrepresentation, defamation, and disparaging falsehoods about FamilyCare" (Compl. ¶ 110) is conclusory and unsupported by ultimate facts.  FamilyCare does not identify a single statement made by OHA that is false or defamatory.  *See Lawver v. Lawvor*, 86 Or App 721, 726 (1987) (ruling that plaintiff failed to state a claim where plaintiff pleaded in "vague and conclusory manner" and failed to plead facts supporting the claim).  Thus, FamilyCare fails to allege that OHA acted with improper means.

### 2.    FamilyCare fails to allege that OHA acted with an "improper purpose."

FamilyCare also fails to allege that OHA interfered with its business relationships for an improper purpose.  FamilyCare makes numerous allegations that OHA sent out press releases and made statements of opinion regarding FamilyCare's position in the parties' dispute.  (*See, e.g.,* Compl. ¶ 57.)  But those allegations do not show an improper purpose because those statements are consistent with OHA's own interests of defending its rate-setting methodology from FamilyCare's public criticism.  It "is not improper for a defendant

Page    3 -    **DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

to interfere in a manner 'wholly consistent with its pursuit of its own business purposes as it sees them * * *.'" *Eusterman*, 204 Or App at 238 (quoting *Top Serv. Body Shop, Inc.*, 283 Or at 212) (alterations omitted). It was—and is—appropriately within OHA's business purposes to defend its rate-setting process in the press, especially in the face of multiple lawsuits from FamilyCare. Thus, FamilyCare fails to allege that OHA acted with an improper purpose. Because FamilyCare has failed to adequately allege that OHA acted with improper means or for an improper purpose, the Court should dismiss FamilyCare's eighth claim for relief.

**B.**    **FamilyCare's eighth claim fails because FamilyCare does not allege that OHA's conduct caused it harm.**

To plead a claim for intentional interference, FamilyCare must allege that OHA's actions "in fact cause[d] injury to [FamilyCare's] contractual or business relationships." *Franklin v. Portland Cmty. Coll.*, 100 Or App 465, 467 (1990) (citations omitted). In its single allegation regarding causation and damages, FamilyCare alleges that OHA's actions "contributed to at least one provider group enrolling with FamilyCare's competitor, thereby causing disruption to the business relationship between FamilyCare and the provider group and economic harm to FamilyCare." (Compl. ¶ 112.) That allegation is conclusory and fails to state any facts demonstrating that the "provider group" enrolled with FamilyCare's competitor *because* of OHA's alleged "interference." Conclusory allegations that merely restate an element are insufficient under Oregon's ultimate facts standard. *Silkett v. Royal Crown Cola Bottling Co. of N. Bend*, 151 Or App 187, 190 (1997). Because FamilyCare's allegations are insufficient to establish causation, FamilyCare's intentional interference claim fails as a matter of law.

**C.**    **FamilyCare fails to plead the amount of damages sought in the eighth claim.**

ORCP 18 B provides: If "recovery of money or damages is demanded, the amount thereof shall be stated[.]" FamilyCare fails to state the amount of damages it seeks in its

**Page    4 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

eighth claim for relief, in violation of ORCP 18 B.  If the Court does not dismiss the eighth claim for relief outright, it should order FamilyCare to replead the claim to state the amount of damages it claims.  FamilyCare fails to address this argument in its Response, and should not be permitted to raise new arguments during hearing on this motion.

**II.    The Court should dismiss FamilyCare's fifth claim for relief for failure to state a claim because the Settlement Agreement's express terms, not the implied covenant of good faith and fair dealing, control this dispute.**

**A.    The fifth claim fails because the parties have already agreed to an express term governing OHA's right to limit FamilyCare's future rates.**

The "duty of good faith operates to effectuate the reasonable expectations of the parties as determined under the terms of their contract."  *Pac. First Bank v. New Morgan Park Corp.*, 319 Or 342, 354 (1994).  However, the "duty of good faith and fair dealing— which serves to effectuate the objectively reasonable expectations of the parties—may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue; indeed, the reasonable expectations of the parties are irrelevant if the parties have agreed to express terms governing the issue."  *Oregon Univ. Sys. (OUS) v. Oregon Pub. Employees Union, Local 503*, 185 Or App 506, 511 (2002) (citations omitted).

Here, the parties have agreed to an express term that governs the only two bases upon which OHA may not limit FamilyCare's rates.  Section 8 of the Settlement Agreement provides that OHA may "not use rates paid to Plaintiff under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to Plaintiff in future rate years."  (Compl. ¶ 67.)  Because the parties have agreed to an express term governing the issue, the duty of good faith and fair dealing may not be implied to provide that OHA cannot limit FamilyCare's future rates on any basis other than those expressly stated in the Settlement Agreement.  The Court should dismiss FamilyCare's fifth claim for relief.

**Page    5 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS
RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

**B.**   **Even if the Court looks to the reasonable expectations of the parties, the fifth claim fails because the parties did not have a reasonable expectation that OHA would not reduce FamilyCare's rates in 2017.**

The "reasonable contractual expectations of the parties are shown[] by the unambiguous terms of the contract." *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or 638, 647-48 (1995) (citations omitted).  FamilyCare alleges that it had a "reasonable expectation, based on the Settlement Agreement," that "OHA would not reduce FamilyCare's rates to recover amounts paid to FamilyCare before the proposed 2017 rates were issued."[1]  (Compl. ¶ 94.)  The Court should dismiss FamilyCare's claim because the unambiguous terms of the Settlement Agreement do not demonstrate that the parties had a reasonable expectation that OHA would not reduce FamilyCare's rates.

The Settlement Agreement contains only *one* sentence that addresses OHA's 2017 rates: Section 8 of the Settlement Agreement provides that OHA may "not use rates paid to Plaintiff under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to Plaintiff in future rate years."  (Compl. ¶ 67.)  There are no other terms addressing the 2017 rates.  The express, unambiguous terms of Section 8 state that OHA may not use rates paid under the "Contract for 2016" or the "Settlement Credit" to limit the "amount that can be paid to Plaintiff in future years."  However, Section 8 does not prohibit OHA from limiting FamilyCare's rates for *any other reason*.  FamilyCare may not construe the implied covenant of good faith and fair dealing to insert new terms into the Settlement Agreement or to expand the duties OHA owes to FamilyCare.  *W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*, 284 Or App 316, 325 (2017) (The implied covenant of good faith and fair dealing cannot "be construed in a way that changes or inserts

---

[1]  Although not at issue in this motion, FamilyCare's contention that OHA "reduced" FamilyCare's 2017 rates is incorrect.  OHA, in conjunction with a third-party actuary, develops new capitation rates every year.  In 2017, OHA disallowed certain of FamilyCare's costs.  (Compl. ¶ 68.)  OHA did not, however, first set FamilyCare's 2017 rates, and then choose to "reduce" them.

**Page**   **6 -**   **DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

terms into a contract." Nor can it "expand the duties owed by the parties beyond those already provided by the contract." *Id.* at 329).

### C. The fifth claim also fails because OHA's subjective motivations are irrelevant to whether OHA performed the Settlement Agreement according to the implied covenant of good faith and fair dealing.

In its Response, FamilyCare contends that the mere existence of the communications plan shows that OHA did not act "fairly and in good faith" when it "cut FamilyCare's 2017 rates." (Pl.'s Opp'n to Def.'s Rule 21 Mot. to the Second Am. Compl. ("Opp'n") at 7.) This new argument fails because it appears nowhere in the Complaint. In its Fifth Claim, FamilyCare makes no mention of the communications plan, instead alleging that OHA cut its rates to recover amounts previously paid to FamilyCare. (Compl. ¶¶ 92-96.) This new argument is also nonsensical because, according to the Complaint, OHA did not start developing the communications plan until months *after* it developed the 2017 rates. (*Id.* ¶ 46.)

FamilyCare also appears to argue that OHA breached the implied covenant of good faith and fair dealing by harboring subjective animus towards FamilyCare in the 2017 rate-setting process as evidenced by the communications plan. (Opp'n at 6-7.) But an "unpleasantly motivated act" that is otherwise permitted by express contract terms does not violate the implied covenant. *Flynn v. Hanna*, 204 Or App 760, 774 (2006) ("[W]e will not examine the true motives of a party who exercises rights under a contract . . . ."). Instead the implied covenant "serves to protect the *objectively* reasonable contractual expectations of the parties." *Stevens v. Foren*, 154 Or App 52, 58 (1998) (emphasis added). OHA's alleged subjective animosity towards FamilyCare is irrelevant in this analysis. Accordingly, the Court should dismiss FamilyCare's fifth claim for relief.

Page    7 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS
RESPONDING TO SECOND AMENDED COMPLAINT

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

III.    **The Court should dismiss FamilyCare's sixth claim for relief for failure to state a claim because the Dispute Resolution Agreement did not bar the creation of the communications plan nor require FamilyCare to disclose third-party trade secrets.**

FamilyCare asserts that OHA breached the terms of the Dispute Resolution Agreement by "us[ing] information and materials revealed in the dispute resolution process" to craft the communications plan.  (Opp'n at 8; Compl. ¶ 98.)  The Dispute Resolution Agreement, however, does not prohibit OHA from using information and materials to develop a communication plan or prepare for litigation.  Accordingly, the Court should dismiss FamilyCare's sixth claim for relief for breach of contract.

The Second Amended Complaint alleges that OHA specifically negotiated for the ability to disclose the dispute resolution materials to the media and other third parties: "During the negotiation of the Dispute Resolution Agreement, OHA insisted on removing a provision from that agreement that would have prevented the parties from communicating with third parties or the media about the dispute resolution process."  (Compl. ¶ 47.) Accordingly, the only Dispute Resolution Agreement provision regarding non-disclosure states that dispute resolution materials are settlement communications subject to ORE 408, *i.e.* inadmissible in court in certain circumstances.  (Decl. of Renee Stineman in Support of Def.'s Opp'n to Mot. for Leave to Amend ("Stineman Decl."), Ex. 1 at 4.)  FamilyCare cannot argue that OHA violated non-disclosure terms that were intentionally left out of the contract.

FamilyCare also alleges that OHA breached the Dispute Resolution Agreement by failing to turn over other CCOs' confidential information.  (Opp'n. at 8; Compl. ¶ 47.) FamilyCare now acknowledges that the Dispute Resolution Agreement protected that information from disclosure, and instead argues that OHA breached its obligation to "cooperatively work toward an agreement for protection of Confidential Information." (Opp'n. at 8.)  The Complaint contains no allegations bearing out this new theory, and FamilyCare cites none, instead stating that it will develop this claim "at trial."  (*Id.*)

Page    8 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS
RESPONDING TO SECOND AMENDED COMPLAINT

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

Ex. 3 - Wilson Decl.
Page 8 of 12

But dismissal is appropriate at this stage because the Complaint allegations show that OHA worked diligently to ascertain and address the other CCOs' trade secret concerns. The Complaint alleges that in February 2017, shortly after FamilyCare requested materials from OHA, OHA asked for the other CCOs' input regarding the potential trade secret materials in FamilyCare's requests. (Compl. ¶ 42.) OHA asked FamilyCare to narrow its requests and communicated with the other CCOs to seek their input regarding the confidentiality of the information sought. (Compl. ¶ 53.) A few weeks after OHA first raised the issue of other CCOs' confidentiality, FamilyCare filed this lawsuit. Accordingly, the parties were not able to amicably resolve this contentious issue and instead the confidentiality of the CCOs' information became the subject of third-party motion practice in this Court. The Complaint demonstrates that OHA met its obligation to work "cooperatively" to resolve the other CCOs' confidentiality concerns. Accordingly, FamilyCare fails to state a claim for breach of Dispute Resolution Agreement and the Court should dismiss FamilyCare's sixth claim for relief.

**IV.     The Court should dismiss FamilyCare's seventh claim for relief for failure to state a claim.**

      **A.     The seventh claim fails because the Dispute Resolution Agreement does not contain an implied term prohibiting OHA from using the dispute resolution process to "gather information."**

The implied covenant of good faith and fair dealing cannot "be construed in a way that changes or inserts terms into a contract." *W. Prop. Holdings, LLC,* 284 Or App at 325. Nor can it "expand the duties owed by the parties beyond those already provided by the contract." *Id.* at 329. FamilyCare alleges that OHA breached the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement by using "the dispute resolution process to gather information" to use in its communications plan. (Compl. ¶ 104.) However, the Dispute Resolution Process does not contain any express terms prohibiting OHA or FamilyCare from gathering information during the dispute resolution process. Indeed, as

**MARKOWITZ HERBOLD PC**
**SPECIAL ASSISTANT ATTORNEYS GENERAL**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

explained above, the Second Amended Complaint alleges that OHA specifically negotiated for the ability to disclose the dispute resolution materials to the media and other third parties. (Compl. ¶ 47.) Accordingly, FamilyCare fails to state a claim for breach of the implied covenant of good faith and fair dealing. *See U.S. Nat. Bank of Oregon v. Boge,* 311 Or 550, 567 (1991) (duty of good faith and fair dealing does not provide a remedy for an act that is "expressly permitted by contract").

> **B.      The seventh claim fails because FamilyCare's own allegations show that OHA performed the Dispute Resolution Agreement in good faith.**

FamilyCare's own allegations show that OHA performed the Dispute Resolution Agreement in good faith. As alleged in the Complaint, OHA attorneys, officials, and an actuary attended a lengthy meeting with their counterparts at FamilyCare. (Compl. ¶ 48.) During this meeting, the OHA representatives listened to FamilyCare's concerns regarding the 2017 rates. (*Id.* ¶ 48.) Also during this meeting, FamilyCare's actuary requested materials from OHA to further analyze its rate-setting methodology. (*Id.* ¶ 48.) As discussed above, further negotiations between the parties broke down over OHA's inability to provide FamilyCare with materials that OHA believed contained other CCOs' trade secret information. (*Id.* ¶ 42.) But given OHA's good faith negotiation, the dispute resolution process's failure to result in settlement is not itself actionable.

**Page    10 -    DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax: (503) 323-9105

**CONCLUSION**

For the foregoing reasons, the Court should dismiss FamilyCare's fifth, sixth, seventh, and eighth claims for relief.  In the alternative to dismissal of the eighth claim, the Court should order FamilyCare to make that claim more definite and certain.

DATED this 23rd day of October, 2017.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:     *s/ Dallas DeLuca*
        David B. Markowitz, OSB No. 742046
        DavidMarkowitz@MarkowitzHerbold.com
        Matthew A. Levin, OSB No. 003054
        MattLevin@MarkowitzHerbold.com
        Renée E. Rothauge, OSB No. 903712
        ReneeRothauge@Markowitzherbold.com
        Dallas DeLuca, OSB No. 072992
        DallasDeLuca@MarkowitzHerbold.com
        Harry B. Wilson, OSB No. 077214
        HarryWilson@MarkowitzHerbold.com
        Laura Salerno Owens, OSB No. 076230
        LauraSalernoOwens@MarkowitzHerbold.com
            *Special Assistant Attorneys General for Defendant*

**Page   11 -   DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT**

MARKOWITZ HERBOLD PC
SPECIAL ASSISTANT ATTORNEYS GENERAL
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017, I have made service of the foregoing **DEFENDANT'S REPLY RE RULE 21 MOTIONS RESPONDING TO SECOND AMENDED COMPLAINT** on the parties listed below in the manner indicated:

Stephen F. English
Thomas R. Johnson
Alletta Brenner
Brian P. Samuelson
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
      *Attorneys for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   SEnglish@perkinscoie.com
           TRJohnson@perkinscoie.com
           ABrenner@perkinscoie.com
           BSsamuelson@perkinscoie.com
☒ Odyssey File & Serve™

Melanie K. Curtice (*admitted pro hac vice*)
Matthew P. Gordon (*admitted pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
      *Attorneys for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   MCurtice@perkinscoie.com
           MGordon@perkinscoie.com
☒ Odyssey File & Serve™

DATED this 23rd day of October, 2017.

_s/ Dallas DeLuca_____
Dallas DeLuca, OSB No. 072992
*Special Assistant Attorney General for Defendant*

**CERTIFICATE OF SERVICE**