IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>             Defendant. | Case No. 17CV09226<br><br>**PLAINTIFF FAMILYCARE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OREGON HEALTH AUTHORITY** |

Pursuant to ORCP 36 and 43, Plaintiff FamilyCare, Inc. ( "FamilyCare") hereby requests that Defendant Oregon Health Authority ("OHA") produce the documents described herein for inspection and copying at the offices of Plaintiff's counsel, Perkins Coie LLP, 1120 NW Couch Street, Tenth Floor, Portland, Oregon, 97209, or at such other location as may be determined by agreement, within thirty (30) days of this request.  Please respond to each request for production in accordance with the instructions and definitions set forth below.

### DEFINITIONS

As used in these Requests, the following terms are defined as such:

1.     "2017 Base Data Policy" shall mean the Base Data Policy as discussed in Appendix VIII, 2017 Reimbursement Review, of the 2017 Actuarial Certification.

2.     "2017 Capitation Rates" shall mean the capitated rates for the Oregon CCOs for the 2017 rating period, as reflected in the 2017 Actuarial Certification.

Page 1 -    PLAINTIFF'S FIRST SET OF REQUESTS FOR
            PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 1 of 17

3.    "2017 Actuarial Certification" shall mean the document titled "Oregon Health Authority CCO Rate Development Actuarial Certification January 1 – December 31, 2017 Capitation Rates," attached as Exhibit 3 to the Complaint in this Action.

4.    "2017 Reimbursement Review" shall mean the document titled "2017 Reimbursement Review" attached as Appendix VIII to the 2017 Actuarial Certification within Exhibit 3 to the Complaint in this Action.

5.    "Action" means the present litigation entitled *FamilyCare, Inc. v. Oregon Health Authority*, No. 17CV09226.

6.    "Actuarial Soundness" shall refer to any accepted actuarial principles and practices relied on by OHA in developing the 2017 Capitation Rates.

7.    "Base Data" shall refer to the base data described in Section 2.02 of the 2017 Actuarial Certification.

8.    "Base Data Adjustments" shall refer to the base data adjustments described in Section 2.03 of the 2017 Actuarial Certification..

9.    "CareOregon" shall refer to CareOregon, Inc. and any past and present agents, representatives, accountants, actuaries, attorneys, employees, including former employees, subsidiaries, any members, partners, or risk-accepting entities, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

10.    "CMS" shall mean the Centers for Medicare & Medicaid Services and any past and present agents, representatives, accountants, actuaries, attorneys, employees, including former employees, subsidiaries, or any other person or entity that has documents deemed to be in its possession, custody, or control.

11.    "Communicate" or "Communication(s)" shall refer to any transmission or exchange of information between two or more persons, orally or in writing, and includes, but is

PAGE  2-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 2 of 17

not limited, to all conversations or discussions, whether such communication or discussion occurred face-to-face or by means of letter, telephone, telegraph, telecopier, telex, facsimile, electronic mail ("email"), or other media.

12.    "Coordinated care organization" or "CCO" shall means an organization meeting criteria adopted by the Oregon Health Authority under ORS 414.625.

13.    "Document" means all items that are considered to be "documents" or tangible things within the meaning of Rule 43 of the Oregon Rules of Civil Procedure and refers to the original and all copies of written, printed, typed, recorded, computer generated or graphic matter, or other instrument(s) or device(s) which contain information or from which information can be retrieved, including, without limitation, any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer applications, memoranda, correspondence, studies, working papers, letters, telegrams, invoices, personal diaries, handwritten notes of any kind including Post-it® notes, reports, records, books forms, indexes, transcriptions and recordings, magnetic tapes, video tapes, wire recordings, disks and printed cards, data sheets, data processing cards, personal calendars, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned.  The terms "document" and "documents" include, without limitation, originals and all file copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not.  If the original of any documents is not in your possession, custody, or control, a copy of that document should be produced.  A draft or non-identical copy is a separate document within the meaning of this term.

14.    The terms "FamilyCare" or "Plaintiff" shall refer to plaintiff FamilyCare, Inc.

PAGE  3-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 3 of 17

15. "Health Management Associates" shall refer to "Health Management Associates, Inc." and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

16. "Health Share" shall refer to "Health Share of Oregon" and any past and present agents, representatives, accountants, attorneys, employees, including former employees, any members, partners, or risk-accepting entities, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

17. "Optumas" shall refer to Optumas and/or Schramm Health Partners, L.L.C., and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

18. The terms "Oregon Health Authority", "Defendant", "You", and/or "Your" shall refer to the Oregon Health Authority, both separately and jointly, and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control.

19. "Rate Development Standards" shall refer to the rate development standards as set forth in 42 CFR § 438.5(a)-(g) (May 6, 2016).

20. "Regional Rate Model" shall refer to the rate development process used by Optumas described in Section 2.01 of the 2017 Actuarial Certification.

PAGE 4- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 4 of 17

21.    "Settlement Agreement" shall refer to the agreement entered into and effective as of May 22, 2016, between FamilyCare, Inc. and the State of Oregon by and through the Oregon Health Authority.

22.    References to persons and entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

23.    The terms "and" and "or" shall be construed both disjunctively and conjunctively.

24.    The term "any" shall include and encompass the words "all" and "each."

25.    The singular shall include the plural, the use of the masculine gender shall include the feminine gender, and vice versa, whenever the context reasonably allows or requires such a construction.

26.    The term "person" means any natural person, public or private corporation, partnership, association, joint venture, any group or any form of a business, legal or governmental entity, or association.

27.    "Relating to" shall mean supporting, contradicting, describing, studying, analyzing, considering, substantiating, regarding, explaining, mentioning, discussing, commenting on, touching upon, and pertaining to any logical connection.

28.    "Reflecting" shall mean summarizing, memorializing, evidencing, constituting, containing, identifying, showing, comprising, and containing any logical connection with.

## INSTRUCTIONS

A.    You are to produce all documents that are in your possession, custody, or control or in the possession, custody, or control of Your representatives, including persons consulted concerning any factual matters or matters of opinion related to any of the facts or issues involved in this case; such persons shall include attorneys with whom You consulted unless you claim such documents are privileged or otherwise protected, *but see infra* Instruction H.  These

PAGE  5-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 5 of 17

Requests for Production of Documents extend to correspondence and electronic communications sent from or received at a personal physical address or personal email address.

B.    Unless otherwise specified, the time period covered by these Requests for Production of Documents is January 1, 2014, to the present.  However, if a document prepared prior to January 1, 2014, or subsequent to the date of these Requests for Production of Documents refers to events during the period January 1, 2014, through the present, and/or is necessary for a correct or complete understanding of any document covered by these Requests for Production of Documents, the document shall be produced.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if it is otherwise responsive to these Requests for Production of Documents and no evidence exists to conclusively establish that this document was prepared prior to January 1, 2014.

C.    Each document request, and the portions thereof, is to be responded to separately, but responses to one document request, or portion thereof, may be incorporated by reference in responses to other document requests, or portions thereof.

D.    All documents produced pursuant to these Requests for Production of Documents shall be produced either in separate groups of documents responsive to each separate document request or in the form and order in which they were kept by you before being produced.

E.    Each request for documents, whether memoranda, reports, letters, minutes, emails, or other documents of any description, requires the production of each document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation.

F.    If a document was prepared in several copies or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of any notation or modification of any kind whatsoever located on either the front or the back of such document, then each non-identical copy is a separate document and must be separately identified and produced.

PAGE  6-    PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 6 of 17

G.      If you claim any document request herein is ambiguous, describe in what way the request is ambiguous, state the meaning applied to the request, and respond to the request as interpreted.

H.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing requested documents, please furnish a log providing the following information with respect to each withheld document:

  i.      the date of the document;

  ii.     for each individual who prepared, produced, reproduced, or received the document for which the privilege is claimed, state the person's name, current (or last known) business and residence addresses, current (or last known) business and residential telephone numbers, current (or last known) title or position, and occupation;

  iii.    describe the document in sufficient detail to identify it without revealing the information for which the privilege is claimed; and

  iv.     state every fact or basis upon which you claim any such privilege.

I.      These document requests are continuing and, to the extent required by the Oregon Rules of Civil Procedure, you must immediately produce any responsive documents or information after any such document(s) or information comes within your possession, custody, or control throughout the pendency of this action.

J.      Documents shall be produced in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary for any given document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for documents requiring different resolution or page size to make them readable.  Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship.  In addition, each TIFF document shall also be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum)

PAGE  7-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
          PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 7 of 17

appropriate unitization of the documents, including beginning and ending production numbers for (a) each document set, and (b) each attachment within each document set.  The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image.  Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in placed of extracted text at the document level.  Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents that are not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

K.    For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information:  file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared driver or server); and MD5 hash value.  In addition, for email documents, the data load files shall also include the following metadata:  sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All images and load files must be named or foldered in such a manner that all records can be imported without modification of any path or file name information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All documents submitted by OHA or its actuarial consultants (including, but not limited to, Optumas) to CMS relating to the Rate Development

PAGE  8-   PLAINTIFF'S FIRST SET OF REQUESTS FOR
          PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 8 of 17

Standards for each CCO and the trend models for each CCO in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 2:**  All communications and worksheets, workbooks, spreadsheets, models, and documents that OHA or its actuarial consultants (including, but not limited to, Optumas) used or considered when evaluating or determining the Actuarial Soundness of the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 3:**  All communications related to and data used or considered by OHA or its actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 4:**  All communications related to, and reports, memoranda, models, and documents prepared by, OHA's actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 5:**  All documents and data supporting the Regional Rate Model for the region in which FamilyCare operates.

PAGE  9-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1

**Response:**

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting or relating to OHA's policy decisions that affected the development of the 2017 Capitation Rates, including, but not limited to, policy decisions pertaining to lowering rates based on a CCO's payments to primary care providers or any decisions pertaining to the 2017 Base Data Policy.

**Response:**

**REQUEST FOR PRODUCTION NO. 7:** To the extent documents are not provided in response to the foregoing requests, all communications or documents related to the calculation of Base Data Adjustments, including any consideration of a CCO's past or current profitability, analysis of CCO financial statements, and consideration of reported expenditures, in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 8:** All documents recording or reflecting any written or verbal communication between OHA and Health Share regarding capitation rates from January 1, 2013, to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 9:** All documents recording or reflecting any written or verbal communication between OHA and CareOregon regarding capitation rates from January 1, 2013, to present.

PAGE 10- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 10 of 17

**Response:**

**REQUEST FOR PRODUCTION NO. 10:**  To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and Jeremy Vandehey regarding capitation rates from 2015 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 11:**  To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and any leadership or staff employee at Health Management Associates regarding capitation rates from 2015 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 12:**  All versions of any document reflecting the Regional Rate Model for each of the four rating regions within Oregon for the calendar years 2015, 2016, and 2017.

**Response:**

**REQUEST FOR PRODUCTION NO. 13:**  Any documents relating to, reflecting, or containing the Base Data for each of the 16 CCOs in Oregon.

**Response:**

PAGE  11- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 11 of 17

**REQUEST FOR PRODUCTION NO. 14:**  Any documents relating to, reflecting, or containing the regional base data and risk factors and/or raw risk score data for each of the four rating regions within Oregon.

**Response:**

**REQUEST FOR PRODUCTION NO. 15:**  All documents recording or reflecting any communication, written policies, documents, and data regarding any adjustments made by or at the direction of OHA or by Optumas to FamilyCare's reported costs for the calendar years 2015, 2016, and 2017.

**Response:**

**REQUEST FOR PRODUCTION NO. 16:**  All documents recording or reflecting any written or verbal communications regarding FamilyCare between: Lynne Saxton, Rhonda Busek, David Rohrer, Dennis Tang, and/or Jeremy Vandehey, Lori Coyner, Leslie Clement, amongst themselves individually or collectively, or with or including any other person.

**Response:**

**REQUEST FOR PRODUCTION NO. 17:**  All documents recording or reflecting any communication between OHA and Optumas regarding the 2015, 2016, and 2017 capitation rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 18:**  All documents recording or reflecting any communication between OHA and CMS regarding the 2015, 2016, and 2017 capitation rates.

PAGE   12- PLAINTIFF'S FIRST SET OF REQUESTS FOR
            PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222   Exhibit 1
Page 12 of 17

**Response:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents provided to OHA by each and every CCO in Oregon that relate to each and every CCO's income, expenses, and profitability, including, but not limited to, the income, expenses, and profitability of each and every CCO's related entities.

**Response:**

**REQUEST FOR PRODUCTION NO. 20:**  All documents recording or reflecting communications between OHA and Optumas regarding the 2017 Actuarial Certification, the information contained therein, or the information on which the 2017 Rate Certification was based.

**Response:**

**REQUEST FOR PRODUCTION NO. 21:**  All documents recording or reflecting internal communications related to the 2017 Actuarial Certification, the information contained therein, or the information on which it was based.

**Response:**

**REQUEST FOR PRODUCTION NO. 22:**  All drafts of the 2017 Actuarial Certification.

**Response:**

**REQUEST FOR PRODUCTION NO. 23:**  All drafts of the 2017 Reimbursement Review.

PAGE  13- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 13 of 17

**Response:**

**REQUEST FOR PRODUCTION NO. 24:**  All documents recording or reflecting communications within OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

**Response:**

**REQUEST FOR PRODUCTION NO. 25:**  All documents recording or reflecting communications involving OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

**Response:**

**REQUEST FOR PRODUCTION NO. 26:**  All documents recording or reflecting communications between OHA and Optumas related to the 2017 Capitation Rates, including but not limited to the development of those rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 27:**  All documents recording or reflecting internal communications related to the 2017 Capitation Rates, including but not limited to the development of those rates.

**Response:**

PAGE  14- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 14 of 17

**REQUEST FOR PRODUCTION NO. 28:**  All documents recording or reflecting communications involving OHA related to the 2017 Capitation Rates, including but not limited to the development of those rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 29:**  All documents recording or reflecting any communication, written policies, documents, and/or data involving the Settlement Agreement, effective as of May 22, 2106, entered into between OHA and FamilyCare.

**Response:**

**REQUEST FOR PRODUCTION NO. 30:**  All documents recording or reflecting any communication, written policies, documents, and/or data communicating CCO cost, utilization and/or performance related to the Quality and Health Outcomes Committee of the Office of Clinical Services Improvement.

**Response:**

**REQUEST FOR PRODUCTION NO. 31:**  All documents recording or reflecting any OHA communication to any of the 16 CCOs in Oregon, written policies, documents, and/or data regarding CCO cost, utilization, and/or performance.

**Response:**

PAGE  15- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222  Exhibit 1
Page 15 of 17

DATED:  June 1, 2017

PERKINS COIE LLP

By:  */s Meredith M. Price*

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Meredith M. Price, OSB No. 134627
MPrice@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted via pro hac vice)*

Melanie K. Curtice WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  1.206.359.8000
Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE  16- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222    Exhibit 1
Page 16 of 17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Oregon that, on June 1, 2017, he caused to be served on the person(s) listed below in the manner shown:

**PLAINTIFF FAMILYCARE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO OREGON HEALTH AUTHORITY**

Oregon Health Authority
c/o Renee Stineman
Department of Justice, Special Litigation Unit
100 SW Market St.
Portland, OR  97201

*Attorneys for Oregon Health Authority*

☒   United States Mail, First Class

☐   By Messenger

☒   By E-Mail

☐   By regular e-mail and/or court's electronic service if parties are enrolled

Dated at Portland, Oregon, on June 1, 2017.

*/s Meredith M. Price*
Meredith M. Price

CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-

Exhibit 1
Page 17 of 17