IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

FAMILYCARE, INC.,                    ) Case No.:    17CV09226
                                     )
          Petitioner,                )
                                     )
     v.                              )
                                     )
OREGON HEALTH AUTHORITY,             )
                                     )
          Respondent.                ) **HEARING**

TRANSCRIPT OF PROCEEDINGS

VOLUME I OF I (Pages 1 through 44)

APPEARANCES:   For the Petitioner:  Matthew P. Gordon

               For the Respondent:  David B. Markowitz

     BE IT REMEMBERED THAT the above-entitled matter came on regularly for hearing before the Honorable Sean E. Armstrong, Judge of the Circuit Court of the County of Marion, State of Oregon, commencing on the 30th day of November 2017.

Exhibit 2
Page 1 of 5

Page                                                                33

want on behalf of FamilyCare from all the emails?

MR. GORDON:  I think that if we're allowed -- if we collapse some of their preexisting search terms --

THE COURT:  Just want a number.

MR. GORDON:  Okay.  I think -- well, if we add 25, we'll be at 70, we can -- and that would be sufficient.

THE COURT:  Okay.  Want to be heard on the search terms before I rule on that?

MR. LEVIN:  Yes, thank you, Your Honor.

THE COURT:  Okay.

MR. LEVIN:  My only concern is we do want to come up with a commonsense solution here and, for example, if we use the term actuary, one of these just one little search term --

THE COURT:  I'm going to make this really easy for you.  They can -- FamilyCare can provide a list of 75 search terms.  OHA may strike any 15 search terms that it wants.

MR. LEVIN:  Thank you, Your Honor.

THE COURT:  Those 60 remaining search terms will be the search terms.  I don't think there's any scenario where I can become the expert in picking your search terms for you.

MR. LEVIN:  Thank you, Your Honor.  Can we do that today?  I think that's going to --

Exhibit 2
Page 2 of 5

Page                                                                    36

other than at the last possible minute?

         MR. GORDON:  Well, that's what we're trying to
avoid, Your Honor, and we've consistently tried to avoid
it --

         THE COURT:  Okay, privilege logs are due with
discovery on December 15th.

         MR. GORDON:  Okay.

         THE COURT:  Okay --

         MR. GORDON:  The second issue, Your Honor, is AEO
designations, so we just this week started receiving some
of the emails and other documents that have been designated
as AEO, we've just barely started looking at them.  We've
already identified some documents that appear to be way
over-designated as AEO, no evidence of trade secret, drafts
of public documents.  And as you know, the protective order
here imposes significant burdens on what people can do with
AEO documents.

         The response from OHA was go deal with the CCOs
on that, which is of course similar to the response they've
given us about a number of issues, and we're just alerting
the Court right now we only know of a few documents, but
this is a big problem if we're going to have to -- if
they've been using AEO as broadly as it appears based on
these few documents to try and go back again after document
discovery's complete or in the last -- in December and try

Exhibit 2
Page 3 of 5

Page                                                                37

and deal with all these AEO issues.  If all these documents remain AEO, that's significant limitations on how we can use them in depositions, it's going to slow down this process significantly.

THE COURT:  Well, let me just resolve that for you.  If there are bad-faith designations of attorney-eyes-only documents, then my view is that that violates the protective order and I'll be imposing swift and strident discovery sanctions on the party that chooses to do that.

MR. GORDON:  Okay.  And how do we --

THE COURT:  Up to and including, to be clear, dismissing claims and defenses as necessary to make sure that you, everyone has an opportunity to try a case based on the discovery they actually have.

MR. GORDON:  Thank you, Your Honor.  The third issue that we had --

MR. LEVIN:  Your Honor, may I address that just really quickly?  I just want Your Honor to understand that the process is not quite as --

THE COURT:  I said bad faith, I understand.

MR. LEVIN:  We are trying to involve the CCOs from the get-go here to make sure they're designated correctly, that's all I wanted to --

THE COURT:  I understand.

MR. LEVIN:  -- mention, Your Honor.

Business Support Services, Inc.
960 Broadway NE, Suite 4, Salem, Oregon 97301
503-585-6201

Exhibit 2
Page 4 of 5

Page                                                                 45

                              CERTIFICATE

        I, Stephen V. Wright, do hereby certify that I am an electronic transcriptionist for Business Support Services of Salem, Inc., that as such transcriptionist I prepared to the best of my ability from a Marion County recorded and duplicated digital recording of the proceedings had upon the hearing of this cause, Case Number 17CV09226, before the Honorable Sean E. Armstrong, Judge of the Circuit Court of the County of Marion, State of Oregon; that I thereafter had reduced by transcribing the foregoing transcript, and that the foregoing transcript, consisting of pages 1 through 44, both inclusive, constitutes a full, true, and accurate record of the process had upon the hearing of said cause, and of the whole thereof.

        WITNESS my hand as transcriptionist this 26th day of December 2017.

_____
Stephen V. Wright, Transcriptionist


Proofreader/Editor:  svw/svw




Business Support Services, Inc.
960 Broadway NE, Suite 4, Salem, Oregon 97301
503-585-6201

Exhibit 2
Page 5 of 5