

ATTORNEYS AT LAW

Suite 900
1331 NW Lovejoy Street
Portland, OR 97209-3280
503-226-1191
Fax 503-226-0079
www.aterwynne.com

Daniel P. Larsen
Direct Dial: 503-226-8431
E-Mail: dpl@aterwynne.com

March 16, 2018

**VIA E-MAIL AND FIRST-CLASS MAIL**

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128

Re:    *FamilyCare, Inc. v. Oregon Health Authority and Patrick Allen*
       U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

This letter responds to your letters to me dated March 6, 2018, regarding Jackson Care Connect ("JCC") and Columbia Pacific CCO, LLC ("CPC").

JCC and CPC (as they have throughout FamilyCare's litigation with the Oregon Health Authority) remain willing to work with FamilyCare to meet FamilyCare's legitimate need for information while, at the same time, protecting JCC and CPC from disclosure and dissemination of JCC's and CPC's most confidential and competitively-sensitive information. However, your letters neither comply with the Protective Order, dated November 1, 2017 ("Protective Order") nor warrant re-designation of JCC's and CPC's confidential information.

As you know, prior to removal of this proceeding to federal court, the coordinated care organizations (CCOs), including JCC and CPC, intervened in the state court proceeding to protect their confidential information and participate in the crafting of a protective order for that purpose. After several hearings before Judge Armstrong, the Judge crafted and entered the Protective Order. Under section 5.d. of the Protective Order, "[i]f FamilyCare believes a document has been erroneously designated as 'Confidential' or 'Attorney Eyes Only' ..., FamilyCare will send a letter to the appropriate CCO(s) ... requesting re-designation and explaining why the document has been erroneously designated...." While FamilyCare has sent a letter requesting re-designation, FamilyCare has not complied with the Protective Order because it has not identified the document that it requests to be re-designated.[1] FamilyCare provided only a list of document numbers with no other information about the document. JCC and CPC did not

---

[1] FamilyCare acknowledges in its letter that it has not complied with the Protective Order, by stating that "[t]he existing Protective Order sets out a process for challenging AEO designations requested by the intervening CCOs on a document-by-document basis..." but that "...doing so in this case is problematic...."

3039415/1/DPL/101821-0073

Exhibit 11

# ATERWYNNE LLP

Thomas R. Johnson
March 16, 2018
Page 2

label these documents and did not designate them.  We do not know what these documents are or what they contain.  Without more information about the content of the documents that FamilyCare seeks to re-designate, JCC and CPC cannot meaningfully respond to your letter, or explain why a document should or should not be re-designated.  Please produce the documents that FamilyCare seeks to re-designate so that we may substantively respond as permitted by the Protective Order.

Rather than comply with the Protective Order and provide specific documents that FamilyCare seeks to re-designate with specific explanations to support re-designation, FamilyCare objects to the manner used to designate documents and the process used for seeking re-designation.  These objections are aimed at changing the terms of the Protective Order which cannot be accomplished by sending letters to JCC and CPC.  Moreover, given the time and effort devoted by the parties and Judge Armstrong to the Protective Order, FamilyCare should not be entitled to rewrite it now.

Indeed, FamilyCare has received the confidential information, and its expert witnesses have been able to review it.  FamilyCare does not articulate how OHA's designation of the information from JCC and CPC impedes this case.  The fact that FamilyCare may not be currently operating in competition with other CCOs is irrelevant to the designation of the documents because FamilyCare intends to recommence operations.  The State will issue an RFA as early as this Fall 2018, which FamilyCare may respond to with rate bidding information if it wishes to commence operations in 2020.  In addition, without proper designation, JCC's and CPC's confidential information may be disseminated to individuals within FamilyCare who may join other competitive organizations.  Once that happens, JCC and CPC will lose control over where their confidential information may be disclosed.

We understand that FamilyCare intends to file some form of motion to compel or re-designate documents, and possibly change the Protective Order.  JCC and CPC expects to be served with that motion and afforded an opportunity to respond to it.  Please advise if you do intend to serve JCC and CPC with such motion.

Very truly yours,

Daniel P. Larsen

cc:    Matthew Levin, Esq.
       Jackson Care Connect
       Columbia Pacific CCO, LLC

Exhibit 11
3039415/1/DPL/101821-0073
Page 2 of 48



MILLER
NASH | GRAHAM
& DUNN LLP
ATTORNEYS AT LAW

U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204

OFFICE 503.224.5858
FAX 503.224.0155

**Frank V. Langfitt**
Admitted in Oregon
frank.langfitt@millernash.com
503.205.2425 direct line

March 15, 2018

**VIA U.S. MAIL & E-MAIL**
*trjohnson@perkinscoie.com*

Mr. Thomas R. Johnson
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, Oregon  97209-4128

Subject:   FamilyCare, Inc. v. Oregon Health Authority ("OHA")
           U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

As counsel for Eastern Oregon CCO ("Eastern Oregon"), I am writing to respond to your letter of March 6, 2018.  Your letter raises several issues, which I will attempt to address below.  The failure to address every issue or potential issue raised in your letter should not be taken as a concession by Eastern Oregon to such issues.

(1)   Designations Under the Existing Protective Order

It appears that FamilyCare is dissatisfied with the existing Protective Order, which was the product of arduous negotiations and final approval by Judge Armstrong.  The categories of confidential documents and Attorney Eyes Only ("AEO") documents were part of the negotiations and, in Eastern Oregon's case, have been known to FamilyCare since before November 1, 2017.  A copy of Eastern Oregon's designations is enclosed.  As FamilyCare knows, many of the CCOs designated categories of documents to protect their confidential information because a CCO does not know how OHA has kept or sorted the data, and whether the data is reproduced in other OHA documents.

FamilyCare apparently has access to Eastern Oregon's confidential information for purposes of the litigation, and your letter does not state what FamilyCare's problem is with regard to Eastern Oregon's data.  FamilyCare does not identify any document handling issues that were not foreseen under the terms of the

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

MILLERNASH.COM

4835-4894-1919.1
Exhibit 11
Page 3 of 48



Mr. Thomas R. Johnson
March 15, 2018
Page 2

negotiated Protective Order. FamilyCare does not explain how it is adversely affected in the preparation of its case.

Finally, it would appear that it is too late for FamilyCare to complain about the CCO designations that have been known to FamilyCare for over four months.

(2)    The Conferral Process Required in the Existing Protective Order.

Paragraph 5d addresses erroneous document designations. Each CCO is entitled to a letter from FamilyCare regarding claims of erroneous designation of documents by that CCO. In the present case, FamilyCare sent a form letter to all of the CCOs, without identifying any specific documents designated by a particular CCO, including Eastern Oregon.

The manner in which FamilyCare has identified documents in your letter of March 6, does nothing to permit Eastern Oregon to respond to FamilyCare. The letter contains almost seven pages of Bates Numbered documents, which are meaningless to Eastern Oregon. Eastern Oregon does not have access to the Bates Numbered documents. If FamilyCare can provide Eastern Oregon with specific documents about which FamilyCare has complaints, then Eastern Oregon can respond. Eastern Oregon does not believe that providing copies of all the Bates Numbered documents would be appropriate since this, presumably, would expose the confidential documents of other CCOs to Eastern Oregon in violation of the Protective Order.

(3)    FamilyCare's Dispute is with OHA.

It seems that FamilyCare's real dispute is with OHA's labeling of the documents OHA has produced. Eastern Oregon suggests that FamilyCare ask OHA to identify CCO-specific documents designated as confidential or AEO and then each CCO can respond to FamilyCare's issues, if any issues remain.

(4)    FamilyCare's Withdrawal from the Market Does Not Solve the
        Confidentiality Issues

FamilyCare may believe that since it has withdrawn from the Oregon markets, confidentiality is not required for other CCOs' confidential information. Actually, the withdrawal may exacerbate the problem since FamilyCare's employees may end up employed by competitors of Eastern Oregon or by a new entity that may compete with Eastern Oregon. Confidentiality and AEO designations still are necessary for

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

MILLERNASH.COM

4835-4894-1919.1

Exhibit 11
Page 4 of 48



Mr. Thomas R. Johnson
March 15, 2018
Page 3

FamilyCare's experts as Judge Armstrong concluded when he approved the existing Protective Order.

      (4)     Reservation of Rights.

     By responding to FamilyCare's letter within 10 days of March 6, as required by the Protective Order, Eastern Oregon is not waiving its position that FamilyCare has failed to comply with the terms of the Protective Order, and Eastern Oregon reserves all of its rights to assert FamilyCare's noncompliance.

     Since it also appears that FamilyCare is attempting to abrogate or renegotiate the parties' Protective Order, Eastern Oregon reserves its rights to argue that FamilyCare is not entitled to any of Eastern Oregon's information provided to OHA on any grounds, including that Eastern Oregon's provider rates, contracts and financial information, are not relevant to FamilyCare's rate-setting process in the Portland Metropolitan area.

     Should you wish to discuss these matters, please let me know, and we can arrange a mutually convenient time to do so.

                Very truly yours,

                Frank V. Langfitt

Enclosure
cc:    Matt Levin (via e-mail)

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA
MILLERNASH.COM



MILLER NASH | GRAHAM & DUNN LLP
ATTORNEYS AT LAW

U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97201

503.224.5858
503.224.0155

**Frank V. Langfitt**
frank.langfitt@millernash.com
503.205.2425 direct line

October 25, 2017

**VIA E-MAIL**
*elleanor.chin@doj.state.or.us*                    *dallasdeluca@mhgm.com*

Ms. Elleanor H. Chin                    Mr. Dallas DeLuca
DOJ Trial Division Civil Litigation Section    Markowitz Herbold PC
100 SW Market Street                    1211 SW 5th Avenue, Suite 3000
Portland, Oregon 97201                  Portland, Oregon 97204

Subject:    *FamilyCare, Inc. v. Oregon Health Authority*
            Marion County Circuit Court Case No. 17CV09226

Dear Ms. Chin and Mr. DeLuca:

        With this correspondence, I am providing Eastern Oregon CCO's ("Eastern Oregon") designations of confidential documents. I have used the spreadsheet provided by Ms. Chin with 13 categories of documents. Also, I have added a 14th category for OHA or Optumas documents that have incorporated confidential information into new documents.

        The form of applicable Protective Order will be the form entered as a result of the Court hearing of October 19, 2017.

        Please let me know if you have questions or concerns about Eastern Oregon's designations. Thank you.

                            Very truly yours,

                            Frank V. Langfitt

Attachment
cc: All Counsel (via e-mail)

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA
MILLERNASH.COM

4823-9217-7746.1

Exhibit 11
Page 6 of 48

REVISED September 22, 2017

FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED
CCO - Eastern Oregon CCO (October 23, 2017)

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | YES | NO | | | Produce all, including all tabs and hidden tabs. | Designate all Attorney Eyes Only (AEO) |
| 2. Exhibit L – all | YES | | | | Produce all | AEO designations for reports L13, L14, L15, l16, L17, L17.1, L17.2, L18, L18.1, L19 & Scratch Sheet |
| 3. Supplement Rate Templates | YES[1] | NO | | | Produce all | Designate all AEO |
| 4. Claims and Encounter data submissions to the state | YES | NO | | | Produce all | Designate all AEO |
| 5. State enrollment data including premiums paid | YES | NO | | | Okay to Produce. | Designate all AEO |
| 6. MLR Template | YES | NO | | | Produce all | Designate all AEO |
| 7. Audited Financials | YES | ?? | | | Already public | |
| 8. Actuarial Opinions | YES | NO | | | Produce to the extent opinions | Designate all AEO |

[1] FCI specifies this category extends to "all bid template files and subsequent versions of bid template files submitted for rate development using 2013-2015 base data, including all narrative information

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]
CCO - Eastern Oregon CCO (October 23, 2017)

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| | | | | | have been expressed | |
| 9.  SNRG Reconciliation | YES | NO | | | Produce | Designate all AEO |
| 10.  SB 231 Primary Care template | YES | NO | | | Produce | Designate all AEO |
| 11.  Any records or detail data that would identify prescription drug prices or rates | YES[2] | NO | | | Produce | Designate all AEO |
| 12.  Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | YES[3] | NO | | | Produce | Designate all AEO |
| 13.  [additional category not described by CCOs] – identified by plaintiffs on 9/20 "Regional Rate Models and | YES | Need CCO position on this category | | | Blinded version okay to produce without PO. | Non-blinded version and files regarding Professional Reimbursement to be |

[2] FCI is NOT seeking "provider-level information", i.e., not seeking information about particular rates of payment to particular providers
[3] See comment on No.11

JUSTICE-#8495850-v2-FamilyCare_9226_DISC_Ind_CCO_Disc_Worksheet 4819-4025-9665 v.1.docx

4819-4025-9665.1

Exhibit 11
Page 8 of 48

REVISED September 22, 2017

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]
CCO - Eastern Oregon CCO (October 23, 2017)

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| supporting exhibits for the Southwestern, Northwestern and Eastern Oregon Regions" | | | | | | Designate all AEO |
| 14. OHA/Optumas materials/exhibits developed that are specific to Eastern Oregon CCO | | | | | Produce to the extent related to rate setting. | All materials/exhibits that include, incorporate or comment upon the AEO designated documents described above, including payment rate development summaries, redetermination factors, and PMPM and risk score summaries be designated all AEO |



**Davis Wright
Tremaine** LLP

Suite 2400
1300 SW Fifth Avenue
Portland, OR  97201-5630

**Gregory A. Chaimov**
503.778.5328 tel
503.778.5299 fax

gregorychaimov@dwt.com

March 15, 2018

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch St, 10th Flr
Portland OR  97209-4128

Re:     *FamilyCare, Inc. v. Oregon Health Authority*,
        U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

This letter follows up on your letter of March 6, 2018, and our telephone conversation Tuesday morning.

As expressed in our March 7, 2018 letter, and as we expressed in our call, after reviewing your March 6, 2018 letter we were not clear on the actions FamilyCare was asking Health Share to take in response to your letter.

Following our call on Tuesday, we now understand FamilyCare intends to file a motion to compel against OHA and, as part of that motion, will ask the Court to, as you described it, "explore" OHA's designation of documents as "Attorneys' Eyes Only."   You also stated that FamilyCare may seek to modify the existing Protective Order Judge Armstrong entered while the case was in state court, but at this point, FamilyCare is not sure whether it will seek to modify the Protective Order.

We thus remain unclear on the specific relief you will be seeking from the Court.

As a precaution, we asked whether you intended your March 6, 2018 letter to trigger the 10-day response time set forth in paragraph 5(d) of the Protective Order.  We had not read your letter that way.  Your letter acknowledges that it is not identifying specific documents as required by the Protective Order.  However, we now understand FamilyCare does intend that your March 6 letter trigger a 10-day response under the Protective Order.

Please, therefore, accept this letter as Health Share's response.

Your letter of March 6 fails to comply with the Protective Order Judge Armstrong entered on November 1.  Judge Armstrong entered that order after months of negotiation between

4840-0500-4895v.2 0095765-000004

Anchorage     New York        Seattle
Bellevue      Portland        Shanghai
Los Angeles   San Francisco   Washington, D.C.                    www.dwt.com

Exhibit 11
Page 10 of 48

Thomas R. Johnson
March 15, 2018
Page 2

FamilyCare, OHA, and the other coordinated care organizations (CCOs) including Health Share. Judge Armstrong personally crafted some of the language when the parties reached an impasse, including critical language about which employees of FamilyCare, and which of FamilyCare's experts and consultants, could review "AEO" documents, and which could not. The provisions for challenging OHA's "AEO" designations were also carefully crafted by the parties. Paragraph 5(d) provides:

> If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from the receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

Your March 6 letter fails to comply with these requirements. Your letter does not identify any specific documents FamilyCare believes is mis-designated. Although you attach a list of some 300-plus Bates numbers to your letter, you provide only the number. Neither we, Health Share, nor any other CCO to our knowledge, possesses a numbered copy of the actual documents and, therefore, we have no way of evaluating FamilyCare's concern about possible over-designation.

Further, your March 6 letter acknowledges that FamilyCare is not complying with the Protective Order. You state that "[t]he existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis . . ." but that " . . . doing so in this case is problematic . . . ."

It is important to remember that Health Share did not mark any documents as "Confidential" or "Attorneys' Eyes Only". OHA did. Health Share and the other CCOs reviewed FamilyCare's six sets of document requests and, as contemplated by the Protective Order, Health Share and the other CCOs "identified documents or categories of documents" believed to be responsive and appropriate for confidential and AEO designations. To our knowledge OHA has followed the procedures the parties hammered out months ago and designated the documents as confidential and AEO in good faith.

In reflecting on our call and our correspondence, it strikes us that FamilyCare is not seeking to challenge the designation of AEO documents as contemplated by the Protective Order. Instead, FamilyCare's goal is to re-write the Protective Order. This intent seems clear from your March 6

4840-0500-4895v.2 0095765-000004

Exhibit 11
Page 11 of 48

Thomas R. Johnson
March 15, 2018
Page 3

letter, the gist of which is that the Protective Order is unworkable because of the large number of documents designated as AEO.

On behalf of Health Share, we are happy to discuss mutually acceptable amendments to the Protective Order, or any procedure you wish to propose for reviewing whether the "AEO" documents should be re-designated. But at this point you have not proposed any specific language or process. We believe you should do so under the meet and confer requirements of the local rules prior to seeking relief from the Court. FamilyCare, OHA, Health Share and the others CCO(s) cooperated extensively in drafting the current Protective Order and we believe everyone would consider in good faith any specific fix you want to propose to the language of the Protective Order, or procedures for reviewing the designated documents. We owe it to the Court to try prior to filing any motion.

On the merits we disagree with your March 6 letter's suggestion that the three types of CCO information listed in your letter are the only types of information that warrant any protection. The three categories you list are, indeed, commercially sensitive information. Health Share, however, identified additional documents and categories of documents that warrant protection as early as our October 13, 2017 letter. The Protective Order expressly contemplated this process and FamilyCare never objected to the identified documents and categories, until now. You stated in our call on Tuesday that you will respond to us in writing with your specific concerns over the documents and categories of documents listed in our October 13 letter. That seems like a good place to start before FamilyCare seeks relief from the Court. You have also suggested that FamilyCare's exit from the Medicaid market for 2018 eliminates any need to protect Health Share's business information. Health Share respectfully disagrees. As you noted, FamilyCare hopes to return to market. The information FamilyCare is seeking about its direct competitor in the Portland area, Health Share, would give FamilyCare an unfair competitive advantage when it returns.

Finally, in our call you stated that complying with the existing procedures would be a burden on FamilyCare, that the process would be time-consuming, and that you have an approaching trial date. We understand that. We also understand that OHA has designated a large number of documents as "AEO" and that it may difficult for FamilyCare to determine to whom you should address your challenges to the designations. We are happy to work through this with you.

But we ask that FamilyCare also understand that FamilyCare is the plaintiff in this case. FamilyCare has left no stone unturned in its pursuit of discovery including many third-party subpoenas served on its competitors like Health Share and others. We are aware of 12 broad document subpoenas all of which, like the document requests served on OHA, seek sensitive business information. To the extent Family Care's discovery has created a burden for FamilyCare, it is a burden of FamilyCare's creation – one that could be alleviated by seeking

4840-0500-4895v.2 0095765-000004

Exhibit 11
Page 12 of 48

Thomas R. Johnson
March 15, 2018
Page 4

targeted, proportional discovery through requests that avoid imposing undue expense on third parties.

Sincerely,

Davis Wright Tremaine LLP

Gregory A. Chaimov

GAC/rmr

4840-0500-4895v.2 0095765-000004

Exhibit 11
Page 13 of 48

**PETER F. STOLOFF, P.C.**
ATTORNEY AT LAW
5285 MEADOWS RD., SUITE 235
LAKE OSWEGO, OR 97035

TELEPHONE
(503) 992-6463
FACSIMILE
(503) 992-6789
EMAIL
pstoloff@peterstoloff-law.com

LICENSED IN
OREGON
AND
IDAHO

March 16, 2018

**Via U.S. Mail & Email**
**trjohnson@perkinscoie.com**

Mr. Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

> *Re:    FamilyCare, Inc. v. Oregon Health Authority ("OHA")*
> *U.S. District Court Case No. 6:18-cv-00296-MO*

Dear Tom:

 I am counsel for Yamhill County Care Organization dba Yamhill Community Care Organization ("YCCO"). This letter is in response to your March 6, 2018 letter.

Your letter acknowledges that the existing Protective Order signed by Judge Armstrong on November 1, 2017 sets forth a process for challenging AEO designations requested by the CCOs on a document-by-document basis, but you state that it would be problematic for FamilyCare to follow that process.

Your March 6, 2018 letter does not comply with the Protective Order, because you have not identified any specific documents which FamilyCare believes have been erroneously designated by OHA.

Specifically, Section 5d of the Protective Order provides as follows:

> "d.  If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may

Exhibit 11
Page 14 of 48

Mr. Thomas R. Johnson
Page 2

_____

appear before the Court and speak in defense of the designation if the matter is brought before the Court."

As you are aware, the Protective Order was entered after months of negotiation between FamilyCare, OHA, and the CCOs which are intervenors in this case. You have attached a list of over 300 Bates-numbered documents to your letter, but you have not identified the actual documents to which those Bates numbers refer. Accordingly, YCCO is unable to evaluate FamilyCare's concern with respect to possible over-designation.

YCCO requests that you specifically identify and provide copies of the Bates-numbered documents containing YCCO information which you seek to de-designate. If the documents include AEO or other confidential information relating to other CCOs, YCCO requests that you redact that information, because it would be inappropriate for YCCO or its counsel to review AEO information relating to other CCOs.

YCCO disagrees with the assertion on page 3 of your March 6 letter that only three types of CCO information may warrant protection. The three categories you have listed clearly are confidential and proprietary (pricing for services at the provider-specific level; specific terms of provider contracts; and detailed CCO financial information that is not otherwise publicly disclosed). However, the CCOs, including YCCO, have identified additional documents and categories of documents that warrant protection, in their respective responses in September and October 2017, using the spreadsheet format provided by OHA. FamilyCare never objected to the identified documents and categories of documents until your March 6, 2018 letter.

YCCO does not believe that FamilyCare's cessation of operation as a CCO on January 31, 2018 is a valid reason to modify the Protective Order. You state in your letter that FamilyCare hopes to return as a CCO in 2020. It is possible that OHA will issue an RFA later this year, which would permit FamilyCare to respond with rate information if it wishes to commence operations as a CCO in 2020. YCCO is concerned that YCCO's proprietary and confidential information may be disseminated to individuals within FamilyCare who may join other competitive organizations and use YCCO's proprietary and confidential information in a manner which would put YCCO at a competitive disadvantage.

YCCO is willing to discuss with you FamilyCare's concerns with respect to OHA's designation of AEO documents pertaining to YCCO. However, in order to engage in those discussions, FamilyCare will need to identify and provide to me as YCCO's counsel the specific documents which FamilyCare believes have been erroneously designated as confidential or AEO, with at least 10 days advance notice, as specifically required in paragraph 5d of the Protective Order.

By responding to FamilyCare's letter within ten days of March 6, 2018, as required by paragraph 5d of the Protective Order, YCCO is not waiving its position that FamilyCare has failed to comply with the terms of the Protective Order. YCCO reserves all of its rights to assert FamilyCare's noncompliance. Moreover, because it appears that FamilyCare is attempting to

Exhibit 11
Page 15 of 48

Mr. Thomas R. Johnson
Page 3

_____

modify the Protective Order, YCCO reserves the right to assert that FamilyCare is not entitled to any of YCCO's documents or information on any grounds.

Respectfully,

*Peter F. Stoloff*

PETER F. STOLOFF

PFS:cs
cc:    Matt Levin (by email)
       CCO Counsel

Exhibit 11
Page 16 of 48



Matthew A. Levin | Lawyer
MattLevin@MarkowitzHerbold.com

March 16, 2018

**Via Email and U.S. Mail**

Thomas R. Johnson Jr.
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128

Re:    **FamilyCare, Inc. v. Oregon Health Authority, et al.**
       **US District Court of Oregon (Portland Division) Case No. 6:18-cv-**
       **00296-MO**

Dear Tom:

I am writing to follow up on FamilyCare's request to de-designate documents from Attorneys' Eyes Only to Confidential or Not Confidential. We completed our review of the 315 examples you provided. We used this information to not only de-designate many of the documents on FamilyCare's list but also identify other documents that might be appropriate for de-designation. Based on this analysis, OHA will agree to de-designate an additional 544 documents. We will provide new images for these documents in the coming week. However, we have a few observations about FamilyCare's list.

First, there are several documents on FamilyCare's list that we believe implicate information the CCO's consider AEO and should remain as such under the current protective order. These include:

OHA_LIT_00233245
OHA_LIT_00233283
OHA_LIT_00233314
OHA_LIT_00233358
OHA_LIT_00233911
OHA_LIT_00233970

Thomas R. Johnson Jr.
March 16, 2018
Page 2

OHA_LIT_00233978
OHA_LIT_00233981
OHA_LIT_00233982
OHA_LIT_00233988
OHA_LIT_00235313
OHA_LIT_00235320
OHA_LIT_00235521
OHA_LIT_00235528
OHA_LIT_00235539
OHA_LIT_00235784
OHA_LIT_00235888
OHA_LIT_00236507
OHA_LIT_00236761
OHA_LIT_00237870
OHA_LIT_00240666
OHA_LIT_00242989
OHA_LIT_00243009
OHA_LIT_00244581
OHA_LIT_00266305
OPT00003037

Some of these documents also appear to be only marginally responsive to FamilyCare's requests. For example, OHA_LIT_00233970 appears to involve SNRG reconciliation, a category Matt Gordon of your office considered not responsive in this litigation. This document also appears to contain data that affects all of the CCOs. This document was likely marked AEO out of an abundance of caution because of the ambiguity created about its responsiveness and the instructions from the 15 CCOs.

Second, we observed that some documents on FamilyCare's list were already produced without an AEO designation several times over. Many of the examples FamilyCare provided reflect outlier coding errors that should not prevent FamilyCare from preparing its witnesses. We will agree documents that are produced in one instance with an AEO designation, but also produced dozens of other times without the designation are not considered by Oregon Health Authority to be AEO. For example, OHA_LIT_00237428 is a document that FamilyCare complains was designated AEO. However, it was produced 6 other times without this designation. Similarly, OHA_LIT_00239527 was produced 19 times without an AEO designation, OHA_LIT_000269498 was produced 29 times without an AEO designation and OPT00002657 was produced 34 times without

Exhibit 11
Page 18 of 48

Thomas R. Johnson Jr.
March 16, 2018
Page 3

an AEO designation.  It appears from this analysis that the reviewers tasked with determining designations actually got it right the majority of the time, and FamilyCare is only complaining about a handful of documents out of the over 116,000 documents produced by OHA to date.

We also observed that in some cases AEO designations were applied to blank pages which usually reflected signature image files.  Designations on these types of documents have no effect on your witness preparation.  Nonetheless, we propose agreeing that none of these types of documents will be considered confidential.

OHA made a good faith effort to designate its documents according to the protective orders and instructions received from the CCOs in this case.  In large document cases, the more human reviewers and more factors for them to consider will inherently produce inconsistencies.  In this process, OHA's reviewers not only considered responsiveness and privilege, but also 13 different categories of documents all subjectively interpreted by the 15 other CCOs.

As a practical matter, we propose going forward that the parties will agree if there are documents that appear to be designated AEO that are truly inhibiting one of the parties from preparing for deposition that we confer about those documents and try to come to a resolution about the document's designation. This type of informal agreement can even be resolved during a deposition.

Very truly yours,

Matthew A. Levin

FAMIOR\ 709070

Exhibit 11
Page 19 of 48



March 16, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA E-MAIL AND FIRST CLASS MAIL**

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128

RE:    *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
       (Eugene Division), Case No. 6:18-cv-00296-MO
       *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
       No. 3:18-cv-00212-MO
       Our File No.:   126360-229340

Dear Mr. Johnson:

This law firm represents Trillium Community Health Plan, Inc. ("Trillium") with respect to the above-referenced matters.  We are in receipt of your letter of March 6, 2018, and respond to matters raised therein.

As an initial matter, Trillium and other CCOs were expressly granted intervener status in the underlying state court case, *FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17CV09226 (the "State Court Action"), and are therefore parties in the above-referenced federal court proceedings.  We understand you do not object to Trillium's and other CCOs' status in that regard.  We also understand that you agree any State Court Action protective order, including Judge Armstrong's Protective Order signed November 1, 2017 (the "Protective Order"), remains in effect in the federal court proceedings pursuant to 28 U.S.C. § 1450.  Attached is a copy of the Protective Order, which is pertinent to your March 6 letter.

Your March 6 letter fails to comply with the Protective Order, which contains notice provisions relating to challenging designations that have not been followed.  It seems FamilyCare seeks to bypass such terms of the Protective Order and, instead, re-litigate them over four months later.  As you know, the Protective Order was the product of months-long negotiations and compromises among the parties, as well modifications and final approval by Judge Armstrong following extensive briefing and argument.  The categories of confidential and Attorney Eyes

Exhibit 11
Page 20 of 48

Thomas R. Johnson
March 16, 2018
Page 2

Only ("AEO") documents and information were part of this exhaustive process and, in Trillium's case, have been known to FamilyCare since November 10, 2017.  Attached is a copy of Trillium's designations.  The CCOs, including Trillium, explained during the State Court Action and related conferrals why such materials and information are highly confidential, proprietary, and trade secrets.

Your letter fails to identify Trillium-specific documents and explain why any such documents have been erroneously designated.  Your letter also does not explain how any specific designations adversely affect FamilyCare's prosecution of its claims.  Trillium maintains its prior positions that the documents and information designated by it should not be discoverable and should not be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims.  In addition, your letter is untimely given that FamilyCare has known about—and not objected to— Trillium's designations for over four months.

Under the terms of the Protective Order, Paragraph 5d sets forth a process for challenging designations.  Each CCO is entitled to a letter from FamilyCare regarding claims of erroneous designation of documents.  In this case, FamilyCare sent a form letter to all of the CCOs, without identifying any specific documents designated by a particular CCO, including Trillium.

The manner in which FamilyCare has identified 300-plus documents in your letter does not allow Trillium to respond to FamilyCare.  Trillium does not have access to those documents.  If FamilyCare can provide Trillium with specific documents about which FamilyCare has complaints, then Trillium can respond.  Trillium does not believe that providing full copies of those documents would be appropriate since this could expose confidential or AEO documents of other CCOs to Trillium in violation of the Protective Order.

By your letter, FamilyCare contends that since it has begun to withdraw from the Oregon markets, protections are no longer required for other CCOs' AEO and confidential information.  That is not accurate.  The withdrawal, in fact, may exacerbate the potential for competive harm since FamilyCare personnel, whom you contend should have access to such sensitive documents and information, could go to work for a Trillium competitor.  The need for the protections has not been eliminated, or diminished, by this circumstance.

Finally, since it appears that FamilyCare is attempting to re-litigate the Protective Order, Trillium reserves its rights to argue that FamilyCare is not entitled to any of Trillium's documents or information provided to OHA on any grounds.  Trillium also adopts and incorporates arguments raised in other CCOs' responses to similar March 6 letters from you, as the CCOs appear to be broadly aligned as to the deficiencies in FamilyCare's newly stated positions on the CCO designations.

Exhibit 11
Page 21 of 48

Thomas R. Johnson
March 16, 2018
Page 3


If you should have any questions, please do not hesitate to contact us.  Thank you.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachments

cc:    CCO Counsel (*via e-mail*)
       Matthew A. Levin (*via e-mail*)
       Joel Parker (*via e-mail*)

PDX\126360\229340\JED\22533076.3

schwabe.com

Exhibit 11
Page 22 of 48

Verified Correct Copy of Original 11/1/2017

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant,<br><br>and<br><br>ALLCARE CCO, INC., an Oregon corporation; CASCADE HEALTH ALLIANCE, LLC, an Oregon limited liability company; COLUMBIA PACIFIC CCO, LLC, an Oregon limited liability company; EASTERN OREGON COORDINATED CARE ORGANIZATION, LLC, an Oregon limited liability company; INTERCOMMUNITY HEALTH PLANS, INC., an Oregon corporation doing business as INTERCOMMUNITY HEALTH NETWORK – COORDINATED CARE ORGANIZATION; JACKSON COUNTY CCO, LLC, an Oregon limited liability company doing business as JACKSON CARE CONNECT; PACIFICSOURCE COMMUNITY SOLUTIONS, an Oregon nonprofit; PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC, an Oregon limited liability company; TRILLIUM COMMUNITY HEALTH PLAN, INC., an | Case No. 17CV09226<br><br>JUDGE: SEA<br><br>**PROTECTIVE ORDER** |

PAGE 1-    PROTECTIVE ORDER

Perkins Coie LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>Phone: 503.727.2000<br>Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11<br>Page 23 of 48

Verified Correct Copy of Original 11/1/2017.

Oregon corporation; UMPQUA HEALTH ALLIANCE, LLC, an Oregon limited liability company; WESTERN OREGON ADVANCED HEALTH, LLC, an Oregon limited liability company; WILLAMETTE VALLEY COMMUNITY HEALTH, LLC, an Oregon limited liability company; AND, YAMHILL COMMUNITY CARE ORGANIZATION, INC., an Oregon corporation,

Joint Intervenors.

This action concerns information that may be considered confidential, trade secret, proprietary, commercially-sensitive information of the parties and third-parties, or protected health information as that term is defined in 45 CFR §160.103 and 164.501 (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials").

1. All documents, testimony, and other materials produced by the parties and any subpoenaed party and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or any person listed under paragraphs 9(b), (c), or (d) for any business, commercial, or competitive purpose.

3. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the

PAGE 2-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 24 of 48

Verified Correct Copy of Original 11/1/2017

burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. Producing parties, including third parties and subpoenaed parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5. The parties acknowledge and agree that some amount of the third-party information produced by the Oregon Health Authority in this litigation will contain information that other Coordinated Care Organizations ("CCOs") in Oregon may consider confidential or proprietary to them. Thus, to ensure that these other CCOs have adequate opportunity to protect such information, the parties and the CCOs have agreed to the following protocol for third-party information produced by the Oregon Health Authority:

a. The CCOs have received copies of FamilyCare, Inc.'s ("FamilyCare's") first, second, third, and fourth sets of document requests served on the Oregon Health Authority ("OHA"). Within ten (10) days of entry of this Protective Order, any CCO may simultaneously identify, in addition to any documents previously identified, in writing to both OHA and FamilyCare any documents or categories of documents that it believes are appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

PAGE 3-   PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 25 of 48

Verified Correct Copy of Original 11/1/2017.

b. FamilyCare will provide the CCOs with any future requests for production of documents it serves on the OHA, on the same date that it serves those requests on OHA. Within ten (10) days of FamilyCare's service of future document requests on OHA, any CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

c. When producing documents to FamilyCare, OHA will abide by any such reasonable request from a CCO to designate a document or type of document as "Confidential" or "Attorneys' Eyes Only." All provisions of this Protective Order will apply to documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5.

d. If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

6. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160. Upon approval by the court the

PAGE 4-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 26 of 48

Verified Correct Copy of Original 11/1/2017

party shall file the confidential materials under seal, marked as follows or in substantially similar form:

CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.

7. Any portion of a transcript of the deposition of any party or witness in this case in which "Confidential" or "Attorney Eyes Only" information or documents are discussed shall be designated "Confidential" or "Attorney Eyes Only" accordingly. If the designation of the document under discussion as "Confidential" or "Attorney Eyes Only" is withdrawn or successfully challenged, the relevant portion of the transcript shall no longer be considered "Confidential" or "Attorney Eyes Only." If a portion of a transcript designated as "Confidential" or "Attorney Eyes Only" is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5.

8. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, expert reports or files, documents, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, expert reports or files, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

PAGE 5-   PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 27 of 48

Verified Correct Copy of Original 11/1/2017.

9. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in house counsel.

c. Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be

PAGE 6-    PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 11
Page 28 of 48

Verified Correct Copy of Original 11/1/2017.

restricted solely to the persons listed in paragraphs 9(a), 9(d), 9(e), 9(f), 9(g) and 9(h), unless additional persons are stipulated by counsel or authorized by the court. Any person listed in paragraph 9(d) shall not be an employee of FamilyCare and the parties agree that any person who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist (1) FamilyCare, (2) any CCO, or (3) any entity who seeks to compete with FamilyCare or a CCO (or who assists such an entity) with Medicaid program rate setting, including contract bids, in Oregon through the rate-setting process for 2021 rates. In addition, any person listed in paragraph 9(d) who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist any entity who seeks to compete with a CCO-related entity as identified in Exhibit B in the rate region in which the related entity provides services through the rate-setting process for 2018 rates or with contract bidding during 2018. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, the parties present must exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, unless additional persons are stipulated by counsel for the designating party or as authorized by the court. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall

PAGE 7-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 29 of 48

Verified Correct Copy of Original 11/1/2017

confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's or subpoenaed parties' designation must nevertheless abide by that designation until the matter is resolved by agreement or by order of the Court.

11.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's or subpoenaed party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12.    Designation by a party or subpoenaed party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the

PAGE 8-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 30 of 48

Verified Correct Copy of Original 11/1/2017.

Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

13.     A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if a party or subpoenaed party discloses privileged information and/or protected trial preparation materials, there will be no waiver of privilege and/or protection. A party or subpoenaed party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other parties (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if a party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

14.     Upon the request of the producing party or subpoenaed party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

PAGE 9-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513.1

Exhibit 11
Page 31 of 48

Verified Correct Copy of Original 11/1/2017.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any person or party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

_____  11/1/17
SEAN E Armstrong

Submitted by:

PERKINS COIE LLP

By: _____

PAGE 10- PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 11
Page 32 of 48

Verified Correct Copy of Original 11/1/2017.

## EXHIBIT A

I, _____ , have been advised by counsel of record for

_____ in FamilyCare, Inc. v. Oregon Health Authority, Case

No. 17CV09226, Marion County, Oregon, of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

PAGE 1-    EXHIBIT A TO PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 11
Page 33 of 48

Verified Correct Copy of Original 11/1/2017.

**EXHIBIT B**
**CCO RELATED ENTITIES**
(as of October 18, 2017)

AllCare CCO, Inc
AllCare Health Plan, Inc

Columbia Pacific
CareOregon, Inc.
Greater Oregon Behavioral Health, Inc (GOBHI) Advantage Dental Capitol Dental ODS (Moda)
Willamette Dental

Jackson Care Connect
CareOregon, Inc.
 Advantage Dental
Capitol Dental
ODS (Moda)
Willamette Dental

Trillium Community Health Plan, Inc.*

| | |
|---|---|
| Arizona | Bridgeway Health Solutions, Inc. |
| | Health Net Access, Inc. |
| | Cenpatico of Arizona, Inc. |
| California | California Health and Wellness Plan |
| Florida | Sunshine State Health Plan, Inc. |
| Georgia | Peach State Health Plan, Inc. |
| Illinois | IlliniCare Health Plan, Inc. |
| Iowa | Iowa Total Care |
| Kansas | Sunflower State Health Plan, Inc. |
| Louisiana | Louisiana Healthcare Connections, Inc. |
| Massachusetts | CeltiCare Health Plan of Massachusetts, Inc. |
| Minnesota | Minnesota Complete Health |
| Mississippi | Magnolia Health Plan, Inc. |
| Missouri | Home State Health Plan, Inc. |
| Nebraska | Nebraska Total Care, Inc. |
| Nevada | SilverSummit Healthplan, Inc. |
| New Hampshire | Granite State Health Plan, Inc. |
| New Mexico | Western Sky Community Care |

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 34 of 48

Verified Correct Copy of Original 11/1/2017.

| North Carolina | Carolina Complete Health |
| Ohio | Buckeye Community Health Plan, Inc. |
| Oregon | Trillium Community Health Plan, Inc. |
| Pennsylvania | Pennsylvania Health & Wellness, Inc. |
| South Carolina | Absolute Total Care, Inc. |
| Texas | Superior HealthPlan, Inc. |
| Virginia | Virginia Total Care, Inc. |
| Washington | Coordinated Care of Washington, Inc. |
| Wisconsin | Coordinated Care Corporation, dba Managed Health Services Managed Health Services Insurance Corp. |

\* Trillium reserves its right, without waiver, to move to modify this list in the event a closely related entity enters a new state or withdraws from any of the listed states through the rate-setting process for 2018 rates or during contract bidding during 2018.

PAGE 2-    EXHIBIT B TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 35 of 48

Verified Correct Copy of Original 11/1/2017.

DATED:  October 30, 2017

**PERKINS COIE LLP**

By:   /s/ Brian Samuelson
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  1.206.359.8000
Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

Exhibit 11
Page 36 of 48



March 9, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204

Alletta Brenner
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR   97209-4128

RE:    Trillium's Designations Regarding FamilyCare's Sixth RFP to OHA
         *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
         (Eugene Division), Case No. 6:18-cv-00296-MO
         *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
         No. 3:18-cv-00212-MO
         Our File No.:   126360-229340

Dear Counsel:

This law firm represents Trillium Community Health Plan, Inc. ("Trillium") with respect to the above-referenced matters.  We recently received Plaintiff FamilyCare Inc.'s Sixth Set of Requests for Production of Documents to Defendants Oregon Health Authority and Patrick Allen, dated February 27, 2018 ("FamilyCare's Sixth RFP").

Pursuant to paragraph 5.b. of the Protective Order signed by Judge Armstrong on November 1, 2017, and in response to FamilyCare's Sixth RFP, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents, categories of documents, and information designated as "Confidential" or "Attorneys' Eyes Only" in its prior correspondence to counsel dated November 10, 2017, and January 19, 2018.  Enclosed are copies.

To the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

Exhibit 11
Page 37 of 48

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Alletta Brenner
March 9, 2018
Page 2

We understand that FamilyCare and OHA agree that the protective orders Judge Armstrong issued when this case was pending in state court, including the protective order referenced above, remain in effect.  If that understanding is incorrect, please notify us immediately so we may take appropriate action to protect Trillium's confidential and protected information.

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachments

cc:     CCO Counsel (*w/Attachments, via e-mail*)
        Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22495717.1

schwabe.com

Exhibit 11
Page 38 of 48



January 19, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Brian P. Samuelson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

Hanna H. Porter
Gallagher & Kennedy
2575 East Camelback Road, Suite 1100
Phoenix, AZ  85016-9225

RE:   *FamilyCare, Inc. v. Oregon Health Authority*
      Marion County Circuit Court Case No. 17CV09226
      Our File No.:   126360-229340

Dear Counsel:

This law firms represents Trillium Community Health Plan, Inc. ("Trillium").  We recently received plaintiff FamilyCare Inc.'s Fifth Set of Requests for Production of Documents to defendant Oregon Health Authority ("OHA").  We also understand that certain Optumas documents responsive to prior requests are now planned for production and that FamilyCare seeks to serve, or has already served, subpoenas on third parties.  To the extent they are implicated in any forthcoming (or past) productions, and pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents and categories of documents and information previously identified to all parties on November 10, 2017.  Enclosed is a copy of Trillium's designations.

Additionally, to the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

Exhibit 11
Page 39 of 48

Brian P. Samuelson
Dallas DeLuca
Hanna H. Porter
January 19, 2018
Page 2

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:     Harry Wilson (*w/Attachments, via e-mail*)
        Laura Salerno Owens (*w/Attachments, via e-mail*)
        CCO Counsel (*w/Attachments, via e-mail*)
        Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22215487.1

schwabe.com

Exhibit 11
Page 40 of 48



November 10, 2017

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Stephen F. English
Matthew P. Gordon
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Matthew A. Levin
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

RE:    Trillium Designations Pursuant to Protective Order
       *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:   126360-229340

Dear Counsel:

With respect to the above-referenced matter, this office hereby provides Trillium Community Health Plan, Inc.'s ("Trillium") response to and designations of confidential and protected documents and information in accordance with the Discovery Order entered October 27, 2017 (the "Discovery Order") and the Protective Order entered November 1, 2017 (the "Protective Order").  Attached hereto are summaries of Trillium's positions on these matters.  Specifically, we used and completed the worksheet previously provided by Oregon Health Authority's ("OHA") counsel with thirteen categories of documents and information.  We added a fourteenth category for OHA or Optumas documents that incorporate or contain confidential or protected information into new documents.  As you will see, the attachments indicate primarily which documents or categories of documents should be not be produced because they do not relate to rate setting process, and which, if produced over Trillium's objections or otherwise, should be designated and marked as "Attorneys Eyes Only" ("AEO") under the terms of the Protective Order.

Even though it has provided this information, Trillium maintains its prior positions that the documents and information within these categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims and due to their confidential, proprietary, and trade secret status and nature.  Trillium, without waiver, is

Exhibit 11
Page 41 of 48

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 2

merely responding to and complying with the Discovery Order and the Protective Order at this time.

Trillium also does not know how OHA may have copied or transferred the confidential or protected information contained in its documents, or whether OHA created any new documents or materials containing such information. Therefore, Trillium requests any such copies, transferred information, or new documents, only be produced if designated and marked as AEO. Trillium is willing and available to work with OHA to facilitate discovery and answer any questions.

In addition, Trillium requests that OHA designate the following additional documents and categories of documents as AEO:

- Any documents, communications, datasets, and the like that include Personal Health Information (PHI), including but not limited to enrollment details and member level risk scores, for Trillium's past and present members.

- Any documents, communications, datasets, and the like that include Trillium's claim level details, regardless of format or source, including all Trillium 837, APAC (All Payer All Claims), supplemental, and any other formats of encounter data.

- All documents, communications, datasets, and the like relating to Trillium, that have been or require transfer between parties via a secure file transfer (SFTP).

- All documents, communications, datasets, and the like relating to Trillium, that have been sent or received via secure email.

- All documents, communications, datasets, and the like that include Trillium's description of payment arrangements, contracted entity names, transformation/innovation projects, and/or internal policies (including without limitation provider names for all inpatient and outpatient analyses for DRG hospitals).

- All documents, communications, datasets, and the like that include Trillium's specific units of encounter or service types, unit costs, and/or provider names, including, without limitation, the masked portions of any Tri-County Regional Rate Model.

- All documents, communications, datasets, and the like that include any form of Trillium's specific breakout of payment types, including but not limited to fee-for-service, sub-capitation, incentive, and/or other payment arrangements.

- All documents, communications, datasets, and the like related to Trillium's base data and/or financial reconciliations and triangulation.

schwabe.com

Exhibit 11
Page 42 of 48

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 3

- All documents, communications, datasets, and the like that include Trillium's specific utilization patterns/rates, inclusive of Trillium's specific case rate models for maternity and bariatric case rates.

- All documents, communications, datasets, printouts, and the like that were provided and/or displayed during Trillium's specific rate setting meetings.

- All documents, communications, datasets, and the like generated and provided by the Trillium's consulting actuaries, inclusive of all documents on the actuary's letterhead.

Trillium also requests that the following documents be listed as confidential:

- All other documents, communications, datasets, and the like that were provided during Trillium's specific rate setting meetings that do not fall under the AEO designations above.

Please let us know if you should have any questions or concerns in these regards. Again, Trillium remains willing and available to assist or answer questions regarding any document production in this case. Thank you for your time and attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:    Renee Stineman (*w/Attachments, via e-mail*)
       Elleanor Chin (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\21672041.1

schwabe.com

Exhibit 11
Page 43 of 48

# Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

# OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

---

| Description of Information | DO NOT PRODUCE[1] | Produce Only if Subject to Amended Stipulated Protective Order | Comments |
|---|---|---|---|
| 1.  CCO Rate of Growth Tool | | Designate and mark as "Attorney Eyes Only" ("AEO") | |
| 2. Exhibit L - All | | Designate and mark as AEO pursuant to attached spreadsheet. | Some already in public. |
| 3. Supplement Rate Templates | | Designate and mark as AEO. | |
| 4. Claims and Encounter Data Submissions to the State | | Designate and mark as AEO. | |
| 5.  State Enrollment Data Including Premius Paid | | Designate and mark as AEO. | Some already in public. |
| 6.  MLR Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |

---

[1] Consistent with its prior positions, Trillium maintains that the documents and information within these thirteen categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims in this action and due to their confidential, proprietary, and trade secret status and nature.  Trillium asserts—but will not repeat and restate in this column—this position.

===================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order                              11/10/2017
(CONFIDENTIAL)

# Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

# OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

----------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| 7.  Audited Financials | Do not produce – not related to rate setting process and publicly available. | If produced over Trillium's objections, designate and mark as AEO. | Already in public.  Category excluded in Court's 10/27/17 Discovery Order. |
| 8. Actuarial Opinions | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Category excluded in Court's 10/27/17 Discovery Order. |
| 9. SNRG Reconciliation | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Portion of category excluded in Court's 10/27/17 Discovery Order. |
| 10. SB 231 Primary Care Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 11. Any records or detail data that would identify prescription drug prices or rates | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 12. Any records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals, or any other providers | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |
| 13. Supplemental correspondence and exchanges between Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

====================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order
(CONFIDENTIAL)

11/10/2017

# Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

--------------------------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| and OHA or its actuary related to the above categories | | | |
| 14. OHA/Optumas documents that include, incorporate, or comment on the above categories and are specific to or concern Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

===============================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order
(CONFIDENTIAL)

11/10/2017

**TRILLIUM'S RESPONSE AND DESIGNATIONS**
**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Exhibit L Financial Reporting Template | | | Designation/Notes |
|---|---|---|---|
| Instructions | | + | |
| L1 | General Information and Certification | + | |
| L2 | Members approaching or surpassing stop-loss deductible | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L3 | Restricted Reserves | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L3.1 | Secondary Reserve Requirement Based on Enrollment Data | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L3.2 | Secondary Reserve Requirement Based on Historical Expenses | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L3.3 | Adjusted and Unadjusted Medical Loss Ratios | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L4 | Key Financial Indicators | * | Public |
| L5 | Quarterly Balance Sheet of Corporate Activity | * | Public |
| L6 Guidance | Quarterly Statement of Revenues and Expenses - Guidance | + | |
| L6 Corp | Quarterly Statement of Revenues, Expenses, and Changes in Net Assets - Corporate Total | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6 OHP | Quarterly Statement of Revenues & Expenses - OHP Line of Business | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6.1 Guidance | Quarterly Statement of Administrative and other Non-Benefit Costs - Guidance | + | |
| L6.1 OHP | Quarterly Statement of Administrative and other Non-Benefit Costs - OHP Line of Business | * | Designate and mark AEO |
| L6.2 OHP | Flexible Expenses - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.3 OHP | Case Management - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.4 OHP | Case Management Breakdown - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L7 | Cash Flow Analysis Corporate Activity/Indirect Method | * | Public |
| L8 Guidance | Corporate Relationship of Contractors | + | |
| L8 | Corporate Relationship of Contractors | | Designate and mark AEO |
| L9 | Audited Annual Balance Sheet of Corporate Activity | | Designate and mark AEO |
| L10 | Audited Annual Statement of Revenues, Expenses, & Changes in Net Assets | | Designate and mark AEO |
| L11 Guidance | Disclosure of Compensation - Where to Report - Guidance | + | |
| L11 | Disclosure of Compensation | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| L12-L19 | Rate Setting Overview | + | |
| Report L6.3 | Non-Benefit Case Management Services | | Designate and mark AEO |
| Report L12 | Enrollment Validation | | Designate and mark AEO |
| Report L13 | Medical Costs | | Designate and mark AEO |
| Report L14 | IBNR | | Designate and mark AEO |
| Report L15 | Sub-Capitation | | Designate and mark AEO |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider | | Designate and mark AEO |
| Report L17 | Incentive Programs | | Designate and mark AEO |
| Report L17.1 | Quality Pool Payment Breakdown | | Designate and mark AEO |
| Report L17.2 | Other Incentive Payment Breakdown | | Designate and mark AEO |
| Report L18 | Other Payment Arrangements | | Designate and mark AEO |
| Report L18.1 | Other Payments Breakdown | | Designate and mark AEO |
| Report L19 | Financial Overview and Reconciliation of Costs | | Designate and mark AEO |
| Scratch Sheet | Additional Informtion that didn't fit anywhere else | | Designate and mark AEO |

Key
+      Not Proprietary/Confidential
*      Appears on OHA Website

| SB 231 PrimaryCare Template | | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
|---|---|---|---|
| Overview | | + | |
| Report 1a | Commercial Member Months/Commercial Non Claims-based Expenditures | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 1b | Medicaid Coordinated Care Member Months/ Medicaid Coordinated Care Non Claims-based Expenditures | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 1C | State of Oregon PEBB and OEBB Member Months/PEBB and OEBB Non Claims-Based Expenditures | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 1D | Medicare Member Months/ Medicare Non Claims-based Expenditures | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |

(CONFIDENTIAL)

**TRILLIUM'S RESPONSE AND DESIGNATIONS**

**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Report 1 Summary | Summary of Reports 1a-1d | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Report 2 | Explanation of non claims-based expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 3 | FFS Data Issues | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 4 | Certification | + | |
| Scratch Sheet | | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

Key

+            Not Proprietary/Confidential

| Medical Loss Ratio Rebate Template | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|
| 2017 MLR Rebate | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Scratch sheet | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

(CONFIDENTIAL)