Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian P. Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, <br><br> Plaintiff, <br><br> v. <br><br> FAMILYCARE, INC., an Oregon non-profit corporation, <br><br> Defendant. | No. 3:18−cv−00212−MO (LEAD) <br> No. 3:18−cv−00296−MO <br><br> FAMILYCARE, INC.'S MOTION FOR PROTECTIVE ORDER <br><br> Pursuant to Fed R. Civ. P. 26 |

**LOCAL RULE 7-1 CERTIFICATION**

In compliance with Local Rule 7-1, Defendant FamilyCare ("FamilyCare") conferred with Plaintiff Oregon Health Authority ("OHA") in a good-faith effort to resolve the dispute, but was unable to do so.

1- FAMILYCARE, INC.'S MOTION FOR PROTECTIVE ORDER

## MOTION

Pursuant to Fed. R. Civ. P. 26, FamilyCare moves the Court for the entry of a protective order quashing the Notice of Videotaped Deposition of Stephen F. English ("Attorney English"), attached hereto as Exhibit A.  This motion is supported by the points and authorities below.

## MEMORANDUM

On March 15, 2018, counsel for OHA served Attorney English, FamilyCare's lead trial attorney in this case, with a Notice of Deposition, for him to appear on April 24, 2018, for a videotaped deposition.  *See* Ex. A.  Attorney English is acting as lead counsel in this case for FamilyCare.  FamilyCare opposes that notice on the grounds that deposing Attorney English would prejudice FamilyCare; to the extent that OHA seeks non-privileged facts, it has other means of obtaining the same information; and the information that OHA seeks is not crucial to the preparation of the case.

Under Fed. R. Civ. P. 26(b), the Court has the power and duty to critically look at discovery requests, and can impose restrictions on the scope and extent of discovery.  The Court is to consider whether the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  The Court may limit discovery if "the discovery sought is unreasonable cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(c).  Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *see Rapid Funding Group, Inc. v. Keybank Nat. Ass'n*, No. CV 07-1348-PK, 2008 WL 4681611, at *3 (D. Or. Oct. 22, 2008) ("[T]o obtain a protective order, the party resisting discovery . . . must show 'good cause' for its issuance by demonstrating harm or prejudice that will result from the discovery." (Quoting Fed. R. Civ. P. 26(c)(1).)).

2-  FAMILYCARE, INC.'S MOTION FOR
    PROTECTIVE ORDER

123045-0001/LEGAL139086894.1

Because deposing opposing counsel in an active case would, per se, inflict harm upon the attorney's client, it is allowed only upon a showing by the party seeking the deposition of the following three factors: "(1) no other means exist to obtain the information, (2) the information is relevant and not privileged; and (3) the information is crucial to the preparations of the case." *Portland General Elec. Co. v. US Bank Trust Ass'n*, 38 F. Supp. 2d 1202, 1210 (D. Or. 1999), *rev on other grounds*, 218 F.3d 1085 (9th Cir. 2000) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)). Taking the deposition of opposing counsel disrupts the adversarial system and lowers the standards of the profession. *Shelton*, 805 F.2d at 1327. "Undoubtedly, counsel's task in preparing for trial would be much easier if he could dispense with interrogatories, document requests, and depositions of lay persons, and simply depose opposing counsel in an attempt to identify the information the opposing counsel has decided is relevant and important to his legal theories and strategy." *Id.* "Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 516 (1947) (Jackson, J., concurring)).

As the Eighth Circuit in *Shelton* made clear, the practice of deposing opposing counsel imposes numerous harms upon a party. Deposing opposing counsel adds to the burdensome time and costs of litigation, as the deposition likely will result in pretrial delays to resolve attorney-client and work-product objections, as well as delays to resolve other collateral issues raised by the attorney's testimony. *Shelton*, 805 F.2d at 1327. It also detracts from the quality of client representation, as it interferes with the attorney's preparation for trial and diverts attention from the merits of the case. *Id.* "Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent." *Id.* The practice of deposing trial counsel also causes a chilling effect on the truthful communications from the client to the attorney. *Id.* And most important and potentially prejudicial from the perspective of FamilyCare, the deposition of opposing counsel could lead to disqualification if

3- FAMILYCARE, INC.'S MOTION FOR
PROTECTIVE ORDER

123045-0001/LEGAL139086894.1

the attorney is called as a trial witness. *Newell v. Wis. Teamsters Joint Council No. 39*, 2007 WL 2874938, at *7 (E.D. Wis. Sep. 28, 2007); *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 419-20 (N.D. Ill. 1987).

Here, because Attorney English is lead trial attorney for FamilyCare in this case, the risk of each of the burdens identified above exists. Deposing Attorney English would lead to additional delays in a case where discovery already has lasted for several months, with no clear end in sight. As lead counsel, the likelihood that protected and confidential communications have occurred between him and FamilyCare concerning the issues related to a deposition is great. The parties would have to spend time sorting through those specific communications in order to adequately protect FamilyCare's privilege. Likewise, if this Court allows OHA to depose Attorney English, that likely would affect how he provides advice to FamilyCare in the future, which potentially could limit the thoroughness of the advice given.

More importantly, a deposition of Attorney English creates a likelihood that he also would have to testify at trial, which potentially could lead to his disqualification as lead trial counsel. *See* ORPC 3.7 (prohibiting a lawyer from "act[ing] as an advocate at a trial in which the lawyer is likely to be a witness on behalf of the lawyer's client"). In this case, disqualification of Attorney English at trial would deprive FamilyCare of its lead counsel, who has substantial and unparalleled knowledge of the case. Disqualification would impose a heavy financial burden on FamilyCare, to pay a new lead trial attorney to review the entirety of the case and to attempt to duplicate the knowledge of Attorney English, which is based on hundreds of meetings, telephone calls, and emails. Even then, new counsel would never gain the same experience and degree of understanding of the case, because Attorney English has experienced the case with FamilyCare from its beginning to present. Because of all those hardships, the Court should prevent OHA from deposing Attorney English unless it can satisfy each *Shelton* factor. It cannot.

4-  FAMILYCARE, INC.'S MOTION FOR
    PROTECTIVE ORDER

123045-0001/LEGAL139086894.1

Plaintiff cannot satisfy the first *Shelton* factor. Under that factor, if there are other parties or witnesses available who have the same information as Attorney English, they should be deposed. *Shelton*, 805 F.2d at 1327. In this case, although unclear what information OHA seeks from Attorney English, all the non-privileged information that OHA could seek is available from other sources. Anytime Attorney English witnessed anything discoverable in this case, he was with numerous people, many of who are not included in FamilyCare's trial team. But despite the fact that OHA is aware of the identities of those other individuals, it has repeatedly insisted on taking Attorney English's deposition. OHA should depose the other individuals instead.

Additionally, at minimum, OHA should utilize its option to first serve interrogatories on any of the other individuals to determine if they have the same information as Attorney English. OHA has not done so. Instead, they summarily issued a Notice of Deposition to FamilyCare's lead trial counsel in the case. For those reasons, OHA clearly fails to satisfy the first *Shelton* requirement that no other means exist to obtain the information. The deposition of Attorney English is completely unnecessary.

To the extent that OHA seeks to obtain information from Attorney English that FamilyCare refused to provide in its prior discovery responses on the basis of the attorney-client privilege and work-product doctrine, OHA fails to satisfy the second *Shelton* requirement.

OHA also fails the third *Shelton* requirement, as it cannot offer any explanation as to why Attorney English would have additional information not already provided and not available through any other means, and why such information is crucial to the preparation of OHA's case. Moreover, to the extent OHA is seeking to depose Attorney English as a first step towards a motion to disqualify, OHA's intentions are completely improper. The information sought is not relevant to this case and, clearly, is not crucial to the case. Again, it is illogical to think that Attorney English would have any information not known by FamilyCare itself, or any number of other individuals, such that OHA would need to depose Attorney English. For those reasons,

5-  FAMILYCARE, INC.'S MOTION FOR
    PROTECTIVE ORDER

123045-0001/LEGAL139086894.1

OHA's attempts to depose Attorney English are wholly improper and must be quashed.  Thus, FamilyCare seeks a protective order under Rule 26(c)(1), quashing the Notice of Deposition against Attorney English and barring any future attempts to depose him.

DATED:  March 23, 2018

**PERKINS COIE LLP**

By: *s/ Douglas R. Pahl*
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian P. Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendant FamilyCare, Inc.*

6-  FAMILYCARE, INC.'S MOTION FOR PROTECTIVE ORDER

123045-0001/LEGAL139086894.1