Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendant FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>        Plaintiff,<br><br>   v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>        Defendant.<br><br>―――――――――――――――<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>        Plaintiff, | No. 3:18−cv−00212−MO (LEAD)<br>No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S RESPONSE TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 17)<br><br>ORAL ARGUMENT REQUESTED |

1-  FAMILYCARE, INC.'S RESPONSE TO OREGON
    HEALTH AUTHORITY'S MOTION TO COMPEL
    PRODUCTION OF DOCUMENTS (ECF 17)

v.

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and
PATRICK ALLEN, both individually and in
his official capacity as director of the Oregon
Health Authority,

Defendants.

## INTRODUCTION

As is common in litigation, FamilyCare, Inc. ("FamilyCare") and its counsel have prepared and exchanged many documents and have otherwise engaged in extensive communications. In some instances, FamilyCare's public relations and lobbying consultants were included in these communications. In its Motion to Compel Production of Documents (the "Motion"), the Oregon Health Authority ("OHA") pounces, incorrectly asserting that FamilyCare's act of sharing these documents with its consultants deprives them of protection. OHA is mistaken for two reasons.

First, the requested discovery is not relevant to any claim or defense. OHA has never filed an answer and thus has not pleaded any defenses or counterclaims that would render discoverable the communications that FamilyCare shared with its consultants. And FamilyCare's communications with its public relations consultants are not relevant to any of FamilyCare's own claims. OHA's fishing expedition to find material that might possibly become relevant to an as-yet unpleaded defense is unfounded.

Second, OHA asserts that FamilyCare has waived the attorney client privilege, but it neglects to focus on the more applicable work product protections pertinent to the communications involved. As a result, much of OHA's briefing - particularly those portions

2- FAMILYCARE, INC.'S RESPONSE TO OREGON
   HEALTH AUTHORITY'S MOTION TO COMPEL
   PRODUCTION OF DOCUMENTS (ECF 17)

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

related to attorney client privilege - is inapplicable.  Because the documents remain protected by the work product doctrine despite being shared with third-party consultants, the Motion should be denied.

## ARGUMENT

### A.  Background

1.    <u>FamilyCare has produced the vast majority of documents involving its third-party public relations and lobbying consultants.</u>

At various times during this litigation, FamilyCare has employed certain public relations or lobbying firms: Gallant Policy Advisors, Inc., AM:PM PR LLC, Pac/West Communications, and Gard Communications, Inc. (collectively, the "Consultants").  In response to OHA's discovery requests, FamilyCare produced approximately 2,550 documents, mostly emails, that were sent to, from, or copied one of the Consultants.  (Declaration of Matthew J. Mertens ("Mertens Decl."), ¶ 2.)  FamilyCare redacted portions of approximately 56 of these documents to prevent disclosure of protected work product.  (*Id.*)  In addition, FamilyCare withheld approximately 153 emails in their entirety.  (*Id.*)

### B.  The Consultants-related communications are irrelevant.

The guideposts for relevance are the claims or defenses *actually* pled by the parties, not claims or defenses that *might* be pled.  *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017) ("The role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves.") (quoting *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009)); Fed. R. Civ. P. 26 advisory committee's notes to 2000 amendment (parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").  It is

3-    FAMILYCARE, INC.'S RESPONSE TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 17)

inappropriate to seek discovery "which does not appear germane on the theory that it might conceivably become so." *Food Lion Inc. v. United Food and Commercial Workers Intern. Union, AFL–CIO–CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (quotation marks omitted).

OHA has not answered and thus has not pleaded any claims or defenses, and the Consultants-related communications are not relevant to any of the claims that FamilyCare asserts in the Third Amended Complaint. OHA should not be allowed to seek discovery that is not germane because it might conceivably become germane at a future date.

## C. The work product doctrine protects most of Consultants-related communications that FamilyCare has withheld.

### 1.  Contours of the work product doctrine.

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared by a party or its representative in anticipation of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004). To qualify for work product protection under Rule 26(b)(3), documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative. *Id.* at 907. A document is prepared in anticipation of litigation when, "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.*

In contrast with the attorney-client privilege, selective disclosure to third parties does *not* necessarily waive work product protection. *See, e.g., Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994); *Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 817 (S.D. Cal. 2003). Rather, courts generally find a waiver of work product protection only if the disclosure

4-  FAMILYCARE, INC.'S RESPONSE TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 17)

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"substantially increases the opportunity for potential adversaries to obtain the information." *Meoli* at 817; *see also United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980).

2.      The work product doctrine protects the majority of FamilyCare's withheld Consultants-related communications.

FamilyCare withheld certain emails that are protected work product because FamilyCare, or its attorneys, prepared and sent such emails in anticipation of litigation and then copied or forwarded the emails to Consultants.  Exhibit 1 to the Mertens Declaration lists the documents at issue.  (Mertens Decl., ¶ 3, Ex. 1.)  Each yellow-highlighted entry represents an email that "can be fairly said" to have been prepared by FamilyCare or its attorneys in anticipation of litigation and disclosed to one or more Consultants, either by initially copying them on the email or by subsequently forwarding the email to them.  (Mertens Decl., ¶ 4.)  FamilyCare's selective disclosure of work product to Consultants does not waive work product protections.  OHA does not, and indeed reasonably cannot, argue that disclosure to a Consultant "substantially increase[ed] the opportunity" for OHA to obtain this information.  *See United States v. AT&T*, 642 F.2d at 1299; *see also W. Fuels Ass'n, Inc. v. Burlington N. R. Co.*, 102 F.R.D. 201, 203 (D. Wyo. 1984) (disclosure of work product to friendly third parties does not waive work product protections).

This notwithstanding, FamilyCare has considered the Motion's arguments and has concluded that, if the Court determines that such documents are relevant, the entries highlighted in blue on Exhibit 1 can be produced in their entirety or with appropriate redactions.

3.      OHA's case law is inapplicable.

OHA partially quotes *Calvin Klein Trademark Tr. v. Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) to support the proposition that the advice of a public relations consultant, "even if it bears on anticipated litigation, falls outside the ambit of protection" of the work product

5-   FAMILYCARE, INC.'S RESPONSE TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 17)

doctrine.  (Motion, pg. 9.)  OHA thus argues that withheld Consultants documents are not work product because they were not prepared in anticipation of litigation.  But it is the next sentence of the *Calvin Klein* decision that governs the parties' dispute here:

> It *does not follow*, however, that an otherwise valid assertion of work-product protection is waived with respect to an attorney's own work-product simply because the attorney provides the work-product to a public relations consultant whom he has hired and who maintains the attorney's work-product in confidence.

*Id*. at 55 (emphasis added).

In other words, the mere act of sharing attorney work product (or client work product)[1] with a public relations consultant does not waive attorney and client work product protections that otherwise attach to these documents.

OHA argues that FamilyCare cannot invoke work-product protections over any of its efforts to use the legislative process to avert litigation because such efforts were not "in anticipation of litigation."  (Motion, pg. 9.)  FamilyCare does not assert work product protections over any efforts to use the legislative process to avert litigation.  To the extent that FamilyCare is withholding documents related to its participation in the legislative process to influence its lawsuit with OHA, such documents were prepared "because of the prospect of litigation" and are thus work product.  *See Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d at 906.

OHA also argues that the Consultants were not "client representatives" for the purposes of the work product doctrine.  (Motion, pg. 10.)  OHA's argument is not relevant.  The yellow-highlighted emails on Exhibit 1 are protected because FamilyCare or its attorneys generated such

---

[1] *See* FRCP 26(b)(3)(A) (work product doctrine protects documents prepared by a *party* in anticipation of litigation) (emphasis added).

6-  FAMILYCARE, INC.'S RESPONSE TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 17)

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

emails in anticipation of litigation. These documents do not derive their work product protection from the Consultants' status as *representatives,* as that word is used in FRCP 26(b)(3).

Even accepting OHA's argument, FRCP 26(b)(3) protects documents prepared in anticipation of litigation by a party or its representative, including a "consultant, surety, indemnitor, insurer, or agent." There is no requirement in FRCP 26(b)(3) that a consultant be authorized to obtain or act on legal advice to prepare a document in anticipation of litigation.

Finally, OHA, FamilyCare and others are parties to a protective order (the "Protective Order"), which was entered by the state court and remains applicable here. The Protective Order contains robust clawback provisions that both OHA and FamilyCare have utilized to retrieve or add protections to erroneously produced documents. (Mertens Decl., ¶ 9, Ex. 4.) Here, OHA may assert that FamilyCare waived work product protection for the subject documents by neglecting, to date, to assert work product protection on FamilyCare's draft privilege log. Even if a waiver could occur through a draft privilege log, it could be easily repaired by the remedial claw back protections contained in the Protective Order.

## CONCLUSION

FamilyCare respectfully requests that the Motion be denied.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  March 26, 2018                    **PERKINS COIE LLP**


By: *s/ Stephen F. English*
     Stephen F. English, OSB No. 730843
     SEnglish@perkinscoie.com
     Thomas R. Johnson, OSB No. 010645
     TRJohnson@perkinscoie.com
     Douglas R. Pahl, OSB No. 950476
     DPahl@perkinscoie.com
     Matthew P. Gordon, *pro hac vice*
     MGordon@perkinscoie.com
     Alletta Brenner, OSB No. 142844
     ABrenner@perkinscoie.com
     Perkins Coie LLP
     1120 N.W. Couch Street, 10th Floor
     Portland, OR  97209-4128
     Telephone:  503.727.2000
     Facsimile:  503.727.2222

*Attorneys for Defendant FamilyCare, Inc.*

8-   FAMILYCARE, INC.'S RESPONSE TO OREGON
     HEALTH AUTHORITY'S MOTION TO COMPEL
     PRODUCTION OF DOCUMENTS (ECF 17)