

pwc

**Richard J. DeMarco, Jr.**
**Office of the General Counsel**

January 23, 2018

Matthew A. Levin, Esq.
Markowitz Herbold P.C.
1211 S.W. Fifth Avenue
Suite 3000
Portland, Oregon 97204-3730

Re:  FamilyCare, Inc. v. Oregon Health Authority;
Oregon Circuit Court, Marion County – Case No. 17CV09226
Subpoena to PricewaterhouseCoopers LLP

Dear Mr. Levin:

PricewaterhouseCoopers LLP ("PwC") has received the subpoena dated January 9, 2018 and served on January 10, 2018 ("Subpoena") in connection with the above-referenced proceeding (the "Proceeding"). The Subpoena requests that PwC, which is not a party to the Proceeding, produce documents by January 24, 2018.

Initially, PwC notes that it was retained by counsel for FamilyCare, Inc. ("FamilyCare") to provide services on a privileged basis. Accordingly, PwC objects to producing any documents relating to its engagements based on the assertion of the attorney-client privilege and/or work product protection by FamilyCare and/or its counsel.

Nevertheless, in order to protect its rights, PwC provides the following response, including objections, to the Subpoena pursuant to the Oregon Rules of Civil Procedure (the "Rules"). By making this response, PwC does not represent that it is in possession, custody or control of documents responsive to the Subpoena.

Objections

The following Objections apply to each of the requests included in the Subpoena, regardless of whether they are repeated in the Objections To Specific Requests set out below.

1. PwC objects to the extent that the Subpoena purports to: (i) impose on PwC obligations or duties beyond those provided for by the Rules and/or any other applicable rules in connection with responding to the Subpoena; or (ii) alter or modify the rights granted to PwC by the Rules and/or any other applicable rules in connection with responding to the Subpoena. By way of example, and without limitation, PwC objects to the definition of "You" or "Yours" set out in Definition No. 6 to the

*PricewaterhouseCoopers LLP, 300 Madison Avenue, New York, NY 10017*
*T: (646) 471 1126, F: (813) 282 6298, richard.j.demarco@us.pwc.com*

Exhibit 2
Page 1 of 4



Matthew A. Levin, Esq.                                                                                              January 23, 2018

extent it seeks documents from anyone other than PricewaterhouseCoopers LLP, and to Definition No. 7 and Instruction Nos. 2 and 5.

2. PwC objects to the Subpoena because, by seeking all documents relating to the Requests set out in the Subpoena, the Subpoena is overbroad and seeks documents that are not relevant to the claim or defense of any party. Further, given PwC's status as a non-party, requiring PwC to search for and produce all documents sought by the Subpoena would impose an impermissible burden on PwC. PwC further objects to the time period of January 1, 2015 to the present specified in certain requests as impermissibly overbroad and burdensome.

3. PwC objects to the Subpoena because it fails to provide reasonable time for compliance.

4. The Subpoena is burdensome and oppressive to the extent that it seeks information or documents that could be obtained with greater facility from the parties to the Proceeding, from others who possess the requested information and/or from publicly-available sources.

5. PwC objects to the extent that the Subpoena seeks production of materials that are exempt from discovery by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, exemption, immunity or doctrine.

6. Any inadvertent production of privileged materials, or of any other materials otherwise protected from disclosure, would not constitute a waiver of any claim of privilege or exemption from production.

7. PwC objects to the Subpoena to the extent it seeks the production of documents that are protected from discovery by statute.

8. PwC objects to the Subpoena to the extent that it seeks the production of documents constituting trade secrets or containing or reflecting confidential, proprietary or private information without a showing of substantial need for non-party PwC to produce such information. Further, absent an appropriate confidentiality stipulation and/or order, PwC would not produce such information. Please provide me with a copy of any such stipulation or order that has been entered in the Proceeding, or, if none, please provide a draft for our review.

9. PwC objects to producing information in response to the Subpoena absent an agreement from you that your firm or your client will reimburse PwC for its reasonable costs and expenses incurred in responding to the Subpoena, including third party vendor costs relating to the processing and/or production of electronic materials, photocopying or other production charges and reasonable compensation for professional and administrative time spent gathering, reviewing and/or producing information in response to the Subpoena.

Exhibit 2
Page 2 of 4



Matthew A. Levin, Esq.                                                                                January 23, 2018

       10. For the reasons stated herein, the Subpoena is defective because it fails to take reasonable steps to avoid imposing undue burden and/or expense on PwC. By way of example, and without limitation, PwC objects because the Subpoena purports to require it to search for, review and produce all documents relating to the categories of documents requested by the Subpoena (including but not limited to paper files wherever maintained, e-mail communications and other electronic materials).

Objections To Specific Requests

       1. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 1 as being overly broad, unduly burdensome, and/or as seeking documents that are not relevant to the claim or defense of any party. PwC further objects because the requested documents should more appropriately be sought from FamilyCare. PwC further objects to this Request based on the assertion of the attorney-client privilege and/or work product protection by FamilyCare and its counsel.

       2. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 2 as being overly broad, unduly burdensome, and/or as seeking documents that are not relevant to the subject matter involved in the Proceeding. PwC further objects because the requested documents should more appropriately be sought from FamilyCare. PwC further objects to this Request based on the assertion of the attorney-client privilege and/or work product protection by FamilyCare and its counsel.

       3. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 3 as being overly broad, unduly burdensome, and/or as seeking documents that are not relevant to the subject matter involved in the Proceeding. PwC further objects to the extent this Request is not limited to documents that relate to the subject matter of the Proceeding and fails to specify a relevant time frame. PwC further objects because it should not have to attempt to discern the parties' claims or defenses as set forth in various pleadings or other court filings. PwC further objects to this Request based on the assertion of the attorney-client privilege and/or work product protection by FamilyCare and its counsel.

       4. For the reasons set out in Objection Nos. 2 and 10, PwC objects to Request No. 4 as being overly broad, unduly burdensome, and/or as seeking documents that are not relevant to the subject matter involved in the Proceeding. PwC further objects to the extent this Request is not limited to documents that relate to the subject matter of the Proceeding, fails to specify a relevant time frame and is vague and ambiguous. PwC further objects because it should not have to attempt to discern the parties' claims or defenses as set forth in various pleadings or other court filings. PwC further objects to this Request based on the assertion of the attorney-client privilege and/or work product protection by FamilyCare and its counsel.

Exhibit 2
Page 3 of 4



Matthew A. Levin, Esq.                                                    January 23, 2018

        PwC reserves the right to amend or modify its objections to the Subpoena.  In addition, nothing contained herein shall constitute a waiver of PwC's rights to seek to quash or modify the Subpoena or to obtain any other relief to which it is entitled.

                                         Sincerely,

                                         Richard J. DeMarco, Jr.

Exhibit 2
Page 4 of 4