AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| PATRICK ALLEN, | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   3:18cv00212-MO/6:18cv00296 |
| | ) |
| FAMILYCARE, INC., | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    PricewaterhouseCoopers LLP, c/o Richard J. DeMarco, Jr., Office of the General Counsel,
PricewaterhouseCoopers LLP, 300 Madison Avenue, New York, New York 10017

_(Name of person to whom this subpoena is directed)_

✓ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached for full case caption and Exhibit A..

| Place: Markowitz Herbold PC<br>1211 SW 5th Avenue, Suite 3000<br>Portland, OR 97204 | Date and Time:<br><br>04/12/2018 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/22/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | _Harry B. Wilson_ |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Patrick Allen and Oregon Health Authority    HarryWilson@MarkowitzHerbold.com   , who issues or requests this subpoena, are:

Harry B. Wilson; Markowitz Herbold PC, 1211 SW 5th Ave., #3000, Portland, OR 97204; (503) 295-3085

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 3
Page 1 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18cv00212-MO/6:18cv00296

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 3
Page 2 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 3
Page 3 of 9

**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Patrick
Allen and Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | Case No. 3:18-cv-00212-MO (Leading) Case No. 6:18-cv-00296-MO(Trailing) |

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,

Defendants.

Exhibit 3
Page 4 of 9

**EXHIBIT A**

**INSTRUCTIONS**

1.    <u>Electronically Stored Information</u>.  Electronically Stored Information includes all documents that exist in electronic format. Format for production of documents:

a.    Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software.  (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

b.    All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions.  All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document.  A single PDF of all scanned hard copy documents is not acceptable.

c.    Emails should be produced in single-page TIFF format. Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

**Exhibit A – Subpoena to Produce Documents - 1**
**(PricewaterhouseCoopers LLP)**
**3:18-cv-00212-MO (Leading); 6:18-cv-00296-MO (Trailing)**

Exhibit 3
Page 5 of 9

## EXHIBIT A

    d.    Excel documents should be produced in native format with all metadata preserved.  Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

    e.    PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

    f.    All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

    g.    All logs should be produced in native format.

    h.    Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

    i.    All files shall be labeled with a Bates or control number.

    j.    Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

    k.    All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

    l.    Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss

**Exhibit A – Subpoena to Produce Documents - 2
(PricewaterhouseCoopers LLP)
3:18-cv-00212-MO (Leading); 6:18-cv-00296-MO (Trailing)**

Exhibit 3
Page 6 of 9

**EXHIBIT A**

AM/PM).  Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

        m.     Defendant reserves the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

        2.     Possession, custody, or control.  This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody, or control.

        3.     Privilege log.  If documents are withheld or redacted due to privilege include a privilege log at the close of discovery that (1) states the reason(s) you are refusing to produce the document and (2) describes the author(s), recipient(s), date and subject matter of the document in enough detail so that a determination can be made about the applicability of the claim of privilege or other reason for refusing to produce the document.

        4.     File organization.  File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

        5.     Interpretation.

        a.     Words in the singular include their plural meaning, and vice versa.

        b.     The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

        c.     References to persons and other entities include their agents, employees, representatives, and attorneys.

**Exhibit A – Subpoena to Produce Documents - 3
(PricewaterhouseCoopers LLP)
3:18-cv-00212-MO (Leading); 6:18-cv-00296-MO (Trailing)**

Exhibit 3
Page 7 of 9

## EXHIBIT A

### DEFINITIONS

1.      "Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

2.      "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, text messages, voice mails, social media posts, correspondence, notes, and electronic mail.

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

4.      "Any" should be construed to include "all," and "all" should be understood to include "any."

5.      "Relating to" or "relate to" means concerning, referring to, pertaining to, consisting of, containing, describing, evidencing, constituting, reflecting, bearing upon or having any logical or factual connection with the subject matter dealt with or alluded to in the subparagraphs of these requests.

6.      "You" or "Yours" means PricewaterhouseCoopers LLP, and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents.

7.      "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

8.      "OHA" means the Oregon Health Authority.

9.      "Rates" means per member per month, capitation, or sub-capitation rates.

10.      "Lawsuit" means the consolidated cases *Patrick Allen v. FamilyCare, Inc.*, United States District Court for the District of Oregon Case No. 3:18-cv-00212-MO (leading) and *FamilyCare, Inc. v. Oregon Health Authority and Patrick Allen*, United States District Court for the District of Oregon Case No. 6:18-cv-00296-MO (trailing).

**Exhibit A – Subpoena to Produce Documents - 4**
**(PricewaterhouseCoopers LLP)**
**3:18-cv-00212-MO (Leading); 6:18-cv-00296-MO (Trailing)**

Exhibit 3
Page 8 of 9

## EXHIBIT A

## DOCUMENT REQUESTS

1.    All invoices of bills for Your work for FamilyCare from January 1, 2015 to the present.

2.    All contracts between You and FamilyCare from January 1, 2015 to the present.

3.    All communications between You and anyone related to the allegations, claims, and defenses in the Lawsuit, the allegations, claims and defenses in any other lawsuit between FamilyCare and OHA, or the Rates FamilyCare receives from OHA.

4.    All documents prepared by You, received by You, relied upon by You, or in Your possession, custody, or control as a result of Your work for FamilyCare related to OHA; FamilyCare's CCO contract and amendments thereto; approval of FamilyCare's Rates by CMS; the State of Oregon; the allegations, claims and defenses in the Lawsuit; or the allegations, claims and defenses in any other lawsuit between FamilyCare and OHA.

FAMIOR/707035

**Exhibit A – Subpoena to Produce Documents - 5**
**(PricewaterhouseCoopers LLP)**
**3:18-cv-00212-MO (Leading); 6:18-cv-00296-MO (Trailing)**

Exhibit 3
Page 9 of 9