Eric A. Lindenauer, OSB #833721
E-Mail: elindenauer@gsblaw.com
Garvey Schubert Barer, P.C.
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

       Attorneys for Intervenor
       PacificSource Community Solutions

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>       Plaintiff,<br><br>  v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>       Defendant. | Case No. 3:18-cv-00212-MO (LEADING)<br><br>**PACIFICSOURCE COMMUNITY SOLUTIONS' RESPONSE TO FAMILYCARE, INC.'S MOTION TO DE-DESIGNATE AEO AND CONFIDENTIAL DOCUMENTS** |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br>       Plaintiff,<br><br>  v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>       Defendant. | Case No. 6:18-cv-00296-MO |

**INTRODUCTION**

PacificSource Community Solutions ("PacificSource") is one of 13 Coordinated Care Organizations ("CCOs") intervening in this case to protect their trade secret and commercially sensitive information.  FamilyCare, Inc. ("FamilyCare") sought this information from Oregon Health Authority ("OHA") in discovery.  After extensive negotiation and hearing on those issues the parties could not resolve consensually, Marion County Judge Sean Armstrong allowed discovery of CCO trade secret information but entered the current protective order which FamilyCare now seeks to vitiate.

FamilyCare's motion should be denied for several reasons:

1.      FamilyCare has failed to confer on its motion as required by LR 7-1(a) and has failed to engage in the conferral required by the existing protective order to seek de-designation of protected documents.

2.      The current protective order is necessary because the information for which PacificSource has obtained protection is trade secret and could be used to PacificSource's detriment by a competitor.

3.      FamilyCare's current departure from the CCO program does not ameliorate the potential FamilyCare officers, employees, or experts could use the PacificSource information to PacificSource's detriment.  This could occur related to a FamilyCare bid for a CCO contract in 2020 or related to other PacificSource competitors who may subsequently engage FamilyCare officers, employees, or experts.

4.      PacificSource has not over designated documents.

5.      FamilyCare fails to demonstrate the current protective order inhibits preparation of its case for trial.

In short, there is no basis to revisit or modify Judge Armstrong's carefully crafted protective order. PacificSource needs and was appropriately granted the current protection. If there are any issues with CCO document designations, FamilyCare should engage in the process set forth in the existing protective order.

This response is supported by the declarations of Julie Farrow ("Farrow Decl.") and Eric A. Lindenauer ("Lindenauer Decl.").

## FACTS

On July 14, 2017, OHA counsel wrote to counsel for the then nonparty CCOs notifying them of FamilyCare's request for production of documents containing CCO trade secret information and that the CCOs needed to take independent steps to protect their documents.[1] Lindenauer Decl., Exhibit A. The CCOs then moved to intervene in this case as the best procedural avenue to secure protection. On September 27, 2017, Judge Armstrong granted intervention. Lindenauer Decl., Exhibit B (Order Granting Intervention). The CCOs then moved for a protective order.

On November 1, 2017, after negotiations and a hearing on those issues the parties could not resolve consensually, Judge Armstrong entered the current protective order. Lindenauer Decl., Exhibit C (Protective Order). In connection with the protective order, PacificSource informed OHA and FamilyCare of the PacificSource documents and information to be protected using a format requested by OHA. Farrow Decl., ¶ 7 and Exhibit A. Thereafter OHA presumably marked certain PacificSource documents and information Attorneys' Eyes Only when producing. The protective order provides, *inter alia*:

> If FamilyCare believes a document has been erroneously designated as
> "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5,

---

[1] PacificSource understands previously FamilyCare made public records requests for the same or similar information which were denied based upon the Oregon Public Records Law trade secret exemption.

> FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper.  If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule.  CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

Lindenauer Decl., Exhibit C, ¶ 5(d).

On March 6, 2018, FamilyCare counsel wrote to PacificSource counsel notifying of FamilyCare's intent to challenge document designations.  The letter provided a list of Bates numbers for documents produced by OHA to FamilyCare but did not provide a means to access the documents or ascertain their contents.  Nor did the letter explain why any PacificSource designations were erroneous.  Lindenauer Decl., Exhibit D.

On March 15, 2018, PacificSource counsel wrote in response to FamilyCare's March 6, 2018 letter requesting that FamilyCare comply with the protective order by identifying contents of documents FamilyCare sought to de-designate as protected and by explaining why any PacificSource designations were erroneous.  Lindenauer Decl., Exhibit E.  At no time has FamilyCare provided the documents or their contents and PacificSource has no way to unilaterally access the documents by Bates number.  FamilyCare has not explained why any PacificSource designations were erroneous.  FamilyCare counsel has not attempted to confer with PacificSource counsel on the current motion in the manner required by LR 7-1(a). Lindenauer Decl., ¶ 7.

The documents which PacificSource has designated for protection are trade secret because they contain information on pricing and payment arrangements such as capitation PacificSource has negotiated with healthcare providers.  Farrow Decl., ¶¶ 3-7.  This information could be used by FamilyCare or other PacificSource competitors to disadvantage PacificSource.

*Id.* In addition, certain PacificSource provider contracts have confidentiality provisions. Farrow Decl., ¶ 6.

The protected information will not be stale in 2020 when OHA will require CCOs to rebid on business and may reduce the total number of CCOs and or revise current regions. Farrow Decl., ¶ 4. FamilyCare has indicated it may seek to reenter the Oregon Health Plan line of business at that time. Lindenauer Decl., Exhibit D, p. 3. Moreover, current FamilyCare officers, employees, or experts may later be engaged by other PacificSource competitors.

## ARGUMENT

A.    **FamilyCare Has Failed to Confer on Its Motion and Has Failed to Comply With the Conferral Provisions in the Existing Protective Order.**

FamilyCare has not attempted to confer as required by LR 7-1(a). Lindenauer Decl., ¶ 7. FamilyCare's March 6, 2018 letter does not satisfy the rule which, at minimum, requires a telephone conversation.

Nor did FamilyCare engage in the conferral process for challenging CCO document designations required by the existing protective order. As explained above, FamilyCare's March 6, 2018 letter did not provide contents of documents it sought to de-designate or explain its ostensible position PacificSource designations were erroneous.

B.    **The Information Which PacificSource Has Designated for Protection Is Properly Protected as Trade Secret.**

As explained in detail in the Declaration of Julie Farrow, the information PacificSource has designated for protection is trade secret because it could be used by a competitor to disadvantage PacificSource. Further, certain PacificSource provider contracts require PacificSource keep information confidential. The information will not become stale in upcoming years because many provider contracts are multiyear and provider pricing in various areas remains relatively stable. Even aggregate data is sensitive because in some instances individual provider rates and arrangements can be derived from it.

Removal of this case to federal court does not alter entitlement to protection. Federal Rule of Civil Procedure 26(c) authorizes the district court to protect parties from "undue burden or expense" in discovery by ordering "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(7). Courts also have "consistently granted protective orders" for many types of information beyond those listed in Rule 26(c)(7). *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

In determining when protective orders for trade secrets may be appropriate, the court must balance the interests of the party seeking protection and the party seeking disclosure – to wit, weighing the risk of inadvertent disclosure of trade secrets to competitors against the risk that protecting trade secrets will impair prosecution of the other party's claims. *Brown Bag Software v. Symantec Corp.*, 960 F2d 1465, 1469–70 (9th Cir 1992). "A court must 'examine factually all the risks and safeguards surrounding inadvertent disclosure' before granting or denying access to confidential information to in-house counsel, an expert witness, or another litigation participant." *Santella v. Grizzly Indus., Inc.*, 2012 WL 5399970, at *4 (D. Or. Nov. 5, 2012) (quoting *Brown Bag Software*, 960 F.2d at 1470). In particular, the court must analyze whether the party to whom the information would be disclosed is or would be "involved in competitive decision-making," that is, advising on business decisions in light of similar information about a competitor. *Brown Bag Software*, 960 F.2d at 1470.

As explained herein and in the Farrow Declaration, the PacificSource information qualifies for protection under federal standards.

**C.      PacificSource Has Not Over Designated Documents.**

Contrary to FamilyCare's suggestion, PacificSource has not over designated documents for protection. Farrow Decl., Exhibit A, sets forth PacificSource's designations. The designations are in the format requested by OHA and FamilyCare did not object to OHA's

format.  In each of 13 categories called out by OHA, PacificSource specifies which documents require protection.  For some categories, PacificSource did not seek protection.  Only in selected and appropriate instances did PacificSource designate an entire category as requiring protection.

As explained in detail in the Farrow Declaration, each of the PacificSource designations is appropriate because the information in the designated documents is information which a competitor could use to disadvantage PacificSource.  Farrow Decl., ¶ 7.

### D.    FamilyCare Fails to Demonstrate the Protective Order Inhibits Preparation of Its Case.

The underlying issue in this case allegedly warranting discovery of CCO trade secret information is whether FamilyCare's prior reimbursement rates were actuarially sound. PacificSource is not in the same Oregon Health Plan geographic region previously served by FamilyCare and FamilyCare has never demonstrated why PacificSource provider pricing and arrangements are relevant to actuarial soundness of FamilyCare's prior reimbursement rates. Nevertheless, Judge Armstrong granted FamilyCare broad discovery in part because the current protective order guards the competing interests of the CCOs.

Assuming relevance of PacificSource information, FamilyCare fails to demonstrate how the current protective order inhibits preparation of FamilyCare's case for trial.  Under the current order, FamilyCare's actuary expert witness is entitled to see all designated documents.  Hence, to the extent PacificSource provider pricing and arrangements are relevant at all to actuarial soundness of FamilyCare's prior reimbursement rates, FamilyCare's actuarial expert has access to the documents.

### CONCLUSION

FamilyCare's motion to de-designate AEO and confidential documents should be denied for multiple reasons.  FamilyCare failed to confer on its motion and has not engaged in the conferral process required by the current protective order to de-designate documents.  The

PacificSource information fully qualifies for trade secret protection, and PacificSource has not over designated documents.  To the extent PacificSource information is relevant at all, FamilyCare has not demonstrated the current protective order inhibits preparation of FamilyCare's case for trial.

DATED this 30th day of March, 2018.

Respectfully submitted,

GARVEY SCHUBERT BARER, P.C.

By  s/ Eric A. Lindenauer
Eric A. Lindenauer, OSB #833721
Telephone:  (503) 228-3939
Fax:  (503) 226-0259
E-Mail:  elindenauer@gsblaw.com
Attorneys for Intervenor PacificSource
Community Solutions

GSB:9347716.1