Eric A. Lindenauer, OSB #833721
E-Mail: elindenauer@gsblaw.com
Garvey Schubert Barer, P.C.
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

      Attorneys for Intervenor
      PacificSource Community Solutions

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, <br><br>       Plaintiff, <br><br>   v. <br><br> FAMILYCARE, INC., an Oregon non-profit corporation, <br><br>       Defendant. | Case No. 3:18-cv-00212-MO (LEADING) <br><br> **DECLARATION OF JULIE FARROW SUPPORTING PACIFICSOURCE COMMUNITY SOLUTIONS' RESPONSE TO FAMILYCARE, INC.'S MOTION TO DE-DESIGNATE AEO AND CONFIDENTIAL DOCUMENTS** |
| FAMILYCARE, INC., an Oregon non-profit corporation, <br>       Plaintiff, <br><br>   v. <br><br> OREGON HEALTH AUTHORITY, an agency of the State of Oregon, <br><br>       Defendant. | Case No. 6:18-cv-00296-MO |

I, Julie Farrow, declare as follows:

1.    I am the Actuarial Manager, Government Pricing for PacificSource.  In that capacity, I am responsible for various financial matters relating to PacificSource Medicare Advantage and Medicaid (Oregon Health Plan) lines of business. I am over the age of 18 years, competent to make this declaration, and do so on the basis of my personal knowledge of the facts set forth herein, except when noted to the contrary.

2.    The information which PacificSource Community Solutions (hereinafter "PacificSource") has designated as needing attorneys eyes only protection is trade secret and, except for required disclosures to Oregon Health Authority ("OHA") or other government agencies, is kept confidential by PacificSource because it could provide a PacificSource competitor with an advantage if known.

3.    PacificSource understands OHA will likely use a competitive procurement bidding process for 2020 Coordinated Care Organization ("CCO") contracts.  OHA has not revealed specifics of the process.  It is possible OHA may choose to contract with fewer CCOs within the State of Oregon.  It is also possible other entities will bid on serving the geographic regions in the Columbia Gorge and Central Oregon currently served by PacificSource.  To the extent a competitor can obtain or extrapolate either provider rates and pricing or methods of payment such as capitation, a competitor could use that to PacificSource's disadvantage in a CCO competitive bidding process.

4.    The information which FamilyCare seeks to access will not be stale in 2020.  In some instances, PacificSource has multi-year contracts with providers.  In other instances, provider pricing and payment methodologies remain relatively stable from year to year.

5.      Even where data is displayed in aggregate, it may be trade secret and confidential. PacificSource has only one or a few providers for certain services, in which case the aggregate data would allow a competitor to extrapolate provider pricing and payment methodologies.

6.      One of the reasons PacificSource is concerned about disclosure is that some provider contracts (including but not limited to PacificSource's contract with its pharmacy benefits manager) have confidentiality clauses which prohibit PacificSource from disclosing pricing.

7.      Attached as Exhibit A are the confidentiality designations requested by PacificSource in the format OHA requested they be provided.  PacificSource specifically designates trade secret documents and information within the 13 categories previously identified as potentially needing protection.  In some instances the PacificSource response indicates an entire category can be produced without protection.  Where only some documents within a category require protection, PacificSource identifies them specifically.  The following is a brief explanation of the rationale for the PacificSource designations within each category:

a.      CCO Rate of Growth Tool.  The Rate of Growth Tool compares provider costs between years and addresses reasons for cost changes.  It contains information on which providers are capitated and which are not.  The document also explains reasons for cost changes.  These reasons could provide others with competitive information.  In addition, some of the PacificSource provider contracts have confidentiality clauses. Accordingly, the PacificSource identified portions of the Rate of Growth Tool require protection as trade secret and confidential.

b.      Exhibit L.  Exhibit L is a Financial Reporting Template.  The template contains information on provider rates and incentives, and capitated versus non-capitated

providers.  Accordingly, the identified portions of Exhibit L are trade secret and confidential.

c. <u>Supplemental Rate Templates</u>.  These documents have information which would reveal pricing under PacificSource's contract with its pharmacy benefits manager.  As previously noted the contract has a confidentiality clause.  Accordingly, the identified portions of the Supplemental Rate Templates are trade secret and confidential.

d. <u>Claims and Encounter Data</u>.  In addition to containing protected health information, this data would reveal provider pricing and capitation arrangements.  As previously discussed this information is trade secret and confidential.

e. <u>State Enrollment Data including premiums paid</u>.  PacificSource has not sought protection for this data.

f. <u>Medical Loss Ratio Template</u>.  This document has information which would allow a competitor to determine provider rates and capitation arrangements.  As previously discussed this is trade secret and confidential information.

g. <u>Audited Financials</u>. PacificSource Community Solutions does not have separate audited financials and has not sought protection for this category.

h. <u>Actuarial Opinions</u>.  PacificSource rescinds its prior request for protection in this category in the case of the publically reported Actuarial Statement of Opinion associated with the NAIC Health Annual Statements.  To the extent other actuarial opinions are expressed, they should be considered confidential as they can be based on internal provider payment data.

i. <u>SNRG Reconciliation</u>.  This document has provider pricing and capitation arrangement information.  The document also has information on PacificSource reinsurance premiums and pharmacy rebates under PacificSource's contract with its

pharmacy benefits manager containing a confidentiality provision. As previously discussed, this information is trade secret and confidential.

j.      Primary Care Template. This document identifies instances in which PacificSource has capitation arrangements. It is trade secret and confidential.

k.      Any records or detail that would identify prescription drug prices or rebates. Drug pricing through PacificSource's pharmacy benefits manager is confidential and the applicable contract imposes a confidentiality obligation. As previously discussed the information is trade secret and confidential.

l.      Any other records or detail data that would expose encounters, rates or contractual agreements with physicians, hospitals or any other providers. As previously addressed, this information is trade secret and confidential.

m.      Regional Rate Models and supporting exhibits for the Southwestern, Northwestern, and Eastern Oregon Regions. The non-blinded version for which PacificSource seeks protection shows provider data which directly or through extrapolation would reveal provider rates and capitation arrangements. This information is trade secret and confidential.

**I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.**

Executed this 29 day of March, 2018.

_____
Julie Farrow

GSB:9346769.1

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]
REVISED September 22, 2017 CCO – PacificSource Community Solutions

Exhibit A
Page 1 of 3

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | YES | NO | | | All tabs and hidden tabs except tabs 1 "Directions" 2 "CY16 Report L12 Paste" and hidden tab "CY15 Report L12 Paste" are AEO (Attorneys' Eyes Only) | |
| 2. Exhibit L – all | YES | NO | | | AEO portions of Exhibit L are: Report L13, Report L14, Report L15, Report L16, Report L17, Report L17.1, Report 17.2, Report L18, Report L18.1, Report L19, Scratch Sheet | |
| 3. Supplement Rate Templates | YES[1] | NO | | | AEO except tabs "Instructions," "Specialty Drugs," | |

[1] FCI specifies this category extends to "all bid template files and subsequent versions of bid template files submitted for rate development using 2013-2015 base data, including all narrative information

**Exhibit A**
**Page 2 of 3**

Case 6:18-cv-00296-MO    Document 42    Filed 03/30/18    Page 7 of 8

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| | | | | | "Hepatitis C Criteria," and "Hep C NDC List" | |
| 4. Claims and Encounter data submissions to the state | YES | NO | | | AEO | |
| 5. State enrollment data including premiums paid | YES | NO | | | | Okay to produce without Protective Order |
| 6. MLR Template | YES | NO | | | AEO | |
| 7. Audited Financials | YES | NO | | | | Audited Financials do not exist for PacificSource Community Solutions |
| 8. Actuarial Opinions | YES | NO | | | To the extent opinions have been expressed, they are AEO | |
| 9. SNRG Reconciliation | YES | NO | | | AEO | |
| 10. FB 231 Primary Care template | YES | NO | | | AEO | |

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 11.  Any records or detail data that would identify prescription drug prices or rates | YES[2] | NO | | | AEO | |
| 12.  Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | YES[3] | NO | | | AEO | |
| 13.  "Regional Rate Models and supporting exhibits for the Southwestern, Northwestern and Eastern Oregon Regions" | YES | NO | | | Non-blinded version and file regarding Professional Reimbursement are AEO | Blinded version okay to produce without Protective Order |

GSB:8965377.1

---

[2] FCI is NOT seeking "provider-level information", i.e., not seeking information about particular rates of payment to particular providers
[3] See comment on No.11

Case 6:18-cv-00296-MO    Document 42    Filed 03/30/18    Page 8 of 8