Eric A. Lindenauer, OSB #833721
E-Mail: elindenauer@gsblaw.com
Garvey Schubert Barer, P.C.
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

      Attorneys for Intervenor
      PacificSource Community Solutions

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, <br><br>     Plaintiff, <br><br>   v. <br><br> FAMILYCARE, INC., an Oregon non-profit corporation, <br><br>     Defendant. | Case No. 3:18-cv-00212-MO (LEADING) <br><br> **DECLARATION OF ERIC A. LINDENAUER SUPPORTING PACIFICSOURCE COMMUNITY SOLUTIONS' RESPONSE TO FAMILYCARE, INC.'S MOTION TO DE-DESIGNATE AEO AND CONFIDENTIAL DOCUMENTS** |
| FAMILYCARE, INC., an Oregon non-profit corporation, <br>     Plaintiff, <br><br>   v. <br><br> OREGON HEALTH AUTHORITY, an agency of the State of Oregon, <br><br>     Defendant. | Case No. 6:18-cv-00296-MO |

I, Eric A. Lindenauer, declare as follows:

1.      I am an attorney at the law firm of Garvey Schubert Barer, P.C. and represent intervenor PacificSource Community Solutions ("PacificSource"), in the above-captioned matter. I submit this declaration in support of PacificSource's Response to FamilyCare, Inc.'s Motion to De-Designate AEO and Confidential Documents.

2.      Attached as Exhibit A is a true and correct copy of OHA counsel's July 14, 2017 letter to counsel for the then nonparty CCOs.

3.      Attached as Exhibit B is a true and correct copy of the Order Granting Intervention, signed by Judge Armstrong on September 27, 2017.

4.      Attached as Exhibit C is a true and correct copy of the current Protective Order, signed by Judge Armstrong on November 1, 2017.

5.      Attached as Exhibit D is a true and correct copy of FamilyCare counsel Thomas R. Johnson's March 6, 2018 letter to me.

6.      Attached as Exhibit E is a true and correct copy of my March 15, 2018 letter to FamilyCare Counsel Thomas R. Johnson responding to his March 6, 2018 letter.

7.      FamilyCare counsel did not attempt to confer with PacificSource counsel by personal or telephone conference prior to filing the current motion.


**I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.**

Executed this 30th day of March, 2018.

<div style="text-align:right">

s/ Eric A. Lindenauer
Eric A. Lindenauer

</div>

GSB:9356634.1



ELLEN F. ROSENBLUM
Attorney General

FREDERICK M. BOSS
Deputy Attorney General

**DEPARTMENT OF JUSTICE**
TRIAL DIVISION

July 14, 2017

AllCare CCO, Inc.
c/o Registered Agent
1701 NE 7th Street
Grants Pass, OR 97526

Pacific Source Community Solutions
c/o Registered Agent
2965 NE Conners Ave.
Bend, OR 97701

Cascade Health Alliance, LLC
c/o Registered Agent
2909 Daggett Ave, Ste. 225
Klamath Falls, OR 97601

PrimaryHealth
c/o Registered Agent
1867 Williams Hwy Ste 108
Grants Pass, OR 97527

Columbia Pacific CCO, LLC
c/o Registered Agent
315 SW Fifth Ave.
Portland, OR 97204

Trillium Community Health Plan, Inc.
c/o Registered Agent
7700 Forsyth Blvd Ste 800
Saint Louis, MO 63105

Eastern Oregon CCO, LLC
c/o Registered Agent
1127 Broadway St., NE, STE 310
Salem, OR 97204

Umqua Health Alliance
c/o Registered Agent
1813 W. Harvard Ave. Ste 448
Roseburg, OR 97471

Jackson Care Connect
c/o Registered Agent
315 SW Fifth Ave
Portland, OR 97204

Western Oregon Advanced Health, LLC
c/o Registered Agent
289 LaClair Street
Coos Bay, OR 97420

Health Share of Oregon
c/o Registered Agent
2121 SW Broadway STE 200
Portland, OR 97201

Willamette Valley Community Health, LLC
c/o Registered Agent
2995 Ryan DR SE STE 200
Salem, OR 97301

Intercommunity Health Network CCO
c/o Registered Agent
815 NW 9th St., Ste.103
Corvallis, OR 97330

Yamhill Community Care
c/o Registered Agent
807 NE Third Street
McMinnville, OR 97128

Re:    *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226

100 SW Market Street, Portland, OR 97201
Telephone: (971) 673-1880  Fax: (971) 673-5000  TTY: (800) 735-2900  www.doj.state.or.us

**Exhibit A**
**Page 1 of 45**

July 14, 2017
Page 2

Dear Registered Agent:

      This office represents Oregon Health Authority in the above-referenced lawsuit brought by FamilyCare. In conjunction with the lawsuit, OHA has received the enclosed request for production from FamilyCare seeking to obtain certain documents provided by you to OHA.

      OHA intends to comply with its discovery obligations in the lawsuit. However, OHA understands you may want to seek protection for your possible trade secrets. To address these two potentially competing interests, OHA issued the enclosed objections to certain of FamilyCare's requests on the grounds that they seek documents of third parties that may be trade secret. However, whether a document is appropriately considered trade secret is a fact-based analysis, the outcome of which may vary from CCO to CCO in this case. OHA does not possess all the facts necessary to accurately determine which of the documents FamilyCare seeks to obtain may be, or in fact are, trade secrets of third parties. This determination should be made initially by you and then, if necessary, by the Court. Therefore, subject to a court order or other legal requirement to the alternative, OHA will refrain from producing any responsive documents provided by you to OHA until after July 28, 2017, to allow for you to decide whether you will seek to protect documents from further disclosure, or seek exemption from discovery from the Court. We have enclosed for your reference the stipulated protective order entered in the lawsuit.

      If you take no action by July 28, OHA intends to proceed with its discovery obligations, which may result in production of documents originally received from CCOs to FamilyCare. If, by July 28, you take appropriate steps to protect your documents or seek exemption from discovery, upon request, OHA will consider any objections or proposed alternatives to production.

      If you would like to discuss this matter further, please contact me, or if you are represented by counsel, please have your counsel contact me.

<div style="margin-left:40%">

Sincerely,

*s/ Renee Stineman*

Renee Stineman
Attorney-in-Charge

</div>

Enclosures
8380492-v1/RS7/c4m
cc:    FamilyCare, Inc., c/o Counsel of Record

<div style="text-align:right">

**Exhibit A**
**Page 2 of 45**

</div>

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>                    Defendant. | Case No. 17CV09226<br><br>**PLAINTIFF FAMILYCARE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OREGON HEALTH AUTHORITY** |

Pursuant to ORCP 36 and 43, Plaintiff FamilyCare, Inc. ( "FamilyCare") hereby requests that Defendant Oregon Health Authority ("OHA") produce the documents described herein for inspection and copying at the offices of Plaintiff's counsel, Perkins Coie LLP, 1120 NW Couch Street, Tenth Floor, Portland, Oregon, 97209, or at such other location as may be determined by agreement, within thirty (30) days of this request.  Please respond to each request for production in accordance with the instructions and definitions set forth below.

**DEFINITIONS**

As used in these Requests, the following terms are defined as such:

1.    "2017 Base Data Policy" shall mean the Base Data Policy as discussed in Appendix VIII, 2017 Reimbursement Review, of the 2017 Actuarial Certification.

2.    "2017 Capitation Rates" shall mean the capitated rates for the Oregon CCOs for the 2017 rating period, as reflected in the 2017 Actuarial Certification.

Page 1 -    PLAINTIFF'S FIRST SET OF REQUESTS FOR
              PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A
Page 3 of 45**

3.     "2017 Actuarial Certification" shall mean the document titled "Oregon Health Authority CCO Rate Development Actuarial Certification January 1 – December 31, 2017 Capitation Rates," attached as Exhibit 3 to the Complaint in this Action.

4.     "2017 Reimbursement Review" shall mean the document titled "2017 Reimbursement Review" attached as Appendix VIII to the 2017 Actuarial Certification within Exhibit 3 to the Complaint in this Action.

5.     "Action" means the present litigation entitled *FamilyCare, Inc. v. Oregon Health Authority*, No. 17CV09226.

6.     "Actuarial Soundness" shall refer to any accepted actuarial principles and practices relied on by OHA in developing the 2017 Capitation Rates.

7.     "Base Data" shall refer to the base data described in Section 2.02 of the 2017 Actuarial Certification.

8.     "Base Data Adjustments" shall refer to the base data adjustments described in Section 2.03 of the 2017 Actuarial Certification..

9.     "CareOregon" shall refer to CareOregon, Inc. and any past and present agents, representatives, accountants, actuaries, attorneys, employees, including former employees, subsidiaries, any members, partners, or risk-accepting entities, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

10.    "CMS" shall mean the Centers for Medicare & Medicaid Services and any past and present agents, representatives, accountants, actuaries, attorneys, employees, including former employees, subsidiaries, or any other person or entity that has documents deemed to be in its possession, custody, or control.

11.    "Communicate" or "Communication(s)" shall refer to any transmission or exchange of information between two or more persons, orally or in writing, and includes, but is

PAGE  2-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A
Page 4 of 45**

not limited, to all conversations or discussions, whether such communication or discussion occurred face-to-face or by means of letter, telephone, telegraph, telecopier, telex, facsimile, electronic mail ("email"), or other media.

12. "Coordinated care organization" or "CCO" shall means an organization meeting criteria adopted by the Oregon Health Authority under ORS 414.625.

13. "Document" means all items that are considered to be "documents" or tangible things within the meaning of Rule 43 of the Oregon Rules of Civil Procedure and refers to the original and all copies of written, printed, typed, recorded, computer generated or graphic matter, or other instrument(s) or device(s) which contain information or from which information can be retrieved, including, without limitation, any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer applications, memoranda, correspondence, studies, working papers, letters, telegrams, invoices, personal diaries, handwritten notes of any kind including Post-it® notes, reports, records, books forms, indexes, transcriptions and recordings, magnetic tapes, video tapes, wire recordings, disks and printed cards, data sheets, data processing cards, personal calendars, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The terms "document" and "documents" include, without limitation, originals and all file copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any documents is not in your possession, custody, or control, a copy of that document should be produced. A draft or non-identical copy is a separate document within the meaning of this term.

14. The terms "FamilyCare" or "Plaintiff" shall refer to plaintiff FamilyCare, Inc.

PAGE 3- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit A**
**Page 5 of 45**

15. "Health Management Associates" shall refer to "Health Management Associates, Inc." and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

16. "Health Share" shall refer to "Health Share of Oregon" and any past and present agents, representatives, accountants, attorneys, employees, including former employees, any members, partners, or risk-accepting entities, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

17. "Optumas" shall refer to Optumas and/or Schramm Health Partners, L.L.C., and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

18. The terms "Oregon Health Authority", "Defendant", "You", and/or "Your" shall refer to the Oregon Health Authority, both separately and jointly, and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control.

19. "Rate Development Standards" shall refer to the rate development standards as set forth in 42 CFR § 438.5(a)-(g) (May 6, 2016).

20. "Regional Rate Model" shall refer to the rate development process used by Optumas described in Section 2.01 of the 2017 Actuarial Certification.

PAGE  4-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A
Page 6 of 45**

21.    "Settlement Agreement" shall refer to the agreement entered into and effective as of May 22, 2016, between FamilyCare, Inc. and the State of Oregon by and through the Oregon Health Authority.

22.    References to persons and entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

23.    The terms "and" and "or" shall be construed both disjunctively and conjunctively.

24.    The term "any" shall include and encompass the words "all" and "each."

25.    The singular shall include the plural, the use of the masculine gender shall include the feminine gender, and vice versa, whenever the context reasonably allows or requires such a construction.

26.    The term "person" means any natural person, public or private corporation, partnership, association, joint venture, any group or any form of a business, legal or governmental entity, or association.

27.    "Relating to" shall mean supporting, contradicting, describing, studying, analyzing, considering, substantiating, regarding, explaining, mentioning, discussing, commenting on, touching upon, and pertaining to any logical connection.

28.    "Reflecting" shall mean summarizing, memorializing, evidencing, constituting, containing, identifying, showing, comprising, and containing any logical connection with.

## INSTRUCTIONS

A.    You are to produce all documents that are in your possession, custody, or control or in the possession, custody, or control of Your representatives, including persons consulted concerning any factual matters or matters of opinion related to any of the facts or issues involved in this case; such persons shall include attorneys with whom You consulted unless you claim such documents are privileged or otherwise protected, *but see infra* Instruction H. These

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Requests for Production of Documents extend to correspondence and electronic communications sent from or received at a personal physical address or personal email address.

B.    Unless otherwise specified, the time period covered by these Requests for Production of Documents is January 1, 2014, to the present. However, if a document prepared prior to January 1, 2014, or subsequent to the date of these Requests for Production of Documents refers to events during the period January 1, 2014, through the present, and/or is necessary for a correct or complete understanding of any document covered by these Requests for Production of Documents, the document shall be produced. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if it is otherwise responsive to these Requests for Production of Documents and no evidence exists to conclusively establish that this document was prepared prior to January 1, 2014.

C.    Each document request, and the portions thereof, is to be responded to separately, but responses to one document request, or portion thereof, may be incorporated by reference in responses to other document requests, or portions thereof.

D.    All documents produced pursuant to these Requests for Production of Documents shall be produced either in separate groups of documents responsive to each separate document request or in the form and order in which they were kept by you before being produced.

E.    Each request for documents, whether memoranda, reports, letters, minutes, emails, or other documents of any description, requires the production of each document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation.

F.    If a document was prepared in several copies or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of any notation or modification of any kind whatsoever located on either the front or the back of such document, then each non-identical copy is a separate document and must be separately identified and produced.

PAGE  6-  PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A**
**Page 8 of 45**

G.    If you claim any document request herein is ambiguous, describe in what way the request is ambiguous, state the meaning applied to the request, and respond to the request as interpreted.

H.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing requested documents, please furnish a log providing the following information with respect to each withheld document:

i.    the date of the document;

ii.    for each individual who prepared, produced, reproduced, or received the document for which the privilege is claimed, state the person's name, current (or last known) business and residence addresses, current (or last known) business and residential telephone numbers, current (or last known) title or position, and occupation;

iii.    describe the document in sufficient detail to identify it without revealing the information for which the privilege is claimed; and

iv.    state every fact or basis upon which you claim any such privilege.

I.    These document requests are continuing and, to the extent required by the Oregon Rules of Civil Procedure, you must immediately produce any responsive documents or information after any such document(s) or information comes within your possession, custody, or control throughout the pendency of this action.

J.    Documents shall be produced in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary for any given document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for documents requiring different resolution or page size to make them readable. Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship. In addition, each TIFF document shall also be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum)

PAGE  7-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

appropriate unitization of the documents, including beginning and ending production numbers for (a) each document set, and (b) each attachment within each document set. The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in placed of extracted text at the document level. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents that are not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

K.    For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared driver or server); and MD5 hash value. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files must be named or foldered in such a manner that all records can be imported without modification of any path or file name information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents submitted by OHA or its actuarial consultants (including, but not limited to, Optumas) to CMS relating to the Rate Development

PAGE 8-   PLAINTIFF'S FIRST SET OF REQUESTS FOR
         PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit A**
**Page 10 of 45**

Standards for each CCO and the trend models for each CCO in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 2:** All communications and worksheets, workbooks, spreadsheets, models, and documents that OHA or its actuarial consultants (including, but not limited to, Optumas) used or considered when evaluating or determining the Actuarial Soundness of the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 3:** All communications related to and data used or considered by OHA or its actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 4:** All communications related to, and reports, memoranda, models, and documents prepared by, OHA's actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 5:** All documents and data supporting the Regional Rate Model for the region in which FamilyCare operates.

PAGE  9-  PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A**
**Page 11 of 45**

**Response:**

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting or relating to OHA's policy decisions that affected the development of the 2017 Capitation Rates, including, but not limited to, policy decisions pertaining to lowering rates based on a CCO's payments to primary care providers or any decisions pertaining to the 2017 Base Data Policy.

**Response:**

**REQUEST FOR PRODUCTION NO. 7:** To the extent documents are not provided in response to the foregoing requests, all communications or documents related to the calculation of Base Data Adjustments, including any consideration of a CCO's past or current profitability, analysis of CCO financial statements, and consideration of reported expenditures, in connection with the 2017 Capitation Rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 8:** All documents recording or reflecting any written or verbal communication between OHA and Health Share regarding capitation rates from January 1, 2013, to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 9:** All documents recording or reflecting any written or verbal communication between OHA and CareOregon regarding capitation rates from January 1, 2013, to present.

PAGE  10- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A**
**Page 12 of 45**

**Response:**

**REQUEST FOR PRODUCTION NO. 10:** To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and Jeremy Vandehey regarding capitation rates from 2015 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 11:** To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and any leadership or staff employee at Health Management Associates regarding capitation rates from 2015 to present.

**Response:**

**REQUEST FOR PRODUCTION NO. 12:** All versions of any document reflecting the Regional Rate Model for each of the four rating regions within Oregon for the calendar years 2015, 2016, and 2017.

**Response:**

**REQUEST FOR PRODUCTION NO. 13:** Any documents relating to, reflecting, or containing the Base Data for each of the 16 CCOs in Oregon.

**Response:**

PAGE 11- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit A**
**Page 13 of 45**

**REQUEST FOR PRODUCTION NO. 14:** Any documents relating to, reflecting, or containing the regional base data and risk factors and/or raw risk score data for each of the four rating regions within Oregon.

**Response:**

**REQUEST FOR PRODUCTION NO. 15:** All documents recording or reflecting any communication, written policies, documents, and data regarding any adjustments made by or at the direction of OHA or by Optumas to FamilyCare's reported costs for the calendar years 2015, 2016, and 2017.

**Response:**

**REQUEST FOR PRODUCTION NO. 16:** All documents recording or reflecting any written or verbal communications regarding FamilyCare between: Lynne Saxton, Rhonda Busek, David Rohrer, Dennis Tang, and/or Jeremy Vandehey, Lori Coyner, Leslie Clement, amongst themselves individually or collectively, or with or including any other person.

**Response:**

**REQUEST FOR PRODUCTION NO. 17:** All documents recording or reflecting any communication between OHA and Optumas regarding the 2015, 2016, and 2017 capitation rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 18:** All documents recording or reflecting any communication between OHA and CMS regarding the 2015, 2016, and 2017 capitation rates.

PAGE  12- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Response:

**REQUEST FOR PRODUCTION NO. 19:** All documents provided to OHA by each and every CCO in Oregon that relate to each and every CCO's income, expenses, and profitability, including, but not limited to, the income, expenses, and profitability of each and every CCO's related entities.

Response:

**REQUEST FOR PRODUCTION NO. 20:** All documents recording or reflecting communications between OHA and Optumas regarding the 2017 Actuarial Certification, the information contained therein, or the information on which the 2017 Rate Certification was based.

Response:

**REQUEST FOR PRODUCTION NO. 21:** All documents recording or reflecting internal communications related to the 2017 Actuarial Certification, the information contained therein, or the information on which it was based.

Response:

**REQUEST FOR PRODUCTION NO. 22:** All drafts of the 2017 Actuarial Certification.

Response:

**REQUEST FOR PRODUCTION NO. 23:** All drafts of the 2017 Reimbursement Review.

PAGE  13- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Response:

**REQUEST FOR PRODUCTION NO. 24:** All documents recording or reflecting communications within OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

Response:

**REQUEST FOR PRODUCTION NO. 25:** All documents recording or reflecting communications involving OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

Response:

**REQUEST FOR PRODUCTION NO. 26:** All documents recording or reflecting communications between OHA and Optumas related to the 2017 Capitation Rates, including but not limited to the development of those rates.

Response:

**REQUEST FOR PRODUCTION NO. 27:** All documents recording or reflecting internal communications related to the 2017 Capitation Rates, including but not limited to the development of those rates.

Response:

PAGE   14- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**REQUEST FOR PRODUCTION NO. 28:**  All documents recording or reflecting communications involving OHA related to the 2017 Capitation Rates, including but not limited to the development of those rates.

**Response:**

**REQUEST FOR PRODUCTION NO. 29:**  All documents recording or reflecting any communication, written policies, documents, and/or data involving the Settlement Agreement, effective as of May 22, 2106, entered into between OHA and FamilyCare.

**Response:**

**REQUEST FOR PRODUCTION NO. 30:**  All documents recording or reflecting any communication, written policies, documents, and/or data communicating CCO cost, utilization and/or performance related to the Quality and Health Outcomes Committee of the Office of Clinical Services Improvement.

**Response:**

**REQUEST FOR PRODUCTION NO. 31:**  All documents recording or reflecting any OHA communication to any of the 16 CCOs in Oregon, written policies, documents, and/or data regarding CCO cost, utilization, and/or performance.

**Response:**

PAGE   15- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A**
**Page 17 of 45**

DATED:  June 1, 2017

PERKINS COIE LLP

By: */s Meredith M. Price*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Meredith M. Price, OSB No. 134627
    MPrice@perkinscoie.com
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted via pro hac vice)*

    Melanie K. Curtice WSB No. 28479
    MCurtice@perkinscoie.com
    Matthew P. Gordon, WSB No. 41128
    MGordon@perkinscoie.com
    Perkins Coie LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101
    Telephone:  1.206.359.8000
    Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE   16- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Exhibit A
Page 18 of 45**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Oregon that, on June 1, 2017, he caused to be served on the person(s) listed below in the manner shown:

**PLAINTIFF FAMILYCARE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO OREGON HEALTH AUTHORITY**

Oregon Health Authority
c/o Renee Stineman
Department of Justice, Special Litigation Unit
100 SW Market St.
Portland, OR  97201

*Attorneys for Oregon Health Authority*

☒    United States Mail, First Class

☐    By Messenger

☒    By E-Mail

☐    By regular e-mail and/or court's electronic service if parties are enrolled

Dated at Portland, Oregon, on June 1, 2017.

/s Meredith M. Price
Meredith M. Price

CERTIFICATE OF SERVICE

123045-

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone: 503.727.2000
Fax:  503.727.2222

**Exhibit A**
**Page 19 of 45**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | Case No. 17CV09226<br>Honorable Sean E. Armstrong<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>**ORS 20.140 - State fees deferred at filing** |

**GENERAL OBJECTIONS**

Defendant Oregon Health Authority (hereafter "OHA" or "Defendant") objects to plaintiff's requests for production of documents to the extent they seek documents or information protected by the attorney-client privilege, work product doctrine, or other applicable privileges or protections.

OHA further objects to the extent plaintiff's requests seek voluminous, duplicative and marginally relevant information that would be unduly burdensome and costly to collect, process, review and produce.

OHA also objects to the extent the requests seek electronically stored information that is not reasonably accessible.

OHA objects to plaintiff's definitions and instructions to the extent they are not authorized by ORCP and/or exceed the scope of discovery allowed by ORCP, and to the extent that they impose obligations on OHA beyond those permitted by ORCP. Specifically, OHA

Page 1 -    DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS
RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A
Page 20 of 45**

objects to Instructions J and K. OHA will produce in the standard image and load file format used by the Department of Justice for processed electronic and hard copy documents, including relevant, non-privileged metadata. The parties will confer as necessary to resolve questions regarding form or production, including file-type specific formats.

OHA will only produce documents in its possession, custody, or control. OHA will only produce responsive information that can be identified using reasonable means of search and is prepared to confer regarding search terms and the scope and form of production.

Any production of documents by OHA is made without waiving or intending to waive (1) the above objections; (2) the right to object on the grounds of competency, privilege, relevancy, or materiality, or on any other ground, to the use of such information, for any purpose in whole or in part, in any subsequent step or proceeding in this action or in any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery procedure involving or relating to the subject matter of this request, and to secure an appropriate protective order when necessary to protect confidential and/or employment information of state employees.

The following responses to plaintiff's request for production are subject to the above general objections.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** All documents submitted by OHA or its actuarial consultants (including, but not limited to, Optumas) to CMS relating to the Rate Development Standards for each CCO and the trend models for each CCO in connection with the 2017 Capitation Rates.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request this request also seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is

Page 2 - DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A
Page 21 of 45**

vague and/or overbroad in terms of the use of the words "in connection with." Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:** All communications and worksheets, workbooks, spreadsheets, models, and documents that OHA or its actuarial consultants (including, but not limited to, Optumas) used or considered when evaluating or determining the Actuarial Soundness of the 2017 Capitation Rates.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party and seeks documents or information that is not within the possession, custody or control of OHA. Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 3:** All communications related to and data used or considered by OHA or its actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party and seeks documents or information that is not within the possession, custody or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the use of the words "or considered" and "in connection with." Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:** All communications related to, and reports, memoranda, models, and documents prepared by, OHA's actuarial consultants (including, but not limited to, Optumas) in connection with the 2017 Capitation Rates.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party and seeks documents or information that is not within the possession, custody or control of OHA. Further, this request seeks documents that are

Page 3 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
              OF DOCUMENTS
              RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A**
**Page 22 of 45**

not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the use of the words "or considered" and "in connection with." Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 5:** All documents and data supporting the Regional Rate Model for the region in which FamilyCare operates.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party and seeks documents or information that is not within the possession, custody or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed and the use of the word "supporting." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016 (effective date of Settlement Agreement), to present, will be produced.

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting or relating to OHA's policy decisions that affected the development of the 2017 Capitation Rates, including, but not limited to, policy decisions pertaining to lowering rates based on a CCO's payments to primary care providers or any decisions pertaining to the 2017 Base Data Policy.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:** To the extent documents are not provided in response to the foregoing requests, all communications or documents related to the calculation of Base Data Adjustments, including any consideration of a CCO's past or current profitability, analysis of CCO financial statements, and consideration of reported expenditures, in connection with the 2017 Capitation Rates.

Page 4 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
           OF DOCUMENTS
           RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A**
**Page 23 of 45**

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party and seeks documents or information that is not within the possession, custody or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the use of the words "any consideration of" and "in connection with." Subject to this objection and the general objections stated above, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:** All documents recording or reflecting any written or verbal communication between OHA and Health Share regarding capitation rates from January 1, 2013, to present.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the date range encompassed and the use of the words "any . . . communication . . . regarding capitation rates." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 9:** All documents recording or reflecting any written or verbal communication between OHA and CareOregon regarding capitation rates from January 1, 2013, to present.

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the date range encompassed and the use of the words "any . . . communication . . . regarding capitation rates." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

Page 5 -    DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
            OF DOCUMENTS
            RS7/rh2/8368869-v3

**REQUEST FOR PRODUCTION NO. 10:** To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and Jeremy Vandehey regarding capitation rates from 2015 to present.

**RESPONSE:** Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the date range encompassed and the use of the words "any . . . communication . . . regarding capitation rates." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 11:** To the extent documents are not provided in response to the foregoing requests, all documents recording or reflecting any written or verbal communication between OHA and any leadership or staff employee at Health Management Associates regarding capitation rates from 2015 to present.

**RESPONSE:** Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the date range encompassed and the use of the words "any . . . communication . . . regarding capitation rates." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 12:** All versions of any document reflecting the Regional Rate Model for each of the four rating regions within Oregon for the calendar years 2015, 2016, and 2017.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. This request also seeks documents that are not relevant or likely to lead to the discovery of admissible evidence. Further, this request is vague and/or overbroad in

Page 6 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
              OF DOCUMENTS
              RS7/rh2/8368869-v3

terms of the date range encompassed and the use of the words "any version of any document." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 13:** Any documents relating to, reflecting, or containing the Base Data for each of the 16 CCOs in Oregon.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed and the use of the words "Any documents relating to, reflecting, or containing . . . ." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 14:** Any documents relating to, reflecting, or containing the regional base data and risk factors and/or raw risk score data for each of the four rating regions within Oregon.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. This request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed and the use of the words "Any documents relating to, reflecting, or containing . . . ." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 15:** All documents recording or reflecting any communication, written policies, documents, and data regarding any adjustments made by or at the direction of OHA or by Optumas to FamilyCare's reported costs for the calendar years 2015, 2016, and 2017.

Page 7 -  DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
            OF DOCUMENTS
            RS7/rh2/8368869-v3

**Exhibit A**
**Page 26 of 45**

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. This request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed. Subject to the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 16:** All documents recording or reflecting any written or verbal communications regarding FamilyCare between: Lynne Saxton, Rhonda Busek, David Rohrer, Dennis Tang, and/or Jeremy Vandehey, Lori Coyner, Leslie Clement, amongst themselves individually or collectively, or with or including any other person.

**RESPONSE:** Objection, this request also seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed and its inclusion of individuals no longer employed by the State of Oregon. Subject to the general objections stated above, documents from May 22, 2016, to present, regarding the basis for FamilyCare's 2017 capitation rates will be produced.

**REQUEST FOR PRODUCTION NO. 17:** All documents recording or reflecting any communication between OHA and Optumas regarding the 2015, 2016, and 2017 capitation rates.

**RESPONSE:** Objection, this request also seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present, regarding the 2017 capitation rates will be produced.

**REQUEST FOR PRODUCTION NO. 18:** All documents recording or reflecting any communication between OHA and CMS regarding the 2015, 2016, and 2017 capitation rates.

**RESPONSE:** Objection, this request also seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the

Page 8 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
           OF DOCUMENTS
           RS7/rh2/8368869-v3

**Exhibit A**
**Page 27 of 45**

lack of date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present, regarding the 2017 capitation rates will be produced.

**REQUEST FOR PRODUCTION NO. 19:** All documents provided to OHA by each and every CCO in Oregon that relate to each and every CCO's income, expenses, and profitability, including, but not limited to, the income, expenses, and profitability of each and every CCO's related entities.

RESPONSE: Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present, regarding the 2017 capitation rates will be produced.

**REQUEST FOR PRODUCTION NO. 20:** All documents recording or reflecting communications between OHA and Optumas regarding the 2017 Actuarial Certification, the information contained therein, or the information on which the 2017 Rate Certification was based.

RESPONSE: Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present will be produced.

**REQUEST FOR PRODUCTION NO. 21:** All documents recording or reflecting internal communications related to the 2017 Actuarial Certification, the information contained therein, or the information on which it was based.

Page 9 -    DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
            OF DOCUMENTS
            RS7/rh2/8368869-v3

**RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present will be produced.

**REQUEST FOR PRODUCTION NO. 22:** All drafts of the 2017 Actuarial Certification.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed and the use of the words "All drafts." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 23:** All drafts of the 2017 Reimbursement Review.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed and the use of the words "All drafts." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 24:** All documents recording or reflecting communications within OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

**RESPONSE:** Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack

Page 10 - DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A
Page 29 of 45**

of a date range encompassed.  Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 25:**  All documents recording or reflecting communications involving OHA related to the 2017 Reimbursement Review, its implementation, the policy decisions reflected therein, or the information on which it was based.

> **RESPONSE:**  Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed and the use of the words "communications involving OHA." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 26:**  All documents recording or reflecting communications between OHA and Optumas related to the 2017 Capitation Rates, including but not limited to the development of those rates.

> **RESPONSE:**  Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed.  Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 27:**  All documents recording or reflecting internal communications related to the 2017 Capitation Rates, including but not limited to the development of those rates.

> **RESPONSE:**  Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed.  Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

Page 11 - DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
        OF DOCUMENTS
        RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit A
Page 30 of 45

**REQUEST FOR PRODUCTION NO. 28:** All documents recording or reflecting communications involving OHA related to the 2017 Capitation Rates, including but not limited to the development of those rates.

**RESPONSE:** Objection, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed and the use of the words "communications involving OHA." Subject to this objection and the general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 29:** All documents recording or reflecting any communication, written policies, documents, and/or data involving the Settlement Agreement, effective as of May 22, 2106, entered into between OHA and FamilyCare.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the use of the words "involving the Settlement Agreement." Subject to this objection and the general objections stated above will be produced.

**REQUEST FOR PRODUCTION NO. 30:** All documents recording or reflecting any communication, written policies, documents, and/or data communicating CCO cost, utilization and/or performance related to the Quality and Health Outcomes Committee of the Office of Clinical Services Improvement.

**RESPONSE:** Objection, this request seeks documents that are not within the possession, custody, or control of OHA. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of lack of date range encompassed and the use of the words "related to the Quality and Health Outcomes Committee of the Office of Clinical Services Improvement." Subject to this objection and the

Page 12 - DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS
RS7/rh2/8368869-v3

general objections stated above, responsive documents from May 22, 2016, to present, will be produced.

**REQUEST FOR PRODUCTION NO. 31:** All documents recording or reflecting any OHA communication to any of the 16 CCOs in Oregon, written policies, documents, and/or data regarding CCO cost, utilization, and/or performance.

      **RESPONSE:** Objection, this request seeks documents or information that is trade secret or other proprietary information of a third party. Further, this request seeks documents that are not relevant or likely to lead to the discovery of admissible evidence and is vague and/or overbroad in terms of the lack of a date range encompassed. Subject to the general objections stated above, documents from May 22, 2016, to present will be produced.

      DATED July __05__, 2017.

                      Respectfully submitted,

                      ELLEN F. ROSENBLUM
                      Attorney General

                      ___*s/ Renee Stineman*_____
                      RENEE STINEMAN #994610
                      Attorney-in-Charge
                      CARLA A. SCOTT #054725
                      Senior Assistant Attorney General
                      ELLEANOR H. CHIN #061484
                      Senior Assistant Attorney General
                      Trial Attorneys
                      Tel (971) 673-1880/Fax (971) 673-5000
                      Renee.Stineman@doj.state.or.us
                      Carla.A.Scott@doj.state.or.us
                      Elleanor.Chin@doj.state.or.us
                      Of Attorneys for Plaintiff

Page 13 - DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
        OF DOCUMENTS
        RS7/rh2/8368869-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit A
Page 32 of 45

# CERTIFICATE OF SERVICE

I certify that on July __05__, 2017, I served the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION upon the parties hereto by the method indicated below, and addressed to the following:

Stephen F. English  
Courtney Rian Peck  
Meredith M. Price  
Thomas Russell Johnson  
Perkins Coie LLP  
1120 NW Couch 10th Flr  
Portland, OR  97209  
*Of Attorneys for Plaintiff*

___ HAND DELIVERY  
_x_ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ SERVED BY E-FILING

_____*s/ Renee Stineman*_____  
RENEE STINEMAN #994610  
Attorney-in-Charge  
CARLA A. SCOTT #054725  
Senior Assistant Attorney General  
ELLEANOR H. CHIN #061484  
Senior Assistant Attorney General  
Trial Attorneys  
Tel (971) 673-1880/Fax (971) 673-5000  
Renee.Stineman@doj.state.or.us  
Carla.A.Scott@doj.state.or.us  
Elleanor.Chin@doj.state.or.us  
Of Attorneys for Plaintiff

Page 1 -   CERTIFICATE OF SERVICE  
RS7/rh2/8084159-v2

17CV09226

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 17CV09226<br>Honorable Sean E. Armstrong |
|---|---|
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | **ORS 20.140 - State fees deferred at filing** |
| Defendant. | |

This action concerns information that may be considered confidential, trade secret, proprietary, or commercially-sensitive information of the parties and third-parties (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials"). The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to limit disclosure of any such documents and information.

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

Page 1 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

3.     This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.     Producing parties, including third parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.  The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160.  Upon approval by the court the party shall file the confidential materials under seal, marked as follows or in substantially similar form:

> CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

or

> ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

Page 2 -   STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

6.    Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

7.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.    Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its

Page 3 -   STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

        e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

        f.    The authors and the original recipients of the documents.

        g.    Any court reporter or videographer reporting a deposition.

        h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(a), 8(b), 8(d), 8(e), 8(f), 8(g) and 8(h), unless additional persons are stipulated by counsel or authorized by the Court. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 8(c) or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that

Page 4 -   STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

Page 5 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

**Exhibit A**
**Page 38 of 45**

14. A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

15. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

16. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

Page 6 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A**
**Page 39 of 45**

17.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO STIPULATED.**

_s/ Thomas R. Johnson_                               _/s/  Renee R. Stineman_
THOMAS R. JOHNSON #010645           RENEE STINEMAN #994610
Of Attorneys for Plaintiff                         Of Attorneys for Defendant

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidentiality of the confidential materials, therefore, pursuant to ORCP 36, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

_____

Submitted by: Renee Stineman
                     Attorney-in-Charge
                     Attorneys for Defendants

Page 7 -    STIPULATED PROTECTIVE ORDER
                RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**Exhibit A**
**Page 40 of 45**

## EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in *FamilyCare, Inc. v. Oregon Health Authority*,

Case No. 17CV09226, Marion County, Oregon, of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

EXHIBIT A TO STIPULATED PROTECTIVE ORDER
123045-0001/135857007.1

## CERTIFICATE OF READINESS

This proposed *order* is ready for judicial signature because:

1. [ X ]   Each opposing party affected by this *order* has stipulated to the *order*, as shown by each opposing party's signature on the document being submitted.

2. [  ]   Each opposing party affected by this *order* has approved the *order*, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. [  ]   I have served a copy of this *order* on all parties entitled to service and provided written notice of the objection period, and:

   a. [  ]   No objection has been served on me within that time frame.

   b. [  ]   I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed with the court a copy of the objections I received and indicated which objections remain unresolved.

   c. [  ]   After conferring about objections, [*role and name of opposing party*] agreed to file any remaining objection with the court by [*date*], which predated my submission.

4. [  ]   The relief sought is against an opposing party who has been found in default.

5. [  ]   An order of default is being requested with this proposed judgment.

6. [  ]   Service is not required by statute, rule, or otherwise.

DATED June __8__, 2017.


_s/ Renee Stineman_____
RENEE STINEMAN #994610
Attorney-in-Charge
Trial Attorney
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Of Attorneys for Defendant

Page 1 -   CERTIFICATE OF READINESS
        RS7/c4m/8316115-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on June __8__, 2017, I served the foregoing STIPULATED PROTECTIVE ORDER upon the parties hereto by the method indicated below, and addressed to the following:

Stephen F. English
Courtney Rian Peck
Meredith M. Price
Thomas Russell Johnson
Perkins Coie LLP
1120 NW Couch 10th Flr
Portland, OR  97209
*Of Attorneys for Plaintiff*

___ HAND DELIVERY
_x_ MAIL DELIVERY
___ OVERNIGHT MAIL
_x_ SERVED BY E-FILING


_____*s/ Renee Stineman*_____
RENEE STINEMAN #994610
Attorney-in-Charge
CARLA A. SCOTT #054725
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Plaintiff

Page 1 -   CERTIFICATE OF SERVICE
RS7/rh2/8084159-v1

**Exhibit A**
**Page 43 of 45**

**Mullaney Colleen**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Friday, June 9, 2017 8:49 AM |
| **To:** | Mullaney Colleen |
| **Subject:** | Filing Accepted for Case: 17CV09226; FamilyCare, Inc.vsOregon Health Authority; Envelope Number: 2170593 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

| | |
|---|---|
| **Categories:** | Holding |



# Filing Accepted

Envelope Number: 2170593
Case Number: 17CV09226
Case Style: FamilyCare, Inc.vsOregon Health Authority

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| Court | Judicial District 3 |
| Case Number | 17CV09226 |
| Case Style | FamilyCare, Inc.vsOregon Health Authority |
| Date/Time Submitted | 6/8/2017 1:07:28 PM PDT |
| Date/Time Accepted | 6/9/2017 8:48:28 AM PDT |
| Accepted Comments | |
| Filing Type | Order - Proposed - PPOR |
| Filing Description | |
| Activity Requested | EFileAndServe |
| Filed By | Colleen Mullaney |
| Filing Attorney | Renee Stineman |

| Document Details | |
|---|---|
| Lead Document | FamilyCare 9226 Stipulated Protective Order.pdf |
| Lead Document Page Count | 10 |
| File Stamped Copy | Download Document |

1

This link is active for 45 days.

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider

Odyssey File & Serve

(800) 297-5377

Please do not reply to this email. It was automatically generated.

2

Verified Correct Copy of Original 9/27/2017.

IN THE CIRCUIT COURT OF STATE OF OREGON
FOR MARION COUNTY

FAMILYCARE, INC., an Oregon non-profit )
corporation,                           )
                                       )
                    Plaintiff,         )
                                       )    Case No.: 17CV09226
v.                                     )
                                       )    ORDER GRANTING INTERVENTION
                                       )
OREGON HEALTH AUTHORITY, an agency     )
of the State of Oregon,                )
                                       )
                    Defendant.         )
                                       )

This matter came before the court for oral argument on September 21, 2017 on Non-Parties' Motion to Intervene. The court reviewed the pleadings and heard oral argument. Now, therefore, it is hereby ORDERED that;

Non-Parties Motion to Intervene is GRANTED for the limited purpose of entering an appropriate form of protective order and for hearing Non-Parties' objections to defendant's production of documents under ORCP 36. The court will review proposed forms of protective order and hear oral argument on Non-Parties' ORCP 36 objections on September 28, 2017 at 1:00 pm.

DATED this 27th day of September, 2017.

_____
Honorable Sean E. Armstrong
Circuit Court Judge

Order prepared by Court

1 – ORDER

**Exhibit B**
**Page 1 of 1**

Verified Correct Copy of Original 11/1/2017.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant,<br><br>and<br><br>ALLCARE CCO, INC., an Oregon corporation; CASCADE HEALTH ALLIANCE, LLC, an Oregon limited liability company; COLUMBIA PACIFIC CCO, LLC, an Oregon limited liability company; EASTERN OREGON COORDINATED CARE ORGANIZATION, LLC, an Oregon limited liability company; INTERCOMMUNITY HEALTH PLANS, INC., an Oregon corporation doing business as INTERCOMMUNITY HEALTH NETWORK – COORDINATED CARE ORGANIZATION; JACKSON COUNTY CCO, LLC, an Oregon limited liability company doing business as JACKSON CARE CONNECT; PACIFICSOURCE COMMUNITY SOLUTIONS, an Oregon nonprofit; PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC, an Oregon limited liability company; TRILLIUM COMMUNITY HEALTH PLAN, INC., an | Case No. 17CV09226<br><br>JUDGE: SEA<br><br>**PROTECTIVE ORDER** |

PAGE 1-   PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

**Perkins Coie LLP**<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>Phone: 503.727.2000<br>Fax: 503.727.2222

**Exhibit C**<br>**Page 1 of 14**

Oregon corporation; UMPQUA HEALTH ALLIANCE, LLC, an Oregon limited liability company; WESTERN OREGON ADVANCED HEALTH, LLC, an Oregon limited liability company; WILLAMETTE VALLEY COMMUNITY HEALTH, LLC, an Oregon limited liability company; AND, YAMHILL COMMUNITY CARE ORGANIZATION, INC., an Oregon corporation,

Joint Intervenors.

This action concerns information that may be considered confidential, trade secret, proprietary, commercially-sensitive information of the parties and third-parties, or protected health information as that term is defined in 45 CFR §160.103 and 164.501 (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials").

1.  All documents, testimony, and other materials produced by the parties and any subpoenaed party and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2.  Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or any person listed under paragraphs 9(b), (c), or (d) for any business, commercial, or competitive purpose.

3.  This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the

Verified Correct Copy of Original 11/1/2017.

PAGE 2-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit C
Page 2 of 14

Verified Correct Copy of Original 11/1/2017

burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. Producing parties, including third parties and subpoenaed parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5. The parties acknowledge and agree that some amount of the third-party information produced by the Oregon Health Authority in this litigation will contain information that other Coordinated Care Organizations ("CCOs") in Oregon may consider confidential or proprietary to them. Thus, to ensure that these other CCOs have adequate opportunity to protect such information, the parties and the CCOs have agreed to the following protocol for third-party information produced by the Oregon Health Authority:

a. The CCOs have received copies of FamilyCare, Inc.'s ("FamilyCare's") first, second, third, and fourth sets of document requests served on the Oregon Health Authority ("OHA"). Within ten (10) days of entry of this Protective Order, any CCO may simultaneously identify, in addition to any documents previously identified, in writing to both OHA and FamilyCare any documents or categories of documents that it believes are appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

PAGE 3-    PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit C**
**Page 3 of 14**

Verified Correct Copy of Original 11/1/2017

b. FamilyCare will provide the CCOs with any future requests for production of documents it serves on the OHA, on the same date that it serves those requests on OHA. Within ten (10) days of FamilyCare's service of future document requests on OHA, any CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

c. When producing documents to FamilyCare, OHA will abide by any such reasonable request from a CCO to designate a document or type of document as "Confidential" or "Attorneys' Eyes Only." All provisions of this Protective Order will apply to documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5.

d. If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

6. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160. Upon approval by the court the

PAGE 4- PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit C
Page 4 of 14

Verified Correct Copy of Original 11/1/2017

party shall file the confidential materials under seal, marked as follows or in substantially similar form:

CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.

7. Any portion of a transcript of the deposition of any party or witness in this case in which "Confidential" or "Attorney Eyes Only" information or documents are discussed shall be designated "Confidential" or "Attorney Eyes Only" accordingly. If the designation of the document under discussion as "Confidential" or "Attorney Eyes Only" is withdrawn or successfully challenged, the relevant portion of the transcript shall no longer be considered "Confidential" or "Attorney Eyes Only." If a portion of a transcript designated as "Confidential" or "Attorney Eyes Only" is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5.

8. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, expert reports or files, documents, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, expert reports or files, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

PAGE 5-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

**Exhibit C**
**Page 5 of 14**

Verified Correct Copy of Original 11/1/2017.

9. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in house counsel.

c. Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be

PAGE 6-    PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit C**
**Page 6 of 14**

Verified Correct Copy of Original 11/1/2017.

restricted solely to the persons listed in paragraphs 9(a), 9(d), 9(e), 9(f), 9(g) and 9(h), unless additional persons are stipulated by counsel or authorized by the court. Any person listed in paragraph 9(d) shall not be an employee of FamilyCare and the parties agree that any person who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist (1) FamilyCare, (2) any CCO, or (3) any entity who seeks to compete with FamilyCare or a CCO (or who assists such an entity) with Medicaid program rate setting, including contract bids, in Oregon through the rate-setting process for 2021 rates. In addition, any person listed in paragraph 9(d) who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist any entity who seeks to compete with a CCO-related entity as identified in Exhibit B in the rate region in which the related entity provides services through the rate-setting process for 2018 rates or with contract bidding during 2018. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, the parties present must exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, unless additional persons are stipulated by counsel for the designating party or as authorized by the court. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall

PAGE 7-   PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

**Exhibit C
Page 7 of 14**

Verified Correct Copy of Original 11/1/2017

confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's or subpoenaed parties' designation must nevertheless abide by that designation until the matter is resolved by agreement or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's or subpoenaed party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by a party or subpoenaed party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the

PAGE 8- PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit C
Page 8 of 14

Verified Correct Copy of Original 11/1/2017.

Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

13. A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if a party or subpoenaed party discloses privileged information and/or protected trial preparation materials, there will be no waiver of privilege and/or protection. A party or subpoenaed party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other parties (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if a party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

14. Upon the request of the producing party or subpoenaed party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

PAGE 9-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513.1

**Exhibit C**
**Page 9 of 14**

Verified Correct Copy of Original 11/1/2017.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any person or party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

_11/1/17_

_Sean E. Armstrong_
SEAN E. Armstrong

Submitted by:

PERKINS COIE LLP

By: _____

PAGE 10- PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

**Exhibit C**
**Page 10 of 14**

Verified Correct Copy of Original 11/1/2017.

**EXHIBIT A**

I, _____ , have been advised by counsel of record for

_____ in FamilyCare, Inc. v. Oregon Health Authority, Case

No. 17CV09226, Marion County, Oregon, of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

PAGE 1-   EXHIBIT A TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

**Exhibit C**
**Page 11 of 14**

Verified Correct Copy of Original 11/1/2017.

**EXHIBIT B**
**CCO RELATED ENTITIES**
(as of October 18, 2017)

<u>AllCare CCO, Inc</u>
AllCare Health Plan, Inc

<u>Columbia Pacific</u>
CareOregon, Inc.
Greater Oregon Behavioral Health, Inc (GOBHI) Advantage Dental Capitol Dental ODS (Moda)
Willamette Dental

<u>Jackson Care Connect</u>
CareOregon, Inc.
 Advantage Dental
Capitol Dental
ODS (Moda)
Willamette Dental

<u>Trillium Community Health Plan, Inc.*</u>

| Arizona | Bridgeway Health Solutions, Inc. |
|---|---|
| | Health Net Access, Inc. |
| | Cenpatico of Arizona, Inc. |
| California | California Health and Wellness Plan |
| Florida | Sunshine State Health Plan, Inc. |
| Georgia | Peach State Health Plan, Inc. |
| Illinois | IlliniCare Health Plan, Inc. |
| Iowa | Iowa Total Care |
| Kansas | Sunflower State Health Plan, Inc. |
| Louisiana | Louisiana Healthcare Connections, Inc. |
| Massachusetts | CeltiCare Health Plan of Massachusetts, Inc. |
| Minnesota | Minnesota Complete Health |
| Mississippi | Magnolia Health Plan, Inc. |
| Missouri | Home State Health Plan, Inc. |
| Nebraska | Nebraska Total Care, Inc. |
| Nevada | SilverSummit Healthplan, Inc. |
| New Hampshire | Granite State Health Plan, Inc. |
| New Mexico | Western Sky Community Care |

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Exhibit C**
**Page 12 of 14**

Verified Correct Copy of Original 11/1/2017.

| North Carolina | Carolina Complete Health |
|---|---|
| Ohio | Buckeye Community Health Plan, Inc. |
| Oregon | Trillium Community Health Plan, Inc. |
| Pennsylvania | Pennsylvania Health & Wellness, Inc. |
| South Carolina | Absolute Total Care, Inc. |
| Texas | Superior HealthPlan, Inc. |
| Virginia | Virginia Total Care, Inc. |
| Washington | Coordinated Care of Washington, Inc. |
| Wisconsin | Coordinated Care Corporation, dba Managed Health Services Managed Health Services Insurance Corp. |

\* Trillium reserves its right, without waiver, to move to modify this list in the event a closely related entity enters a new state or withdraws from any of the listed states through the rate-setting process for 2018 rates or during contract bidding during 2018.

PAGE 2-    EXHIBIT B TO PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Exhibit C
Page 13 of 14

Verified Correct Copy of Original 11/1/2017.

DATED:  October 30, 2017

**PERKINS COIE LLP**

By:  */s/ Brian Samuelson*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  1.206.359.8000
Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

**Exhibit C
Page 14 of 14**

PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T +1.503.727.2000
F +1.503.727.2222
PerkinsCoie.com

March 6, 2018

**Thomas R. Johnson**
TRJohnson@perkinscoie.com
D.  +503.727.2176
F.  +503.346.2176

**VIA EMAIL AND U.S. MAIL**

Eric A Lindenauer
Garvey Schubert Barer
121 SW Morrison St 11th Fl
Portland OR 97204
elindenauer@gsblaw.com

Re:     **FamilyCare, Inc. v. Oregon Health Authority**
          **US District Court Case No. 6:18-cv-00296-MO**

Dear PacificSource Community Solutions:

As you are likely aware, the above-captioned case, in which PacificSource Community Solutions is an intervenor, was recently removed to federal court and consolidated before Judge Mosman in Portland.  Recently, Judge Mosman issued an order setting the schedule for the case, which includes a hearing date of April 6, 2018, for outstanding discovery issues.  One significant discovery issue that FamilyCare intends to raise is the use of Attorney Eyes Only (AEO) designation for certain documents produced in discovery in this case.  Therefore, pursuant to the process in the Protective Order entered by Judge Armstrong on November 1, 2017, FamilyCare hereby provides notice of its concerns with these designations and its intention to raise any unresolved issues with the use of AEO designations by OHA and the CCOs with the Court at that time.

The existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis.  However, doing so in this case is problematic for several reasons.

First, because OHA has not labeled any of the individual documents it has produced as AEO to indicate which CCO requested the designation, it is not always clear to whom FamilyCare's objections should be directed.  Indeed, some documents involve information relating to more than one CCO, and others do not relate to any CCO in particular.

Second, whereas the Protective Order provides a mechanism for resolving one-off disputes, FamilyCare's concerns with the use of AEO designation in this case are far more fundamental and implicate the underlying categorical designations rather than merely individual documents.  To date, OHA has produced over 18,000 documents with AEO designation, and based on FamilyCare's preliminary review of these, it appears that the vast majority fails to meet any criteria whereby such designation would be appropriate.  In some cases, the over-designations

138887376.1
Perkins Coie LLP

**Exhibit D**
**Page 1 of 3**

Eric A Lindenauer
March 6, 2018
Page 2

appear to result from defects in OHA's method and process of identifying AEO documents. FamilyCare is separately addressing that problem directly with OHA  But many over-designations result from  CCOs' overly expansive positions as to what information is trade secret and therefore  subject to AEO protection, as reflected in the CCO's instructions  to OHA regarding what types of documents should be designated.

Attached is a list of just some of the AEO documents produced by OHA for which FamilyCare believes that designation, and in fact any confidentiality designation, is inappropriate.  However, given the breadth of these issues and the number of documents involved, FamilyCare believes that a more comprehensive process and resolution is required, with a ruling from the Court to provide the parties with greater clarity on the scope of what may be appropriately marked as AEO in this case.

The CCOs have instructed OHA to designate whole categories of documents as AEO on the basis that they may contain information that involves purported trade secrets.  But that approach is fundamentally flawed.  Because it is based on the type of document rather than on the information contained within it, it is inherently prone to over-designation.  Indeed, FamilyCare's review of AEO documents produced thus far has turned up hundreds of examples of cases where documents appear to have been designated not because of their contents, but because of their connection generally to certain subjects relating to these enumerated categories, resulting in egregious over-designation.  For example, as many of the documents on the attached list show, documents have been labeled as AEO even though the information contained within them has been published in other contexts and made available to both other CCOs and the general public.

Moreover, some of the documents for which AEO designation has been sought do not involve *any* confidential or trade secret information.  For example, many CCOs have objected that rate-setting documents containing information on an individual CCO's total medical expenditures by category of aid and service should be treated as a trade secret and marked as AEO.  However, high-level information of that nature is neither a trade secret, nor confidential commercial information within the definition of FRCP 26(c).  For, even assuming for the sake of argument that pricing at the individual provider level *may* constitute a trade secret, aggregated information about expenditures by category lacks sufficient detail to be of any competitive use or value.  To the contrary, information of this nature, which relates to the manner in which public taxpayer dollars are spent by CCOs in the course of administering an important public program, is of a fundamentally public nature and should be disclosed.  Indeed, prior to 2015, OHA published this information online, and even today, other states with similar Medicaid programs routinely do so.

138887376.1

Perkins Coie LLP

**Exhibit D**
**Page 2 of 3**

Eric A Lindenauer
March 6, 2018
Page 3

Given these issues, FamilyCare believes that to the extent that it is appropriate for any document containing CCO information to be produced subject to a confidentiality designation, the manner of identifying such documents must be more precisely and narrowly defined.  Based on FamilyCare's knowledge of the industry and understanding of how certain information may be used, only three types of CCO information at issue in this case *may* warrant protection on proprietary grounds:

1.  Confidential information relating to pricing for services at the provider-specific level;

2.  Other confidential information relating to the specific terms of provider contracts; and

3.  Detailed CCO financial information that is not otherwise publically disclosed.

Unless there is some other basis for designating a document as confidential (e.g. the presence of protected health information), no document should be marked as confidential unless it (a) contains information from one of these three categories, and (b) it is a document that has not been publically disclosed already in other contexts.  To the extent that the intervening CCOs disagree with this and will not agree to modify their instructions to OHA accordingly, FamilyCare intends to raise this issue with the Court.

Finally, aside from the issue of whether certain documents and information should be subject to any confidentiality designation, recent events also call into question whether AEO designation remains appropriate or necessary at all for the CCO information in question.  As you are likely aware, FamilyCare ceased operating as a CCO on January 31, 2018 and has subsequently begun the process of shutting down its Medicaid managed care business.  Given this turn of events, FamilyCare is no longer a competitor of any CCO in Oregon, and although it hopes to return as a CCO, the earliest it could do so would be in 2020, by which time the information at issue here would be stale and of little use.  As a consequence, because the disclosure of information relating to other CCOS to FamilyCare can no longer be a source of competitive harm to those CCOs, there is little reason to retain the burdensome designation of AEO for those documents and to prevent FamilyCare from being able to aid its counsel in reviewing and analyzing them.

Very truly yours,

Thomas R. Johnson
Encl.
Cc:    Matt Levin

138887376.1
Perkins Coie LLP

**Exhibit D
Page 3 of 3**

PORTLAND OFFICE

*121 sw morrison street*
*eleventh floor*
*portland, oregon 97204-3141*
TEL *503 228 3939* FAX *503 226 0259*

OTHER OFFICES

*seattle, washington*
*washington, d.c.*
*new york, new york*
*beijing, china*
GSBLAW.COM

**GARVEY** SCHUBERT **BARER**

A PROFESSIONAL SERVICE CORPORATION

*Please reply to* ERIC A. LINDENAUER
*elindenauer@gsblaw.com*
TEL EXT 3117

March 15, 2018

**VIA EMAIL AND U.S. MAIL**

Thomas R. Johnson
Perkins Coie
1120 NW Couch Street
10th Floor
Portland, OR 97209-4128
Email: trjohnson@perkinscoie.com

Re:   FamilyCare, Inc. v. Oregon Health Authority
      US District Court Case No. 6:18-cv-00296-MO

Dear Mr. Johnson:

As you know, the undersigned and this firm represent PacificSource Community Solutions. We write in response to your March 6, 2018 letter.

Notwithstanding failure of the removing party to appropriately notify the federal court, PacificSource and other CCO's were expressly granted intervenor status in the underlying state court case, and are therefore, parties in the federal court proceeding.

Paragraph 5(d) of protective order entered by Judge Armstrong in Marion County provides:

"If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court."

Pursuant to 28 USC § 1450, Judge Armstrong's order including paragraph 5(d) remains in effect in the federal court.

**Exhibit E**
**Page 1 of 6**



Your March 6, 2018 letter is not compliant with paragraph 5(d) of Judge Armstrong's order, which we understand you intend to invoke. The letter does not explain why a document containing PacificSource's information has been erroneously designated. Indeed there is no meaningful explanation of what PacificSource information you seek to de-designate at all. Rather, the letter simply attaches a list of bates numbers. As you know, we do not have access to these documents and do not know what they include. After speaking with other CCO Counsel, we believe an identical list of numbers was simply sent to each CCO's counsel.

On behalf of PacificSource, we request you specifically identify and provide copies of those documents containing PacificSource information you seek to de-designate. If documents include AEO information relating to other CCOs, we request you redact that information, as it would be inappropriate for PacificSource or its counsel to review AEO information relating to other CCOs.

We dispute the contention PacificSource instructed OHA to designate entire categories of documents as AEO. Rather, in the extensive process leading to the existing protective order, thirteen categories of documents were identified as potentially problematic and FamilyCare did not object to the outline of those thirteen categories. Importantly, PacificSource carefully then identified within each category the specific documents containing confidential information needing protection. In some instances we indicated that, as to PacificSource, nothing within a category needed protection. FamilyCare has not previously objected to PacificSource's specific designations.

Enclosed for your reference is the spreadsheet PacificSource provided with its specific designations. Again, no one previously objected to the format (which was developed by OHA) or the specificity of PacificSource designations. If there are any of these specific designations that you now wish to discuss, please let us know.

We do not believe FamilyCare's cessation of operation (which you indicate maybe temporary), is reason to revisit the protective order. The issue is, and always has been, which individuals would see the information who could potentially use the information to PacificSource's detriment with a competitor. Due to FamilyCare's at least temporary demise, we do not know where any of the individuals FamilyCare would share information with are likely to land. It is entirely possible that they will wind up working for a PacificSource competitor. Further, as you may recall, there was extensive negotiation and a careful order by Judge Armstrong following hearing with respect to limitations on the future activities of any experts who see AEO information as set forth in paragraph 10 of the protective order. None of these dynamics have changed.

Further missing from your letter is any explanation of what has changed, such that AEO designations are now inhibiting FamilyCare from preparing its case in any new or material way.



In short, we view the current effort as an attempt by FamilyCare to get a second bite of the apple with a different judge after the proceedings before Judge Armstrong and his resulting order, which carefully navigated the needs and rights of the parties. Please let us know if you are willing to provide an explanation of the PacificSource AEO designations FamilyCare seeks to challenge in a manner compliant with paragraph 5(d) of Judge Armstrong's order.

To the extent FamilyCare files a motion seeking to modify the existing order, please serve the motion on the undersigned and alert the Court to the fact intervening CCO's are parties to the action and need to be included in the proceedings as they have specific rights to appear and defend designations pursuant to the existing protective order.

Thank you.

Very truly yours,

GARVEY SCHUBERT BARER, P.C.

By

Eric A. Lindenauer

EAL:rc

cc:     Matt Levin (via email and regular mail)
        CCO Counsel (via email only)
        PacificSource Community Solutions (via email only)

Enclosure

GSB:9328137.1 [35561.02000]

**Exhibit E
Page 3 of 6**

Exhibit E
Page 4 of 6

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]

REVISED September 22, 2017    CCO – PacificSource Community Solutions

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | YES | NO | | | All tabs and hidden tabs except tabs 1 "Directions" 2 "CY16 Report L12 Paste" and hidden tab "CY15 Report L12 Paste" are AEO (Attorneys' Eyes Only) | |
| 2. Exhibit L – all | YES | NO | | | AEO portions of Exhibit L are: Report L13, Report L14, Report L15, Report L16, Report L17, Report L17.1, Report 17.2, Report L18, Report L18.1, Report L19, Scratch Sheet | |
| 3. Supplement Rate Templates | YES[1] | NO | | | AEO except tabs "Instructions," "Specialty Drugs," | |

---

[1] FCI specifies this category extends to "all bid template files and subsequent versions of bid template files submitted for rate development using 2013-2015 base data, including all narrative information

8965377_1.docx

REVISED September 22, 2017

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| | | | | | "Hepatitis C Criteria," and "Hep C NDC List" | |
| 4. Claims and Encounter data submissions to the state | YES | NO | | | AEO | |
| 5. State enrollment data including premiums paid | YES | NO | | | | Okay to produce without Protective Order |
| 6. MLR Template | YES | NO | | | AEO | |
| 7. Audited Financials | YES | NO | | | | Audited Financials do not exist for PacificSource Community Solutions |
| 8. Actuarial Opinions | YES | NO | | | To the extent opinions have been expressed, they are AEO | |
| 9. SNRG Reconciliation | YES | NO | | | AEO | |
| 10. FB 231 Primary Care template | YES | NO | | | AEO | |

8965377_1.docx

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]

CCO – PacificSource Community Solutions

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Forms entered by Court to the extent "related to the rate setting process" and under AEO provision) | Notes |
|---|---|---|---|---|---|---|
| 11.  Any records or detail data that would identify prescription drug prices or rates | YES[2] | NO | | | AEO | |
| 12.  Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | YES[3] | NO | | | AEO | |
| 13.  "Regional Rate Models and supporting exhibits for the Southwestern, Northwestern and Eastern Oregon Regions" | YES | NO | | | Non-blinded version and file regarding Professional Reimbursement are AEO | Blinded version okay to produce without Protective Order |

GSB:8965377.1

---

[2] FCI is NOT seeking "provider-level information", i.e., not seeking information about particular rates of payment to particular providers

[3] See comment on No.11

8965377_1.docx