**Michael D. Crew, OSB No. 720603**
**Email:** mcrew@dunncarney.com
**Elizabeth C. Knight, OSB No. 992454**
**Email:** eknight@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone:  503-224-6440
Fax:  503-224-7324

Attorneys for Non-Party AllCare CCO, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PATRICK ALLEN**, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | **No. 3:18-cv-00212-MO (LEAD)** **No. 6:18-cv-00296-MO** |
| Plaintiff, | **NONPARTY ALLCARE CCO, INC'S** |
| v. | **RESPONSE TO FAMILYCARE, INC.'S** **OMNIBUS DISCOVERY MOTIONS** |
| **FAMILYCARE, INC.**, an Oregon non-profit corporation, | |
| Defendant. | |

**FAMILYCARE, INC.**, an Oregon non-profit
corporation,

Plaintiff,

v.

Page 1      NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S
             OMNIBUS DISCOVERY MOTIONS

DCAPDX_2680483_v1

**OREGON HEALTH AUTHORITY**, an
agency of the State of Oregon, and **PATRICK
ALLEN**, both individually and in his official
capacity as Director of the Oregon Health
Authority,

Defendants.

## INTRODUCTION

AllCare CCO, Inc. ("AllCare") is a coordinated care organization that contracts with the State of Oregon to provide Medicaid services. Last Fall, AllCare intervened in the state court action, *FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court Case No. 17CV09226, after FamilyCare, Inc. ("FamilyCare") served a broad Request for Production on Oregon Healthy Authority ("OHA"), seeking, in part, financial information which the CCOs had previously provided OHA. In order to protect this confidential and proprietary information, AllCare and the other CCOs attended numerous court hearings in Salem, and for months worked with the parties, the other intervenors, and the Court to achieve a fair and workable form of protective order. After this iterative process, Marion County Circuit Court Judge Armstrong entered a protective order on November 1, 2017 (the "Protective Order"). On November 6, 2017, AllCare provided instructions to OHA explaining in detail the kinds of information and documents requiring protection under the Protective Order.

Now, FamilyCare seeks to modify the Protective Order and unwind the efforts of the parties, the intervenors, and Judge Armstrong, by moving to "de-designate or down-designate" the CCOs' AEO and confidential information designations. *See* FamilyCare's Omnibus Discovery Motion at 1 & 4 (ECF No. 30) (the "Motion"). There are myriad reasons why the Court should

Page 2    NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S
OMNIBUS DISCOVERY MOTIONS

DCAPDX_2680483_v1

deny FamilyCare's Motion insofar as it seeks to de-designate or down-designate the CCOs' AEO and Confidential designations, as explained in the separate Response filed by Health Share of Oregon ("Health Share"). In the interests of efficiency and avoiding duplication, AllCare joins in Health Share's Response and incorporates Health Share's arguments herein, but addresses a few points below, to underscore why the Court should deny FamilyCare's Motion to modify the protections and/or the processes outlined in the Protective Order.

## ARGUMENT

First and foremost, FamilyCare failed to confer with AllCare – or any other CCO – before filing its Motion. Declaration of Elizabeth C. Knight ("Knight Dec.") ¶ 1. Failure to meaningfully confer in good faith is reason alone to deny FamilyCare's Motion pursuant to Local Rule 7-1.

Second, it is important to note that the reason the CCOs intervened and the reason the Protective Order includes a designation and objection process is because FamilyCare served a Request for Production on the plaintiff – rather than serving subpoenas directly on the CCOs (with the exception of Health Share). Had FamilyCare served AllCare with a third-party subpoena, AllCare could have screened the requested documents and applied its own designations. But as it is, FamilyCare created a complicated situation necessitating intervention in the state court proceeding and requiring the CCOs to provide instructions to OHA regarding which documents to produce and the type of information to be designated AEO or Confidential. AllCare appreciates that the process is complicated, but it is important to note that FamilyCare created the complications by doing an end-run around the CCOs and not subpoenaing them directly. FamilyCare's complaint that it "has been left to grapple with tens of thousands of documents" marked AEO or confidential is not well taken, since FamilyCare created the problem by not

Page 3     NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

subpoenaing the CCOs in the first place, and by not issuing narrow, targeted discovery requests. That it must now grapple with thousands of documents is FamilyCare's issue, and is not the doing of the CCOs – nor is it the function of an unworkable Protective Order.

Third, FamilyCare waived its present objections to the Protective Order by not raising them previously. Not only did FamilyCare have many opportunities to object to the terms of the Protective Order (both when it was being negotiated outside the courtroom and argued to the Court), but after the Protective Order entered, FamilyCare could have and should have objected to the CCOs' categories of AEO/Confidential information. Indeed, on November 6, 2017, AllCare provided specific instructions to OHA concerning the types of documents requiring AEO or Confidential designations, which instructions OHA promptly provided to FamilyCare. Knight Dec. ¶ 2 & Exhibit 1 thereto. AllCare provided the instructions to OHA again on December 5, 2017, and sent them to FamilyCare's counsel at that time. Knight Dec. ¶ 3 & Exhibit 2 thereto. But FamilyCare did not object to AllCare's categories of designations until months later, when on March 6, 2018, FamilyCare sent a letter to AllCare and the other CCOs. Knight Dec. ¶ 2 & Exhibits 3 & 4 thereto (FamilyCare's March 6, 2018 letter to AllCare, and AllCare's March 16, 2018 response). FamilyCare's delay in objecting to the CCOs' instructions to OHA is inexcusable, and importantly, FamilyCare does not even attempt to explain why it said nothing for months.[1] FamilyCare waived the arguments it now makes.

///

---

[1] FamilyCare concedes in its Motion that it "did not push at that time for greater specificity in the Protective Order as to the scope of what OHA would be permitted to produce with designations," but FamilyCare fails to explain why it failed to do so. Motion at 5.

Page 4    NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S
OMNIBUS DISCOVERY MOTIONS

Next, despite FamilyCare's contention that the CCOs' "instructions to OHA are overbroad and encompass numerous documents and categories that are ineligible for designation," AllCare in fact expended significant time identifying with specificity the kinds of documents requiring protection. *See* Exhibit 1 to Knight Dec. at 3-6. For example, AllCare identified particular tabs of Exhibit L, and AllCare indicated which versions of rate models could be produced without designations and which required designations. *Id.* at 3 & 5. AllCare did not instruct OHA to mark broad categories of documents but instead gave detailed instructions regarding what to designate, what to redact, and what to withhold as non-responsive. *Id.* AllCare also takes issue with FamilyCare's complaint that the CCOs instructed OHA to designate "whole categories of documents," thereby addressing "the type of document" instead of "the information contained within it." Motion at 8. That complaint is disingenuous because, again, FamilyCare created this situation when it chose to request the CCOs' information from OHA and not from the CCOs directly. Had FamilyCare subpoenaed AllCare, AllCare could have assessed a designation for each document rather than having to instruct OHA regarding the type of information needing protection.

AllCare also strongly disagrees with any suggestion that the information AllCare designated as AEO or Confidential does not warrant protection. This issue was fully vetted in the state court proceeding: the CCOs and the parties filed numerous briefs on the subject; the CCOs submitted a declaration from AllCare's Chief Financial Officer explaining why the information needed to be treated confidentially; and, Judge Armstrong heard several rounds of argument concerning why the material was commercially sensitive and confidential, and needed protection. *See e.g.* Declaration of Twila Farris in Support of Joint Intervenors' Motion for Protective Order,

Page 5    NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S
          OMNIBUS DISCOVERY MOTIONS

attached as Exhibit 5 to Knight Dec. Ultimately, the Court was convinced that the material warranted protection and entered the Protective Order in its current form.

Finally, AllCare notes that to the extent OHA has over-designated documents, that is an issue between OHA and FamilyCare, and not the CCOs. Again, AllCare has no role in the actual designation and production of documents, because FamilyCare did not subpoena the documents from AllCare. Nor does AllCare even have the ability to weigh in on the designations, because FamilyCare has not provided AllCare with copies of any documents FamilyCare believes are incorrectly designated.[2] At this late stage the Court should not overhaul the Protective Order to accommodate FamilyCare, when FamilyCare could have issued narrow, targeted subpoenas directly to the CCOs, and could have issued more timely objections. Instead, the Court should maintain the Protective Order entered by Judge Armstrong.

## CONCLUSION

For the above reasons as well as the reasons stated in Health Share's Response, the Court should deny FamilyCare's Motion insofar as it seeks to modify the protections for the CCOs' confidential and proprietary information as outlined in the Protective Order.

Dated this 30th day of March, 2018.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

s/ Elizabeth C. Knight
**Michael D. Crew, OSB No. 720603**
**Elizabeth C. Knight, OSB No. 992454**
Telephone: 503-224-6440
Attorneys for Non-Party AllCare CCO, Inc.

---

[2] See Ex. 4, discussing the fact that FamilyCare's March 6, 2018 letter identified exemplar documents by bates number, but did not actually provide the documents in question to AllCare.

Page 6    NONPARTY ALLCARE CCO, INC'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

DCAPDX_2680483_v1