

**Elizabeth C. Knight**
Admitted in
Oregon and Washington
eknight@dunncarney.com
**Direct** 503.306.5312

December 5, 2017

**Via E-mail**
**Via First-Class Mail**

Harry Wilson
Markowitz Herbold PC
1211 SW 5th Avenue, Suite 3000
Portland, OR  97204

Re:    *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226

Dear Mr. Wilson:

This letter responds to your letter dated December 1, 2017, which we received by email at 6:30 p.m. on Friday night.  AllCare CCO, Inc. ("AllCare") objects to Oregon Health Authority's ("OHA") proposed course of action with respect to AllCare's proprietary and confidential information, and objects to the requests set forth in your letter.  As discussed below, OHA's attempt to circumvent the Protective Order by giving AllCare three business days to defend its designations – on documents which have not even been provided to AllCare – is not only unreasonable, but violates the Protective Order.

The Protective Ordered signed and entered by the Court on November 1, 2017 governs discovery in this case.  Under the Protective Order, CCOs could designate certain documents and categories of documents as "Confidential" and/or "Attorney Eyes Only" within 10 days of entry of the Order.  AllCare did so on November 6, 2017.  The Protective Order further required OHA to "abide by any such reasonable request," which AllCare understands OHA did, by producing AllCare's information to FamilyCare consistent with AllCare's designations.  Prior to this production, OHA lodged no objection to AllCare's designations, and in fact, provided no response at all to AllCare's designations.

Your December 1 letter was the first notice to AllCare that OHA or FamilyCare objected to AllCare's AEO designations.  However, neither that letter nor FamilyCare's objection in open court complied with the protocol established by the Protective Order, which requires FamilyCare to send a letter to the CCO, "requesting re-designation and

Exhibt 2
Page 1 of 7



December 5, 2017
Page 2

explaining its position why the document has been erroneously designated," and, importantly, which gives the CCO 10 days to respond.  *See* Protective Order, § 5(d). The Protective Order further provides that if the parties are unable to reach agreement, the matter can be referred to the Court and the CCO "may appear before the Court and speak in defense of the designation." *Id.*  This way, the CCOs have a meaningful opportunity to defend their designations and confidential information, which was the very reason the CCOs intervened in this case, and the very reason the Court entered the Protective Order.  Clearly, OHA's letter threatening to de-designate AllCare's documents unless it receives a satisfactory response by December 6 violates the Protective Order.

In addition, OHA's request that AllCare provide "a list of individual specific documents within certain categories and explain why, according to the terms of the protective order, each of those documents warrants an "attorneys' eyes only" designation" is illogical, because: (1) AllCare already identified specific information and specific documents which require AEO treatment (*see* AllCare's November 6, 2017 designations, enclosed for reference); (2) AllCare already provided an explanation as to why the information warrants AEO designation – both at oral argument and through written submissions to the Court (*see, e.g.,* Non-Parties' Motion to Intervene; Non-Parties' Reply to Plaintiff FamilyCare, Inc.'s Response to Non-Parties' Motion to Intervene; Joint Intervenors' Motion for Protective Order; and Declaration of Twila Farris in Support of Joint Intervenors' Motion for Protective Order); and (3) in any event, AllCare does not know which documents OHA marked AEO and produced to FamilyCare, <u>making it impossible for AllCare to defend the designations at all</u>.

In short, OHA should not de-designate AllCare's documents, but should instead abide by the protocol set forth in the Protective Order.  **Please provide written confirmation that OHA will not de-designate AllCare's documents, short of AllCare's agreement or a Court order permitting de-designation.**

Thank you.

Very truly yours,

Elizabeth C. Knight

ECK:kno

Enclosure



December 5, 2017
Page 3

cc:     AllCare CCO, Inc.
        Michael D. Crew
        Stephen F. English
        Matt Gordon
        Brian Samuelson
        Thomas Johnson
        Aletta Brenner

DCAPDX_2547492_v1

| | **[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]** |
|---|---|
| REVISED November 3, 2017 | CCO – AllCare CCO, Inc. |

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | X (subject to redactions and AEO designations) | Redact all provider names, payment arrangement descriptions | Entire document | Entire document | | |
| 2. Exhibit L – all | X (subject to redactions and AEO designations) | Redact all provider names, payment arrangement descriptions | Tabs L3.1, L4, L5, L6, L6.2, L6.3, L7, L8, L12, L13, L14, L15, L16, L17, L17.1, L17.2, L18, L18.2, L19 | See AEO designations; anything marked AEO should also be marked confidential | Tab L11 | Tab L11 re: compensation is filed annually – this is not part of the rate setting process and therefore not responsive. |
| 3. Supplemental Rate Templates | X (subject to AEO designation) | | Report A, Pharmacy Claims, HepC PA Criteria, HepC SVR, the Scratch Sheet | Same as AEO designations | | |
| 4. Claims and Encounter data submissions to the state | X | The only data fields that should be provided are place of service, date of service and paid amount. All other information (e.g. patient names, provider names, names of providers' | Entire data file | Entire data file | | This data file should be produced as a summary file and not a line detailed file. |

Exhibt 2
Page 4 of 7

[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]

REVISED November 3, 2017    CCO – AllCare CCO, Inc.

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| | | employers, services provided, names of entities billed for services, etc.) should be redacted. | | | | |
| 5.  State enrollment data including premiums paid | X (subject to redactions and AEO designations) | Amount of premiums paid; member names and IDs | Entire data file | Entire data file | | |
| 6.  MLR Template | | | | | X | Not responsive because not related to the rate-setting process |
| 7.  Actuarial Opinions | | | | | X | Not responsive per Matt Gordon's 10/10/17 email. Should not be produced. |
| 8.  SNRG Reconciliation | | | | | X | Not responsive per Matt Gordon's 10/10/17 email. Should not be produced. |

**[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]**

REVISED November 3, 2017     CCO – AllCare CCO, Inc.

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| 9. SB231 Primary Care Template | | | | | X | Not responsive because not related to the rate-setting process. |
| 10. Any records or detail data that would identify prescription drug prices or rates | X (subject to AEO designation) | The only data fields that should be provided are place of service, date of service and paid amount; the rest should be redacted or withheld. | Entire data file | Entire data file | | This data file should be submitted as a summary file not a line detailed file. |
| 11. Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | X (subject to redactions and AEO designation) | Provider names; rates paid to providers; contractual arrangements with providers | All documents | All documents | Contractual agreements | Contractual agreements are not included in the rate setting process and are therefore not responsive. |
| 12. "Regional Rate Models and supporting exhibits for the Southwestern, | X (subject to redactions) | Unit costs, contractual payments to providers on non-blinded version | Non-blinded version should be designated AEO | Same as AEO designation | | Blinded rate model is not proprietary and can be produced without restrictions; |

| | | | | | | |
|---|---|---|---|---|---|---|
| **[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]** | | | | | | |
| REVISED November 3, 2017 | CCO – AllCare CCO, Inc. | | | | | |

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| Northwestern and Eastern Oregon Regions" (additional category identified by plaintiffs on 9/20) | | | | | | non-blinded version is trade secret/confidential and should be designated AEO and confidential |
| 13. Supplemental correspondence and exchanges regarding the above categories | X (subject to the redactions and AEO designations noted above for categories 1-12) | See above for categories 1-12 | See above for categories 1-12 | See above | See above | |