# PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T  +1.503.727.2000
F  +1.503.727.2222
PerkinsCoie.com

March 6, 2018

**Thomas R. Johnson**
TRJohnson@perkinscoie.com
D.  +503.727.2176
F.  +503.346.2176

**VIA EMAIL AND U.S. MAIL**

Elizabeth C. Knight
Michael D. Crew
Dunn Carney Allen
851 SW 6th Ave Ste 1500
Portland OR 97204
eknight@dunncarney.com
mcrew@dunncarney.com

Re:    **FamilyCare, Inc. v. Oregon Health Authority**
       **US District Court Case No. 6:18-cv-00296-MO**

Dear AllCare CCO, Inc.:

As you are likely aware, the above-captioned case, in which AllCare CCO, Inc. is an intervenor, was recently removed to federal court and consolidated before Judge Mosman in Portland. Recently, Judge Mosman issued an order setting the schedule for the case, which includes a hearing date of April 6, 2018, for outstanding discovery issues.  One significant discovery issue that FamilyCare intends to raise is the use of Attorney Eyes Only (AEO) designation for certain documents produced in discovery in this case.  Therefore, pursuant to the process in the Protective Order entered by Judge Armstrong on November 1, 2017, FamilyCare hereby provides notice of its concerns with these designations and its intention to raise any unresolved issues with the use of AEO designations by OHA and the CCOs with the Court at that time.

The existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis.  However, doing so in this case is problematic for several reasons.

First, because OHA has not labeled any of the individual documents it has produced as AEO to indicate which CCO requested the designation, it is not always clear to whom FamilyCare's objections should be directed.  Indeed, some documents involve information relating to more than one CCO, and others do not relate to any CCO in particular.

Second, whereas the Protective Order provides a mechanism for resolving one-off disputes, FamilyCare's concerns with the use of AEO designation in this case are far more fundamental and implicate the underlying categorical designations rather than merely individual documents. To date, OHA has produced over 18,000 documents with AEO designation, and based on

138887376.1
Perkins Coie LLP

Exhibit 3
Page 1 of 10

Elizabeth C. Knight
Michael D. Crew
March 6, 2018
Page 2

FamilyCare's preliminary review of these, it appears that the vast majority fails to meet any criteria whereby such designation would be appropriate.  In some cases, the over-designations appear to result from defects in OHA's method and process of identifying AEO documents.  FamilyCare is separately addressing that problem directly with OHA  But many over-designations result from  CCOs' overly expansive positions as to what information is trade secret and therefore  subject to AEO protection, as reflected in the CCO's instructions  to OHA regarding what types of documents should be designated.

Attached is a list of just some of the AEO documents produced by OHA for which FamilyCare believes that designation, and in fact any confidentiality designation, is inappropriate.  However, given the breadth of these issues and the number of documents involved, FamilyCare believes that a more comprehensive process and resolution is required, with a ruling from the Court to provide the parties with greater clarity on the scope of what may be appropriately marked as AEO in this case.

The CCOs have instructed OHA to designate whole categories of documents as AEO on the basis that they may contain information that involves purported trade secrets.  But that approach is fundamentally flawed.  Because it is based on the type of document rather than on the information contained within it, it is inherently prone to over-designation.  Indeed, FamilyCare's review of AEO documents produced thus far has turned up hundreds of examples of cases where documents appear to have been designated not because of their contents, but because of their connection generally to certain subjects relating to these enumerated categories, resulting in egregious over-designation.  For example, as many of the documents on the attached list show, documents have been labeled as AEO even though the information contained within them has been published in other contexts and made available to both other CCOs and the general public.

Moreover, some of the documents for which AEO designation has been sought do not involve *any* confidential or trade secret information.  For example, many CCOs have objected that rate-setting documents containing information on an individual CCO's total medical expenditures by category of aid and service should be treated as a trade secret and marked as AEO.  However, high-level information of that nature is neither a trade secret, nor confidential commercial information within the definition of FRCP 26(c).  For, even assuming for the sake of argument that pricing at the individual provider level *may* constitute a trade secret, aggregated information about expenditures by category lacks sufficient detail to be of any competitive use or value.  To the contrary, information of this nature, which relates to the manner in which public taxpayer dollars are spent by CCOs in the course of administering an important public program, is of a fundamentally public nature and should be disclosed.  Indeed, prior to 2015, OHA published this information online, and even today, other states with similar Medicaid programs routinely do so.

138887376.1
Perkins Coie LLP

Exhibit 3
Page 2 of 10

Elizabeth C. Knight
Michael D. Crew
March 6, 2018
Page 3

Given these issues, FamilyCare believes that to the extent that it is appropriate for any document containing CCO information to be produced subject to a confidentiality designation, the manner of identifying such documents must be more precisely and narrowly defined.  Based on FamilyCare's knowledge of the industry and understanding of how certain information may be used, only three types of CCO information at issue in this case *may* warrant protection on proprietary grounds:

1.  Confidential information relating to pricing for services at the provider-specific level;

2.  Other confidential information relating to the specific terms of provider contracts; and

3.  Detailed CCO financial information that is not otherwise publically disclosed.

Unless there is some other basis for designating a document as confidential (e.g. the presence of protected health information), no document should be marked as confidential unless it (a) contains information from one of these three categories, and (b) it is a document that has not been publically disclosed already in other contexts.  To the extent that the intervening CCOs disagree with this and will not agree to modify their instructions to OHA accordingly, FamilyCare intends to raise this issue with the Court.

Finally, aside from the issue of whether certain documents and information should be subject to any confidentiality designation, recent events also call into question whether AEO designation remains appropriate or necessary at all for the CCO information in question.  As you are likely aware, FamilyCare ceased operating as a CCO on January 31, 2018 and has subsequently begun the process of shutting down its Medicaid managed care business.  Given this turn of events, FamilyCare is no longer a competitor of any CCO in Oregon, and although it hopes to return as a CCO, the earliest it could do so would be in 2020, by which time the information at issue here would be stale and of little use.  As a consequence, because the disclosure of information relating to other CCOS to FamilyCare can no longer be a source of competitive harm to those CCOs, there is little reason to retain the burdensome designation of AEO for those documents and to prevent FamilyCare from being able to aid its counsel in reviewing and analyzing them.

Very truly yours,

Thomas R. Johnson
Encl.
Cc:    Matt Levin

138887376.1
Perkins Coie LLP

Exhibit 3
Page 3 of 10

OHA_LIT_00233245
OHA_LIT_00233252
OHA_LIT_00233255
OHA_LIT_00233283
OHA_LIT_00233288
OHA_LIT_00233289
OHA_LIT_00233291
OHA_LIT_00233308
OHA_LIT_00233310
OHA_LIT_00233314
OHA_LIT_00233317
OHA_LIT_00233320
OHA_LIT_00233337
OHA_LIT_00233341
OHA_LIT_00233358
OHA_LIT_00233365
OHA_LIT_00233367
OHA_LIT_00233388
OHA_LIT_00233389
OHA_LIT_00233390
OHA_LIT_00233392
OHA_LIT_00233424
OHA_LIT_00233460
OHA_LIT_00233519
OHA_LIT_00233522
OHA_LIT_00233524
OHA_LIT_00233538
OHA_LIT_00233547
OHA_LIT_00233551
OHA_LIT_00233552
OHA_LIT_00233567
OHA_LIT_00233702
OHA_LIT_00233749
OHA_LIT_00233776
OHA_LIT_00233786
OHA_LIT_00233813
OHA_LIT_00233823
OHA_LIT_00233846
OHA_LIT_00233855
OHA_LIT_00233863
OHA_LIT_00233880
OHA_LIT_00233887
OHA_LIT_00233892
OHA_LIT_00233901
OHA_LIT_00233903
OHA_LIT_00233905
OHA_LIT_00233907

Exhibit 3
Page 4 of 10

OHA_LIT_00233909
OHA_LIT_00233911
OHA_LIT_00233913
OHA_LIT_00233915
OHA_LIT_00233916
OHA_LIT_00233918
OHA_LIT_00233920
OHA_LIT_00233922
OHA_LIT_00233924
OHA_LIT_00233926
OHA_LIT_00233928
OHA_LIT_00233970
OHA_LIT_00233978
OHA_LIT_00233981
OHA_LIT_00233982
OHA_LIT_00233984
OHA_LIT_00233988
OHA_LIT_00234038
OHA_LIT_00234040
OHA_LIT_00234068
OHA_LIT_00234156
OHA_LIT_00234163
OHA_LIT_00234164
OHA_LIT_00234233
OHA_LIT_00234247
OHA_LIT_00234248
OHA_LIT_00234340
OHA_LIT_00234341
OHA_LIT_00234354
OHA_LIT_00234355
OHA_LIT_00234357
OHA_LIT_00235256
OHA_LIT_00235257
OHA_LIT_00235259
OHA_LIT_00235313
OHA_LIT_00235320
OHA_LIT_00235327
OHA_LIT_00235328
OHA_LIT_00235330
OHA_LIT_00235331
OHA_LIT_00235333
OHA_LIT_00235334
OHA_LIT_00235336
OHA_LIT_00235337
OHA_LIT_00235339
OHA_LIT_00235340
OHA_LIT_00235342

Exhibit 3
Page 5 of 10

OHA_LIT_00235343
OHA_LIT_00235345
OHA_LIT_00235346
OHA_LIT_00235348
OHA_LIT_00235349
OHA_LIT_00235351
OHA_LIT_00235352
OHA_LIT_00235354
OHA_LIT_00235355
OHA_LIT_00235361
OHA_LIT_00235442
OHA_LIT_00235446
OHA_LIT_00235450
OHA_LIT_00235451
OHA_LIT_00235456
OHA_LIT_00235462
OHA_LIT_00235471
OHA_LIT_00235479
OHA_LIT_00235481
OHA_LIT_00235506
OHA_LIT_00235508
OHA_LIT_00235510
OHA_LIT_00235521
OHA_LIT_00235528
OHA_LIT_00235539
OHA_LIT_00235560
OHA_LIT_00235572
OHA_LIT_00235605
OHA_LIT_00235607
OHA_LIT_00235615
OHA_LIT_00235618
OHA_LIT_00235621
OHA_LIT_00235625
OHA_LIT_00235627
OHA_LIT_00235635
OHA_LIT_00235637
OHA_LIT_00235641
OHA_LIT_00235646
OHA_LIT_00235650
OHA_LIT_00235652
OHA_LIT_00235653
OHA_LIT_00235659
OHA_LIT_00235665
OHA_LIT_00235667
OHA_LIT_00235672
OHA_LIT_00235687
OHA_LIT_00235692

Exhibit 3
Page 6 of 10

OHA_LIT_00235699
OHA_LIT_00235702
OHA_LIT_00235739
OHA_LIT_00235784
OHA_LIT_00235857
OHA_LIT_00235859
OHA_LIT_00235863
OHA_LIT_00235865
OHA_LIT_00235866
OHA_LIT_00235867
OHA_LIT_00235871
OHA_LIT_00235884
OHA_LIT_00235885
OHA_LIT_00235887
OHA_LIT_00235888
OHA_LIT_00235894
OHA_LIT_00235902
OHA_LIT_00235994
OHA_LIT_00236106
OHA_LIT_00236199
OHA_LIT_00236301
OHA_LIT_00236302
OHA_LIT_00236310
OHA_LIT_00236318
OHA_LIT_00236409
OHA_LIT_00236415
OHA_LIT_00236421
OHA_LIT_00236430
OHA_LIT_00236433
OHA_LIT_00236436
OHA_LIT_00236439
OHA_LIT_00236507
OHA_LIT_00236716
OHA_LIT_00236754
OHA_LIT_00236757
OHA_LIT_00236761
OHA_LIT_00236771
OHA_LIT_00236811
OHA_LIT_00236814
OHA_LIT_00236830
OHA_LIT_00236834
OHA_LIT_00236857
OHA_LIT_00236859
OHA_LIT_00236861
OHA_LIT_00236863
OHA_LIT_00236865
OHA_LIT_00236867

Exhibit 3
Page 7 of 10

OHA_LIT_00236869
OHA_LIT_00236871
OHA_LIT_00236873
OHA_LIT_00236875
OHA_LIT_00236877
OHA_LIT_00236989
OHA_LIT_00237055
OHA_LIT_00237085
OHA_LIT_00237108
OHA_LIT_00237115
OHA_LIT_00237117
OHA_LIT_00237237
OHA_LIT_00237243
OHA_LIT_00237249
OHA_LIT_00237254
OHA_LIT_00237302
OHA_LIT_00237303
OHA_LIT_00237432
OHA_LIT_00237811
OHA_LIT_00237813
OHA_LIT_00237815
OHA_LIT_00237817
OHA_LIT_00237819
OHA_LIT_00237821
OHA_LIT_00237823
OHA_LIT_00237825
OHA_LIT_00237827
OHA_LIT_00237829
OHA_LIT_00237831
OHA_LIT_00237833
OHA_LIT_00237835
OHA_LIT_00237837
OHA_LIT_00237839
OHA_LIT_00237846
OHA_LIT_00237848
OHA_LIT_00237870
OHA_LIT_00237877
OHA_LIT_00237882
OHA_LIT_00238086
OHA_LIT_00238121
OHA_LIT_00239527
OHA_LIT_00240666
OHA_LIT_00240941
OHA_LIT_00240944
OHA_LIT_00240951
OHA_LIT_00241591
OHA_LIT_00242959

Exhibit 3
Page 8 of 10

OHA_LIT_00242989
OHA_LIT_00243009
OHA_LIT_00243016
OHA_LIT_00244528
OHA_LIT_00244581
OHA_LIT_00245407
OHA_LIT_00245603
OHA_LIT_00245608
OHA_LIT_00245682
OHA_LIT_00247476
OHA_LIT_00250119
OHA_LIT_00254847
OHA_LIT_00254896
OHA_LIT_00262334
OHA_LIT_00262944
OHA_LIT_00262947
OHA_LIT_00262954
OHA_LIT_00262981
OHA_LIT_00262994
OHA_LIT_00263462
OHA_LIT_00263906
OHA_LIT_00263910
OHA_LIT_00263915
OHA_LIT_00263992
OHA_LIT_00266305
OHA_LIT_00266311
OHA_LIT_00269117
OHA_LIT_00269139
OHA_LIT_00269498
OHA_LIT_00271423
OHA_LIT_00271438
OHA_LIT_00273345
OHA_LIT_00281961
OHA_LIT_00281964
OHA_LIT_00286406
OHA_LIT_00287432
OHA_LIT_00289028
OHA_LIT_00289346
OHA_LIT_00291581
OHA_LIT_00303835
OPT00000086
OPT00000288
OPT00001173
OPT00001201
OPT00001338
OPT00001663
OPT00001738

Exhibit 3
Page 9 of 10

OPT00001862
OPT00001899
OPT00001908
OPT00001911
OPT00001952
OPT00002253
OPT00002256
OPT00002259
OPT00002266
OPT00002458
OPT00002657
OPT00002896
OPT00003037
OPT00003291
OPT00003297
OPT00003299
OPT00003597
OPT00003599
OPT00003604
OPT00003654
OPT00003656
OPT00007056
OPT00007067
OPT00007075
OPT00007077
OPT00007313
OPT00007436
OPT00007437
OPT00007444
OPT00007458
OPT00007831
OPT00008271
OPT00008282
OPT00008293

Exhibit 3
Page 10 of 10