

**Elizabeth C. Knight**
Admitted in
Oregon and Washington
eknight@dunncarney.com
**Direct** 503.306.5312

March 16, 2018

**Via E-Mail, Original to Follow by First-Class Mail**

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch, 10th Floor
Portland, OR  97209

Re:    *FamilyCare, Inc. v. Oregon Health Authority*
       USDC Case No. 6:18-cv-00296-MO

Dear Mr. Johnson:

As you know, this office represents AllCare CCO, Inc.  We are in receipt of your letter dated March 6, 2018, which, as we understand it, purports to be written notice under paragraph 5(d) of the Protective Order concerning erroneous designations.  AllCare objects to FamilyCare's notice for the following reasons.

First, the March 6 letter does not comply with the notice provisions of the Protective Order, which require:  (1) identification of specific documents FamilyCare believes have been erroneously designated; (2) a request for de-designation; and (3) an explanation of why the documents have been erroneously designated. Protective Order ¶ 5(d).  The March 6 letter does none of these things.  Instead, it encloses a list of bates numbers and states that "many" of the documents on the list were labelled AEO but contain published information.  AllCare does not have any of the documents listed on the enclosure, and thus has no way to evaluate the documents or designations.  If FamilyCare believes that certain AllCare documents were erroneously designated as AEO or confidential, then FamilyCare must send AllCare the documents with a sufficient explanation as to why the documents were erroneously designated. Protective Order at ¶ 5(d).  If FamilyCare does so, AllCare will review the documents and provide a written response pursuant to the terms of the Protective Order.

Second, AllCare objects to FamilyCare's suggestion that AllCare broadly instructed OHA to designate "whole categories of documents as AEO on the basis that they may contain information that involves purported trade secrets."  AllCare in fact months ago identified specific information and documents that should be designated

Exhibit 4
Page 1 of 6

Suite 1500, 851 SW Sixth Avenue   Portland, Oregon 97204   Main 503.224.6440   Fax 503.224.7324   DunnCarney.com

Dunn Carney Allen Higgins & Tongue LLP  |  *Member of Meritas Law Firms Worldwide  Meritas.org*



Thomas R. Johnson
March 16, 2018
Page 2

AEO, even identifying particular document tabs and other specific reports and documents which required protection. (See enclosed chart, provided previously.) Until now, FamilyCare has not objected to these designations, and FamilyCare's untimely objection is not well taken. It is also disingenuous for FamilyCare to object at this late stage when FamilyCare participated in the discussion and negotiation of the 13 categories of documents in the Circuit Court proceeding. If FamilyCare had concerns regarding specificity, then FamilyCare should have objected sooner.

Next, the fact FamilyCare is not presently an AllCare competitor does not eliminate the need for protecting AllCare's confidential and proprietary information. This is true both because FamilyCare evidently intends to return to the market as early as 2020, and, in the interim, FamilyCare personnel could go to work for an AllCare competitor. The mere fact FamilyCare is not currently a competitor does not obviate the need for protection.

Again, AllCare is willing to review any documents FamilyCare believes were erroneously designated as AEO. But FamilyCare must first comply with the Protective Order by sending AllCare those documents and providing explanations as to why the documents were erroneously designated. Once FamilyCare does so, AllCare will review the documents and confer with FamilyCare.

If you wish to discuss this matter further please give me a call. Thank you.

Very truly yours,

Elizabeth C. Knight

ECK:kno

cc:     Matthew A. Levin
        AllCare CCO, Inc.
        Michael Crew

DCAPDX_2666970_v1

Exhibit 4
Page 2 of 6

**[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]**
CCO – AllCare CCO, Inc.

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | X (subject to redactions and AEO designations) | Redact all provider names, payment arrangement descriptions | Entire document | Entire document | | |
| 2. Exhibit L – all | X (subject to redactions and AEO designations) | Redact all provider names, payment arrangement descriptions | Tabs L3.1, L4, L5, L6, L6.2, L6.3, L7, L8, L12, L13, L14, L15, L16, L17, L17.1, L17.2, L18, L18.2, L19 | See AEO designations; anything marked AEO should also be marked confidential | Tab L11 | Tab L11 re: compensation is filed annually – this is not part of the rate setting process and therefore not responsive. |
| 3. Supplemental Rate Templates | X (subject to AEO designation) | | Report A, Pharmacy Claims, HepC PA Criteria, HepC SVR, the Scratch Sheet | Same as AEO designations | | |
| 4. Claims and Encounter data submissions to the state | X | The only data fields that should be provided are place of service, date of service and paid amount. All other information (e.g. patient names, provider names, names of providers' | Entire data file | Entire data file | | This data file should be produced as a summary file and not a line detailed file. |

DCAPDX_2504276_v2

Exhibit 4
Page 3 of 6

REVISED November 3, 2017

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| | | employers, services provided, names of entities billed for services, etc.) should be redacted. | | | | |
| 5. State enrollment data including premiums paid | X (subject to redactions and AEO designations) | Amount of premiums paid; member names and IDs | Entire data file | Entire data file | | |
| 6. MLR Template | | | | | X | Not responsive because not related to the rate-setting process |
| 7. Actuarial Opinions | | | | | X | Not responsive per Matt Gordon's 10/10/17 email. Should not be produced. |
| 8. SNRG Reconciliation | | | | | X | Not responsive per Matt Gordon's 10/10/17 email. Should not be produced. |

**[FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED]**
CCO – AllCare CCO, Inc.

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| 9. SB231 Primary Care Template | | | | | X | Not responsive because not related to the rate-setting process. |
| 10. Any records or detail data that would identify prescription drug prices or rates | X (subject to AEO designation) | The only data fields that should be provided are place of service, date of service and paid amount; the rest should be redacted or withheld. | Entire data file | Entire data file | | This data file should be submitted as a summary file not a line detailed file. |
| 11. Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | X (subject to redactions and AEO designation) | Provider names; rates paid to providers; contractual arrangements with providers | All documents | All documents | Contractual agreements | Contractual agreements are not included in the rate setting process and are therefore not responsive. |
| 12. "Regional Rate Models and supporting exhibits for the Southwestern, | X (subject to redactions) | Unit costs, contractual payments to providers on non-blinded version | Non-blinded version should be designated AEO | Same as AEO designation | | Blinded rate model is not proprietary and can be produced without restrictions; |

Exhibit 4
Page 5 of 6

| Description of Information (B. Parrott 9/11/17) | Information should be produced IF related to the rate-setting process | Information should be redacted and produced IF related to the rate-setting process | Designate AEO pursuant to the PO | Mark confidential | Do not produce | Notes |
|---|---|---|---|---|---|---|
| Northwestern and Eastern Oregon Regions" (additional category identified by plaintiffs on 9/20) | | | | | | non-blinded version is trade secret/confidential and should be designated AEO and confidential |
| 13. Supplemental correspondence and exchanges regarding the above categories | X (subject to the redactions and AEO designations noted above for categories 1-12) | See above for categories 1-12 | See above for categories 1-12 | See above | See above | |

Exhibit 4
Page 6 of 6