**Arden J. Olson, OSB #870704**
arden.j.olson@harrang.com
**Lorelei A. Craig, OSB #152515**
lorelei.craig@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564
Of Attorneys for Intervenor Willamette Valley Community Health, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>                 Plaintiff,<br><br>   v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                 Defendant. | Case No. 3:18-cv-00212-MO (LEAD)<br>Case No. 6:18-cv-00296-MO<br><br>**WILLAMETTE VALLEY COMMUNITY HEALTH, LLC'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS** |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                 Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,<br><br>                 Defendants. | |

Non-Party Willamette Valley Community Health, LLC ("WVCH") is an Oregon limited

liability company and a certified Coordinated Care Organization ("CCO"). As a CCO, WVCH

Page 1 – **WVCH'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS**

contracts with the State of Oregon, through defendant Oregon Health Authority ("OHA"), to coordinate health services for Medicaid-eligible individuals in Marion and Polk Counties.

FamilyCare's Motion to Compel De-Designation of AEO and Confidential Documents ("Motion") seeks by categories to address discovery from OHA of certain financial information provided by Oregon's various CCOs.    To avoid burdening the court with numerous similar briefs, WVCH incorporates by reference the arguments filed by Health Share of Oregon ("Health Share") in Health Share of Oregon's Response to FamilyCare's Motion to Compel De-Designation or Down-Designation of AEO and Confidential Documents ("Response"), which has been (or will be) filed with the Court today in this matter.

WVCH submits the following to address issues specific to WVCH.

## ARGUMENT

### I.    FAMILYCARE'S MOTION SHOULD BE DENIED FOR FAILURE MEANINGFULLY TO CONFER.

Despite both FamilyCare and WVCH being a part of the state-court-supervised process in which the CCOs identified categories of commercially sensitive information for OHA to designate as AEO, not until over five months later did FamilyCare on March 6, 2018, advise that it had any issues with the categories, by issuing a substantially identical letter to all the CCOs. (Declaration of Lorelei A. Craig in Support of WVCH's Response to FamilyCare's Motion to De-Designate ["Craig Dec"] ¶ 2, Ex. 1).  Pursuant to protective order, WVCH and the other CCOs were allowed ten days to respond.  WVCH responded to FamilyCare on Friday, March 16. (Craig Dec., ¶ 3, Ex. 2).  The theme of WVCH's letter was that FamilyCare's letter left unclear whether FamilyCare actually objected to any specific document that <u>WVCH</u> instructed OHA to designate as AEO.  (*Id.*)  WVCH asked for clarification, pointing out that under the terms of the protective order FamilyCare had an obligation to address concerns regarding <u>specific documents</u> with WVCH.  (*Id.* at 3).  WVCH never received a response from FamilyCare; just shy of 12 hours after receiving WVCH's letter, FamilyCare filed its omnibus Motion.  (Craig Dec ¶ 4).

Page 2 – **WVCH'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS**

Under the order granting WVCH leave to intervene in the Circuit Court proceeding for the limited purpose of addressing these documents issues, WVCH should be deemed a "party" for purposes of the LR 7-1 obligation to confer about a motion affecting WVCH's documents. FamilyCare's certification that it complied with that rule as to WVCH was without basis. FamilyCare also ignored its conferral obligation as defined by the protective order.

**II.    FAMILYCARE'S MOTION TO DE-DESIGNATE SHOULD BE DENIED BECAUSE IT HAS SHOWN NO BASIS FOR THE MOTION AS TO WVCH'S DOCUMENTS.**

WVCH's uncertainty highlights the impropriety of FamilyCare's midnight rush to the courthouse.  WVCH took a narrow and specific approach to the documents and categories of documents it instructed OHA to designate as AEO.  (Craig Dec. Ex 2).  Out of the 13 categories of documents requested of OHA by FamilyCare, WVCH's high-level AEO concerns only implicated three categories.  (*Id.* at 2).  WVCH's instructions for those three categories fall into two groups, a set of 11 specific reports under one category and two related categories that encompassed "encounter data" and "encounters, rates, or contractual agreements with physicians, hospitals or any other providers."  (*Id.*)

With respect to the 11 reports, WVCH pointed out that FamilyCare failed to address these specific documents, and that FamilyCare's broad based attack on categorical designations was inapplicable and inappropriate where specific documents were identified by WVCH.  (*Id.*) Because FamilyCare failed to respond, WVCH still does not know if FamilyCare's Motion encompasses these 11 specific reports.  If it does, WVCH objects to de-designating them.

WVCH's uncertainty is underscored by a key difference between FamilyCare's and WVCH's level of knowledge concerning the documents at issue.  As Health Share pointed out (Response at 9), FamilyCare's outside counsel and expert witnesses have seen (and currently possess) all the documents at issue.  Those documents were produced by OHA to FamilyCare (and not to WVCH), so <u>WVCH does not know or have any mechanism practically to determine what documents or information containing WVCH's information were in fact provided to</u>

Page 3 – **WVCH'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS**

FamilyCare's lawyers.  WVCH's key protection here is the provision in the protective order that entitled WVCH to be advised of whatever specific documents as to which FamilyCare may have concerns about OHA's designation based on WVCH's instructions.  It is that protection which FamilyCare's Motion seeks to cast aside, leaving WVCH without any practical ability to address the merits of the AEO designation as to any given document.

With respect to documents containing encounter and provider-specific commercial information, WVCH understood that FamilyCare was not in fact seeking to obtain this information.  WVCH was repeatedly assured by FamilyCare's counsel that FamilyCare was not seeking provider-level encounter data and, therefore, WVCH believed that no such encounter data had been produced.  (Craig Dec, Ex 2 at 2).  WVCH understood FamilyCare's March 6th letter to be consistent with its earlier representations, because FamilyCare acknowledged that protection may be warranted for "[c]onfidential information relating to pricing for services at the provider-specific level" and "other confidential information relating to the specific terms of provider contracts."  (Craig Dec, Ex 1 at 3).  Thus, WVCH asked for clarification from FamilyCare whether the two categories relating to provider-level encounter data was now of concern.  (*Id.*, Ex 2 at 2).  FamilyCare never responded.  (*Id.*, ¶ 4).

FamilyCare's Motion appears to acknowledge that provider-level encounter data is worthy of protection:  *e.g.,* "[e]ven if pricing at the individual provider level may constitute a trade secret" and "underlying information that *could* be considered competitively valuable (e.g. the terms of a CCO's contractual arrangements with specific providers)."  (Motion to De-Designate at 10).  On the other hand, in a response provided to Health Share, FamilyCare indicated that "[t]o the extent that the court may conclude that *certain* provider-level information may be proprietary such that it should be marked as confidential, FamilyCare does not object to that." (Craig Dec, Ex 3 [emphasis added]).  What FamilyCare now means by "certain" provider-level information is unclear.

FamilyCare is asking this Court to "define and restrict the scope of what kinds of documents may be designated as Confidential, or AEO, in this case."  (Motion at 4).  That

request is simultaneously tardy and premature. The lengthy process for defining the scope of AEO documents and the appropriate protective order was already undertaken and completed under Judge Armstrong's guidance in state court, so FamilyCare should not now be permitted the proverbial "second bite at the apple." To any extent, however, that this Court may be inclined to allow FamilyCare another opportunity to relitigate the appropriate scope of AEO designations, FamilyCare should not be permitted to bypass meaningful conferral with WVCH or the process of document designation laid out in the protective order, as it now seeks to do. FamilyCare should be required to articulate a clear and consistent position on AEO designations, communicate that position to all the CCO's, and at least attempt to negotiate in good faith *prior* to any ruling on the matter by this Court.

## CONCLUSION

For the reasons set forth in Health Share's Response, and for the reasons set forth above, FamilyCare's Motion should be denied.

DATED this 30th day of March, 2017.

HARRANG LONG GARY RUDNICK P.C.

By:    s/Arden J. Olson
     Arden J. Olson, OSB #870704
     Lorelei A. Craig, OSB #152515
     Of Attorneys for Non-Party Willamette Valley
     Community Health, LLC

## CERTIFICATE OF SERVICE

I certify that on March 30, 2018, I served or caused to be served a true and complete copy of the foregoing **WILLAMETTE VALLEY COMMUNITY HEALTH, LLC'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS** on the party or parties listed below as follows:

☑ Via CM / ECF Filing
☐ Via First Class Mail, Postage Prepaid
☐ Via Email
☐ Via Personal Delivery

Carla Scott, OSB #054725
Renee R. Stineman, OSB #994610
Oregon Department of Justice

Matthew A. Levin, OSB #003054
Dallas S. DeLuca, OSB #072992
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Laura R. Salerno Owens, OSB #076230
Renee E. Rothauge, OSB #903712
Markowitz Herbold PC

Of Attorneys for Patrick Allen

Matthew A. Levin, OSB #003054
Dallas S. DeLuca, OSB #072992
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Laura R. Salerno Owens, OSB #076230
Renee E. Rothauge, OSB #903712
Markowitz Herbold PC

Of Attorneys for Oregon Health Authority

Matthew P. Gordon, *Pro Hac Vice*
Stephen F. English, OSB #730843
Alletta S. Brenner, OSB #142844
Brian P. Samuelson, OSB #165476
Douglas R. Pahl, OSB #950476
Thomas R. Johnson, OSB #010645
Perkins Coie, LLP

Of Attorneys for FamilyCare, Inc.

Page 6 – **WVCH'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS**

I further certify that service will be accomplished to the following parties listed below as follows:

☑ Via First Class Mail, Postage Prepaid

☐ Via Email

☐ Via Personal Delivery

Brian M. Parrott, OSB #013760
brian@bparrott-law.com
Brian M. Parrott LLC
851 SW 6th Ave. Suite 1500
Portland, OR 97204
Telephone: (503) 607-2715

Of Attorney for PrimaryHealth of
Josephine County, LLC

Elizabeth C. Knight, OSB #992454
eknight@dunncarney.com
Michael D. Crew, OSB #720603
mcrew@dunncarney.com
Dunn Carney Allen Higgins & Tongue
LLP
851 SW 6th Ave., Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440

Of Attorneys for AllCare CCO, Inc.

Anna Sortun, OSB #045729
anna.sortun@tonkon.com
Tonkon Torp LLP
888 SW 5th Ave., Suite 1600
Portland, OR 97204
Telephone: (503) 802-2107

Of Attorneys for Cascade Health Alliance;
LLC, Western Oregon Advanced Health,
LLC; and Umpqua Health Alliance

Daniel P. Larsen, OSB #943645
dpl@aterwynne.com
Ater Wynne LLP
1331 NW Lovejoy, Suite 900
Portland, OR 97209
Telephone: (503) 226-1191

Of Attorney for Columbia Pacific CCO,
LLC and Jackson Care Connect

Frank V. Langfitt, III, OSB #731770
frank.langfitt@millernash.com
Miller Nash Graham & Dunn LLP
111 SW 5th Ave., Suite 3400
Portland, OR 97204
Telephone: (503) 205-2425

Of Attorney for Eastern Oregon
Coordinated Care Organization, LLC

W. Chris Jenkins, OSB #090612
chris.jenkins@bcidaho.com
Blue Cross of Idaho
3000 E. Pine Ave.
Meridian, ID 83642
Telephone: (800) 274-4018

Of Attorney for Intercommunity Health
Network – Coordinated Care Organization

Page 7 – **WVCH'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-
DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS**

Eric A. Lindenauer, OSB #833721
elindenauer@gsblaw.com
Garvey Schubert Barer
121 SW Morrison St., 11th Floor
Portland, OR 97204
Telephone: (503) 228-3939

Of Attorney for PacificSource Community
Solutions

Peter F. Stoloff, OSB #780898
pstoloff@peterstoloff-law.com
Peter F. Stoloff PC
5285 Meadows Rd., Suite 235
Lake Oswego, OR 97035
Telephone: (503) 992-6463

Of Attorney for Yamhill Community Care
Organization

Joel A. Parker, OSB #001633
jparker@schwabe.com
Jeffrey D. Hern, OSB #043138
jhern@schwabe.com
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: (503) 796-2975

Of Attorneys for Trillium Community
Health Plan, Inc.

HARRANG LONG GARY RUDNICK P.C.

By:   s/Arden J. Olson
      Arden J. Olson, OSB #870704
      Lorelei A. Craig, OSB #152515
      Of Attorneys for Non-Party Willamette Valley
      Community Health, LLC

01098238.v2