**Daniel P. Larsen**, OSB No. 943645
E-mail:        dpl@aterwynne.com
**ATER WYNNE LLP**
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-3280
Telephone:    (503) 226-1191
Facsimile:    (503) 226-0079

Attorneys for Intervenors
Columbia Pacific CCO, LLC and
Jackson Care Connect

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **PATRICK ALLEN**, in his official capacity as **DIRECTOR OF THE OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, <br><br>                Plaintiff, <br><br>     v. <br><br> **FAMILYCARE, INC.**, an Oregon non-profit corporation, <br><br>                Defendant. <br><br> _____ <br><br>     AND | Case No. 3:18-cv-00212-MO (Lead ) <br><br> Case No. 6:18-cv-00296-MO <br><br> **INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS** |

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 1

**FAMILYCARE, INC.**, an Oregon non-profit corporation,

               Plaintiff,

    v.

**OREGON HEALTH AUTHORITY,** an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority,

               Defendants.

For their Response to FamilyCare, Inc.'s ("FamilyCare") Omnibus Discovery Motions to Oregon Health Authority ("OHA") (Dkt. 30), Intervenors Columbia Pacific CCO, LLC ("CPC") and Jackson Care Connect ("JCC") join in the Response filed by Health Share of Oregon. CPC's and JCC's Response is supported by the Declarations of Erin Fair Taylor ("Taylor Decl.") and Daniel Larsen ("Larsen Decl.").

## I.    INTRODUCTION

CPC and JCC are coordinated care organizations ("CCOs"). Together with several other CCOs, CPC and JCC jointly moved to intervene in this case when it was pending in Marion County Circuit Court. On September 27, 2017, Judge Armstrong granted the CCOs' motion to intervene "for the limited purpose of entering an appropriate form of protective order and for hearing Non-Parties' objections to defendant's production of documents under ORCP 36." The Order Granting Intervention is attached as Exhibit 1 to the Larsen Declaration.

After intervention, the CCOs participated in the crafting of a protective order which, after substantial consideration, Judge Armstrong entered on November 1, 2017 ("Protective Order"). The Protective Order is attached as Exhibit 2 to the Larsen Declaration. The Protective Order

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 2

3043458/2/DPL/101821-0073

sets forth a process for the CCOs to designate "categories of documents" in the possession of OHA as "Confidential" or "Attorney Eyes Only." (Larsen Decl., Ex. 2, §5(a).) In accordance with the Protective Order, CPC and JCC provided to FamilyCare and OHA templates of thirteen categories of documents to be designated as "Confidential" or "Attorney Eyes Only" ("AEO"). CPC's and JCC's templates are attached as Exhibit 3 to Larsen Declaration. The Protective Order provides that "CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court." (Larsen Decl., Ex. 2, §5(d).)

As part of its Omnibus Discovery Motion ("FamilyCare's Omnibus Mot."), FamilyCare moves to de-designate or down-designate categories of documents previously identified by the CCOs as "Confidential" or AEO. This motion should be denied because FamilyCare has: (i) not complied with the Protective Order, (ii) not identified specific documents for de-designation, and (iii) not shown that the information is improperly designated.

## II.    Argument

### A.    The CCOs have standing to respond to FamilyCare's Motion

Although the CCOs are not listed as parties in the Notice of Removal, they have standing to respond to FamilyCare's Motion because, pursuant to 28 U.S.C. § 1450, the Order Granting Intervention and the Protective Order "shall remain in full force and effect until dissolved or modified by the district court." (28 U.S.C. § 1450, "All … orders … in such action prior to its removal shall remain in full force and effect ….") The Order Granting Intervention allows the CCOs to present objections to OHA's production of documents containing confidential information of CPC or JCC. (Larsen Decl., Ex. 1.) In addition, the Protective Order allows CCOs to "appear before the Court and speak in defense of the designation if the matter is

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 3

3043458/2/DPL/101821-0073

brought before the Court." (Larsen Decl., Ex. 2, §5(d).) FamilyCare has moved to compel de-designation of AEO and other confidential information from the CCOs, including CPC and JCC. Accordingly, pursuant to the orders entered in the prior state court action, CPC and JCC have standing to respond to FamilyCare's Motion.

**B.    FamilyCare failed to comply with the Protective Order.**

Under the Protective Order, FamilyCare acknowledged and agreed that some amount of third-party information produced by OHA will contain confidential information of the CCOs. (Larsen Decl., Ex. 2, ¶5.) "Thus, to ensure that these other CCOs have an adequate opportunity to protect such information, the parties and the CCOs agreed to the following protocol for third-party information produced by [OHA]:"

> …. [A]ny CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

(Larsen Decl., Ex. 2, ¶5(b).) "If FamilyCare believes a document has been erroneously designated as 'Confidential' or 'Attorneys' Eyes Only' … FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated …." (Larsen Decl., Ex. 2, ¶5(d).)

While FamilyCare has sent a letter and filed a motion requesting re-designation, FamilyCare has not complied with the Protective Order because it has not specifically identified a document that it requests to be re-designated or explained why a particular document has been erroneously designated. (Larsen Decl., ¶5, Ex. 4 (March 6, 2018 letter from FamilyCare).) Instead, FamilyCare references only categories of documents that have been produced by OHA

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 4

that contain information that FamilyCare contends is not entirely entitled to the confidential designations. (*Id.*) Without identifying specific documents that FamilyCare seeks to re-designate, as opposed to general categories of documents, JCC and CPC cannot meaningfully respond to FamilyCare's arguments or defend the designation of a particular document. By letter, dated March 16, 2018, JCC and CPC advised Family Care of this deficiency, and even requested FamilyCare to produce the documents that relate to JCC and CPC, but FamilyCare has produced nothing. (Larsen Decl., ¶6, Ex. 5 (March 16, 2018 letter from JCC and CPC to FamilyCare).) FamilyCare's lack of production or identifying a specific document makes it impossible to fully respond to the propriety of a particular confidentiality designation.

**C.    FamilyCare's arguments for re-designation are flawed.**

Notwithstanding FamilyCare's refusal to identify specific documents which prevents the CCOs from specifically addressing confidentiality designations, JCC and CPC are able to respond generally to FamilyCare's arguments directed at the CCOs concerning the designation of categories of documents. (FamilyCare's Omnibus Mot., pp. 8-16.)

**1.    The CCOs designations are not overbroad but rather the most efficient means to enable broad discovery and protect the CCOs' legitimate interests in their confidential information.**

FamilyCare contends that the CCOs' designations of categories of documents are overbroad because they are based on the type of document as opposed to its content. (FamilyCare's Omnibus Mot., p. 8.) This contention is wrong and contrary to what FamilyCare previously agreed in the Protective Order which specifically allows the CCOs to identify "categories of documents." (Larsen Decl., Ex. 2, §5(b) ("any CCO may identify to both OHA and FamilyCare any documents or categories of documents … to be designated …."").)

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 5

This approach of identifying categories of documents was designed to address unique challenges and interests, which included: (i) FamilyCare's interest in receiving broad discovery for its attorneys and experts to analyze, (ii) the CCOs' interests in protecting confidential information that was not in their possession and incapable of being efficiently reviewed before production, and (iii) OHA's challenge and burden in identifying information that was confidential to the CCOs.  (Larsen Decl., ¶7.)  Consequently, the Protective Order allowed for designation of categories of documents with a process for examining specific documents for de-designation down-designation if necessary.  Meanwhile, the documents in question have been produced to FamilyCare's attorneys and its experts.  The only issue is whether FamilyCare employees or the public are permitted to see the CCOs' confidential information, but FamilyCare has still not identified a specific document that it contends should be de-designated such that its employees and others may review it.

2.    **The CCOs' confidential information is not too general to be of competitive value to other CCOs but FamilyCare's description of the documents is too general to challenge.**

FamilyCare contends that "rate-setting documents" containing individual CCO's total medical expenditures by category of aid and service are too "high-level" to be a trade secret or confidential.  (FamilyCare Omnibus Mot., pp. 9-10.)  FamilyCare's challenge to unspecified "rate-setting documents" is too general for  a challenge to the designations.  Without a specific document, JCC and CPC cannot specifically respond with counter-evidence to support the confidentiality.  However, in general, aggregated information for an individual CCO is not too general to remove its competitive value because the information for a particular service can easily show the negotiated confidential rate for a particular provider.  For instance, for certain

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 6

types of sub-specialty providers within JCC's and CPC's contracted provider networks, such as a particular neurology practice, there may be only one or two neurologists that provide services and the aggregate amount for a small group of providers can easily reveal the rates negotiated with those individual providers (Taylor Decl., ¶2.)  This is particularly true of the networks for rural CCOs like CPC and JCC that operate in areas where there are few providers of certain subspecialties operating in their service areas.  (*Id.*)  Negotiated rates and incentive arrangements with providers are one of the most sensitive pieces of information for CCOs which allow CCOs to compete with each other.  (*Id.*, ¶3.)  For instance if a CCO in a region knows the rate and incentive arrangement negotiated with a particular physician, a CCO may use that information to negotiate with the physician to leave a network and join a different network.  When there is more than one CCO in a service area, enrollees frequently opt to enroll with one CCO over another based on which providers participate with the CCO.  (*Id.*).

FamilyCare also contends that CCOs have been inconsistent with confidentiality designations such as for the Regional Rate Model.  (FamilyCare Omnibus Mot., pp. 11-12.)  This lack of consistency does not support de-designating and releasing the documents to the public but rather for FamilyCare to identify to each CCO the specific document that FamilyCare challenges so that the CCO may articulate whether the specific document should be designated AEO, Confidential, or not all.  With respect to the Regional Rate Model, it contains data from each CCO concerning claims and payments which the State uses to evaluate the amount of risk a CCO encounters from its population in a particular service area for rate setting.  (Taylor Decl., ¶4.)  This same information could be used by a putative CCO that intends to bid to the State become a CCO in that market, to provide a more competitive solution for a particular market as

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 7

3043458/2/DPL/101821-0073

well as negotiate with providers. (*Id.*)  It is unclear whether FamilyCare intends to sell its assets or opt to apply again for a CCO Contract in the Oregon Health Authority's RFA for CCO Contracts later this year.  Prior to 2012, FamilyCare operated in both CPC and JCC's service areas and could conceivably apply to operate there again.  (*Id.*)  Therefore, aggregated data may be sensitive confidential information worthy of a Confidential designation.

**3.    No publicly-available document has been designated by CPC or JCC as AEO or Confidential, and compilations derived from publicly available data may still constitute trade secrets.**

FamilyCare contends that much of the information designated as AEO or Confidential has been publicly available or derived from publicly available information.  (FamilyCare Omnibus Mot., pp. 11-12.)  However, FamilyCare does not identify a particular document that was publicly available but designated AEO or Confidential.  The Rate of Growth Tool is not a publicly-available document.  (Taylor Decl., ¶5.)  The fact that the Rate of Growth Tool may contain publicly available information does not mean that it cannot be confidential.

Under Oregon law, a trade secret may constitute a "pattern, compilation, …, method, technique, or process" that derives independent economic value from not being generally known to the public and is subject to reasonable efforts to maintain its secrecy.  (ORS 646.461(4).)  A compilation may include elements that are in the public domain but still be a trade secret.  *Kaib Roving R.PH. Agency v. Smith,* 237 Or. App. 96, 102-03 (2010) ("trade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets" (internal quotations omitted).)  For instance, a multi-year compilation of statistical information regarding public payment transactions in the marketplace may be a trade secret.  *See Vesta Corp. v. Amdocs Management Ltd.*, 80 F.Supp.3d 1152, 1164-65 (D. Or. 2015); *see also*

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON
CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS
DISCOVERY MOTIONS

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3043458/2/DPL/101821-0073

*United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016) ("[t]he source lists in question are classic examples of a trade secret that derives from an amalgam of public and proprietary source data.").

CPC and JCC have not designated publicly available documents as AEO or confidential. For instance, audited financials of CPC and JCC are available in the public domain and have not been designated AEO or Confidential. (Brenner Decl. ISO FamilyCare's Discovery Motions, Ex. 5, line 7 ("Audited Financials").) However, compilations that include CPC's and JCC's financial information and other non-public data may constitute trade secrets and should be de-designated until FamilyCare identifies a specific document and CPC and JCC have an opportunity to explain why the document should be designated AEO or Confidential under the Protective Order.

### 4. Actual and prospective competition between CCOs and providers warrant protection of the information.

FamilyCare contends that much of the information requested is not confidential because genuine competition does not exist among CCOs. (FamilyCare Omnibus Mot., p. 12.) This statement ignores at least four competitive facets of the Medicaid marketplace. First, in some regions such as for JCC, there are multiple CCOs that compete with each other for both providers and members. A CCO's network of providers is an important feature for attracting members. (Taylor Decl., ¶6.) CCOs generate value, savings and health outcomes by negotiating favorable rates and incentive arrangements with providers, as well as by attracting more members. (*Id.*) Accordingly, there is competition among CCOs in the same service region to attract both providers and members.

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 9

3043458/2/DPL/101821-0073

Second, even where CCOs do not overlap in a service region, a prospective CCO is capable of vying for a contract with the State in that region. Data concerning the existing CCO's rates and terms of provider contracts would provide an advantage to enter the marketplace to attract providers and potentially lure members away from an existing CCO to a newly formed CCO. (*Id.,* ¶7.)

Third, as FamilyCare acknowledges, the quality of provider networks is an area where CCOs compete (FamilyCare Omnibus Mot., p. 13), which quality is driven by the confidential negotiated terms and compensation arrangements between the CCO and individual providers. (*Id.,* ¶8.) CCOs build quality of their network by attracting specialty providers (*e.g.,* child neurologist) and a range of other providers that serve the needs of a broad and diverse membership. (*Id.*) In addition, where a CCO is able to attract a large provider group (*e.g.,* a pediatric association), by statute, the members who are active patients with that group also transfer to the receiving CCO. *See* ORS 414.647. The terms and compensation between a CCO and a group of providers would be very useful for other CCOs to use to attract that same group.

Moreover, information concerning terms and compensation for providers and provider groups is not only valuable among competing CCOs, but also between providers within the same CCO for negotiating the terms of their compensation arrangements. (*Id.*) If individual providers receive confidential information concerning the terms and compensation of other providers within the network, they will negotiate to the detriment of the CCO.

Fourth, in order to be eligible for a contract with the State, a CCO must demonstrate sufficient diversity of its provider base and sufficient capacity to serve the diverse needs of its members. (*Id.,* ¶9.) If a CCO loses providers to another CCO or providers decline to join a

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3043458/2/DPL/101821-0073

CCO's network, a CCO may become ineligible to seek a contract with the State. (*Id.*)

Therefore, it is critical for CCO's to attract and retainer a variety of providers and provider

groups.

For all these reasons, competition by and between CCOs, prospective CCOs, and

individual providers for CCOs, support the designation of CCOs' information as AEO or

Confidential.

> **5.    Disclosure of a CCO's confidential information solely because FamilyCare's information was disclosed through no fault of any CCO is punitive.**

FamilyCare seems to argue that other CCO's should suffer disclosure of their confidential

information because OHA disclosed FamilyCare's confidential information. (FamilyCare

Omnibus Mot., pp. 3-14.) This "eye for an eye" rationale is not only punitive to other CCOs, but

unjustified where the CCOs had no connection to the alleged disclosure of FamilyCare's

information. Moreover, FamilyCare has ceased to operate as a CCO which makes its

information less sensitive than for operating CCOs.

> **6.    Although FamilyCare has ceased operations, it could participate in the State bidding process which commences in Fall 2018.**

FamilyCare argues that it should receive the CCOs' confidential information because it

has ceased operations but the next Request for Application (RFA) from the State will be issued

in Fall 2018.[1] (Taylor Decl., ¶10.) In other words, within the next 6-7 months, FamilyCare

could commence the process to compete with other CCOs in the Oregon marketplace. (*Id.*) The

---

[1] Updates and timing regarding the State's RFA process may be found on the OHA web page:
http://www.oregon.gov/oha/HSD/OHP/Contractor%20Workgroups%20CMS%20State%20Alignment%20Meeting/CCO%202.0%20Presentation%20for%20CMS%20Alignment.pdf

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON
CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS
DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 11

3043458/2/DPL/101821-0073

information sought would be invaluable to FamilyCare to respond to the (RFA) and begin to negotiate with providers to join FamilyCare's network. (*Id*.) Moreover, FamilyCare could bid to operate in any one or all of the CCOs' regions.

### 7. FamilyCare's citation to ORS 414.679 to support disclosure of CCOs' confidential information is misplaced.

FamilyCare quotes ORS 414.679 in support of its argument that CCOs must be transparent and should be required to divulge confidential information. (FamilyCare Omnibus Mot., pp. 15-16.) However, the statute has no connection to this dispute because ORS 414.679 concerns the policy to allow use and disclosure of "member information" to enhance the safety, quality and service of health care to "improve the health and well-being of the organization's members." "Member information" is not confidential CCO information. FamilyCare's reliance is misplaced.

### 8. The Protective Order is workable, but FamilyCare has chosen to ignore the process.

FamilyCare chose to file a motion than to identify a document that it contends should not be designated Confidential or AEO. The process required under the Protective Order would work if FamilyCare actually complied with it. By failing to invoke the very process that FamilyCare agreed to undertake in exchange for broad discovery from the CCOs, FamilyCare should be estopped from changing Protective Order.

/ / /

/ / /

/ /

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON
CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS
DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 12

3043458/2/DPL/101821-0073

## III.     CONCLUSION

For all these reasons, FamilyCare's Omnibus Motion to de-designate or down-designate

categories of documents should be denied.

**DATED** this  30th  day of March, 2018.

ATER WYNNE LLP

By: _____

　　Daniel P. Larsen, OSB No. 943646
　　E-mail:  dpl@aterwynne.com
　　Tel:  (503) 226-1191; Fax:  (503) 226-0079
　　Attorneys for Intervenors
　　Columbia Pacific CCO, LLC and
　　Jackson Care Connect

## CERTIFICATE OF COMPLIANCE WITH LR 7-2(b)

This brief complies with the applicable word-count limitation under LR 26-3(b) because it contains 2,991 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 13

3043458/2/DPL/101821-0073

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons, and by e-mail as noted below:

Stephen F. English
Brian P. Samuelson
Alletta S. Brenner
Douglas R. Pahl
Thomas R. Johnson
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
bsamuelson@perkinscoie.com
abrenner@perkinscoie.com
dpahl@perkinscoie.com
*Attorneys for FamilyCare, Inc.*

Matthew A. Levin
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
MattLevin@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com
*Attorneys for Oregon Health Authority*

Matthew P. Gordon
Perkins Coie LLP (Seattle)
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
MGordon@perkinscoie.com
*Attorneys for FamilyCare, Inc.*

Carla Scott
Renee R. Stineman
Oregon Department of Justice
100 S.W. Market Street
Portland, OR  97201
carla.a.scott@doj.state.or.us
renee.stineman@doj.state.or.us
*Attorneys for Patrick Allen*

Elizabeth C. Knight  (Via E-mail Only)
Michael D. Crew  (Via E-mail Only)
Dunn Carney Allen
851 SW 6th Ave Ste 1500
Portland OR 97204
eknight@dunncarney.com
mcrew@dunncarney.com
*Attorneys for AllCare CCO, Inc.*

Anna Sortun
Tonkon Torp LLP
888 SW 5th Ave Ste 1600
Portland OR 97204
anna.sortun@tonkon.com
*Attorney for Cascade Health Alliance, LLC,*
*Western Oregon Advanced Health, LLC,*
*and Umpqua Health Alliance*

CERTIFICATE OF SERVICE

Brian M. Parrott  (Via E-mail Only)
Brian M Parrott LLC
851 SW 6th Ave Ste 1500
Portland OR 97204
brian@bparrott-law.com
*Attorney for PrimaryHealth of Josephine County, LLC*

Frank V. Langfitt, III
Miller Nash Graham & Dunn LLP
111 SW 5th Ave Ste 3400
Portland OR  97204
frank.langfitt@millernash.com
*Attorney for Eastern Oregon Coordinated Care Organization, LLC*

Gregory A. Chaimov  (Via E-mail Only)
Christopher McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Ave, Suite 2400
Portland, OR 97201-5610
gregorychaimov@dwt.com
Christophermccracken@dwt.com
*Attorneys for Health Share of Oregon*

W. Chris Jenkins  (Via E-mail Only)
Tyler G. Jacobsen  (Via E-mail Only)
Samaritan Health Services
2300 NW Walnut Blvd
Corvallis OR 97330
wjenkins@samhealth.org
tjacobsen@samhealth.org
*Attorney for Intercommunity Health Network - Coordinated Care Organization*

Eric A Lindenauer  (Via E-mail Only)
Garvey Schubert Barer
121 SW Morrison St 11th Fl
Portland OR 97204
elindenauer@gsblaw.com
*Attorney for PacificSource Community Solutions*

Joel A. Parker  (Via E-mail Only)
Jeffrey D. Hern  (Via E-mail Only)
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave Ste 1900
Portland OR 97204
jparker@schwabe.com
jhern@schwabe.com
*Attorneys for Trillium Community Health Plan, Inc.*

Arden J. Olson  (Via E-mail Only)
Harrang Long Gary Rudnick PC
360 E 10th Ave Ste 300
Eugene OR 97401
arden.j.olson@harrang.com
*Attorney for Willamette Valley Community Health, LLC*

Peter F. Stoloff  (Via E-mail Only)
Peter F Stoloff PC
5285 Meadows Rd Ste 235
Lake Oswego OR 97035
pstoloff@peterstoloff-law.com
*Attorney for Yamhill Community Care Organization*

DATED this  30th  day of March, 2018.

Daniel P. Larsen, OSB No. 943645
Attorneys for Intervenors
Columbia Pacific CCO, LLC and Jackson Care Connect

CERTIFICATE OF SERVICE