**Daniel P. Larsen**, OSB No. 943645
E-mail:      dpl@aterwynne.com
**ATER WYNNE LLP**
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-3280
Telephone:    (503) 226-1191
Facsimile:    (503) 226-0079

Attorneys for Intervenors
Columbia Pacific CCO, LLC and
Jackson Care Connect

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **PATRICK ALLEN**, in his official capacity as **DIRECTOR OF THE OREGON HEALTH AUTHORITY**, an agency of the State of Oregon,<br><br>            Plaintiff,<br><br>   v.<br><br>**FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>            Defendant.<br><br>––––––––––––––––––––––––––––––––––<br><br>    AND | Case No. 3:18-cv-00212-MO (Lead )<br><br>Case No. 6:18-cv-00296-MO<br><br>**DECLARATION OF ERIN FAIR TAYLOR IN SUPPORT OF INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS** |

DECLARATION ERIN FAIR TAYLOR IN SUPPORT OF INTERVENORS CPC'S AND JCC'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 1

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3050936/1/DPL/101821-0073

**FAMILYCARE, INC.**, an Oregon non-profit corporation,

         Plaintiff,

   v.

**OREGON HEALTH AUTHORITY,** an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority,

         Defendants.

I, Erin Fair Taylor, hereby declare and state as follows:

1.     I am the Chief Legal Officer for CareOregon, which is the sole Member of Intervenors Columbia Pacific CCO, LLC ("CPC") and Jackson County CCO, LLC, d.b.a Jackson Care Connect ("JCC") in the above captioned case. I have personal knowledge of the matters set forth in this declaration, and make this declaration in support of CPC's and JCC's response to FamilyCare, Inc.'s ("FamilyCare") Omnibus Discovery Motions to Oregon Health Authority ("OHA").

2.     I understand that FamilyCare contends that "rate-setting documents" containing individual CCO's total medical expenditures by category of aid and service are too "high-level" to be a trade secret or confidential. However, in general, aggregated information for an individual CCO is not too general to remove its competitive value because the information for a particular service can easily show the negotiated rate for a particular provider. For instance, for certain types of sub-specialty providers within JCC's and CPC's network contracted provider networks, such as a neurologist, there may be only one or two neurologists that provide services

DECLARATION ERIN FAIR TAYLOR IN SUPPORT OF INTERVENORS CPC'S AND JCC'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

Page 2

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3050936/1/DPL/101821-0073

in that network. The aggregate amount for a small group of providers can easily reveal the rates negotiated with those individual providers. This is particularly true of networks for rural CCOs like CPC and JCC that operate in areas where there are few providers of certain subspecialties operating in their service areas.

3.      Negotiated rates and incentive arrangements with providers are one of the most sensitive pieces of information for CCOs which allow CCOs to compete with each other.   For instance if a CCO in a region knows the rate and incentive arrangement negotiated with a particular physician, a CCO may use that information to negotiate with the physician to leave a network and join a different network. When there is more than one CCO in a service area, enrollees frequently opt to enroll with one CCO over another based on which providers participate with the CCO.

4.      One of the documents that was designated "Attorney Eyes Only" by CCOs was the Regional Rate Model, because it contains non-public data from each CCO concerning claims and payments which the State uses to evaluate the amount of risk a CCO encounters from its population in a particular service area for rate setting. This same information could be used by a putative CCO that intends to bid to the State become a CCO in that market, to provide a more competitive solution for a particular market as well as negotiate with providers. It is unclear whether FamilyCare intends to sell its assets or opt to apply again for a CCO Contract in the Oregon Health Authority's RFA for CCO Contracts later this year. Prior to 2012, FamilyCare operated in both CPC and JCC's service areas and could conceivably apply to operate there again. Therefore, even when aggregated data may be sensitive confidential information worthy of a Confidential designation.

DECLARATION ERIN FAIR TAYLOR IN SUPPORT OF
INTERVENORS CPC'S AND JCC'S RESPONSE TO FAMILYCARE,
INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

3050936/1/DPL/101821-0073

5.    Likewise, the Rate of Growth Tool is not a publicly-available document, and could be used by CCOs to gain a competitive advantage.

6.    Competition among CCOs exists in several ways.  First, in some regions such as for JCC, there are multiple CCOs that compete with each other for both providers and members. A CCO's network of providers is an important feature for attracting members.  CCOs generate value, savings, and health outcomes by negotiating favorable rates and incentive arrangements with providers, as well as by attracting more members.  Accordingly, there is competition among CCOs in the same service region to attract both providers and members.

7.    Second, even where CCOs do not overlap in a service region, a prospective CCO is capable of vying for a contract with the State in that region.  Data concerning the existing CCO's rates and terms of provider contracts would provide an advantage to enter the marketplace to attract providers and potentially lure members away from an existing CCO to a newly-formed CCO.

8.    Third, CCOs compete to raise the quality of their provider networks, which quality is driven by the confidential negotiated terms and compensation arrangements between the CCO and individual providers.  CCOs build quality of their network by attracting specialty providers (*e.g.,* pediatric neurologist) and a range of other providers that serve the needs of a broad and diverse membership.   In addition, where a CCO is able to attract a large provider group (e.g., a clinic pediatric association), the members who are active patients with that group also transfer to the CCO.   The terms and compensation between a CCO and a group of providers would be very useful for other CCOs to use to attract that same group.

DECLARATION ERIN FAIR TAYLOR IN SUPPORT OF INTERVENORS CPC'S AND JCC'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS

ATER WYNNE  LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 4

3050936/1/DPL/101821-0073

9.      Fourth, in order to be eligible for a contract with the State, and in order to maintain an existing contract with the State, a CCO must demonstrate sufficient number of providers and sufficient diversity of type of providers in its network to serve the needs of the members enrolled with the CCO.  If a CCO loses providers to another CCO or providers decline to join a CCO's network, a CCO may become ineligible to seek a contract with the State. Therefore, it is critical for CCOs to attract and retain a variety of providers and provider groups.

10.     Although FamilyCare is not currently operating, if it intends to re-enter the marketplace, it could respond to the next Request for Application (RFA) from the State which will be issued in Fall 2018.  In other words, within the next 6-7 months, FamilyCare could commence the process to develop an application to submit to the State to compete with other CCOs in the Oregon marketplace.  The information that FamilyCare seeks to de-designate or down-designate to allow its employees to view would be invaluable to FamilyCare to respond to the RFA and begin to negotiate with providers to join FamilyCare's network.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

**DATED** this 30th day of March, 2018.

_____
Erin Fair Taylor

DECLARATION ERIN FAIR TAYLOR IN SUPPORT OF
INTERVENORS CPC'S AND JCC'S RESPONSE TO FAMILYCARE,
INC.'S OMNIBUS DISCOVERY MOTIONS

Page 5

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DECLARATION OF ERIN FAIR TAYLOR IN SUPPORT OF INTERVENORS COLUMBIA PACIFIC CCO, LLC'S AND JACKSON CARE CONNECT'S RESPONSE TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons, and by e-mail as noted below:

Stephen F. English
Brian P. Samuelson
Alletta S. Brenner
Douglas R. Pahl
Thomas R. Johnson
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
senglish@perkinscoie.com
bsamuelson@perkinscoie.com
abrenner@perkinscoie.com
dpahl@perkinscoie.com
*Attorneys for FamilyCare, Inc.*

Matthew A. Levin
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
MattLevin@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com
*Attorneys for Oregon Health Authority*

Matthew P. Gordon
Perkins Coie LLP (Seattle)
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
MGordon@perkinscoie.com
*Attorneys for FamilyCare, Inc.*

Carla Scott
Renee R. Stineman
Oregon Department of Justice
100 S.W. Market Street
Portland, OR  97201
carla.a.scott@doj.state.or.us
renee.stineman@doj.state.or.us
*Attorneys for Patrick Allen*

Brian M. Parrott  (Via E-mail Only)
Brian M Parrott LLC
851 SW 6th Ave Ste 1500
Portland OR 97204
brian@bparrott-law.com
*Attorney for PrimaryHealth of Josephine County, LLC*

Frank V. Langfitt, III  (Via E-mail Only)
Miller Nash Graham & Dunn LLP
111 SW 5th Ave Ste 3400
Portland OR  97204
frank.langfitt@millernash.com
*Attorney for Eastern Oregon Coordinated Care Organization, LLC*

CERTIFICATE OF SERVICE

Gregory A. Chaimov  (Via E-mail Only)
Christopher McCracken  (Via E-mail Only)
Davis Wright Tremaine LLP
1300 SW Fifth Ave, Suite 2400
Portland, OR 97201-5610
gregorychaimov@dwt.com
Christophermccracken@dwt.com
*Attorneys for Health Share of Oregon*

W. Chris Jenkins  (Via E-mail Only)
Tyler G. Jacobsen  (Via E-mail Only)
Samaritan Health Services
2300 NW Walnut Blvd
Corvallis OR 97330
wjenkins@samhealth.org
tjacobsen@samhealth.org
*Attorney for Intercommunity Health Network - Coordinated Care Organization*

Eric A Lindenauer  (Via E-mail Only)
Garvey Schubert Barer
121 SW Morrison St 11th Fl
Portland OR 97204
elindenauer@gsblaw.com
*Attorney for PacificSource Community Solutions*

Joel A. Parker  (Via E-mail Only)
Jeffrey D. Hern  (Via E-mail Only)
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave Ste 1900
Portland OR 97204
jparker@schwabe.com
jhern@schwabe.com
*Attorneys for Trillium Community Health Plan, Inc.*

Arden J. Olson  (Via E-mail Only)
Harrang Long Gary Rudnick PC
360 E 10th Ave Ste 300
Eugene OR 97401
arden.j.olson@harrang.com
*Attorney for Willamette Valley Community Health, LLC*

Peter F. Stoloff  (Via E-mail Only)
Peter F Stoloff PC
5285 Meadows Rd Ste 235
Lake Oswego OR 97035
pstoloff@peterstoloff-law.com
*Attorney for Yamhill Community Care Organization*

DATED this 30th day of March, 2018.


Daniel P. Larsen, OSB No. 943645
Attorneys for Intervenors
Columbia Pacific CCO, LLC and Jackson Care
Connect

CERTIFICATE OF SERVICE