

**AterWynne** LLP

ATTORNEYS AT LAW

Suite 900
1331 NW Lovejoy Street
Portland, OR 97209-3280
503-226-1191
Fax 503-226-0079
www.aterwynne.com

Daniel P. Larsen
Direct Dial: 503-226-8431
E-Mail: dpl@aterwynne.com

March 16, 2018

**VIA E-MAIL AND FIRST-CLASS MAIL**

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128

> Re:  *FamilyCare, Inc. v. Oregon Health Authority and Patrick Allen*
>      U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

This letter responds to your letters to me dated March 6, 2018, regarding Jackson Care Connect ("JCC") and Columbia Pacific CCO, LLC ("CPC").

JCC and CPC (as they have throughout FamilyCare's litigation with the Oregon Health Authority) remain willing to work with FamilyCare to meet FamilyCare's legitimate need for information while, at the same time, protecting JCC and CPC from disclosure and dissemination of JCC's and CPC's most confidential and competitively-sensitive information. However, your letters neither comply with the Protective Order, dated November 1, 2017 ("Protective Order") nor warrant re-designation of JCC's and CPC's confidential information.

As you know, prior to removal of this proceeding to federal court, the coordinated care organizations (CCOs), including JCC and CPC, intervened in the state court proceeding to protect their confidential information and participate in the crafting of a protective order for that purpose. After several hearings before Judge Armstrong, the Judge crafted and entered the Protective Order. Under section 5.d. of the Protective Order, "[i]f FamilyCare believes a document has been erroneously designated as 'Confidential' or 'Attorney Eyes Only' ..., FamilyCare will send a letter to the appropriate CCO(s) ... requesting re-designation and explaining why the document has been erroneously designated...." While FamilyCare has sent a letter requesting re-designation, FamilyCare has not complied with the Protective Order because it has not identified the document that it requests to be re-designated.[1]  FamilyCare provided only a list of document numbers with no other information about the document. JCC and CPC did not

---

[1] FamilyCare acknowledges in its letter that it has not complied with the Protective Order, by stating that "[t]he existing Protective Order sets out a process for challenging AEO designations requested by the intervening CCOs on a document-by-document basis..." but that "...doing so in this case is problematic...."

ATERWYNNE LLP

Thomas R. Johnson
March 16, 2018
Page 2

label these documents and did not designate them.  We do not know what these documents are or what they contain.  Without more information about the content of the documents that FamilyCare seeks to re-designate, JCC and CPC cannot meaningfully respond to your letter, or explain why a document should or should not be re-designated.  Please produce the documents that FamilyCare seeks to re-designate so that we may substantively respond as permitted by the Protective Order.

Rather than comply with the Protective Order and provide specific documents that FamilyCare seeks to re-designate with specific explanations to support re-designation, FamilyCare objects to the manner used to designate documents and the process used for seeking re-designation.  These objections are aimed at changing the terms of the Protective Order which cannot be accomplished by sending letters to JCC and CPC.  Moreover, given the time and effort devoted by the parties and Judge Armstrong to the Protective Order, FamilyCare should not be entitled to rewrite it now.

Indeed, FamilyCare has received the confidential information, and its expert witnesses have been able to review it.  FamilyCare does not articulate how OHA's designation of the information from JCC and CPC impedes this case.  The fact that FamilyCare may not be currently operating in competition with other CCOs is irrelevant to the designation of the documents because FamilyCare intends to recommence operations.  The State will issue an RFA as early as this Fall 2018, which FamilyCare may respond to with rate bidding information if it wishes to commence operations in 2020.  In addition, without proper designation, JCC's and CPC's confidential information may be disseminated to individuals within FamilyCare who may join other competitive organizations.  Once that happens, JCC and CPC will lose control over where their confidential information may be disclosed.

We understand that FamilyCare intends to file some form of motion to compel or re-designate documents, and possibly change the Protective Order.  JCC and CPC expects to be served with that motion and afforded an opportunity to respond to it.  Please advise if you do intend to serve JCC and CPC with such motion.

Very truly yours,

Daniel P. Larsen

cc:    Matthew Levin, Esq.
       Jackson Care Connect
       Columbia Pacific CCO, LLC

Exhibit 5
3039415/1/DPL/101821-0073
Page 2 of 2