**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

> Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | Case No. 3:18-cv-00212-MO (Leading)<br>Case No. 6:18-cv-00296-MO(Trailing) |
| Plaintiff, | |
| v. | **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS** |
| FAMILYCARE, INC., an Oregon non-profit corporation, | |
| Defendant. | |
| FAMILYCARE, INC., an Oregon non-profit corporation, | |
| Plaintiff, | |
| v. | |

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official
capacity as director of the Oregon Health
Authority,

                                    Defendants.

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 1

I.      FamilyCare has not met its burden of establishing that 25 depositions are necessary and non-cumulative. ..................................................................... 1

II.     This Court should deny FamilyCare's motion to compel production of Optumas's documents because OHA does not control those documents and, regardless, Optumas is complying with FamilyCare's discovery requests. ....................................................................................................... 4

        A.      Background .................................................................................... 4

        B.      Argument ....................................................................................... 5

                1.      OHA lacks possession, custody, or control over Optumas's documents. ............................................................................ 5

                2.      In any event, Optumas is complying with FamilyCare's requests. .............................................................................. 8

III.    OHA takes no position on confidentiality and AEO designations made by the intervenor CCOs. ................................................................................... 9

IV.     OHA should not be required to produce its privileged communications and work product. ............................................................................................ 10

        A.      Background .................................................................................. 10

        B.      No further disclosure is necessary. .............................................. 10

                1.      The documents that OHA disclosed were neither privileged nor work product. ................................................................ 11

                        a.      The documents that OHA disclosed to a reporter were not protected by the attorney-client privilege. ............... 11

                        b.      The documents that OHA disclosed to a reporter were not protected by the attorney work-product doctrine. .................................................................. 13

                2.      OHA did not waive privilege and work-product protections over its undisclosed documents. ......................................... 15

                        a.      The documents that FamilyCare seeks disclosure of do not concern the same "subject matter" as the disclosed documents. ................................................ 16

                        b.      Fairness does not require OHA to disclose its protected documents. ............................................... 17

**PAGE i - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

3.    FamilyCare has not met its burden of establishing a factual
basis for *in camera* review. .................................................................. 18

CONCLUSION ............................................................................................................... 19

**PAGE ii - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
**OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
**MOTIONS**

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Authentec, Inc. v. Atrua Techs., Inc.*,
  No. C 08-1423 PJH, 2008 WL 5120767 (N.D. Cal. Dec. 4, 2008) ..................................... 1

*Calvin Klein Trademark Tr. v. Wachner*,
  198 F.R.D. 53 (S.D.N.Y. 2000) ................................................................... 12, 14

*Doubt v. NCR Corp.*,
  No. C 09-5917 SBA, 2011 WL 3740853 (N.D. Cal. Aug. 25, 2011).................................. 3

*Estate of Nunez by & through Nunez v. Cty. of San Diego*,
  No. 16CV1412-BEN-MDD, 2017 WL 2129915 (S.D. Cal. May 16, 2017) ....................... 3

*Fairbank v. Wunderman Cato Johnson*,
  212 F.3d 528 (9th Cir. 2000) ...................................................................... 7

*Finazzo v. Hawaiian Airlines*,
  No. 05-00524 JMS-LEK, 2007 WL 1425241 (D. Haw. May 10, 2007) ........................ 2, 4

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*,
  415 U.S. 423 (1974)................................................................................. 5, 7

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir. 1985) ..................................................................... 5, 6

*Hickman v. Taylor*,
  329 U.S. 495 (1947)................................................................................ 5, 13

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*,
  357 F.3d 900 (9th Cir. 2004) ......................................................................... 14

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
  No. 3:15-MD-2633-SI, 2017 WL 4857596 (D. Or. Oct. 27, 2017)............................. 14, 15

*In re von Bulow*,
  828 F.2d 94 (2d Cir. 1987)............................................................................ 17

*Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.*,
  No. CV 10-0402 SC NJV, 2011 WL 203675 (N.D. Cal. Jan. 21, 2011)............................ 3

*Martensen v. Koch*,
  No. C-12-05257 JSC, 2013 WL 11316743 (N.D. Cal. June 19, 2013) .......................... 2, 4

*Murray v. Mayo Clinic, No.*,
  CV-14-01314-PHX-SPL, 2016 WL 10646315 (D. Ariz. July 20, 2016) .......................... 13

*North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*,
  110 F.R.D. 511 (M.D.N.C. 1986) .................................................................... 12

**PAGE iii - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
      OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
      MOTIONS**

*Osborne v. Billings Clinic*,
2015 WL 150252 ............................................................................................................ 2

*Pareto v. F.D.I.C.*,
139 F.3d 696 (9th Cir. 1998) ........................................................................................ 8

*Phillips v. C.R. Bard, Inc.*,
290 F.R.D. 615 (D. Nev. 2013)................................................................................ 12, 13

*Roberts v. Legacy Meridian Park Hosp., Inc.*,
97 F. Supp. 3d 1245 (D. Or. 2015) .......................................................................... 12, 13

*Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*,
745 F.3d 343 (9th Cir. 2014) .................................................................................... 18, 19

*San Francisco Health Plan v. McKesson Corp.*,
264 F.R.D. 20 (D. Mass. 2010).................................................................................... 2, 3

*Smith v. Ardew Wood Prod., Ltd.*,
No. C07-5641 FDB, 2008 WL 4837216 (W.D. Wash. Nov. 6, 2008) ................................ 1

*Thykkuttathil v. Keese*,
294 F.R.D. 597(W.D. Wash. 2013) ................................................................................ 2

*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*,
870 F.2d 1450 (9th Cir. 1989) ........................................................................................ 6

*United States v. Richey*,
632 F.3d 559 (9th Cir. 2011) ........................................................................................ 11

*Weil v. Inv./Indicators, Research & Mgmt., Inc.*,
647 F.2d 18 (9th Cir. 1981) .......................................................................................... 17

*WI-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*,
684 F.3d 1364 (Fed. Cir. 2012)..................................................................................... 16

**Statutes and Other Authorities**

28 U.S.C. § 1450................................................................................................................ 7

Fed. R. Ev. 502 ............................................................................................................... 16

Fed. R. Civ. P. 26............................................................................................... 3, 8, 14

Fed. R. Civ. P. 30.............................................................................................................. 1

Fed. R. Civ. P. 34.............................................................................................................. 5

**PAGE iv - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
       OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
       MOTIONS**

## INTRODUCTION

This Court should deny each of FamilyCare's four discovery motions. First, FamilyCare has not met its burden of establishing the need for additional depositions because it has not exhausted other means of discovery or explained why voluminous deposition testimony is necessary. Second, FamilyCare cannot compel OHA to produce its third-party actuary's documents, and regardless, court intervention is premature because the actuary is in the process of reviewing and producing the documents that FamilyCare seeks. Third, OHA takes no position on document designations requested by the Coordinated Care Organizations ("CCOs"), but any order modifying the protective order should preserve OHA's ability to designate as confidential OHA's own confidential documents. Fourth, FamilyCare is not entitled to OHA's privileged and work-product documents. OHA did not waive protection of these documents by revealing non-privileged documents to a reporter in response to a public records request.

## ARGUMENT

**I.    FamilyCare has not met its burden of establishing that 25 depositions are necessary and non-cumulative.**

This Court should not grant FamilyCare leave to take 25 depositions, more than twice the number permitted by the Federal Rules of Civil Procedure. A party must obtain leave of court before taking any deposition that "would result in more than 10 depositions being taken." Fed. R. Civ. P. 30(a)(2)(A)(i). FamilyCare's motion is unripe because it has not yet exhausted any depositions within this presumptive limit. *See, e.g.*, *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *2 (N.D. Cal. Dec. 4, 2008) ("Having taken not a single deposition to date, Atrua cannot possibly know what information it needs but cannot obtain from its 10 permitted depositions."); *Smith v. Ardew Wood Prod., Ltd.*, No. C07-5641 FDB, 2008 WL 4837216, at *1–2 (W.D. Wash. Nov. 6, 2008) ("It is impossible for Defendants to demonstrate that particularized showing in this case because, to date, Defendants have only taken the Plaintiff's deposition. Defendants can at this point only speculate as to what the other nine depositions they are permitted to take by rule will

**PAGE 1 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

reveal."). This lawsuit has been pending for over a year, but FamilyCare has yet to take a single deposition. (Declaration of Matthew A. Levin in Support of Response to FamilyCare's Omnibus Discovery Motions ("Levin Decl.") at ¶ 2)).

In any event, FamilyCare fails to meet its burden of establishing the need for additional depositions. The presumptive deposition limit is designed to emphasize that counsel have a "professional obligation to develop a mutual cost-effective plan for discovery in the case." 1993 Advisory Committee Notes to FRCP 30. The party seeking to exceed the presumptive deposition limit bears the burden of justifying the additional depositions. *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013). To meet its burden, the moving party must make a "particularized showing" that the additional depositions are necessary. *See, e.g.*, *id.*; *Osborne v. Billings Clinic*, 2015 WL 150252, at *2–3; *Martensen v. Koch*, No. C-12-05257 JSC, 2013 WL 11316743, at *1 (N.D. Cal. June 19, 2013). "Generalized" statements of need are insufficient. *Finazzo v. Hawaiian Airlines*, No. 05-00524 JMS-LEK, 2007 WL 1425241, at *3–4 (D. Haw. May 10, 2007).

At a minimum, this particularized showing must identify the additional deponents and what additional information the party seeks to obtain from the additional deponents' testimony that it cannot gather from other sources. *See, e.g.*, *Thykkuttathil*, 294 F.R.D. at 600 (denying motion where defendant "refrained from specifying the identity of the additional witnesses to be deposed or otherwise distinguishing the additional depositions from each other and from those already conducted."); *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) ("[T]he party seeking the additional depositions must specify who is to be deposed and the reasons why their testimony is necessary.").

When considering a motion for leave to take depositions beyond the number permitted by the Federal Rules, a district court should consider, *inter alia*, whether "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;"

**PAGE 2 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

and "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (2).

This Court should deny FamilyCare's motion because it is devoid of any information that would assist the Court in undertaking the appropriate analysis. (*See* FamilyCare's Omnibus Discovery Motions ("Omnibus Motion") at 2.) FamilyCare has not identified the 25 witnesses that it seeks to depose or why such voluminous testimony is necessary and non-cumulative. (*Id.*) Nor has FamilyCare exhausted other forms of discovery, including the ten depositions within the presumptive limit.

FamilyCare relies on generalized characterizations of the rate-setting process as "technical" and "complex" to justify its request for leave to take additional depositions. (Omnibus Motion at 2.) Without citation to authority, FamilyCare also contends that because it has pleaded twelve claims for relief it should be entitled to "about two depositions per claim" or 25 depositions. (*Id.*) But the complexity of the subject matter and number of claims say nothing about the number of depositions necessary under the Federal Rules. Federal courts frequently deny requests for additional depositions in cases with technical or complex subject matter. *See, e.g.*, *San Francisco Health Plan*, 264 F.R.D. at 21 (patent infringement); *Doubt v. NCR Corp.*, No. C 09-5917 SBA, 2011 WL 3740853, at *1 (N.D. Cal. Aug. 25, 2011) (wrongful termination in which defendant relied on "statistical measures of employee productivity" in making termination decision); *Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.*, No. CV 10-0402 SC NJV, 2011 WL 203675, at *1 (N.D. Cal. Jan. 21, 2011) (sale of mortgage loans between financial institutions during height of financial crisis). Further, courts deny requests to take additional depositions even where the plaintiff pleaded numerous claims. *See Estate of Nunez by & through Nunez v. Cty. of San Diego*, No. 16CV1412-BEN-MDD, 2017 WL 2129915, at *1 (S.D. Cal. May 16, 2017) (complaint regarding wrongful death of an inmate that raised twelve claims including federal constitutional claims).

**PAGE 3 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

Further, FamilyCare cannot meet its burden of demonstrating that 25 depositions would be non-cumulative. FamilyCare is not entitled to depose every witness with potentially relevant information. *Martensen*, 2013 WL 11316743, at *1 ("The number of potential witnesses does not justify deposing everyone." (internal citation and alteration omitted)); *Finazzo*, No. 05-00524 JMS-LEK, 2007 WL 1425241, at *3 ("[H]er assertion that she should not have to face trial witnesses and declarants without having first deposed them does not amount to a particularized showing as contemplated by the FRCP."). Because FamilyCare has failed to establish the need for 25 depositions, its motion should be denied without prejudice to refiling once FamilyCare is able to make the particularized showing of need.

**II.     This Court should deny FamilyCare's motion to compel production of Optumas's documents because OHA does not control those documents and, regardless, Optumas is complying with FamilyCare's discovery requests.**

In its second motion, FamilyCare seeks to compel from OHA "tens of thousands of emails" in the possession of OHA's third-party actuary, Optumas. (Omnibus Motion at 3.) FamilyCare's motion to compel fails for two reasons: (1) Optumas's documents are not within OHA's possession, custody, or control; and (2) Optumas is complying with all FamilyCare requests regarding its documents.

**A.     Background**

Optumas is a third-party actuarial firm that provides actuarial services to clients across the country. (*See* https://optumas.com/our-clients/; https://optumas.com/actuarial-services/actuarially-sound-rates/). OHA contracted with Optumas to assist in setting the 2017 and 2018 capitation rates for the CCOs, including FamilyCare. (12/05/12 Personal/Professional Services Contact between Optumas and OHA, Levin Decl., Ex. 1.) OHA's contract with Optumas gave OHA ownership rights over all "Work Product" created pursuant to the contract, but the contract defined "Work Product" to include only documents that Optumas was "required to deliver to OHA" pursuant to the terms of the contract. (*Id.* at

**PAGE 4 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
          **OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
          **MOTIONS**

14.)  The contract does not give OHA any right to possess, own, or control documents unrelated to the contract.  (*See id.*)

Pursuant to FamilyCare's discovery requests to OHA, Optumas has produced, either through OHA or to FamilyCare directly, approximately 80,000 emails.  (01/12/18 letter from Kevin O'Malley to Hon. Sean Armstrong, Levin Decl., Ex. 2) (describing production of Optumas documents).  Nonetheless, FamilyCare has insisted that OHA produce, from Optumas, hundreds of thousands of additional emails that do not constitute "Work Product" under OHA's contract with Optumas.  (*See* Omnibus Motion at 3) (requesting an order compelling OHA to produce all emails covered by protocol outlined in state court order); (01/12/18 O'Malley letter, Levin Decl, Ex. 2) (stating that applying the search terms resulted in "approximately 200,000 records").  In the interest of resolving discovery issues without protracted motion practice, and even though OHA does not have possession, custody, or control of those documents and Optumas is not a party to this litigation, Optumas is reviewing those emails based on search terms suggested by FamilyCare.  (03/02/18 email from Hannah Porter to Douglas R. Pahl, Levin Decl, Ex. 3) (agreeing to protocol).

**B.      Argument**

**1.      OHA lacks possession, custody, or control over Optumas's documents.**

The Federal Rules of Civil Procedure govern a case upon removal.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974).  Federal Rule 34 governs requests for production.  *See* Fed. R. Civ. P. 34.  Rule 34 permits a request for production of documents within "the responding party's possession, custody, or control."  *See* Fed. R. Civ. P. 34(a)(1).  It is black-letter law that Rule 34 does not permit discovery from non-parties, not even the agent of a party.[1]  *Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents."); *see also Hatch v. Reliance Ins. Co.*,

---

[1] OHA takes no position on whether Optumas acted as its agent.

**PAGE 5 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
            **OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
            **MOTIONS**

758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used to discover matters from a nonparty.").

Because Optumas's documents are not within OHA's possession or custody, FamilyCare's only basis for demanding Optumas's documents from OHA is the prospect that OHA may control Optumas's documents.  The Ninth Circuit applies the legal control test, meaning that to be in control of a document, a respondent must have "the legal right to obtain documents upon demand."  *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).  Control must be express, and it is the requesting party's burden to establish control.  *See id.*  Where the responding party and the third party's legal relationship is governed by a written agreement, the court must "look to that document and its interpretation to resolve the issue of control."  *Id.*

Without quoting the operative contract, FamilyCare states "[t]he terms of the OHA-Optumas contract give OHA control over rate-setting-related documents created and possessed by Optumas."  (Omnibus Motion at 3.)  FamilyCare's statement is staggeringly overbroad.  Here, under the contract's express terms, OHA only retained ownership over work product that Optumas was "required to deliver to OHA" pursuant to the contract.  (12/05/12 Optumas contract at 14, Levin Decl, Ex. 1.)  Optumas was not "required to deliver" its internal documents and communications, or its communications with third parties.  (*Id.* at 7.)  The provision of the contract governing Optumas's delivery of documents to OHA required Optumas to:

> Prepare and submit to OHA, in an approved electronic format,
> all Work papers relevant to review Work done, including all
> formulas involved in any calculations and written narratives
> explaining findings and recommendations.

(*Id.*)  The amendments to this contract expanding the statement of work to include rate development did not alter this definition of work product.  (*See* 03/10/16 Amendment No. 5 to contract between Optumas and OHA, Levin Decl., Ex. 4).  Accordingly, OHA has no legal control over Optumas' internal documents and its "rate-setting-related documents" that were

**PAGE 6 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
MOTIONS**

created by Optumas under contracts with other states and third parties. This Court should, therefore, deny FamilyCare's motion seeking an order compelling OHA to produce Optumas' documents.

FamilyCare asserts that this Court must enforce a state court discovery ruling regarding Optumas's documents, which FamilyCare characterizes as "ruling that OHA had legal control over the documents in question." (Omnibus Motion at 3.) But the state court order says no such thing. The state court's order does not make any findings regarding OHA's control of Optumas documents. (Brenner Decl., Ex. 3 at 2.) Rather, it simply requires OHA to produce Optumas documents that are not in OHA's possession. (*Id.*) To the extent that FamilyCare interprets that order to require OHA to produce documents from Optumas that OHA does not own or legally control, FamilyCare's interpretation is without basis in the order.

If FamilyCare's interpretation is correct, however, the state court's order is contrary to the Federal Rules of Civil Procedure and this Court should dissolve it to the extent that it purports to require OHA to produce documents from a third party that OHA has no legal right to possess or control. Federal law provides that upon removal interlocutory discovery rulings of the state court may be "dissolved or modified by the district court." 28 U.S.C. § 1450. As the Supreme Court has stated:

> [O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal. Section 1450 implies as much by recognizing the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal.

*Granny Goose*, 415 U.S. at 437; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (affirming reconsideration of state court summary judgment ruling where federal and state court standards differed).

///

**PAGE 7 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
**OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
**MOTIONS**

As discussed above, applying the legal control test adopted by the Ninth Circuit, OHA lacks control over Optumas' documents that are not "Work Product" pursuant to the contract between OHA and Optumas and, therefore, cannot be compelled to produce those documents. Further, requiring OHA to compel Optumas to collect and manually review tens of thousands of non-responsive emails conflicts with the proportionality concerns embodied in the Federal Rules. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."). Accordingly, this Court should dissolve the state court order, at least to the extent it can be interpreted to require OHA to produce Optumas' documents that OHA does not own or legally control.[2]

> **2.      In any event, Optumas is complying with FamilyCare's requests.**

Even if this Court permits FamilyCare to demand Optumas' documents from OHA, FamilyCare's motion should still be denied. Optumas is in the process of reviewing additional documents based on search terms suggested by FamilyCare. (03/02/18 Porter email, Levin Decl., Ex. 3.) FamilyCare's skeletal motion fails to identify any deficiencies in this process that would necessitate court intervention.

Similarly, to the best of OHA's knowledge, Optumas is in the process of reviewing and producing documents in response to FamilyCare's recently-filed Fifth and Sixth Requests for Production. (Levin Decl. at ¶ 3.) Although FamilyCare vaguely requests an order requiring OHA to produce documents "responsive to FamilyCare's discovery requests," FamilyCare's again fails to explain what exactly is deficient in the discovery process so far. (Omnibus Motion at 3.) FamilyCare's motion is therefore unsubstantiated and premature.

---

[2] Alternatively, if the state and federal standards for legal control and proportionality are substantially similar, the state court's ruling was legally erroneous and need not be enforced. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ("[W]e reject Pareto's argument that the district court was required to follow the decisions of the state court prior to removal, even when those decisions were legally erroneous.").

**PAGE 8 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
          OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
          MOTIONS**

III.    **OHA takes no position on confidentiality and AEO designations made by the other CCOs.**

In its third motion, FamilyCare seeks de-designation of documents designated confidential and AEO by third-party CCOs. (Omnibus Motion at 4.) The protective order entered in state court provided that in response to FamilyCare's pending and future Requests for Production, "any CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as 'Confidential' or 'Attorneys' Eyes Only' under this Protective Order." (Brenner Decl. Ex. 4 at ¶¶ 5(a), (b).) The protective order also required that OHA "abide by any such reasonable request from a CCO to designate a document or type of document as 'Confidential' or 'Attorneys' Eyes Only.'" (*Id.* at ¶ 5(c).) OHA has attempted to abide by the CCOs' requests for designation. (Levin Decl. at ¶ 4.) OHA takes no position on whether the documents designated by the CCOs are or should be protected under the parties' protective order.

To the extent that FamilyCare's motion covers AEO designations made by OHA directly, the motion should be denied as moot. On the same day that FamilyCare filed its motion, OHA agreed to de-designate all documents that FamilyCare claims were erroneously marked AEO by OHA. (*See* 03/16/18 letter from Matthew A. Levin to Thomas R. Johnson Jr, Levin Decl.. Ex. 5.)

With respect to confidentiality designations, while OHA takes no position on the CCOs' designations, any order on the issue of confidentiality designations should leave in place OHA's ability to mark as confidential standard confidential information such as personal financial information, personnel reviews, and non-public phone numbers.

///

///

///

///

PAGE 9 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
        OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
        MOTIONS

IV.    **OHA should not be required to produce its privileged communications and work product.**

A.    **Background**

In response to a public records request by a reporter, OHA disclosed documents and emails related to a communications plan drafted in early 2017.  (Brenner Decl., Ex. 13.)  The draft communications plan was intended to respond to FamilyCare's public criticisms of the rate-setting process.  (*Id.*)  The disclosed documents were communications between various OHA officials, with DOJ attorneys occasionally copied.  (Brenner Decl., Ex. 14.)

OHA does not claim privilege or work-product protections over the released documents.  But FamilyCare now makes a bootstrapping argument, contending that the draft communications plan documents released to the reporter, identified in FamilyCare's Exhibit 14, *were* privileged and work product, that OHA waived that privilege by releasing them, and therefore OHA must also release additional documents, identified by Bates Number in FamilyCare's Exhibit 15, that are also privileged and work product.  Framed slightly differently, FamilyCare tries to frame the released documents as being privileged or work product in an attempt to establish a larger waiver of other privileged and work-product protected documents.  In an effort to resolve the issue, OHA will be producing redacted versions of the documents identified in FamilyCare's Exhibit 15, and expects this supplemental production to be complete prior to the April 6 hearing on this motion.  (Levin Decl. at ¶ 5.)

B.    **No further disclosure is necessary.**

OHA should not be required to reveal its undisclosed, protected information, because contrary to FamilyCare's argument, the documents in FamilyCare's Exhibit 14 that OHA previously disclosed to a reporter were not protected in the first place, and thus this Court need not reach the issue of waiver.  Regardless, the scope of any waiver does not extend to the protected, undisclosed documents identified in FamilyCare's Exhibit 15.  Nor should this Court review the documents in FamilyCare's Exhibit 15, because FamilyCare has not made the factual showing necessary to justify *in camera* review.

PAGE 10 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
            OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY
            MOTIONS

      **1.**      **The documents that OHA disclosed were neither privileged nor work product.**

FamilyCare seeks disclosure of OHA's protected documents by relying on other, previously disclosed documents that FamilyCare argues were similarly protected.  By making this argument, FamilyCare puts itself in the unusual position of arguing that OHA's documents were protected to establish a waiver that it believes entitles it to a broader category of documents.  FamilyCare's argument fails because the documents OHA disclosed to the reporter were not protected in the first place.

      **a.**      **The documents that OHA disclosed to a reporter were not protected by the attorney-client privilege.**

To be protected by the attorney-client privilege, documents must relate to legal advice.  *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (stating rule of attorney-client privilege).  The documents that OHA released to the reporter, compiled in FamilyCare's Exhibit 14, do not relate to any requests for legal advice.  Rather, they consist almost entirely of emails between non-attorney OHA officials discussing how to communicate with the public and the legislature regarding FamilyCare's criticisms of the rate-setting process. (Brenner Decl., Ex. 14.)  Attorneys are occasionally copied on these emails, but are never asked for legal advice. (*See, e.g.*, *id.* at 10, 36.)  Nor do any attorneys provide legal advice in the emails themselves or in the margins of any of the draft documents circulated in these emails. (Brenner Decl., Ex. 14.)

FamilyCare points to several emails in Exhibit 14 that it contends are privileged.  None are.  First, FamilyCare cites to an email in which a non-attorney OHA official asks DOJ attorney Jeffrey Wahl whether there is a "calendar for the discussion" of issues during the dispute resolution process, *i.e.* the parties' January 2017 negotiations over the 2017 rates. (Omnibus Motion at 20 (citing Brenner Decl. Ex. 14 at 95).)  The non-attorney stated that knowing the schedule "might help us plan our communications." (*Id.*)  The attorney responds, "The next meeting that is scheduled with FC [FamilyCare] is Feb 6.  Nothing has been scheduled after that but there is likely to be at least one more meeting.  Then there is the

**PAGE 11 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
                **OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
                **MOTIONS**

possibility of mediation after that." (*Id.*)  Because this exchange merely relayed the contents of unprivileged scheduling communications between OHA and FamilyCare, it was not privileged.  At most, the attorney assisted the non-attorney in communications planning.  But an attorney's assistance in public relations is not privileged if there is no underlying request for legal advice directed at the attorney.  *See Calvin Klein Trademark Tr. v. Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) (rejecting assertion of privilege where counsel assisted "in assessing the probable public reaction to various strategic alternatives"); *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986) (holding that coordination between lawyers and lobbyists was neither legal advice nor request for legal advice and therefore not privileged).

FamilyCare next points to an email in which a non-attorney says to another non-attorney that "after we have reviewed a draft internally" there should be a larger meeting regarding the draft with OHA officials and DOJ attorneys.  (Omnibus Motion at 20 (citing Brenner Decl. Ex. 14 at 46).)  But a conversation about a possible future meeting with an attorney is not itself privileged.  *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 660 (D. Nev. 2013) ("While the memorandum states that the team will meet in the future with [an attorney] to discuss the topic further, this memorandum itself contains no privileged communications.").  FamilyCare may be arguing that the meeting with attorneys in fact happened and that by disclosing the meeting in its release to the reporter, OHA waived privileged as to discussions in the meeting.  This argument fails as well, because acknowledging the existence of a privileged communication does not waive the privilege. *Roberts v. Legacy Meridian Park Hosp., Inc.*, 97 F. Supp. 3d 1245, 1253 (D. Or. 2015) ("The case law is well settled that disclosing the fact that there were confidential communications between a client and his or her attorney—or even disclosing that certain subjects confidentially were discussed between a client and his or her attorney—does not constitute a waiver by partial disclosure.").

///

**PAGE 12 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
            **OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
            **MOTIONS**

FamilyCare points to an email in which Lynne Saxton, former Director of OHA, emails various non-attorney OHA officials, copying four DOJ attorneys, in which Saxton seeks "to clarify next steps" regarding the plan for the dispute with FamilyCare. (Omnibus Motion at 20 (citing Brenner Decl. Ex. 14 at 10).) But each "next step[]" identified in the body of the email is directed to an individual, non-attorney OHA official. (Brenner Decl. Ex. 14 at 10-11.) The only portion of the email directed at the copied attorneys is the following scheduling message: "We will discuss further at our 1:30 call, if not earlier. Again, Carla and Ted, please feel free to step out of the meeting and call my cell." (*Id.*) The email was not itself privileged, because scheduling future meetings with attorneys is not privileged. *See Phillips*, 290 F.R.D. at 660. Nor did its disclosure waive privilege as to discussions at the later meeting, because disclosing the existence of a confidential communication is not waiver. *See Roberts*, 97 F. Supp. 3d at 1253. In fact, parties often include this very information in privilege logs—namely, the date of the communication, the type of communication, the parties involved, and the general subject matter of the communication.

Finally, FamilyCare argues that the documents in Exhibit 14 must be privileged because they "bear the markers of privilege" in that several were erroneously labeled "attorney-client privilege" or "confidential." (Omnibus Motion at 20.) But such a label is irrelevant where the underlying document does not relate to a request for legal advice. *See Murray v. Mayo Clinic, No.*, CV-14-01314-PHX-SPL, 2016 WL 10646315, at *3 (D. Ariz. July 20, 2016) ("[L]abeling a communication as privileged does not automatically protect it."). FamilyCare fails to identify a single privileged communication in OHA's release to the reporter.

> **b.    The documents that OHA disclosed to a reporter were not protected by the attorney work-product doctrine.**

The draft communications plan documents in FamilyCare's Exhibit 14 are similarly not protected as attorney work product. The attorney work-product doctrine was designed to prevent "unwarranted inquiries into the files and mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). Thus, attorney work product prepared "in

**PAGE 13 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

anticipation of litigation" is protected from disclosure. *See* Fed. R. Civ. P. 26(b)(3). Work-product protections apply to strategizing about the conduct of litigation, but do not apply to public relations efforts regarding litigation or the subject matter of anticipated litigation. *Calvin Klein Trademark Tr.*, 198 F.R.D. at 55; *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-MD-2633-SI, 2017 WL 4857596, at *6 (D. Or. Oct. 27, 2017) (applying dual-purpose test). "[I]t is obvious that as a general matter public relations advice, even if it bears on anticipated litigation, falls outside the ambit of protection of the so-called 'work product' doctrine[.] . . . That is because the purpose of the rule is to provide a zone of privacy for strategizing about the conduct of litigation itself, not for strategizing about the effects of the litigation on the client's customers, the media, or on the public generally." *Calvin Klein Trademark Tr.*, 198 F.R.D. at 55.

FamilyCare appears to argue that the "dual-purpose" test for certain attorney work-product documents applied to the disclosed draft communications plan documents. (Omnibus Motion at 23.) Where a document serves both a litigation purpose and a non-litigation purpose, a court applying work-product doctrine should "consider[] the totality of the circumstances and afford[] protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (internal citation and quotation marks omitted).

FamilyCare's argument for application of the dual-purpose test stumbles at the gate because the draft communications plan documents were not work product in the first place. Here, FamilyCare had publicly attacked the rate-setting process and threatened to file suit if OHA did not negotiate with it regarding the 2017 rates. (Brenner Decl., Ex. 13; Brenner Decl., Ex. 14 at 40-41.) The draft communications plan documents in FamilyCare's Exhibit 14 were created to respond to FamilyCare's public criticisms, not to strategize about anticipated litigation. (*See, e.g.*, Brenner Decl., Ex. 14 at 105.) The "Goals" section of the

**PAGE 14 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

draft communications plan lists "[s]howcas[ing] OHA's mission to help Oregon Health Plan members" and "[i]mmediately counter[ing] FamilyCare's misinformation" among its goals. (Brenner Decl., Ex. 14 at 105.)  The draft plan's "Metrics" section lists standard public relations objectives such as making sure that legislators and other CCOs were comfortable with OHA's settlement efforts, and ensuring that Oregon Health Plan members "report[ed] little anxiety or disruption" based on FamilyCare's criticisms.  (Brenner Decl., Ex. 14 at 108.)  Notably absent from the draft communications plan itself, or any of the communications surrounding it, is a discussion of OHA's legal strategy for anticipated litigation with FamilyCare.  (Brenner Decl., Ex. 14).  Thus the documents serve no litigation purpose, and are not protected by the attorney work-product doctrine.

In any event, even if the draft communications plan documents served dual purposes, the focus on non-litigation goals shows that the documents were not created "because of anticipated litigation." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2017 WL 4857596, at *6 (applying dual purpose test and ruling that documents regarding public relations and media strategy were not work product).  Thus, the draft communications plan documents were not protected in the first place and disclosure of them did not constitute a waiver.

### 2.    OHA did not waive privilege and work-product protections over its undisclosed documents.

Even if the draft communications plan documents that OHA revealed to a reporter were privileged or work product, and OHA waived these protections by revealing them, such a waiver would not extend to the undisclosed documents that FamilyCare identifies by Bates

///

///

///

///

///

**PAGE 15 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

Number in its Exhibit 15. Under Federal Rule of Evidence 502(a),[3] a party waives privilege or work-product protections with respect to an undisclosed communication if disclosure of a different document "waives the attorney-client privilege or work-product protection" and "the waiver is intentional;" "the disclosed and undisclosed communications or information concern the same subject matter;" and "they ought in fairness to be considered together." FamilyCare's claims of waiver fail because, as explained below, (1) the undisclosed communications that FamilyCare seeks to compel production of do not all "concern the same subject matter" as the disclosed communications and (2) "fairness" does not compel disclosure of OHA's privileged communications and work product.

> **a.    The documents that FamilyCare seeks disclosure of do not concern the same "subject matter" as the disclosed documents.**

Most of the documents that FamilyCare identifies in its Exhibit 15 do not "concern the same subject matter" as the draft communications plan documents OHA disclosed to a reporter, compiled in its Exhibit 14, and therefore are outside the scope of any waiver. *See* Fed. R. Ev. 502(a). The emails in FamilyCare's Exhibit 14 concern a draft communications plan for responding to FamilyCare's criticisms of the 2017 rates. (Brenner Decl., Ex. 13 (describing context of released documents).) These emails are dated from late December 2016 to middle of February 2017 when the parties negotiated over the 2017 rates, which are now at issue in this lawsuit. (Brenner Decl., Ex. 14.) By contrast, the vast majority of the documents identified in FamilyCare's Exhibit 15 are from March 2016, when FamilyCare disputed the 2015 rate-setting process. (Brenner Decl., Ex. 15; Third Amended Complaint at ¶ 27 (describing March 2016 dispute).) The 2015 rate-setting process is not at issue in this

---

[3] Because FamilyCare exclusively cites FRE 502(a) for the standard regarding waiver, *see* Omnibus Motion at 19 & n.3, it has waived any argument for application of the common-law waiver standard, which may not include a fairness inquiry. *See generally WI-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369 (Fed. Cir. 2012) (discussing application of fairness concerns to pre-litigation disclosures under Ninth Circuit precedent and noting that Ninth Circuit has not squarely addressed the issue). Regardless, no waiver occurred under any standard because the underlying documents were not protected in the first place and, for the reasons discussed below, many of the documents that FamilyCare seeks disclosure of do not concern the same subject matter as the disclosed documents.

**PAGE 16 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

dispute.  Many of the remaining documents FamilyCare seeks to compel production of are from July 2017, after FamilyCare filed this suit.  (Brenner Decl., Ex. 15.)  Those documents do not concern the early 2017 drafts communications plan either; the privilege log description for each document makes no mention of any communications plan.  (Brenner Decl., Ex. 15.)  Because the vast majority of the documents FamilyCare seeks to compel production of do not concern the 2017 draft communications plan that was the subject of the disclosed emails, any waiver would not extend to those documents.

> **b.      Fairness does not require OHA to disclose its protected documents.**

FamilyCare argues that fairness requires this Court to order production of protected attorney-client communications.  (Omnibus Motion at 22.)  FamilyCare contends that it holds the "belief" that OHA secretly communicated with reporters and legislators about FamilyCare and FamilyCare should be able to review OHA's protected communications to confirm this belief.  (*Id.*)  This argument fails for two reasons.  First, fairness only necessitates further disclosure to mitigate the unfairness of the disclosing party selectively using materials to its advantage *in litigation*.  *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (rejecting claims of waiver of undisclosed materials where a disclosure of privileged materials was made "early in the proceedings and was made to opposing counsel rather than to the court"); *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987) ("[W]here, as here, disclosures of privileged information are made extrajudicially and without prejudice to the opposing party, there exists no reason in logic or equity to broaden the waiver beyond those matters actually revealed.").  Here, FamilyCare, not OHA, hopes to use the existence of the communications plan as a sword in litigation; no unfairness thus exists that requires release of additional OHA documents.

Second, proving FamilyCare's theory regarding OHA's purported implementation of the draft communications plan does not require production of OHA's protected documents.  In its Third Amended Complaint, FamilyCare alleges that OHA "implemented its communications plan" through communications "with media and legislative contacts."

**PAGE 17 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
                   **OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
                   **MOTIONS**

(Third Amended Complaint at ¶ 141.)  If FamilyCare's allegations were true, it could obtain discovery regarding those alleged communications with media and legislative contacts, because the media and legislative contacts would be third parties that break any privilege. Notably, no media or legislative contacts appear in the protected communications FamilyCare now seeks to compel from OHA.  After production of over 100,000 non-privileged OHA documents, FamilyCare cannot substantiate its allegations regarding implementation of the draft communications plan, but instead cites its "belief" that such implementation occurred.  (*See* Omnibus Motion at 22. (describing "belief" that communications plan was implemented).)  Fairness does not require extending FamilyCare's wild goose chase by compelling production of OHA's protected documents.

### 3.    FamilyCare has not met its burden of establishing a factual basis for *in camera* review.

Although FamilyCare does not request this relief, FamilyCare's motion should be denied to the extent it requests *in camera* review of the documents identified in Exhibit 15, *i.e.* the documents it seeks to compel OHA to produce.[4]  To justify *in camera* review, the opponent of the privilege must show a "factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (internal citation omitted).  Here, FamilyCare and OHA agree that the documents identified in FamilyCare's Exhibit 15 are privileged, but FamilyCare asserts that OHA waived privilege with respect to these documents by voluntarily disclosing the documents in FamilyCare's Exhibit 14.  As discussed above, the documents in Exhibit 14 were never privileged in the first place, so their disclosure does nothing to affect the protected status of the documents in Exhibit 15.  Regardless, FamilyCare only cites its

---

[4] In its motion, FamilyCare requests *in camera* review of Exhibit 19, not Exhibit 15. Exhibit 19 contains disclosed, non-privileged documents unrelated to the draft communications.  (*See* Brenner Decl., Ex. 19.)  Shortly before the deadline for filing this response, FamilyCare informed OHA that its reference to Exhibit 19, was an error, and that FamilyCare intends to correct this error by filing a supplemental declaration.  (03/30/18 email from Matthew Mertens to Alletta S. Brenner et al., Levin Decl., Ex. 6.)

**PAGE 18 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S**
**OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY**
**MOTIONS**

"belief" and "suspicion" in a connection between the documents in Exhibits 14 and 15, and the case law cited by FamilyCare shows that "belief" and "suspicion" is insufficient. *Rock River Commc'ns, Inc.*, 745 F.3d at 353 ("Rock River's belief that the documents are not privileged appears to be based on little more than unfounded suspicion . . . ."). In any event, OHA will produce the documents in Exhibit 15, with redactions where necessary, obviating the need for *in camera* review. (Levin Decl. at ¶ 5.)   There is no need for this Court to conduct *in camera* review of any documents.

## CONCLUSION

This Court should deny FamilyCare's first, second, and fourth discovery motions. To the extent, FamilyCare's third motion affects confidentiality or Attorney's Eyes Only designations made by OHA, the Court should deny the motion. OHA takes no position on FamilyCare's third motion as it pertains to designations made by the CCOs.[5]

DATED this 30th day of March, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:   */s/ Matthew A. Levin*

David B. Markowitz, OSB No. 742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB No. 003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB No. 903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB No. 077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB No. 076230
LauraSalerno@MarkowitzHerbold.com
*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

[5] Alternatively, if the Court grants OHA's separate motion to dismiss (scheduled to be heard on April 20, 2018), it should deny FamilyCare's first, second, and third motions as moot. If the Court dismisses FamilyCare's claims regarding actuarial soundness, FamilyCare will no longer be in a position to seek additional depositions, information from OHA's third-party actuary, or financial information from third-party CCOs.

**PAGE 19 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**

**PAGE 20 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S OMNIBUS DISCOVERY MOTIONS**