

Matthew A. Levin | Lawyer
MattLevin@MarkowitzHerbold.com

March 16, 2018

**Via Email and U.S. Mail**

Thomas R. Johnson Jr.
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128

Re:     **FamilyCare, Inc. v. Oregon Health Authority, et al.
US District Court of Oregon (Portland Division) Case No. 6:18-cv-00296-MO**

Dear Tom:

I am writing to follow up on FamilyCare's request to de-designate documents from Attorneys' Eyes Only to Confidential or Not Confidential. We completed our review of the 315 examples you provided. We used this information to not only de-designate many of the documents on FamilyCare's list but also identify other documents that might be appropriate for de-designation. Based on this analysis, OHA will agree to de-designate an additional 544 documents. We will provide new images for these documents in the coming week. However, we have a few observations about FamilyCare's list.

First, there are several documents on FamilyCare's list that we believe implicate information the CCO's consider AEO and should remain as such under the current protective order. These include:

OHA_LIT_00233245
OHA_LIT_00233283
OHA_LIT_00233314
OHA_LIT_00233358
OHA_LIT_00233911
OHA_LIT_00233970

P 503.295.3085   F 503.323.9105 | MarkowitzHerbold.com | 1211 SW Fifth Avenue, Suite 3000  Portland, OR 97204

Thomas R. Johnson Jr.
March 16, 2018
Page 2

OHA_LIT_00233978
OHA_LIT_00233981
OHA_LIT_00233982
OHA_LIT_00233988
OHA_LIT_00235313
OHA_LIT_00235320
OHA_LIT_00235521
OHA_LIT_00235528
OHA_LIT_00235539
OHA_LIT_00235784
OHA_LIT_00235888
OHA_LIT_00236507
OHA_LIT_00236761
OHA_LIT_00237870
OHA_LIT_00240666
OHA_LIT_00242989
OHA_LIT_00243009
OHA_LIT_00244581
OHA_LIT_00266305
OPT00003037

Some of these documents also appear to be only marginally responsive to FamilyCare's requests.  For example, OHA_LIT_00233970 appears to involve SNRG reconciliation, a category Matt Gordon of your office considered not responsive in this litigation.  This document also appears to contain data that affects all of the CCOs.  This document was likely marked AEO out of an abundance of caution because of the ambiguity created about its responsiveness and the instructions from the 15 CCOs.

Second, we observed that some documents on FamilyCare's list were already produced without an AEO designation several times over.  Many of the examples FamilyCare provided reflect outlier coding errors that should not prevent FamilyCare from preparing its witnesses.  We will agree documents that are produced in one instance with an AEO designation, but also produced dozens of other times without the designation are not considered by Oregon Health Authority to be AEO.  For example, OHA_LIT_00237428 is a document that FamilyCare complains was designated AEO.  However, it was produced 6 other times without this designation.  Similarly, OHA_LIT_00239527 was produced 19 times without an AEO designation, OHA_LIT_000269498 was produced 29 times without an AEO designation and OPT00002657 was produced 34 times without

Thomas R. Johnson Jr.
March 16, 2018
Page 3

an AEO designation.  It appears from this analysis that the reviewers tasked with determining designations actually got it right the majority of the time, and FamilyCare is only complaining about a handful of documents out of the over 116,000 documents produced by OHA to date.

We also observed that in some cases AEO designations were applied to blank pages which usually reflected signature image files.  Designations on these types of documents have no effect on your witness preparation.  Nonetheless, we propose agreeing that none of these types of documents will be considered confidential.

OHA made a good faith effort to designate its documents according to the protective orders and instructions received from the CCOs in this case.  In large document cases, the more human reviewers and more factors for them to consider will inherently produce inconsistencies.  In this process, OHA's reviewers not only considered responsiveness and privilege, but also 13 different categories of documents all subjectively interpreted by the 15 other CCOs.

As a practical matter, we propose going forward that the parties will agree if there are documents that appear to be designated AEO that are truly inhibiting one of the parties from preparing for deposition that we confer about those documents and try to come to a resolution about the document's designation.  This type of informal agreement can even be resolved during a deposition.

Very truly yours,

Matthew A. Levin

FAMIOR\ 709070