**GREGORY A. CHAIMOV, OSB #822180**
gregorychaimov@dwt.com
**CHRISTOPHER F. MCCRACKEN, OSB #894002**
christophermccracken@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Non-Party Health Share of Oregon

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>PLAINTIFF,<br><br>v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>DEFENDANT. | Case No. 3:18-cv-00212-MO (LEAD)<br>Case No. 6:18-cv-00296-MO<br><br>**DECLARATION OF GREGORY A. CHAIMOV IN SUPPORT OF NON-PARTY HEALTH SHARE OF OREGON'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL DE-DESIGNATION OR DOWN-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS** |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,<br><br>DEFENDANTS. | |

Page 1 – DECL. OF GREGORY A. CHAIMOV ISO HEALTH SHARE OF OREGON'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL

I, GREGORY A. CHAIMOV, hereby declare:

1.      I am one of the attorneys for Non-Party Health Share of Oregon ("Health Share"). I have served as one of Health Share's counsel in relation to litigation between FamilyCare, Inc. ("FamilyCare") and the Oregon Health Authority ("OHA") since 2015.  I make this Declaration based on my personal knowledge and in support of Health Share of Oregon's Response to FamilyCare's Motion to Compel De-Designation or Down-Designation of AEO and Confidential Documents.

2.      The dispute over OHA's payments to FamilyCare—and FamilyCare's efforts to obtain the commercially sensitive information of competitors—has been going on for years.

3.      On or about July 31, 2015, FamilyCare served a First Request for Production of Documents, *FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court Case No. 15CV13782 (July 31, 2015), that sought production of many, if not all, of the documents that FamilyCare now seeks to have de- or down-designated.

4.      In response to a request by FamilyCare under the Oregon Public Records Act for many, if not all, of the documents FamilyCare now seeks to de- or down-designate, Health Share informed OHA that disclosure: "would give FamilyCare unprecedented insight into Health Share's operations.  Disclosure of the requested information could produce a competitive edge for a provider contracting with one CCO, diminish returns of payment innovation and healthy internal competition within the CCO's network, as well as disclose critical insight into any outside party looking to pursue CCO activities within the tri-county region."  OHA did not disclose the records to which Health Share objected.

5.      On July 7, 2017, FamilyCare served a document subpoena on Health Share, which sought Health Share's commercially sensitive information, including data related to capitation rates from 2014 through 2017.  Health Share served objections to the subpoena on July 13, 2017.

6.      FamilyCare served six sets of document requests on OHA requesting documents in OHA's possession including documents containing commercially sensitive information of

Page 2 – DECL. OF GREGORY A. CHAIMOV ISO HEALTH SHARE OF OREGON'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL

Health Share and other CCOs, many, if not all, of the documents FamilyCare now seeks to de- or down-designate.

7.    On August 3, 2017, FamilyCare moved the state court to compel OHA to produce documents.

8.    On August 7, 2017, OHA moved for a protective order to exclude from its production of documents, documents containing the CCOs' commercially-sensitive information.

9.    On August 10, 2017, the CCOs—other than Health Share, which already had standing to appear and object based on its receipt of a third-party subpoena—moved to intervene for the limited purpose of protecting their commercially sensitive and confidential information.

10.    Health Share and the other CCOs filed motions for protective orders blocking discovery in the state court proceeding.

11.    Health Share asserted two main arguments in support of the Protective Order. First, Health Share urged the state court quash the subpoena served on Health Share in its entirety on the grounds that the information FamilyCare sought regarding Health Share and the other CCOs was not relevant to FamilyCare's claims.  Health Share offered the opinion of its actuary, David Neiman (who is submitting a declaration with this Response), that the determination of whether the capitation rates developed by OHA for a particular CCO (*e.g.* FamilyCare) are actuarially sound is not a comparative exercise between CCOs.  FamilyCare does not need data, costs, or member information for other CCOs (such as Health Share) to determine whether its own rates are actuarially sound.  Health Share's second main argument was explained through the declaration of its Director of Finance, Larry Soderberg.  Mr. Soderberg explained why particular documents were commercially sensitive and should not be produced to employees of Health Share's direct competitor, FamilyCare.

12.    When opposing the CCOs' motion to intervene, FamilyCare argued that intervention was unnecessary because FamilyCare had sent the CCOs a draft protective order "under which they would be allowed to designate documents as confidential or Attorney's Eyes

4833-0979-8240v.4 0095765-000004          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Only," and urged that the motion to intervene be "denied in favor of an amended protective order providing [AEO and confidential] protections."

13.      In a supplemental brief filed the day before the September 28, 2017, hearing on document discovery, FamilyCare continued to praise the "robust" protections for the CCO's information that would be contained in the protective order:

> FamilyCare is currently negotiating a protective order with robust protections for documents that the CCOs believe to contain confidential information or trade secrets* * *.   Although an agreement has not been reached on the final form of the protective order as of this submission, FamilyCare believes the parties are close, and has agreed to significant protections, including an Attorneys' Eyes Only provision and an agreement that anyone viewing Attorney's  Eyes Only documents will not do rate-setting work for FamilyCare through the 2020 rate-setting process.

14.      After the September 28, 2017 hearing, the parties and the court continued to work out who could—and could not—see AEO documents.  FamilyCare's employees could not.  And all parties and Judge Armstrong agreed that the information was so sensitive that FamilyCare's actuary or other expert should only see the AEO documents if the actuary or expert did not assist FamilyCare or another CCO in future OHP contract bids or OHP rate-setting proceedings for a period of years.

15.      FamilyCare and Health Share reached an agreement over FamilyCare's subpoena to Health Share.  FamilyCare stayed the subpoena and Health Share stayed the motion for protective order to allow FamilyCare to first review the documents FamilyCare would receive from OHA before seeking documents from Health Share.  Health Share documents and information in OHA's possession were to be subject to the amended Protective Order.

16.      FamilyCare issued a document subpoena to Health Share on January 19, 2018. Health Share served objections to the subpoena on February 2, 2018.

17.      On March 6, 2018, without previous notice, FamilyCare wrote Health Share that at on April 6, 2018, FamilyCare "intends to raise the use of Attorneys Eyes' Only ("AEO") for certain documents produced in discovery in this case."  FamilyCare opined that over-

Page 4 – DECL. OF GREGORY A. CHAIMOV ISO HEALTH SHARE OF OREGON'S RESPONSE TO FAMILYCARE'S MOTION TO COMPEL

4833-0979-8240v.4 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

designations resulted from the CCOs' instructions to OHA. In sending this letter, FamilyCare did not follow the Protective Order's procedures. FamilyCare's letter did not identify any specific documents FamilyCare felt were improperly designated as required by paragraph 5(d) of the Protective Order. FamilyCare did not explain how the alleged over designation hampered FamilyCare's prosecution of its case. FamilyCare did not explain what FamilyCare wanted Health Share (or any other CCO) to do in response to its letter, or what relief FamilyCare intended to seek from the Court on April 6. Submitted with this Declaration as Exhibit 1 is a true and accurate copy of FamilyCare's Letter to Health Share dated March 6, 2018.

18.    Health Share's counsel spoke with FamilyCare's counsel on Tuesday, March 13, 2018, in an effort to understand the scope and nature of FamilyCare's concerns. During that conversation, FamilyCare's counsel stated that FamilyCare would be filing a motion to compel against OHA, that FamilyCare wanted the Court to "explore" the AEO designations, but FamilyCare was still uncertain whether FamilyCare would be filing a motion to amend the Protective Order. Health Share responded with a letter dated March 15, 2018. Submitted with this Declaration as Exhibit 2 is a true and accurate copy of Health Share's response to FamilyCare's letter dated March 15, 2018.

19.    Health Share continued to discuss with FamilyCare the potential for agreeing to mutually acceptable changes to the Protective Order or procedures for reviewing the documents that had been marked AEO. On March 15, 2018, at Health Share's invitation FamilyCare provided Health Share (a) a chart with the categories of documents Health Share had in October 2017 identified for confidentiality designations, and (b) FamilyCare's position as to each category. Submitted with this Declaration as Exhibit 3 is a true and accurate copy of FamilyCare's email with attachment sent to Health Share on March 15, 2018. FamilyCare then filed its Omnibus Discovery Motions without conferring further with Health Share or any other CCO.

20.    On March 26, 2018, Health Share provided FamilyCare with Health Share's

4833-0979-8240v.4 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

views on FamilyCare's concerns about the specific categorical designations and again invited FamilyCare to confer about the issues.  Submitted with this Declaration as Exhibit 4 is a true and accurate copy of Health Share's letter to FamilyCare dated March 26, 2018.  As of the filing of this Response, FamilyCare has not responded to the invitation.

*I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand that this Declaration is made for use as evidence in court and is subject to penalty for perjury.*

DATED this 30th day of March, 2018.

s/ Gregory A. Chaimov
GREGORY A. CHAIMOV

4833-0979-8240v.4 0095765-000004          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax