PERKINSCOIe

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T  +1.503.727.2000
F  +1.503.727.2222
PerkinsCoie.com

March 6, 2018

**Thomas R. Johnson**
TRJohnson@perkinscoie.com
D.  +503.727.2176
F.  +503.346.2176

**VIA EMAIL AND U.S. MAIL**

Gregory A. Chaimov
Christopher McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Ave, Suite 2400
Portland, OR 97201-5610

Re:    **FamilyCare, Inc. v. Oregon Health Authority**
       **US District Court Case No. 6:18-cv-00296-MO**

Dear Health Share of Oregon:

As you are likely aware, the above-captioned case, in which Health Share of Oregon is an intervenor, was recently removed to federal court and consolidated before Judge Mosman in Portland.  Recently, Judge Mosman issued an order setting the schedule for the case, which includes a hearing date of April 6, 2018, for outstanding discovery issues.  One significant discovery issue that FamilyCare intends to raise is the use of Attorney Eyes Only (AEO) designation for certain documents produced in discovery in this case.  Therefore, pursuant to the process in the Protective Order entered by Judge Armstrong on November 1, 2017, FamilyCare hereby provides notice of its concerns with these designations and its intention to raise any unresolved issues with the use of AEO designations by OHA and the CCOs with the Court at that time.

The existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis.  However, doing so in this case is problematic for several reasons.

First, because OHA has not labeled any of the individual documents it has produced as AEO to indicate which CCO requested the designation, it is not always clear to whom FamilyCare's objections should be directed.  Indeed, some documents involve information relating to more than one CCO, and others do not relate to any CCO in particular.

Second, whereas the Protective Order provides a mechanism for resolving one-off disputes, FamilyCare's concerns with the use of AEO designation in this case are far more fundamental and implicate the underlying categorical designations rather than merely individual documents.  To date, OHA has produced over 18,000 documents with AEO designation, and based on FamilyCare's preliminary review of these, it appears that the vast majority fails to meet any criteria whereby such designation would be appropriate.  In some cases, the over-designations

138887376.1

Perkins Coie LLP

**EXHIBIT 1 to Decl. of Chaimov**
**Page 1 of 3**

Gregory A. Chaimov
March 6, 2018
Page 2

appear to result from defects in OHA's method and process of identifying AEO documents. FamilyCare is separately addressing that problem directly with OHA  But many over-designations result from  CCOs' overly expansive positions as to what information is trade secret and therefore  subject to AEO protection, as reflected in the CCO's instructions  to OHA regarding what types of documents should be designated.

Attached is a list of just some of the AEO documents produced by OHA for which FamilyCare believes that designation, and in fact any confidentiality designation, is inappropriate.  However, given the breadth of these issues and the number of documents involved, FamilyCare believes that a more comprehensive process and resolution is required, with a ruling from the Court to provide the parties with greater clarity on the scope of what may be appropriately marked as AEO in this case.

The CCOs have instructed OHA to designate whole categories of documents as AEO on the basis that they may contain information that involves purported trade secrets.  But that approach is fundamentally flawed.  Because it is based on the type of document rather than on the information contained within it, it is inherently prone to over-designation.  Indeed, FamilyCare's review of AEO documents produced thus far has turned up hundreds of examples of cases where documents appear to have been designated not because of their contents, but because of their connection generally to certain subjects relating to these enumerated categories, resulting in egregious over-designation.  For example, as many of the documents on the attached list show, documents have been labeled as AEO even though the information contained within them has been published in other contexts and made available to both other CCOs and the general public.

Moreover, some of the documents for which AEO designation has been sought do not involve *any* confidential or trade secret information.  For example, many CCOs have objected that rate-setting documents containing information on an individual CCO's total medical expenditures by category of aid and service should be treated as a trade secret and marked as AEO.  However, high-level information of that nature is neither a trade secret, nor confidential commercial information within the definition of FRCP 26(c).  For, even assuming for the sake of argument that pricing at the individual provider level *may* constitute a trade secret, aggregated information about expenditures by category lacks sufficient detail to be of any competitive use or value.  To the contrary, information of this nature, which relates to the manner in which public taxpayer dollars are spent by CCOs in the course of administering an important public program, is of a fundamentally public nature and should be disclosed.  Indeed, prior to 2015, OHA published this information online, and even today, other states with similar Medicaid programs routinely do so.

138887376.1

Perkins Coie LLP

**EXHIBIT 1 to Decl. of Chaimov**
**Page 2 of 3**

Gregory A. Chaimov
March 6, 2018
Page 3

Given these issues, FamilyCare believes that to the extent that it is appropriate for any document containing CCO information to be produced subject to a confidentiality designation, the manner of identifying such documents must be more precisely and narrowly defined.  Based on FamilyCare's knowledge of the industry and understanding of how certain information may be used, only three types of CCO information at issue in this case *may* warrant protection on proprietary grounds:

1.  Confidential information relating to pricing for services at the provider-specific level;

2.  Other confidential information relating to the specific terms of provider contracts; and

3.  Detailed CCO financial information that is not otherwise publically disclosed.

Unless there is some other basis for designating a document as confidential (e.g. the presence of protected health information), no document should be marked as confidential unless it (a) contains information from one of these three categories, and (b) it is a document that has not been publically disclosed already in other contexts.  To the extent that the intervening CCOs disagree with this and will not agree to modify their instructions to OHA accordingly, FamilyCare intends to raise this issue with the Court.

Finally, aside from the issue of whether certain documents and information should be subject to any confidentiality designation, recent events also call into question whether AEO designation remains appropriate or necessary at all for the CCO information in question.  As you are likely aware, FamilyCare ceased operating as a CCO on January 31, 2018 and has subsequently begun the process of shutting down its Medicaid managed care business.  Given this turn of events, FamilyCare is no longer a competitor of any CCO in Oregon, and although it hopes to return as a CCO, the earliest it could do so would be in 2020, by which time the information at issue here would be stale and of little use.  As a consequence, because the disclosure of information relating to other CCOS to FamilyCare can no longer be a source of competitive harm to those CCOs, there is little reason to retain the burdensome designation of AEO for those documents and to prevent FamilyCare from being able to aid its counsel in reviewing and analyzing them.

Very truly yours,

Thomas R. Johnson
Encl.
Cc:    Matt Levin

138887376.1
Perkins Coie LLP

**EXHIBIT 1 to Decl. of Chaimov**
**Page 3 of 3**