

Suite 2400
1300 SW Fifth Avenue
Portland, OR  97201-5630

**Gregory A. Chaimov**
503.778.5328 tel
503.778.5299 fax

gregorychaimov@dwt.com

March 15, 2018

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch St, 10th Flr
Portland OR  97209-4128

Re:     *FamilyCare, Inc. v. Oregon Health Authority*,
        U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

This letter follows up on your letter of March 6, 2018, and our telephone conversation Tuesday morning.

As expressed in our March 7, 2018 letter, and as we expressed in our call, after reviewing your March 6, 2018 letter we were not clear on the actions FamilyCare was asking Health Share to take in response to your letter.

Following our call on Tuesday, we now understand FamilyCare intends to file a motion to compel against OHA and, as part of that motion, will ask the Court to, as you described it, "explore" OHA's designation of documents as "Attorneys' Eyes Only."   You also stated that FamilyCare may seek to modify the existing Protective Order Judge Armstrong entered while the case was in state court, but at this point, FamilyCare is not sure whether it will seek to modify the Protective Order.

We thus remain unclear on the specific relief you will be seeking from the Court.

As a precaution, we asked whether you intended your March 6, 2018 letter to trigger the 10-day response time set forth in paragraph 5(d) of the Protective Order.  We had not read your letter that way.  Your letter acknowledges that it is not identifying specific documents as required by the Protective Order.  However, we now understand FamilyCare does intend that your March 6 letter trigger a 10-day response under the Protective Order.

Please, therefore, accept this letter as Health Share's response.

Your letter of March 6 fails to comply with the Protective Order Judge Armstrong entered on November 1.  Judge Armstrong entered that order after months of negotiation between

4840-0500-4895v.2 0095765-000004

Anchorage    New York    Seattle
Bellevue     Portland    Shanghai
Los Angeles  San Francisco   Washington, D.C.    www.dwt.com

EXHIBIT 2 to Decl. of Chaimov
Page 1 of 4

Thomas R. Johnson
March 15, 2018
Page 2

FamilyCare, OHA, and the other coordinated care organizations (CCOs) including Health Share. Judge Armstrong personally crafted some of the language when the parties reached an impasse, including critical language about which employees of FamilyCare, and which of FamilyCare's experts and consultants, could review "AEO" documents, and which could not. The provisions for challenging OHA's "AEO" designations were also carefully crafted by the parties. Paragraph 5(d) provides:

> If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from the receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

Your March 6 letter fails to comply with these requirements. Your letter does not identify any specific documents FamilyCare believes is mis-designated. Although you attach a list of some 300-plus Bates numbers to your letter, you provide only the number. Neither we, Health Share, nor any other CCO to our knowledge, possesses a numbered copy of the actual documents and, therefore, we have no way of evaluating FamilyCare's concern about possible over-designation.

Further, your March 6 letter acknowledges that FamilyCare is not complying with the Protective Order. You state that "[t]he existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis . . ." but that " . . . doing so in this case is problematic . . . ."

It is important to remember that Health Share did not mark any documents as "Confidential" or "Attorneys' Eyes Only". OHA did. Health Share and the other CCOs reviewed FamilyCare's six sets of document requests and, as contemplated by the Protective Order, Health Share and the other CCOs "identified documents or categories of documents" believed to be responsive and appropriate for confidential and AEO designations. To our knowledge OHA has followed the procedures the parties hammered out months ago and designated the documents as confidential and AEO in good faith.

In reflecting on our call and our correspondence, it strikes us that FamilyCare is not seeking to challenge the designation of AEO documents as contemplated by the Protective Order. Instead, FamilyCare's goal is to re-write the Protective Order. This intent seems clear from your March 6

4840-0500-4895v.2 0095765-000004

**EXHIBIT 2 to Decl. of Chaimov**
**Page 2 of 4**

Thomas R. Johnson
March 15, 2018
Page 3

letter, the gist of which is that the Protective Order is unworkable because of the large number of documents designated as AEO.

On behalf of Health Share, we are happy to discuss mutually acceptable amendments to the Protective Order, or any procedure you wish to propose for reviewing whether the "AEO" documents should be re-designated. But at this point you have not proposed any specific language or process. We believe you should do so under the meet and confer requirements of the local rules prior to seeking relief from the Court. FamilyCare, OHA, Health Share and the others CCO(s) cooperated extensively in drafting the current Protective Order and we believe everyone would consider in good faith any specific fix you want to propose to the language of the Protective Order, or procedures for reviewing the designated documents. We owe it to the Court to try prior to filing any motion.

On the merits we disagree with your March 6 letter's suggestion that the three types of CCO information listed in your letter are the only types of information that warrant any protection. The three categories you list are, indeed, commercially sensitive information. Health Share, however, identified additional documents and categories of documents that warrant protection as early as our October 13, 2017 letter. The Protective Order expressly contemplated this process and FamilyCare never objected to the identified documents and categories, until now. You stated in our call on Tuesday that you will respond to us in writing with your specific concerns over the documents and categories of documents listed in our October 13 letter. That seems like a good place to start before FamilyCare seeks relief from the Court. You have also suggested that FamilyCare's exit from the Medicaid market for 2018 eliminates any need to protect Health Share's business information. Health Share respectfully disagrees. As you noted, FamilyCare hopes to return to market. The information FamilyCare is seeking about its direct competitor in the Portland area, Health Share, would give FamilyCare an unfair competitive advantage when it returns.

Finally, in our call you stated that complying with the existing procedures would be a burden on FamilyCare, that the process would be time-consuming, and that you have an approaching trial date. We understand that. We also understand that OHA has designated a large number of documents as "AEO" and that it may difficult for FamilyCare to determine to whom you should address your challenges to the designations. We are happy to work through this with you.

But we ask that FamilyCare also understand that FamilyCare is the plaintiff in this case. FamilyCare has left no stone unturned in its pursuit of discovery including many third-party subpoenas served on its competitors like Health Share and others. We are aware of 12 broad document subpoenas all of which, like the document requests served on OHA, seek sensitive business information. To the extent Family Care's discovery has created a burden for FamilyCare, it is a burden of FamilyCare's creation – one that could be alleviated by seeking

4840-0500-4895v.2 0095765-000004

**EXHIBIT 2 to Decl. of Chaimov**
**Page 3 of 4**

Thomas R. Johnson
March 15, 2018
Page 4

targeted, proportional discovery through requests that avoid imposing undue expense on third parties.

Sincerely,

Davis Wright Tremaine LLP

Gregory A. Chaimov

GAC/rmr

4840-0500-4895v.2 0095765-000004

**EXHIBIT 2 to Decl. of Chaimov**
**Page 4 of 4**