Verified Correct Copy of Original 11/1/2017.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant,<br><br>and<br><br>ALLCARE CCO, INC., an Oregon corporation; CASCADE HEALTH ALLIANCE, LLC, an Oregon limited liability company; COLUMBIA PACIFIC CCO, LLC, an Oregon limited liability company; EASTERN OREGON COORDINATED CARE ORGANIZATION, LLC, an Oregon limited liability company; INTERCOMMUNITY HEALTH PLANS, INC., an Oregon corporation doing business as INTERCOMMUNITY HEALTH NETWORK – COORDINATED CARE ORGANIZATION; JACKSON COUNTY CCO, LLC, an Oregon limited liability company doing business as JACKSON CARE CONNECT; PACIFICSOURCE COMMUNITY SOLUTIONS, an Oregon nonprofit; PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC, an Oregon limited liability company; TRILLIUM COMMUNITY HEALTH PLAN, INC., an | Case No. 17CV09226<br><br>JUDGE:  SEA<br><br>**PROTECTIVE ORDER** |

PAGE 1-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

Oregon corporation; UMPQUA HEALTH ALLIANCE, LLC, an Oregon limited liability company; WESTERN OREGON ADVANCED HEALTH, LLC, an Oregon limited liability company; WILLAMETTE VALLEY COMMUNITY HEALTH, LLC, an Oregon limited liability company; AND, YAMHILL COMMUNITY CARE ORGANIZATION, INC., an Oregon corporation,

Joint Intervenors.

This action concerns information that may be considered confidential, trade secret, proprietary, commercially-sensitive information of the parties and third-parties, or protected health information as that term is defined in 45 CFR §160.103 and 164.501 (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials").

1. All documents, testimony, and other materials produced by the parties and any subpoenaed party and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or any person listed under paragraphs 9(b), (c), or (d) for any business, commercial, or competitive purpose.

3. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the

PAGE 2-    PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**EXHIBIT A**
**Page 2 of 14**

Verified Correct Copy of Original 11/1/2017.

burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. Producing parties, including third parties and subpoenaed parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5. The parties acknowledge and agree that some amount of the third-party information produced by the Oregon Health Authority in this litigation will contain information that other Coordinated Care Organizations ("CCOs") in Oregon may consider confidential or proprietary to them. Thus, to ensure that these other CCOs have adequate opportunity to protect such information, the parties and the CCOs have agreed to the following protocol for third-party information produced by the Oregon Health Authority:

a. The CCOs have received copies of FamilyCare, Inc.'s ("FamilyCare's") first, second, third, and fourth sets of document requests served on the Oregon Health Authority ("OHA"). Within ten (10) days of entry of this Protective Order, any CCO may simultaneously identify, in addition to any documents previously identified, in writing to both OHA and FamilyCare any documents or categories of documents that it believes are appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

PAGE 3-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017

b. FamilyCare will provide the CCOs with any future requests for production of documents it serves on the OHA, on the same date that it serves those requests on OHA. Within ten (10) days of FamilyCare's service of future document requests on OHA, any CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

c. When producing documents to FamilyCare, OHA will abide by any such reasonable request from a CCO to designate a document or type of document as "Confidential" or "Attorneys' Eyes Only." All provisions of this Protective Order will apply to documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5.

d. If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

6. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160. Upon approval by the court the

PAGE 4-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

party shall file the confidential materials under seal, marked as follows or in substantially similar form:

CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.

7. Any portion of a transcript of the deposition of any party or witness in this case in which "Confidential" or "Attorney Eyes Only" information or documents are discussed shall be designated "Confidential" or "Attorney Eyes Only" accordingly. If the designation of the document under discussion as "Confidential" or "Attorney Eyes Only" is withdrawn or successfully challenged, the relevant portion of the transcript shall no longer be considered "Confidential" or "Attorney Eyes Only." If a portion of a transcript designated as "Confidential" or "Attorney Eyes Only" is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5.

8. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, expert reports or files, documents, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, expert reports or files, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

PAGE 5-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

EXHIBIT A
Page 5 of 14

Verified Correct Copy of Original 11/1/2017.

9. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in house counsel.

c. Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be

PAGE 6-   PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

restricted solely to the persons listed in paragraphs 9(a), 9(d), 9(e), 9(f), 9(g) and 9(h), unless additional persons are stipulated by counsel or authorized by the court. Any person listed in paragraph 9(d) shall not be an employee of FamilyCare and the parties agree that any person who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist (1) FamilyCare, (2) any CCO, or (3) any entity who seeks to compete with FamilyCare or a CCO (or who assists such an entity) with Medicaid program rate setting, including contract bids, in Oregon through the rate-setting process for 2021 rates. In addition, any person listed in paragraph 9(d) who receives or reviews "Attorneys Eyes Only" documents or information from another party will not assist any entity who seeks to compete with a CCO-related entity as identified in Exhibit B in the rate region in which the related entity provides services through the rate-setting process for 2018 rates or with contract bidding during 2018. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, the parties present must exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, unless additional persons are stipulated by counsel for the designating party or as authorized by the court. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall

PAGE 7-    PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's or subpoenaed parties' designation must nevertheless abide by that designation until the matter is resolved by agreement or by order of the Court.

11.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's or subpoenaed party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12.    Designation by a party or subpoenaed party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the

PAGE 8-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017

Verified Correct Copy of Original 11/1/2017.

Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

13.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if a party or subpoenaed party discloses privileged information and/or protected trial preparation materials, there will be no waiver of privilege and/or protection. A party or subpoenaed party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other parties (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if a party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

14.    Upon the request of the producing party or subpoenaed party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

PAGE 9-    PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513.1

Verified Correct Copy of Original 11/1/2017.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any person or party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

11/1/17

_____

SEAN E Armstrong

Submitted by:

PERKINS COIE LLP

By: _____

PAGE 10-  PROTECTIVE ORDER

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

**EXHIBIT A**

I, _____ , have been advised by counsel of record for

_____ in FamilyCare, Inc. v. Oregon Health Authority, Case

No. 17CV09226, Marion County, Oregon, of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

PAGE 1- EXHIBIT A TO PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

EXHIBIT B
CCO RELATED ENTITIES
(as of October 18, 2017)

AllCare CCO, Inc
AllCare Health Plan, Inc

Columbia Pacific
CareOregon, Inc.
Greater Oregon Behavioral Health, Inc (GOBHI) Advantage Dental Capitol Dental ODS (Moda)
Willamette Dental

Jackson Care Connect
CareOregon, Inc.
 Advantage Dental
Capitol Dental
ODS (Moda)
Willamette Dental

Trillium Community Health Plan, Inc.*

| | |
|---|---|
| Arizona | Bridgeway Health Solutions, Inc. |
| | Health Net Access, Inc. |
| | Cenpatico of Arizona, Inc. |
| California | California Health and Wellness Plan |
| Florida | Sunshine State Health Plan, Inc. |
| Georgia | Peach State Health Plan, Inc. |
| Illinois | IlliniCare Health Plan, Inc. |
| Iowa | Iowa Total Care |
| Kansas | Sunflower State Health Plan, Inc. |
| Louisiana | Louisiana Healthcare Connections, Inc. |
| Massachusetts | CeltiCare Health Plan of Massachusetts, Inc. |
| Minnesota | Minnesota Complete Health |
| Mississippi | Magnolia Health Plan, Inc. |
| Missouri | Home State Health Plan, Inc. |
| Nebraska | Nebraska Total Care, Inc. |
| Nevada | SilverSummit Healthplan, Inc. |
| New Hampshire | Granite State Health Plan, Inc. |
| New Mexico | Western Sky Community Care |

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

| North Carolina | Carolina Complete Health |
| Ohio | Buckeye Community Health Plan, Inc. |
| Oregon | Trillium Community Health Plan, Inc. |
| Pennsylvania | Pennsylvania Health & Wellness, Inc. |
| South Carolina | Absolute Total Care, Inc. |
| Texas | Superior HealthPlan, Inc. |
| Virginia | Virginia Total Care, Inc. |
| Washington | Coordinated Care of Washington, Inc. |
| Wisconsin | Coordinated Care Corporation, dba Managed Health Services Managed Health Services Insurance Corp. |

* Trillium reserves its right, without waiver, to move to modify this list in the event a closely related entity enters a new state or withdraws from any of the listed states through the rate-setting process for 2018 rates or during contract bidding during 2018.

PAGE 2- EXHIBIT B TO PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL137476513 1

Verified Correct Copy of Original 11/1/2017.

DATED:  October 30, 2017

**PERKINS COIE LLP**

By:    /s/ Brian Samuelson
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff FamilyCare, Inc.

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone:  1.206.359.8000
Facsimile:  1.206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE 1-    EXHIBIT B TO PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045-0001/LEGAL137476513 1

**EXHIBIT A**
**Page 14 of 14**



March 9, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204

Alletta Brenner
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR   97209-4128

RE:    Trillium's Designations Regarding FamilyCare's Sixth RFP to OHA
       *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
       (Eugene Division), Case No. 6:18-cv-00296-MO
       *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
       No. 3:18-cv-00212-MO
       Our File No.:   126360-229340

Dear Counsel:

This law firm represents Trillium Community Health Plan, Inc. ("Trillium") with respect to the above-referenced matters.  We recently received Plaintiff FamilyCare Inc.'s Sixth Set of Requests for Production of Documents to Defendants Oregon Health Authority and Patrick Allen, dated February 27, 2018 ("FamilyCare's Sixth RFP").

Pursuant to paragraph 5.b. of the Protective Order signed by Judge Armstrong on November 1, 2017, and in response to FamilyCare's Sixth RFP, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents, categories of documents, and information designated as "Confidential" or "Attorneys' Eyes Only" in its prior correspondence to counsel dated November 10, 2017, and January 19, 2018.  Enclosed are copies.

To the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

**EXHIBIT B**
**Page 1 of 12**

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Alletta Brenner
March 9, 2018
Page 2

We understand that FamilyCare and OHA agree that the protective orders Judge Armstrong issued when this case was pending in state court, including the protective order referenced above, remain in effect.  If that understanding is incorrect, please notify us immediately so we may take appropriate action to protect Trillium's confidential and protected information.

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachments

cc:    CCO Counsel (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22495717.1

schwabe.com



January 19, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Brian P. Samuelson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

Hanna H. Porter
Gallagher & Kennedy
2575 East Camelback Road, Suite 1100
Phoenix, AZ  85016-9225

RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:  126360-229340

Dear Counsel:

This law firms represents Trillium Community Health Plan, Inc. ("Trillium").  We recently received plaintiff FamilyCare Inc.'s Fifth Set of Requests for Production of Documents to defendant Oregon Health Authority ("OHA").  We also understand that certain Optumas documents responsive to prior requests are now planned for production and that FamilyCare seeks to serve, or has already served, subpoenas on third parties.  To the extent they are implicated in any forthcoming (or past) productions, and pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents and categories of documents and information previously identified to all parties on November 10, 2017.  Enclosed is a copy of Trillium's designations.

Additionally, to the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

**EXHIBIT B
Page 3 of 12**

Brian P. Samuelson
Dallas DeLuca
Hanna H. Porter
January 19, 2018
Page 2

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:    Harry Wilson (*w/Attachments, via e-mail*)
       Laura Salerno Owens (*w/Attachments, via e-mail*)
       CCO Counsel (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22215487.1



November 10, 2017

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Stephen F. English
Matthew P. Gordon
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Matthew A. Levin
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

RE:    Trillium Designations Pursuant to Protective Order
       *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:  126360-229340

Dear Counsel:

With respect to the above-referenced matter, this office hereby provides Trillium Community Health Plan, Inc.'s ("Trillium") response to and designations of confidential and protected documents and information in accordance with the Discovery Order entered October 27, 2017 (the "Discovery Order") and the Protective Order entered November 1, 2017 (the "Protective Order").  Attached hereto are summaries of Trillium's positions on these matters.  Specifically, we used and completed the worksheet previously provided by Oregon Health Authority's ("OHA") counsel with thirteen categories of documents and information.  We added a fourteenth category for OHA or Optumas documents that incorporate or contain confidential or protected information into new documents.  As you will see, the attachments indicate primarily which documents or categories of documents should be not be produced because they do not relate to rate setting process, and which, if produced over Trillium's objections or otherwise, should be designated and marked as "Attorneys Eyes Only" ("AEO") under the terms of the Protective Order.

Even though it has provided this information, Trillium maintains its prior positions that the documents and information within these categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims and due to their confidential, proprietary, and trade secret status and nature.  Trillium, without waiver, is

EXHIBIT B
Page 5 of 12

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 2

merely responding to and complying with the Discovery Order and the Protective Order at this time.

Trillium also does not know how OHA may have copied or transferred the confidential or protected information contained in its documents, or whether OHA created any new documents or materials containing such information.  Therefore, Trillium requests any such copies, transferred information, or new documents, only be produced if designated and marked as AEO.  Trillium is willing and available to work with OHA to facilitate discovery and answer any questions.

In addition, Trillium requests that OHA designate the following additional documents and categories of documents as AEO:

- Any documents, communications, datasets, and the like that include Personal Health Information (PHI), including but not limited to enrollment details and member level risk scores, for Trillium's past and present members.

- Any documents, communications, datasets, and the like that include Trillium's claim level details, regardless of format or source, including all Trillium 837, APAC (All Payer All Claims), supplemental, and any other formats of encounter data.

- All documents, communications, datasets, and the like relating to Trillium, that have been or require transfer between parties via a secure file transfer (SFTP).

- All documents, communications, datasets, and the like relating to Trillium, that have been sent or received via secure email.

- All documents, communications, datasets, and the like that include Trillium's description of payment arrangements, contracted entity names, transformation/innovation projects, and/or internal policies (including without limitation provider names for all inpatient and outpatient analyses for DRG hospitals).

- All documents, communications, datasets, and the like that include Trillium's specific units of encounter or service types, unit costs, and/or provider names, including, without limitation, the masked portions of any Tri-County Regional Rate Model.

- All documents, communications, datasets, and the like that include any form of Trillium's specific breakout of payment types, including but not limited to fee-for-service, sub-capitation, incentive, and/or other payment arrangements.

- All documents, communications, datasets, and the like related to Trillium's base data and/or financial reconciliations and triangulation.

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 3

- All documents, communications, datasets, and the like that include Trillium's specific utilization patterns/rates, inclusive of Trillium's specific case rate models for maternity and bariatric case rates.

- All documents, communications, datasets, printouts, and the like that were provided and/or displayed during Trillium's specific rate setting meetings.

- All documents, communications, datasets, and the like generated and provided by the Trillium's consulting actuaries, inclusive of all documents on the actuary's letterhead.

Trillium also requests that the following documents be listed as confidential:

- All other documents, communications, datasets, and the like that were provided during Trillium's specific rate setting meetings that do not fall under the AEO designations above.

Please let us know if you should have any questions or concerns in these regards. Again, Trillium remains willing and available to assist or answer questions regarding any document production in this case. Thank you for your time and attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:    Renee Stineman (*w/Attachments, via e-mail*)
       Elleanor Chin (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\21672041.1

schwabe.com

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

----------------------------------------------------------------------------------------------------------------------------------------

| Description of Information | DO NOT PRODUCE[1] | Produce Only if Subject to Amended Stipulated Protective Order | Comments |
|---|---|---|---|
| 1. CCO Rate of Growth Tool | | Designate and mark as "Attorney Eyes Only" ("AEO") | |
| 2. Exhibit L - All | | Designate and mark as AEO pursuant to attached spreadsheet. | Some already in public. |
| 3. Supplement Rate Templates | | Designate and mark as AEO. | |
| 4. Claims and Encounter Data Submissions to the State | | Designate and mark as AEO. | |
| 5. State Enrollment Data Including Premius Paid | | Designate and mark as AEO. | Some already in public. |
| 6. MLR Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |

[1] Consistent with its prior positions, Trillium maintains that the documents and information within these thirteen categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims in this action and due to their confidential, proprietary, and trade secret status and nature. Trillium asserts—but will not repeat and restate in this column—this position.

==================================================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order                                       11/10/2017
(CONFIDENTIAL)

**EXHIBIT B**
**Page 8 of 12**

**Attachment**
**Page 1 of 5**

# Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

# OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

-------------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| 7.  Audited Financials | Do not produce – not related to rate setting process and publicly available. | If produced over Trillium's objections, designate and mark as AEO. | Already in public.  Category excluded in Court's 10/27/17 Discovery Order. |
| 8. Actuarial Opinions | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Category excluded in Court's 10/27/17 Discovery Order. |
| 9. SNRG Reconciliation | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Portion of category excluded in Court's 10/27/17 Discovery Order. |
| 10. SB 231 Primary Care Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 11. Any records or detail data that would identify prescription drug prices or rates | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 12. Any records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals, or any other providers | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |
| 13. Supplemental correspondence and exchanges between Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

**EXHIBIT B**
**Page 9 of 12**

==================================================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order                              11/10/2017
(CONFIDENTIAL)

**Attachment**
**Page 2 of 5**

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

------------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| and OHA or its actuary related to the above categories | | | |
| 14. OHA/Optumas documents that include, incorporate, or comment on the above categories and are specific to or concern Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

Trillium's Response to OHA's Worksheet and Provisions of Protective Order          11/10/2017
(CONFIDENTIAL)

**TRILLIUM'S RESPONSE AND DESIGNATIONS**
**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| | Exhibit L Financial Reporting Template | | Designation/Notes |
|---|---|---|---|
| Instructions | | + | |
| L1 | General Information and Certification | + | |
| L2 | Members approaching or surpassing stop-loss deductible | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3 | Restricted Reserves | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.1 | Secondary Reserve Requirement Based on Enrollment Data | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.2 | Secondary Reserve Requirement Based on Historical Expenses | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.3 | Adjusted and Unadjusted Medical Loss Ratios | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L4 | Key Financial Indicators | * | Public |
| L5 | Quarterly Balance Sheet of Corporate Activity | * | Public |
| L6 Guidance | Quarterly Statement of Revenues and Expenses - Guidance | + | |
| L6 Corp | Quarterly Statement of Revenues, Expenses, and Changes in Net Assets - Corporate Total | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6 OHP | Quarterly Statement of Revenues & Expenses - OHP Line of Business | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6.1 Guidance | Quarterly Statement of Administrative and other Non-Benefit Costs - Guidance | + | |
| L6.1 OHP | Quarterly Statement of Administrative and other Non-Benefit Costs - OHP Line of Business | * | Designate and mark AEO |
| L6.2 OHP | Flexible Expenses - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.3 OHP | Case Management - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.4 OHP | Case Management Breakdown - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L7 | Cash Flow Analysis Corporate Activity/Indirect Method | * | Public |
| L8 Guidance | Corporate Relationship of Contractors | + | |
| L8 | Corporate Relationship of Contractors | | Designate and mark AEO |
| L9 | Audited Annual Balance Sheet of Corporate Activity | | Designate and mark AEO |
| L10 | Audited Annual Statement of Revenues, Expenses, & Changes in Net Assets | | Designate and mark AEO |
| L11 Guidance | Disclosure of Compensation - Where to Report - Guidance | + | |
| L11 | Disclosure of Compensation | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L12-L19 | Rate Setting Overview | + | |
| Report L6.3 | Non-Benefit Case Management Services | | Designate and mark AEO |
| Report L12 | Enrollment Validation | | Designate and mark AEO |
| Report L13 | Medical Costs | | Designate and mark AEO |
| Report L14 | IBNR | | Designate and mark AEO |
| Report L15 | Sub-Capitation | | Designate and mark AEO |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider | | Designate and mark AEO |
| Report L17 | Incentive Programs | | Designate and mark AEO |
| Report L17.1 | Quality Pool Payment Breakdown | | Designate and mark AEO |
| Report L17.2 | Other Incentive Payment Breakdown | | Designate and mark AEO |
| Report L18 | Other Payment Arrangements | | Designate and mark AEO |
| Report L18.1 | Other Payments Breakdown | | Designate and mark AEO |
| Report L19 | Financial Overview and Reconciliation of Costs | | Designate and mark AEO |
| Scratch Sheet | Additional Informtion that didn't fit anywhere else | | Designate and mark AEO |

Key
+    Not Proprietary/Confidential
*    Appears on OHA Website

| | SB 231 PrimaryCare Template | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Overview | | + | |
| Report 1a | Commercial Member Months/Commercial Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1b | Medicaid Coordinated Care Member Months/ Medicaid Coordinated Care Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1C | State of Oregon PEBB and OEBB Member Months/PEBB and OEBB Non Claims-Based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1D | Medicare Member Months/ Medicare Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

**EXHIBIT B**
**Page 11 of 12**

(CONFIDENTIAL)

**Attachment**
**Page 4 of 5**

**TRILLIUM'S RESPONSE AND DESIGNATIONS**

**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| | | |
|---|---|---|
| Report 1 Summary | Summary of Reports 1a-1d | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 2 | Explanation of non claims-based expenditures | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 3 | FFS Data Issues | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Report 4 | Certification | + |
| Scratch Sheet | | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |

Key

\+        Not Proprietary/Confidential

| | |
|---|---|
| Medical Loss Ratio Rebate Template | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| 2017 MLR Rebate | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |
| Scratch sheet | Do not produce - not related to rate setting process. If produced, designate and mark as AEO |

**EXHIBIT B**
**Page 12 of 12**

(CONFIDENTIAL)

**Attachment**
**Page 5 of 5**

PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

**T** +1.503.727.2000
**F** +1.503.727.2222
PerkinsCoie.com

March 6, 2018

**Thomas R. Johnson**
TRJohnson@perkinscoie.com
D.  +503.727.2176
F.  +503.346.2176

**VIA EMAIL AND U.S. MAIL**

Joel A. Parker
Jeffrey D. Hern
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave Ste 1900
Portland OR 97204
jparker@schwabe.com
jhern@schwabe.com

**Re:    FamilyCare, Inc. v. Oregon Health Authority**
**US District Court Case No. 6:18-cv-00296-MO**

Dear Trillium Community Health Plan, Inc:

As you are likely aware, the above-captioned case, in which Trillium Community Health Plan, Inc is an intervenor, was recently removed to federal court and consolidated before Judge Mosman in Portland.  Recently, Judge Mosman issued an order setting the schedule for the case, which includes a hearing date of April 6, 2018, for outstanding discovery issues.  One significant discovery issue that FamilyCare intends to raise is the use of Attorney Eyes Only (AEO) designation for certain documents produced in discovery in this case.  Therefore, pursuant to the process in the Protective Order entered by Judge Armstrong on November 1, 2017, FamilyCare hereby provides notice of its concerns with these designations and its intention to raise any unresolved issues with the use of AEO designations by OHA and the CCOs with the Court at that time.

The existing Protective Order sets out a process for challenging those AEO designations requested by the intervening CCOs on a document-by-document basis.  However, doing so in this case is problematic for several reasons.

First, because OHA has not labeled any of the individual documents it has produced as AEO to indicate which CCO requested the designation, it is not always clear to whom FamilyCare's objections should be directed.  Indeed, some documents involve information relating to more than one CCO, and others do not relate to any CCO in particular.

Second, whereas the Protective Order provides a mechanism for resolving one-off disputes, FamilyCare's concerns with the use of AEO designation in this case are far more fundamental and implicate the underlying categorical designations rather than merely individual documents. To date, OHA has produced over 18,000 documents with AEO designation, and based on

138887376.1
Perkins Coie LLP

**EXHIBIT C**
**Page 1 of 10**

Joel A. Parker
Jeffrey D. Hern
March 6, 2018
Page 2

FamilyCare's preliminary review of these, it appears that the vast majority fails to meet any criteria whereby such designation would be appropriate.  In some cases, the over-designations appear to result from defects in OHA's method and process of identifying AEO documents.  FamilyCare is separately addressing that problem directly with OHA  But many over-designations result from  CCOs' overly expansive positions as to what information is trade secret and therefore  subject to AEO protection, as reflected in the CCO's instructions  to OHA regarding what types of documents should be designated.

Attached is a list of just some of the AEO documents produced by OHA for which FamilyCare believes that designation, and in fact any confidentiality designation, is inappropriate.  However, given the breadth of these issues and the number of documents involved, FamilyCare believes that a more comprehensive process and resolution is required, with a ruling from the Court to provide the parties with greater clarity on the scope of what may be appropriately marked as AEO in this case.

The CCOs have instructed OHA to designate whole categories of documents as AEO on the basis that they may contain information that involves purported trade secrets.  But that approach is fundamentally flawed.  Because it is based on the type of document rather than on the information contained within it, it is inherently prone to over-designation.  Indeed, FamilyCare's review of AEO documents produced thus far has turned up hundreds of examples of cases where documents appear to have been designated not because of their contents, but because of their connection generally to certain subjects relating to these enumerated categories, resulting in egregious over-designation.  For example, as many of the documents on the attached list show, documents have been labeled as AEO even though the information contained within them has been published in other contexts and made available to both other CCOs and the general public.

Moreover, some of the documents for which AEO designation has been sought do not involve *any* confidential or trade secret information.  For example, many CCOs have objected that rate-setting documents containing information on an individual CCO's total medical expenditures by category of aid and service should be treated as a trade secret and marked as AEO.  However, high-level information of that nature is neither a trade secret, nor confidential commercial information within the definition of FRCP 26(c).  For, even assuming for the sake of argument that pricing at the individual provider level *may* constitute a trade secret, aggregated information about expenditures by category lacks sufficient detail to be of any competitive use or value.  To the contrary, information of this nature, which relates to the manner in which public taxpayer dollars are spent by CCOs in the course of administering an important public program, is of a fundamentally public nature and should be disclosed.  Indeed, prior to 2015, OHA published this information online, and even today, other states with similar Medicaid programs routinely do so.

138887376.1

Perkins Coie LLP

EXHIBIT C
Page 2 of 10

Joel A. Parker
Jeffrey D. Hern
March 6, 2018
Page 3

Given these issues, FamilyCare believes that to the extent that it is appropriate for any document containing CCO information to be produced subject to a confidentiality designation, the manner of identifying such documents must be more precisely and narrowly defined.  Based on FamilyCare's knowledge of the industry and understanding of how certain information may be used, only three types of CCO information at issue in this case *may* warrant protection on proprietary grounds:

1.  Confidential information relating to pricing for services at the provider-specific level;

2.  Other confidential information relating to the specific terms of provider contracts; and

3.  Detailed CCO financial information that is not otherwise publically disclosed.

Unless there is some other basis for designating a document as confidential (e.g. the presence of protected health information), no document should be marked as confidential unless it (a) contains information from one of these three categories, and (b) it is a document that has not been publically disclosed already in other contexts.  To the extent that the intervening CCOs disagree with this and will not agree to modify their instructions to OHA accordingly, FamilyCare intends to raise this issue with the Court.

Finally, aside from the issue of whether certain documents and information should be subject to any confidentiality designation, recent events also call into question whether AEO designation remains appropriate or necessary at all for the CCO information in question.  As you are likely aware, FamilyCare ceased operating as a CCO on January 31, 2018 and has subsequently begun the process of shutting down its Medicaid managed care business.  Given this turn of events, FamilyCare is no longer a competitor of any CCO in Oregon, and although it hopes to return as a CCO, the earliest it could do so would be in 2020, by which time the information at issue here would be stale and of little use.  As a consequence, because the disclosure of information relating to other CCOS to FamilyCare can no longer be a source of competitive harm to those CCOs, there is little reason to retain the burdensome designation of AEO for those documents and to prevent FamilyCare from being able to aid its counsel in reviewing and analyzing them.

Very truly yours,

Thomas R. Johnson
Encl.
Cc:    Matt Levin

EXHIBIT C
Page 3 of 10

OHA_LIT_00233245
OHA_LIT_00233252
OHA_LIT_00233255
OHA_LIT_00233283
OHA_LIT_00233288
OHA_LIT_00233289
OHA_LIT_00233291
OHA_LIT_00233308
OHA_LIT_00233310
OHA_LIT_00233314
OHA_LIT_00233317
OHA_LIT_00233320
OHA_LIT_00233337
OHA_LIT_00233341
OHA_LIT_00233358
OHA_LIT_00233365
OHA_LIT_00233367
OHA_LIT_00233388
OHA_LIT_00233389
OHA_LIT_00233390
OHA_LIT_00233392
OHA_LIT_00233424
OHA_LIT_00233460
OHA_LIT_00233519
OHA_LIT_00233522
OHA_LIT_00233524
OHA_LIT_00233538
OHA_LIT_00233547
OHA_LIT_00233551
OHA_LIT_00233552
OHA_LIT_00233567
OHA_LIT_00233702
OHA_LIT_00233749
OHA_LIT_00233776
OHA_LIT_00233786
OHA_LIT_00233813
OHA_LIT_00233823
OHA_LIT_00233846
OHA_LIT_00233855
OHA_LIT_00233863
OHA_LIT_00233880
OHA_LIT_00233887
OHA_LIT_00233892
OHA_LIT_00233901
OHA_LIT_00233903
OHA_LIT_00233905
OHA_LIT_00233907

**EXHIBIT C**
**Page 4 of 10**

OHA_LIT_00233909
OHA_LIT_00233911
OHA_LIT_00233913
OHA_LIT_00233915
OHA_LIT_00233916
OHA_LIT_00233918
OHA_LIT_00233920
OHA_LIT_00233922
OHA_LIT_00233924
OHA_LIT_00233926
OHA_LIT_00233928
OHA_LIT_00233970
OHA_LIT_00233978
OHA_LIT_00233981
OHA_LIT_00233982
OHA_LIT_00233984
OHA_LIT_00233988
OHA_LIT_00234038
OHA_LIT_00234040
OHA_LIT_00234068
OHA_LIT_00234156
OHA_LIT_00234163
OHA_LIT_00234164
OHA_LIT_00234233
OHA_LIT_00234247
OHA_LIT_00234248
OHA_LIT_00234340
OHA_LIT_00234341
OHA_LIT_00234354
OHA_LIT_00234355
OHA_LIT_00234357
OHA_LIT_00235256
OHA_LIT_00235257
OHA_LIT_00235259
OHA_LIT_00235313
OHA_LIT_00235320
OHA_LIT_00235327
OHA_LIT_00235328
OHA_LIT_00235330
OHA_LIT_00235331
OHA_LIT_00235333
OHA_LIT_00235334
OHA_LIT_00235336
OHA_LIT_00235337
OHA_LIT_00235339
OHA_LIT_00235340
OHA_LIT_00235342

**EXHIBIT C**
**Page 5 of 10**

OHA_LIT_00235343
OHA_LIT_00235345
OHA_LIT_00235346
OHA_LIT_00235348
OHA_LIT_00235349
OHA_LIT_00235351
OHA_LIT_00235352
OHA_LIT_00235354
OHA_LIT_00235355
OHA_LIT_00235361
OHA_LIT_00235442
OHA_LIT_00235446
OHA_LIT_00235450
OHA_LIT_00235451
OHA_LIT_00235456
OHA_LIT_00235462
OHA_LIT_00235471
OHA_LIT_00235479
OHA_LIT_00235481
OHA_LIT_00235506
OHA_LIT_00235508
OHA_LIT_00235510
OHA_LIT_00235521
OHA_LIT_00235528
OHA_LIT_00235539
OHA_LIT_00235560
OHA_LIT_00235572
OHA_LIT_00235605
OHA_LIT_00235607
OHA_LIT_00235615
OHA_LIT_00235618
OHA_LIT_00235621
OHA_LIT_00235625
OHA_LIT_00235627
OHA_LIT_00235635
OHA_LIT_00235637
OHA_LIT_00235641
OHA_LIT_00235646
OHA_LIT_00235650
OHA_LIT_00235652
OHA_LIT_00235653
OHA_LIT_00235659
OHA_LIT_00235665
OHA_LIT_00235667
OHA_LIT_00235672
OHA_LIT_00235687
OHA_LIT_00235692

**EXHIBIT C**
**Page 6 of 10**

OHA_LIT_00235699
OHA_LIT_00235702
OHA_LIT_00235739
OHA_LIT_00235784
OHA_LIT_00235857
OHA_LIT_00235859
OHA_LIT_00235863
OHA_LIT_00235865
OHA_LIT_00235866
OHA_LIT_00235867
OHA_LIT_00235871
OHA_LIT_00235884
OHA_LIT_00235885
OHA_LIT_00235887
OHA_LIT_00235888
OHA_LIT_00235894
OHA_LIT_00235902
OHA_LIT_00235994
OHA_LIT_00236106
OHA_LIT_00236199
OHA_LIT_00236301
OHA_LIT_00236302
OHA_LIT_00236310
OHA_LIT_00236318
OHA_LIT_00236409
OHA_LIT_00236415
OHA_LIT_00236421
OHA_LIT_00236430
OHA_LIT_00236433
OHA_LIT_00236436
OHA_LIT_00236439
OHA_LIT_00236507
OHA_LIT_00236716
OHA_LIT_00236754
OHA_LIT_00236757
OHA_LIT_00236761
OHA_LIT_00236771
OHA_LIT_00236811
OHA_LIT_00236814
OHA_LIT_00236830
OHA_LIT_00236834
OHA_LIT_00236857
OHA_LIT_00236859
OHA_LIT_00236861
OHA_LIT_00236863
OHA_LIT_00236865
OHA_LIT_00236867

**EXHIBIT C**
**Page 7 of 10**

OHA_LIT_00236869
OHA_LIT_00236871
OHA_LIT_00236873
OHA_LIT_00236875
OHA_LIT_00236877
OHA_LIT_00236989
OHA_LIT_00237055
OHA_LIT_00237085
OHA_LIT_00237108
OHA_LIT_00237115
OHA_LIT_00237117
OHA_LIT_00237237
OHA_LIT_00237243
OHA_LIT_00237249
OHA_LIT_00237254
OHA_LIT_00237302
OHA_LIT_00237303
OHA_LIT_00237432
OHA_LIT_00237811
OHA_LIT_00237813
OHA_LIT_00237815
OHA_LIT_00237817
OHA_LIT_00237819
OHA_LIT_00237821
OHA_LIT_00237823
OHA_LIT_00237825
OHA_LIT_00237827
OHA_LIT_00237829
OHA_LIT_00237831
OHA_LIT_00237833
OHA_LIT_00237835
OHA_LIT_00237837
OHA_LIT_00237839
OHA_LIT_00237846
OHA_LIT_00237848
OHA_LIT_00237870
OHA_LIT_00237877
OHA_LIT_00237882
OHA_LIT_00238086
OHA_LIT_00238121
OHA_LIT_00239527
OHA_LIT_00240666
OHA_LIT_00240941
OHA_LIT_00240944
OHA_LIT_00240951
OHA_LIT_00241591
OHA_LIT_00242959

**EXHIBIT C**
**Page 8 of 10**

OHA_LIT_00242989
OHA_LIT_00243009
OHA_LIT_00243016
OHA_LIT_00244528
OHA_LIT_00244581
OHA_LIT_00245407
OHA_LIT_00245603
OHA_LIT_00245608
OHA_LIT_00245682
OHA_LIT_00247476
OHA_LIT_00250119
OHA_LIT_00254847
OHA_LIT_00254896
OHA_LIT_00262334
OHA_LIT_00262944
OHA_LIT_00262947
OHA_LIT_00262954
OHA_LIT_00262981
OHA_LIT_00262994
OHA_LIT_00263462
OHA_LIT_00263906
OHA_LIT_00263910
OHA_LIT_00263915
OHA_LIT_00263992
OHA_LIT_00266305
OHA_LIT_00266311
OHA_LIT_00269117
OHA_LIT_00269139
OHA_LIT_00269498
OHA_LIT_00271423
OHA_LIT_00271438
OHA_LIT_00273345
OHA_LIT_00281961
OHA_LIT_00281964
OHA_LIT_00286406
OHA_LIT_00287432
OHA_LIT_00289028
OHA_LIT_00289346
OHA_LIT_00291581
OHA_LIT_00303835
OPT00000086
OPT00000288
OPT00001173
OPT00001201
OPT00001338
OPT00001663
OPT00001738

EXHIBIT C
Page 9 of 10

OPT00001862
OPT00001899
OPT00001908
OPT00001911
OPT00001952
OPT00002253
OPT00002256
OPT00002259
OPT00002266
OPT00002458
OPT00002657
OPT00002896
OPT00003037
OPT00003291
OPT00003297
OPT00003299
OPT00003597
OPT00003599
OPT00003604
OPT00003654
OPT00003656
OPT00007056
OPT00007067
OPT00007075
OPT00007077
OPT00007313
OPT00007436
OPT00007437
OPT00007444
OPT00007458
OPT00007831
OPT00008271
OPT00008282
OPT00008293

**EXHIBIT C**
**Page 10 of 10**



March 16, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA E-MAIL AND FIRST CLASS MAIL**

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128

RE:    *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
         (Eugene Division), Case No. 6:18-cv-00296-MO
         *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
         No. 3:18-cv-00212-MO
         Our File No.:   126360-229340

Dear Mr. Johnson:

This law firm represents Trillium Community Health Plan, Inc. ("Trillium") with respect to the above-referenced matters.  We are in receipt of your letter of March 6, 2018, and respond to matters raised therein.

As an initial matter, Trillium and other CCOs were expressly granted intervener status in the underlying state court case, *FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17CV09226 (the "State Court Action"), and are therefore parties in the above-referenced federal court proceedings.  We understand you do not object to Trillium's and other CCOs' status in that regard.  We also understand that you agree any State Court Action protective order, including Judge Armstrong's Protective Order signed November 1, 2017 (the "Protective Order"), remains in effect in the federal court proceedings pursuant to 28 U.S.C. § 1450.  Attached is a copy of the Protective Order, which is pertinent to your March 6 letter.

Your March 6 letter fails to comply with the Protective Order, which contains notice provisions relating to challenging designations that have not been followed.  It seems FamilyCare seeks to bypass such terms of the Protective Order and, instead, re-litigate them over four months later.  As you know, the Protective Order was the product of months-long negotiations and compromises among the parties, as well modifications and final approval by Judge Armstrong following extensive briefing and argument.  The categories of confidential and Attorney Eyes

**EXHIBIT D**
**Page 1 of 3**

Thomas R. Johnson
March 16, 2018
Page 2

Only ("AEO") documents and information were part of this exhaustive process and, in Trillium's case, have been known to FamilyCare since November 10, 2017.  Attached is a copy of Trillium's designations.  The CCOs, including Trillium, explained during the State Court Action and related conferrals why such materials and information are highly confidential, proprietary, and trade secrets.

Your letter fails to identify Trillium-specific documents and explain why any such documents have been erroneously designated.  Your letter also does not explain how any specific designations adversely affect FamilyCare's prosecution of its claims.  Trillium maintains its prior positions that the documents and information designated by it should not be discoverable and should not be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims.  In addition, your letter is untimely given that FamilyCare has known about—and not objected to—Trillium's designations for over four months.

Under the terms of the Protective Order, Paragraph 5d sets forth a process for challenging designations.  Each CCO is entitled to a letter from FamilyCare regarding claims of erroneous designation of documents.  In this case, FamilyCare sent a form letter to all of the CCOs, without identifying any specific documents designated by a particular CCO, including Trillium.

The manner in which FamilyCare has identified 300-plus documents in your letter does not allow Trillium to respond to FamilyCare.  Trillium does not have access to those documents.  If FamilyCare can provide Trillium with specific documents about which FamilyCare has complaints, then Trillium can respond.  Trillium does not believe that providing full copies of those documents would be appropriate since this could expose confidential or AEO documents of other CCOs to Trillium in violation of the Protective Order.

By your letter, FamilyCare contends that since it has begun to withdraw from the Oregon markets, protections are no longer required for other CCOs' AEO and confidential information.  That is not accurate.  The withdrawal, in fact, may exacerbate the potential for competive harm since FamilyCare personnel, whom you contend should have access to such sensitive documents and information, could go to work for a Trillium competitor.  The need for the protections has not been eliminated, or diminished, by this circumstance.

Finally, since it appears that FamilyCare is attempting to re-litigate the Protective Order, Trillium reserves its rights to argue that FamilyCare is not entitled to any of Trillium's documents or information provided to OHA on any grounds.  Trillium also adopts and incorporates arguments raised in other CCOs' responses to similar March 6 letters from you, as the CCOs appear to be broadly aligned as to the deficiencies in FamilyCare's newly stated positions on the CCO designations.

**EXHIBIT D**
**Page 2 of 3**

schwabe.com

Thomas R. Johnson
March 16, 2018
Page 3


If you should have any questions, please do not hesitate to contact us.  Thank you.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachments

cc:     CCO Counsel (*via e-mail*)
        Matthew A. Levin (*via e-mail*)
        Joel Parker (*via e-mail*)

PDX\126360\229340\JED\22533076.3

## Hern, Jeffrey D.

| | |
|---|---|
| **From:** | Samuelson, Brian P. (Perkins Coie) <BSamuelson@perkinscoie.com> |
| **Sent:** | Sunday, March 18, 2018 7:20 PM |
| **To:** | pstoloff@peterstoloff-law.com; anna.sortun@tonkon.com; Parker, Joel; Hern, Jeffrey D.; arden.j.olson@harrang.com; elindenauer@gsblaw.com; dpl@aterwynne.com; frank.langfitt@millernash.com; eknight@dunncarney.com; mcrew@dunncarney.com; wjenkins@samhealth.org; tjacobsen@samhealth.org; Chaimov, Gregory (gregorychaimov@dwt.com); McCracken, Chris (chrismccracken@DWT.COM); mattlevin@markowitzherbold.com; harrywilson@markowitzherbold.com; LauraSalerno@MarkowitzHerbold.com; BrittanySimpson@MarkowitzHerbold.com |
| **Cc:** | Johnson, Thomas R., Jr. (Perkins Coie); Brenner, Alletta S. (Perkins Coie); Mertens, Matthew (Perkins Coie); Pahl, Douglas (Perkins Coie) |
| **Subject:** | FamilyCare v. OHA - FamilyCare's Discovery Motions |
| **Attachments:** | FamilyCare's Discovery Motions.pdf |

Counsel –

Attached are FamilyCare's discovery motions in this case, filed on Friday.  The supporting declarations are too big to attach by PDF; links will follow on Monday.

Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
F. +1.503.346.2170
E. BSamuelson@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

1

**EXHIBIT E**
**Page 1 of 1**