**Brian M. Parrott, OSB No. 013760**
**Email: brian@bparrott-law.com**
Brian M. Parrott, LLC
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: 503-607-2715
Fax:  503-607-2701

Attorneys for Non-Party PrimaryHealth of
Josephine County, LLC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PATRICK ALLEN**, in his official capacity as
DIRECTOR OF OREGON HEALTH
AUTHORITY, an agency of the State of Oregon,

Plaintiff,

v.

**FAMILYCARE, INC.**, an Oregon non-profit
corporation,

Defendant.

---

**FAMILYCARE, INC.**, an Oregon non-profit
corporation,

Plaintiff,

v.

**No. 3:18-cv-00212-MO (LEAD)**
**No. 6:18-cv-00296-MO**

**NON-PARTY PRIMARYHEALTH OF
JOSEPHINE COUNTY, LLC'S
RESPONSE TO FAMILYCARE, INC.'S
MOTION TO COMPEL DE-
DESIGNATION OF AEO AND
CONFIDENTIAL DOCUMENTS**

Page 1      NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S
RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-
DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as Director of the Oregon Health Authority,

Defendants.

## INTRODUCTION

PrimayHealth of Josephine County, LLC. ("PimaryHealth") is a coordinated care organization that contracts with the State of Oregon to provide Medicaid services to enrollees in the Oregon Health Plan living in Josephine County and parts of Jackson and Douglas Counties. Last Fall, PrimaryHealth, along with thirteen other CCOs (the "CCOs"), intervened in the state court action, *FamilyCare, Inc. v. Oregon Health Authority,* Marion County Circuit Court Case No. 17CV09226, after FamilyCare, Inc. ("FamilyCare") served broad Requests for Production on Oregon Healthy Authority ("OHA"), seeking, in part, financial and confidential information which the CCOs had previously provided OHA. In order to protect this confidential and proprietary information, PrimaryHealth and the other CCOs intervened in the case and attended numerous court hearings in Salem, and for months worked with the parties, and the Court to achieve a fair and workable form of protective order. When OHA, FamilyCare and the CCOs could not agree on a few final points of the Protective Order, Marion County Circuit Court Judge Armstrong provided assistance and entered a protective order on November 1, 2017 (the "Protective Order"). Even prior to the entry of the Protective order, on October 6, 2017, PrimaryHealth provided instructions to OHA explaining in detail the kinds of information and documents requiring protection under the Protective Order.

Page 2    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

Now, FamilyCare seeks to modify the Protective Order and unwind the efforts of the parties, the intervenors, and Judge Armstrong, by moving to "de-designate or down-designate" the CCOs' Attorney's Eyes Only ("AEO") and confidential information designations. *See* FamilyCare's Omnibus Discovery Motion at 1 & 4 (ECF No. 30) (the "Motion"). The Court should deny FamilyCare's Motion. In the interest of efficiency and avoiding duplication, PrimaryHealth joins in Non-Party Health Share of Oregon's Response to FamilyCare's Motion to Compel De-Designation or Down-Designation of AEO and Confidential Documents ("Health Share's Response") and incorporates Health Share's arguments herein, but addresses a few points below to emphasize why the Court should deny FamilyCare's Motion to modify the protections and/or the processes outlined in the Protective Order.

## ARGUMENT

### A.    FamilyCare Failed to Confer in Good Faith with PrimaryHealth Prior to Filling it's Motion.

On March 6, 2018, FamilyCare sent a letter to many of the CCOs purporting to raise issues regarding the designation of document[1]; however, it was not until March 14, 2018 that FamilyCare sent the letter to PrimaryHealth. Parrott Decl. Ex. 5. FamilyCare then filed its motion on March 16, 2018; merely two days after the letter to PrimaryHealth. Although counsel for FamilyCare and PrimaryHealth had a phone conversation on March 14, it was not a proper conferral regarding the

///

---

[1] The letter sent by FamilyCare did not comply with the requirements of the Protective Order regarding notice of document for which FamilyCare sought to challenge designations. See Health Share Response pg. 7

Page 3    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

issues. Parrott Decl. ¶ 9. The Court should not weigh in on the dispute until the parties have had a reasonable opportunity to resolve the issues.

**B.    FamilyCare Created the Need for and Stipulated to the Designation and Challenge Process in the Protective Order.**

The reason the CCOs intervened was for the purpose of protecting their confidential and trade secret information that FamilyCare sought directly from OHA. Parrott Dec ¶ 3. FamilyCare could have subpoenaed the information directly from the CCOs, but chose not to. Had FamilyCare served PrimaryHealth with a third-party subpoena, PrimaryHealth would have had standing to seek protections for the requested information. By seeking the information from OHA, FamilyCare created a complicated situation requiring intervention in the state court proceeding and requiring the CCOs to instruct OHA regarding which documents to produce and the type of information needing AEO or Confidential designations.

In effort to resolve the CCOs concerns, FamilyCare sent the CCOs a proposed amended stipulated protective order that provided an opportunity to identify the "types of information" that OHA should designate as either Confidential or Attoney's Eyes Only. Parrott Decl. Exhibit 1, p.3 lines 5-8. While the CCOs and FamilyCare were not able to agree on the terms of the order to enter it as a stipulated order, the designation and challenge process were not the areas on which the Judge Armstrong's intervention was requested. Parrott Decl. ¶ 5.

PrimaryHealth understands that FamilyCare has requested a vast amount of information, some of which PrimaryHealth maintains is not necessary for FamilyCare to prove its claims, see B. below. However, that is an issue of FamilyCare's making. FamilyCare created the need for

///

Page 4    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

the protective order, proposed the terms and process and should not now be allowed to modify those terms.

### C.    PrimaryHealth Has Not Over Designated Document to be Identified as AEO.

FamilyCare's contention that the CCOs' "instructions to OHA are overbroad and encompass numerous documents and categories that are ineligible for designation," is unfounded. PrimaryHealth took great care to identify documents worthy of designation. In doing so, it provided information to OHA that, in some cases, included direction to the sheet level of an entire Microsoft Excel workbook. Parrott Decl. ¶ 6, and Ex. 3. In many cases, PrimaryHealth requested no protections.

Prior to the March 14 letter to PrimaryHealth, FamilyCare raised no objections to the categories of document to be designated nor to the specific designations of PrimaryHealth. Even in the March 14 letter, FamilyCare raises no specific objections to the designations requested by PrimaryHealth, but instead only makes broad allegations of over designation. If FamilyCare thinks that PrimaryHealth has been unreasonable in its requests to OHA regarding designations, FamilyCare should confer with PrimaryHealth regarding its specific concerns, not raise vague allegations of impropriety.

### D.    FamilyCare Has Not Demonstrated a Substantial Risk of Prejudice if PrimaryHealth is Allowed to Request OHA Designate Documents as AEO.

The basis of FamilyCare's complaint is that FamilyCare's rates as determined by OHA were actuarially unsound. *See, inter alia,* Third Amended Compliant (ECF No 1-1) pp. 504-816 at ¶¶ 4, 25, and 60. Actuarial soundness is a federal standard imposed regulations that make clear that "actuarially sound" rates must be calculated with respect to the "population covered under the

Page 5    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S
RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-
DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

terms of the contract." 42 C.F.R. § 438.4, 42 C.F.R. § 438.5(c)(1) ("States must provide all the validated encounter data, FFS data (as appropriate), and audited financial reports (as defined in § 438.3(m)) that demonstrate experience *for the populations to be served* by the MCO, PIHP, or PAHP to the actuary developing the capitation rates")(emphasis supplied).

While there are no cases applying 42 C.F.R. § 438.4 or 438.5 that discuss whether "actuarially sound" rates must account for population-specific factors, cases discussing other sections of this Subchapter reinforce the plain language of these regulations, namely, that "actuarially sound" rates are determined by, *inter alia*, the population served. *See Crabtree v. Goetz*, No. 3:08-0939, 2008 U.S. Dist. LEXIS 103097, at *49 (M.D. Tenn. Dec. 18, 2008) ("Applicable federal regulations require States to pay "actuarially sound" rates, 42 C.F.R. § 438.6(c)(1), meaning that the rates must be actuarially certified as appropriate for the populations and services under the contract"); *G. v. Haw., Dep't of Human Servs.*, 676 F. Supp. 2d 1006, 1023-24 (D. Haw. 2009) ("Capitation rates are actuarially sound when, among other things, they "[a]re appropriate for the populations to be covered, and the services to be furnished under the contract."); *Clayworth v. Bonta*, 295 F. Supp. 2d 1110, 1124-25 (E.D. Cal. 2003) (rev'd on other grounds) ("The plain meaning of this regulation is that to be 'actuarially sound' a rate must be based on the demographics of the area to be served and the services provided there.).

All FamilyCare's claims regarding rates (second, third, fourth, and fifth claims for relief) specifically refer to the actuarially soundness of the rates at issue. Health Share has asserted that FamilyCare does not need information from other CCOs to determine whether its rates are actuarially sound. Health Care's Response p. 14. The argument is even more relevant as it applies to PrimaryHealth since PrimaryHealth's contract area is in a completely different part of the state.

Page 6    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S
RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-
DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

Because the actuary soundness is based on the population to be served under the contract, the only population at issue is FamilyCare's population.  Detailed inquiry into the rates of CCOs outside the FamilyCare population is not necessary.  To the extent that information regarding CCOs outside FamilyCare's contracted population is relevant and necessary, data at the regional level should be sufficient and specific details from the CCOs should not be necessary.

**E.      Unless FamilyCare Can Identify Specific Document Related to PrimaryHealth that FamilyCare Alleges Have Been Over Designated, FamilyCare Should Address the Issues with OHA.**

To the extent OHA has over-designated documents, that is an initial issue between OHA and FamilyCare, and not the CCOs. PrimaryHealth has no role in the actual designation and production of documents. FamilyCare has alleged that many of the "over designations" result from "defects in OHA's method and process of identifying AEO documents." Parrott Decl., Ex. 5 p 2.  To the extent that process is flawed, it should be addressed to OHA.

In addition, the Protective Order provides that "Producing parties, including third parties and subpoenaed parties, may designate" document to be protected.  Because OHA has the right under the Protective Order to designate documents as AEO or Confidential to protect its own confidential information.  Therefore, FamilyCare should address any designations with OHA to determine why the designation was applied and then address concerns about over designation to the party that requested the designation.

/ / /

/ / /

Page 7      NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT

## CONCLUSION

For the above reasons as well as the reasons stated in Health Share's Response, the Court should deny FamilyCare's Motion insofar as it seeks to modify the protections for the CCOs' confidential and proprietary information as outlined in the Protective Order.

Dated this 2nd day of April, 2018.

BRIAN M. PARROTT, LLC


*/s/ Brian M. Parrott*
**Brian M. Parrott, OSB # 013760**
Telephone: 503-607-2715
Attorneys for Non-Party PrimaryHealth of Josephine
County, LLC.

Page 8    NON-PARTY PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC'S
RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL DE-
DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENT