# Brian Parrott

| | |
|---|---|
| **From:** | Samuelson, Brian P. (Perkins Coie) <BSamuelson@perkinscoie.com> |
| **Sent:** | Monday, September 11, 2017 5:52 PM |
| **To:** | Brian Parrott; Johnson, Thomas R., Jr. (Perkins Coie) |
| **Cc:** | Anna Sortun; Arden Olson; Chris Jenkins; Dan Larsen; Elizabeth Knight; 'Hern, Jeffrey D.'; Langfitt, Frank; Michael D. Crew; Parker, Joel; 'Peter Stoloff'; Stan Austin; gwen.griffith@tonkon.com; Megan.Reuther@tonkon.com; Eric Lindenauer; Peck, Courtney R. (Perkins Coie); Brenner, Alletta S. (Perkins Coie); Gordon, Matthew P. (Perkins Coie); MCurtice@perkinscoie.com; English, Stephen F. (Perkins Coie) |
| **Subject:** | RE: FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs |
| **Attachments:** | DRAFT Amended Stipulated Protective Order (3).docx |
| | |
| **Categories:** | Yellow category |

Brian,

Thank you for your email. As promised in our call last week, here is a proposed amended protective order that, hopefully, offers a satisfactory mechanism for the CCOs to identify appropriate materials as confidential or trade secrets without the need to intervene. Please see Paragraph 5, which sets out the relevant procedure.

Thank you also for drafting the list below of documents the CCOs believe should not be produced by the state. It is very helpful. We will review and get back to you with our thoughts soon.

Warm regards,
Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 NW Couch Street, Tenth Floor
Portland OR 97209-4128
D +1.503.727.2170
E BSamuelson@perkinscoie.com

**From:** Brian Parrott [mailto:brian@bparrott-law.com]
**Sent:** Monday, September 11, 2017 9:10 AM
**To:** Samuelson, Brian P. (POR); Johnson, Thomas R., Jr. (POR)
**Cc:** Anna Sortun; Arden Olson; Chris Jenkins; Dan Larsen; Elizabeth Knight; 'Hern, Jeffrey D.'; Langfitt, Frank; Michael D. Crew; Parker, Joel; 'Peter Stoloff'; Stan Austin; gwen.griffith@tonkon.com; Megan.Reuther@tonkon.com; Eric Lindenauer
**Subject:** RE: FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs

Brian and Thomas,

Following our call on Friday, the CCOs attempted to identify the documents that the CCOs think should not be produced by the state because they are confidential, trade secrets, and/or not relevant. In addition, any document created by OHA from this list of documents in which the data are identifiable to a specific CCO should not be produced. Given the short time frame in which this list was developed (over a weekend), we may identify other documents that should be added to the list. We'll make every effort to do that quickly.

We propose you review the list with your actuary and determine whether he believes any of these documents are necessary for his evaluation. We can then have a more specific conversation about those documents he identifies.

1. CCO Rate of Growth Tool
2. Exhibit L – all

1

Exhibit 1
Page 1 of 16

3.  Supplement Rate Templates
4.  Claims and Encounter data submissions to the state
5.  State enrollment data including premiums paid
6.  MLR Template
7.  Audited Financials
8.  Actuarial Opinions
9.  SNRG Reconciliation
10. FB 231 Primary Care template
11. Any records or detail data that would identify prescription drug prices or rates
12. Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers

Thanks,
Brian


brian@bparrott-law.com • phone: 503.607.2715 • fax: 503.607.2701


**From:** Samuelson, Brian P. (Perkins Coie) [mailto:BSamuelson@perkinscoie.com]
**Sent:** Wednesday, September 6, 2017 7:53 PM
**To:** Brian Parrott <brian@bparrott-law.com>; pstoloff@peterstoloff-law.com
**Subject:** FW: FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs

Brian, Peter –

I sent the message below earlier this evening, but it was returned as undeliverable because of a typo in your email addresses. Please let me know if you'd like to discuss.

Thanks,
Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 NW Couch Street. Tenth Floor
Portland. OR 97209-4128
D. +1.503.727.2170
E. BSamuelson@perkinscoie.com


**From:** Samuelson, Brian P. (POR)
**Sent:** Wednesday, September 06, 2017 6:35 PM
**To:** 'brian@bparrot-law.com'; 'eknight@dunncarney.com'; 'mcrew@dunncarney.com'; 'anna.sortun@tonkon.com'; 'dpl@aterwynne.com'; 'frank.langfitt@millernash.com'; 'wjenkins@samhealth.org'; 'elindenauer@gsblaw.com'; 'jparker@schwabe.com'; 'jhern@schwabe.com'; 'arden.j.olson@harrang.com'; 'pstoloff@petersoloff-law.com'
**Cc:** English, Stephen F. (POR); Curtice, Melanie K. (SEA); Johnson, Thomas R., Jr. (POR); Gordon, Matthew P. (SEA); Brenner, Alletta S.(POR); Peck, Courtney R. (POR); Stineman Renee (renee.stineman@doj.state.or.us); Scott Carla A (carla.a.scott@doj.state.or.us); Chin Elleanor (Elleanor.Chin@doj.state.or.us)
**Subject:** FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs

Dear Counsel,

We (FamilyCare) have reached out to a few of you individually, but we wanted to write to the group to address the pending motion to intervene. We recognize that your clients have an interest in protecting information that they have provided to OHA that they consider to be trade secrets or otherwise confidential, and we're happy to establish some reasonable procedures in this case to protect those interests as long as those procedures allow for discovery to proceed quickly and efficiently. FamilyCare proposes an addendum to the existing protective order (attached) with the following provisions:

2

Exhibit 1
Page 2 of 16

- FamilyCare will provide the CCOs with any requests for production it serves on OHA in the future

- Any CCO may identify to OHA and FamilyCare simultaneously any documents or types of documents that it would like OHA to designate as Confidential or Attorney's Eyes Only

- When producing documents to FamilyCare, OHA will abide by reasonable requests from a CCO to designate a document or type of document as Confidential or Attorney's Eyes Only

- All provisions of the existing protective order will apply to documents designated this way as Confidential or AEO

- If FamilyCare believes a document has been erroneously designated as Confidential or AEO, it will confer with both OHA and the relevant CCO about the designation, and the CCO may speak in defense of the designation if the matter is brought before the court.

If your clients would like to work out an additional arrangement with OHA under which OHA sends documents it intends to produce to the relevant CCO for review before producing them, FamilyCare will not object as long as there is a tight time limit on that review to ensure that discovery proceeds on schedule. Just to give you a sense of the timing; although we don't have a trial date yet, FamilyCare's position with the court later this month during the status conference will be that this case should be tried within the next few months.

Finally, with regard to the contention in the motion to intervene that the existing protective order is insufficient because it does not prevent those individuals who will review produced information from assisting FamilyCare in future endeavors, FamilyCare is willing to agree that the expert actuary who will review documents designated as AEO will not be an employee of FamilyCare or assist FamilyCare with rate setting, including contract bids, through the 2020 contract (*i.e.*, the rates developed in 2019).

We look forward to hearing from each of you on this proposal. If there is somebody (or a smaller group of you) that would like to meet in the next few days to discuss this and hammer out some language, we are open to doing that.

Warm regards,
Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
E. BSamuelson@perkinscoie.com

NOTICE. This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE. This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

3

Exhibit 1
Page 3 of 16

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | Case No. 17CV09226<br>Hon. Sean E. Armstrong<br><br>AMENDED STIPULATED PROTECTIVE ORDER |

This action concerns information that may be considered confidential, trade secret, proprietary, or commercially-sensitive information of the parties and third-parties (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials"). The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to limit disclosure of any such documents and information.

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be

PAGE 1-      AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 4 of 16

restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

3.      This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.      Producing parties, including third parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5.      The parties acknowledge and agree that some amount of the third-party information produced by the Oregon Health Authority in this litigation will contain information that other Coordinated Care Organizations ("CCOs") in Oregon may consider confidential or proprietary to them. Thus, to ensure that these other CCOs have adequate opportunity to protect such information, the parties and the CCOs have agreed to the following protocol:

a.      The CCOs have received copies of FamilyCare, Inc.'s ("FamilyCare's") first, second, third, and fourth sets of document requests served on the Oregon Health Authority ("OHA"). Within five (5) days of entry of this Protective Order, any CCO may simultaneously identify in writing to both OHA and FamilyCare any documents or

PAGE 2-    AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 5 of 16

categories of documents that it believes are appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

b. FamilyCare will provide the CCOs with any future requests for production of documents it serves on the OHA, on the same date that it serves those requests on OHA. Within three (3) days of FamilyCare's service of future document requests on OHA, any CCO may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

c. When producing documents to FamilyCare, OHA will abide by any such reasonable request from a CCO to designate a document or type of document as "Confidential" or "Attorneys' Eyes Only." All provisions of this Protective Order will apply to documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5.

d. If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have five (5) days to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for determination at an appropriate time considering the Court's schedule. CCO(s) may speak in defense of the designation if the matter is brought before the Court.

6. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160.

PAGE 3- AMENDED STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax 503.727.2222

123045-0001/LEGAL136899065.2

Exhibit 1
Page 6 of 16

Upon approval by the court the party shall file the confidential materials under seal, marked as follows or in substantially similar form:

> CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

> *or*

> ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

7.    Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that they party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

8.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

PAGE 4-    AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 7 of 16

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in house counsel.

c. Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," included all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(a), 8(b), 8(d), 8€, 8(f), 8(g) and 8(h), unless additional persons are stipulated by counsel or authorized by the court. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 8(c) or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition,

PAGE 5- AMENDED STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone: 503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 8 of 16

hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

PAGE 6-    AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 9 of 16

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

15.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

PAGE 7-    AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 10 of 16

Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

16.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED:  September 11, 2017

**PERKINS COIE LLP**

By:  /s/
_____
Stephen F. English,  OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson,  OSB No. 010645
TRJohnson@perkinscoie.com
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

PAGE  8-    AMENDED STIPULATED PROTECTIVE ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone: 503.727.2000
Fax  503.727.2222

Exhibit 1
Page 11 of 16

**BRIAN M. PARROTT, LLC**

By: /s/ _____
    Brian M. Parrott, OSB No. 013760
    brian@bparrott-law.com
    Telephone: 503.607.2715

Attorneys for PrimaryHealth of Josephine
County, LLC

**DUNN CARNEY ALLEN HIGGINS &
TONGUE, LLP**

By: /s/ _____
    Elizabeth C. Knight, OSB No. 992454
    eknight@dunncarney.com
    Michael D. Crew, OSB No. 720603
    mcrew@dunncarney.com
    Telephone: 503.224.6440

Attorneys for AllCare CCO, Inc.

**TONKON TORP, LLP**

By: /s/ _____
    Anna Sortun, OSB No. 045279
    Anna.sortun@tonkon.com
    Telephone: 503.803.2107

Attorneys for Cascade Health Alliance, LLC,
Western Oregon Advanced Health, LLC, and
Umpqua Health Alliance

**ATER WYNNE LLP**

By: /s/ _____
    Daniel P. Larsen, OSB No. 943645
    dpl@aterwynee.com
    Telephone: 503.226.1191

Attorneys for Columbia Pacific CCO, LLC and
Jackson Care Connect

**MILLER NASH GRAHAM & DUNN LLP**

By: /s/ _____
    Frank V. Langfitt, III, OSB No. 731770
    Frank.langfitt@millernash.com
    Telephone: 503.205.2425

Attorneys for Eastern Oregon Coordinated
Care Organization, LLC

**SAMARITAN HEALTH SERVICES**

By: /s/ _____
    W. Chris Jenkins, OSB No. 090612
    wjenkins@samhealth.org
    Telephone: 800.863.5241

Attorneys for Intercommunity Health
Network - Coordinated Care Organization

**GARVEY SCHUBERT BARER**

By: /s/ _____
    Eric A. Lindenauer, OSB No. 833721
    elindenauer@gsblaw.com
    Telephone: 503.228.3939

Attorneys for PacificSource Community
Solutions

**SCHWABE WILLIAMSON & WYATT PC**

By: /s/ _____
    Joel A. Parker, OSB No. 001633
    jparker@schwabe.com
    Jeffrey D. Hern, OSB No. 043138
    jhern@schwabe.com
    Telephone: 503.222.9981

Attorneys for Trillium Community Health
Plan, Inc.

PAGE 9- AMENDED STIPULATED PROTECTIVE
ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 12 of 16

**HARRANG LONG GARY RUDNICK PC**          **PETER F. STOLOFF P.C.**

By: */s/*                                 By: */s/*
_____                   _____
     Arden J. Olson, OSB No. 870704            Peter Stoloff, OSB No. 780898
     Arden.j.olson@harrang.com                 pstoloff@petersoloff-law.com
     Telephone: 541.485.0220                   Telephone: 503.992.6463

Attorneys for Willamette Valley Community    Attorneys for Yamhill Community Care
Health, LLC                                   Organization

PAGE 10-  AMENDED STIPULATED PROTECTIVE
          ORDER

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 13 of 16

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **AMENDED STIPULATED PROTECTIVE ORDER** on the following:

Oregon Health Authority
c/o Renee Stineman, Carla Scott and
Elleanor Chin
renee.stineman@doj.state.or.us
carla.a.scott@doj.state.or.us
elleanor.chin@doj.state.or.us
Department of Justice, Special
Litigation Unit
100 SW Market St.
Portland, OR 97201

Attorneys for Oregon Health Authority

by causing a full, true, and correct copy thereof, addressed to the last-known office address of the attorney (except when served by fax), to be sent by the following indicated method or methods, on the date set forth below:

[X] by **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the United States Postal Service at Portland, Oregon.

[X] by **emailing** to the recipient's last known email addresses

PAGE 1- CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045-0001/LEGAL136899065.2

Exhibit 1
Page 14 of 16

DATED:  September 11, 2017

**PERKINS COIE LLP**

By: _/s/_ _____

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Of Counsel (admitted pro hac vice)*

Melanie K. Curtice, WSB No. 28479
MCurtice@perkinscoie.com
Matthew P. Gordon, WSB No. 41128
MGordon@perkinscoie.com
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff FamilyCare, Inc.

**BRIAN M. PARROTT, LLC**

By: _/s/_ _____

Brian M. Parrott, OSB No. 013760
brian@bparrott-law.com
Telephone:  503.607.2715

Attorneys for PrimaryHealth of Josephine
County, LLC

**DUNN CARNEY ALLEN HIGGINS &
TONGUE, LLP**

By: _/s/_ _____

Elizabeth C. Knight, OSB No. 992454
eknight@dunncarney.com
Michael D. Crew, OSB No. 720603
mcrew@dunncarney.com
Telephone:  503.224.6440

Attorneys for AllCare CCO, Inc.

**TONKON TORP, LLP**

By: _/s/_ _____

Anna Sortun, OSB No. 045279
Anna.sortun@tonkon.com
Telephone:  503.803.2107

Attorneys for Cascade Health Alliance, LLC,
Western Oregon Advanced Health, LLC, and
Umpqua Health Alliance

**ATER WYNNE LLP**

By: _/s/_ _____

Daniel P. Larsen, OSB No. 943645
dpl@aterwynee.com
Telephone:  503.226.1191

Attorneys for Columbia Pacific CCO, LLC and
Jackson Care Connect

PAGE 2-    CERTIFICATE OF SERVICE

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 15 of 16

**MILLER NASH GRAHAM & DUNN LLP**

By: /s/
    Frank V. Langfitt, III, OSB No. 731770
    Frank.langfitt@millernash.com
    Telephone: 503.205.2425

Attorneys for Eastern Oregon Coordinated
Care Organization, LLC

**GARVEY SCHUBERT BARER**

By: /s/
    Eric A. Lindenauer, OSB No. 833721
    elindenauer@gsblaw.com
    Telephone: 503.228.3939

Attorneys for PacificSource Community
Solutions

**HARRANG LONG GARY RUDNICK PC**

By: /s/
    Arden J. Olson, OSB No. 870704
    Arden.j.olson@harrang.com
    Telephone: 541.485.0220

Attorneys for Willamette Valley Community
Health, LLC

**SAMARITAN HEALTH SERVICES**

By: /s/
    W. Chris Jenkins, OSB No. 090612
    wjenkins@samhealth.org
    Telephone: 800.863.5241

Attorneys for Intercommunity Health
Network - Coordinated Care Organization

**SCHWABE WILLIAMSON & WYATT PC**

By: /s/
    Joel A. Parker, OSB No. 001633
    jparker@schwabe.com
    Jeffrey D. Hern, OSB No. 043138
    jhern@schwabe.com
    Telephone: 503.222.9981

Attorneys for Trillium Community Health
Plan, Inc.

**PETER F. STOLOFF P.C.**

By: /s/
    Peter Stoloff, OSB No. 780898
    pstoloff@petersoloff-law.com
    Telephone: 503.992.6463

Attorneys for Yamhill Community Care
Organization

PAGE 3-    CERTIFICATE OF SERVICE

123045-0001/LEGAL136899065.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 1
Page 16 of 16