Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>         Plaintiff,<br><br>  v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>         Defendant.<br><br>—————————————<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>         Plaintiff,<br><br>  v. | No. 3:18−cv−00212−MO (LEAD)<br>No. 3:18-cv-00296-MO<br><br>PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO MOTIONS TO DISMISS<br><br>ORAL ARGUMENT REQUESTED |

1-   FAMILYCARE, INC.'S OPPOSITION TO
     MOTIONS TO DISMISS

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and
PATRICK ALLEN, both individually and in
his official capacity as director of the Oregon
Health Authority,

Defendants.

## INTRODUCTION

This brief is submitted in accordance with the Court's April 6, 2018 instruction to the

parties to simultaneously brief the issues raised in OHA's Rule 21 motions to dismiss

FamilyCare's Second Amended Complaint, which were pending in state court when FamilyCare

filed its Third Amended Complaint and OHA removed this case to federal court.  Because

FamilyCare has not had the benefit of reviewing Defendants' new brief on those issues,

FamilyCare responds to Defendants' arguments as they were raised in OHA's previous brief.[1]

OHA's motions to dismiss the Second Amended Complaint rested mostly on disputed

issues of fact and particular, narrow interpretations of the operative contracts—arguments that

would be inappropriate for resolution by summary judgment, let alone a motion to dismiss.  As

in its Second Amended Complaint, the allegations in FamilyCare's Third Amended Complaint

contain more than enough detail to state claims that OHA breached the implied covenant of good

faith and fair dealing in the Settlement Agreement, breached the express terms and the implied

covenant of good faith and fair dealing in the Dispute Resolution Agreement, and intentionally

---

[1] As per the Court's instructions, this brief closely reflects the brief FamilyCare filed in opposition to OHA's motions to dismiss in state court.  Aside from citing to federal pleading standards instead of state ones and updating references to the Third Amended Complaint, the primary substantive differences are: (1) a discussion in Footnote 2 clarifying an argument made in the main text; and (2) Section B.3, which discusses new allegations in FamilyCare's Third Amended Complaint that further bolster FamilyCare's claim for Intentional Interference with Business Relations.

2- FAMILYCARE, INC.'S OPPOSITION TO
   MOTIONS TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

interfered with FamilyCare's business relations.  As such, Defendants' motions to dismiss should be denied.

## ARGUMENT

### A.    To determine whether the complaint states a claim for relief, the Court must assume the truth of the allegations and draw all favorable inferences in FamilyCare's favor.

On a motion to dismiss under Rule 12(b)(6), courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). Accordingly, "[a] motion to dismiss will only be granted if the complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (citations omitted)).

### B.    FamilyCare adequately pleaded its claim for Intentional Interference with Business Relations.

#### 1.    FamilyCare adequately alleges improper interference.

OHA argued in its previous motion that OHA's communications plan outlining a public relations campaign against FamilyCare cannot be the basis for an Intentional Interference with Business Relations claim because the plan was an "internal" document  that shows that "OHA merely *considered* a strategy to defend itself" in the press.  (Defendant's Rule 21 Motions Responding to Second Amended Complaint ("Motion") at 5.)  But OHA's story of an internal,

3-  FAMILYCARE, INC.'S OPPOSITION TO
    MOTIONS TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

hypothetical communications plan is contradicted by readily-provable allegations in the Third Amended Complaint, including that:

- The plan was, in its own words, designed to: portray FamilyCare as an "outlier" that is "more concerned with the bottom line and increasing revenues than the health of Oregonians"; use media to "hurt [FamilyCare's] credibility in the news"; "[h]ighlight FamilyCare as an outlier and only worried about profit margins"; promote FamilyCare's competitor "as a truly inclusive CCO that provides greater access to Oregonians with high cost medical needs"; and use vulnerable Medicaid enrollees as pawns by getting "a few discreet examples of OHP members with high cost medical issues (i.e. HIV) who chose Health Share b/c FamilyCare couldn't provide them with the care they need." (Third Amended Complaint ("TAC") ¶ 56.)

- OHA did, in fact, implement its communications plan, by, among other things, sending "targeted press releases" and emails to journalists consistent with the plan, making statements to the media, and publishing reports portraying FamilyCare as an "outlier." (TAC ¶ 58).

- The purpose of the communications plan was to injure FamilyCare, and OHA knew that its communications plan was substantially certain to interfere with the relationships among FamilyCare and its providers, members, and employees. (TAC ¶¶ 141-142.)

- After the details of OHA's communications plan became publicly known, Ms. Saxton sent a letter of apology to FamilyCare, acknowledging that "sharing negative information about FamilyCare with media" is "not an acceptable strategy for OHA, or any state agency." (TAC ¶ 57.)

- Ms. Saxton was forced to resign "as a consequence of" the communications plan. (TAC ¶ 59.)

OHA asserted that the allegations regarding OHA's communications with third parties are "too vague" to make out a claim for intentional interference, but then listed four specific statements identified in the complaint that were made in furtherance of the communications plan. (Motion at 5-6.) The complaint contains even more specific details about OHA's implementation of the communications plan, including that:

- OHA sent targeted press releases to the Portland Business Journal, Willamette Week, Portland Tribune, Oregon Public Broadcasting, the Oregonian, and the Lund Report. (TAC ¶ 58.)

- OHA has sent personalized emails to journalists and conducted other outreach to further its messaging. (*Id.*)

- Media reported that OHA's position is that FamilyCare "is just trying to pad its profits."

4- FAMILYCARE, INC.'S OPPOSITION TO
MOTIONS TO DISMISS

(*Id.*)

- Ms. Saxton made statements to the media consistent with the messaging in the communications plan, telling journalists, among other things, that the disagreement between the parties "has been driven by FamilyCare's goal to be paid more Medicaid dollars" and trying to undermine FamilyCare by implying that it is upset simply because "they didn't get the rate they wanted for 2017." (*Id.*)

- OHA also published reports, including the January 2017 publication of "Oregon's Health System Transformation Quarterly Legislative Report" containing financial comparisons that erroneously portrayed FamilyCare as an "outlier." (*Id.*)

- OHA issued a press release dated April 11, 2017, regarding the motion to dismiss it filed in this lawsuit, and implying that FamilyCare's business decisions—not the low rates from OHA—were to blame for any financial difficulties FamilyCare was having and that FamilyCare's focus was not on the health and care of OHA members. (*Id.*)

These allegations, coupled with the malicious intent evidenced by the communications plan, are more than sufficient to allow a reasonable jury to conclude that OHA took concrete steps to implement the communications plan and interfere with FamilyCare's business relations through an improper means or with an improper purpose. Indeed, it was this same course of conduct that, once revealed, prompted Ms. Saxton to acknowledge shortly before she resigned that "sharing negative information about FamilyCare with the media" is "not an acceptable strategy for OHA, or any state agency." (TAC ¶ 57.) These allegations are more than sufficient to state a claim for intentional interference and entitle FamilyCare to present its case to a jury.

> **2.    FamilyCare adequately alleges that OHA's improper interference caused economic damages.**

OHA's previous motion argued that FamilyCare did not allege that OHA's improper interference caused any damages. (Motion at 6.) But FamilyCare alleges precisely that. Specifically, FamilyCare alleges that it contracts with health care providers to coordinate integrated physical, mental, and dental health services to Oregon Health Plan members; that FamilyCare's business relationships with those health care providers result in a pecuniary benefit to FamilyCare; that OHA knew its communications plan was substantially certain to interfere

5-  FAMILYCARE, INC.'S OPPOSITION TO
    MOTIONS TO DISMISS

with the relationships between FamilyCare and its providers (not to mention its relationships with its members and employees); that OHA's actions did in fact contribute to at least one provider group enrolling with FamilyCare's competitor, thereby disrupting the business relationship between FamilyCare and the provider group; and that this disruption resulted in economic harm to FamilyCare.  (TAC ¶¶ 1, 139-145.)

OHA argued that FamilyCare has not alleged that any provider groups have "ceased contracting with FamilyCare or that a provider group may contract with only one CCO" (Motion at 6-7).  Not so.  FamilyCare alleges that at least one provider group enrolled with FamilyCare's competitor as a result of OHA's interference, and that this defection damaged FamilyCare. (TAC ¶¶ 144-45.)  OHA's assertion that FamilyCare has not "suffered any actual damages" is therefore a disputed fact inappropriate for resolution in a motion to dismiss.  (Motion at 7.)

Similarly, OHA's assertion that FamilyCare was not injured by OHA's interference because "FamilyCare receives payments based on the number of enrolled OHP members, not the number of providers" is a factual dispute best presented to a jury.  (Motion at 7.)  Even assuming that assertion is technically true, it says nothing about FamilyCare's costs or ability to attract members, and does not contradict FamilyCare's allegation that interference with its relationships with its providers has caused economic harm to FamilyCare.  (*See* TAC ¶¶ 144-45.)

**3.    New allegations in FamilyCare's Third Amended Complaint further bolster FamilyCare's claim for Intentional Interference with Business Relations.**

As discussed in FamilyCare's Opposition to Defendants' Motions to Dismiss, (Dkt. 42), FamilyCare's Third Amended Complaint added many new allegations about events that occurred after FamilyCare filed its Second Amended Complaint, bearing on, among other things, the Defendants' continued bad faith conduct and interference with FamilyCare's business relations. (*See, e.g.*, TAC ¶¶ 60-90 (describing Defendants' continuing course of conduct, which has

6-    FAMILYCARE, INC.'S OPPOSITION TO
      MOTIONS TO DISMISS

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

forced FamilyCare to shut down its Medicaid business)).  In particular, OHA ignored FamilyCare's repeated warnings that basic errors in the data and methodology used to set capitation rates were resulting in unsustainable, unfair, and actuarially unsound rates.  (TAC ¶ 4.) OHA knowingly and purposefully refused to correct those errors.  (*Id.*)  On December 20, 2017, Patrick Allen demanded that FamilyCare decide within 24 hours whether to sign the 2018 rate amendment that he knew included unlawfully low rates that, if accepted, would force FamilyCare out of business.  (*See* TAC ¶ 72.)  In doing so, Allen violated FamilyCare's clear statutory right to 60 days' advance notice of contract amendments, giving FamilyCare a mere day to make a life and death decision about the fate of the company, and, given the uncertainty of the impact of OHA's redetermination analysis, to do so without even knowing what its actual 2018 rates would be.  (TAC ¶ 72.)  Allen knew that FamilyCare would have no choice but to close its Medicaid business and begin dismantling the company, which is exactly what transpired.  (*See id.* ¶¶ 72-77.)  These facts alone support a claim that the Defendants intentionally and through improper means and with an improper purpose interfered with FamilyCare's relationships with its providers, members, and employees.

**C.     FamilyCare is entitled to present its contractual claims to a jury.**

OHA's remaining arguments related to FamilyCare's claims for breach of the implied covenant of good faith and fair dealing in the Settlement Agreement, and for breach of the explicit and implied terms of the Dispute Resolution Agreement.  OHA's arguments relied on narrow, disputed interpretations of the operative contracts and the underlying facts.  Those disputes are inappropriate for resolution by motion to dismiss.

7-   FAMILYCARE, INC.'S OPPOSITION TO
     MOTIONS TO DISMISS

**1.    FamilyCare adequately pleaded its claim for breach of the implied covenant of good faith and fair dealing of the Settlement Agreement.**

There is no merit to OHA's contention that the implied duty of good faith in the Settlement Agreement either duplicates the explicit terms of the Settlement Agreement or impermissibly expands the scope of that contract. (Motion at 8-10.) The heart of the good faith requirement present in every contract is "each party's obligation to perform the contract, including exercising any discretion that the contract provides, in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollock v. D.R. Horton Inc.-Portland*, 77 P.3d 1120, 1127 (Or. Ct. App. 2003). Here, the communications plan targeting FamilyCare and building up its competitors strongly suggests that when OHA calculated FamilyCare's 2017 capitation rates under the Settlement Agreement, it did not exercise its discretion in a way that "effectuate[d] the objectively reasonable contractual expectations of the parties," but instead cut FamilyCare's 2017 rates in a manner that violated FamilyCare's expectation that it would be treated fairly and in good faith.[2]

OHA argues that this claim also fails because FamilyCare "seeks a remedy that . . . violates basic separation of powers and federalism principles" and that to grant FamilyCare relief, the Court would be required to conclude "that, as a matter of law, a private entity is

---

[2] OHA argued, essentially, that there is no room for a claim for breach of the duty of good faith and fair dealing because, it argued, the implied covenant of good faith cannot duplicate an express contract term but also cannot expand the terms of the contract. (Motion 8-9.) But *Pollock* defines the good faith requirement as "each party's obligation to perform the contract, including exercising any discretion that the contract provides, in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollock*, 77 P.3d at 1127. Here, both the Settlement Agreement and the Dispute Resolution Agreement involved some discretion, and OHA failed to exercise that discretion in a way that effectuated the reasonable contractual expectations of the parties—namely that OHA would not penalize FamilyCare for entering the Settlement Agreement by setting future rates that were unreasonable, biased, unsound, and based on erroneous data and methodology (TAC ¶¶ 124-128), and that OHA would engage in the dispute resolution process in good faith (TAC ¶¶ 134 - 138).

8- FAMILYCARE, INC.'S OPPOSITION TO
   MOTIONS TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

entitled to unilaterally decide how much public money it should receive based upon the opinions of its hired actuaries." (Motion at 10.) That is hyperbole. FamilyCare seeks *damages* for breach of contract, a remedy authorized by ORS 30.320. *See Bradford v. Davis*, 626 P.2d 1376, 1383 (Or. 1981) ("Of course the state may be sued for breach of contract, by way of the agency alleged to have made such a contract, outside the Tort Claims Act." (citing ORS 30.320)). And a *jury* is entitled to decide whether OHA performed its contractual obligations in good faith and, if not, what damages are appropriate.

> **2.    FamilyCare adequately pleaded its claim for breach of the Dispute Resolution Agreement.**

As explained in FamilyCare's operative complaint, the Dispute Resolution Agreement called for the parties "to conduct a free and open discussion" about the appropriate methodology for calculating capitation rates, to "work cooperatively," and to "provide information that . . . is relevant and necessary to evaluate actuarial rates." (TAC ¶ 41.) The Dispute Resolution Agreement further committed the parties to "participating in good faith in at least three substantive Dispute Resolution discussions." (*Id.*) FamilyCare intends to prove that "OHA did not fulfill its obligations under the Dispute Resolution Agreement" and "never intended to fulfill its promises and instead duped FamilyCare into executing the Dispute Resolution Agreement and foregoing litigation while it developed its campaign to smear FamilyCare." (TAC ¶ 130). These allegations, which must be taken as true for the purpose of this motion, are sufficient to state a claim for breach of the Dispute Resolution Agreement.

OHA argued that this claim must fail because OHA's misconduct was "exactly what [the] contract call[ed] for," (Motion at 11), but that is incorrect. The contract did not call for OHA to use information and materials revealed in the dispute resolution process to develop a smear

9- FAMILYCARE, INC.'S OPPOSITION TO
MOTIONS TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

campaign, nor did it allow OHA to dupe FamilyCare into incurring significant expenses related to a dispute resolution process that OHA had no intention of participating in in good faith.

OHA also argued that, despite a contractual obligation to "provide information that . . . FamilyCare's actuary believes is relevant and necessary to evaluate actuarial rates," OHA had no duty to actually provide that information because it was confidential and no agreement has been reached with other CCOs to protect that information. (Motion at 11-12.)  But, as OHA noted in its brief, OHA had an obligation to "cooperatively work toward an agreement for protection of Confidential Information (by, for example, providing Confidential Information to an independent third-party expert)."  (*Id.*)  FamilyCare intends to prove at trial that OHA did not comply with this requirement.

Similarly, there is no merit to OHA's argument that it was excused from the explicit obligation to provide necessary actuarial information by a provision later in the Dispute Resolution Agreement that "OHA understands and agrees that if it does not provide the information that FamilyCare's actuary believes is relevant and necessary to establish actuarial rates, then FamilyCare's ability to provide a specific alternative proposal will be limited." (Motion at 12.)  That language only underscored the importance of the obligation to provide critical information by acknowledging that FamilyCare could not meet its obligations if OHA did not provide the information (a situation that FamilyCare had experienced many times before in its dealings with OHA), and was not meant to excuse OHA's failure to provide the information.

Finally, OHA argued that the Dispute Resolution Agreement did not prohibit it from incorporating the information FamilyCare revealed during the process into its communications plan. (Motion at 12.) But this misses the point: OHA's simultaneous development of a smear campaign against FamilyCare that incorporated materials FamilyCare shared during the dispute

10- FAMILYCARE, INC.'S OPPOSITION TO
MOTIONS TO DISMISS

resolution process, is strong evidence that OHA did not participate in the dispute resolution process in good faith.

In short, FamilyCare has alleged facts that, when proven, will allow FamilyCare to prevail on its claim that OHA breached the Dispute Resolution Agreement. This more than satisfies the burden to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The motion to dismiss this claim should be denied.

> **3.    FamilyCare adequately pleaded its claim for breach of the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement.**

OHA argued that FamilyCare's claim for breach of the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement fails because that agreement defined "good faith" as "participating in at least three dispute resolution discussions." (Motion at 13-14.) That argument lacks merit. First, even accepting OHA's crabbed reading of the "good faith" term, OHA did *not* engage in three dispute resolution discussions. (TAC ¶ 53.) More fundamentally, the Dispute Resolution Agreement does not define "good faith." As OHA notes, the Agreement committed the parties to "participating in good faith in at least three substantive Dispute Resolution discussions." (Motion at 14.) But that phrase does not define "good faith"—it merely requires it. Indeed, OHA's argument reads the good faith requirement out of the contract. A better reading is that the obligation to perform the contract in good faith imposed the usual obligation to perform the contract "in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollock v. D.R. Horton Inc.-Portland*, 77 P.3d 1120, 1127 (Or. Ct. App. 2003). FamilyCare intends to prove that "OHA breached the implied covenant of good faith and fair dealing by, among other things, not engaging in good faith and by using the dispute resolution process to gather information to use in its smear campaign against

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

FamilyCare." (TAC ¶ 136.) This allegation, taken as true, is more than sufficient to state a claim

for breach of the covenant of good faith.

## CONCLUSION

For the reasons stated above, the Court should deny OHA's motions to dismiss.

DATED:  April 11, 2018                    **PERKINS COIE LLP**


By: *s/Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Matthew P. Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Brian P. Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    Perkins Coie LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

12- FAMILYCARE, INC.'S OPPOSITION TO
    MOTIONS TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222