**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renee E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO(Trailing)

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official
capacity as director of the Oregon Health
Authority,

                                       Defendants.

## <u>TABLE OF CONTENTS</u>

CERTIFICATION ............................................................................................................... 1

MOTIONS ........................................................................................................................... 1

POINTS AND AUTHORITIES ........................................................................................... 1

I.     INTRODUCTION ................................................................................................... 1

II.    ARGUMENT ........................................................................................................... 3

A.     Legal Standards ...................................................................................................... 3

B.     FamilyCare Does Not Sufficiently Allege a Claim for Intentional Interference with Business Relations Because it Does Not Allege Any Improper Interference That Actually Caused Any Specified Monetary Damages ............................ 4

    1.     FamilyCare Does Not Allege Any Improper Interference .................................... 4

    2.     FamilyCare Does Not Allege That Any Improper Interference Caused Any Actual Damages .................................................................................... 5

    C.     FamilyCare Does Not Sufficiently Allege a Claim for Breach of Implied  Covenant of Good Faith and Fair Dealing of the Settlement Agreement ............................................................................................................... 6

    D.     FamilyCare Does Not Sufficiently Allege a Claim for Breach of the Dispute Resolution Agreement ................................................................................ 9

    E.     FamilyCare Also Does Not Sufficiently Allege a Claim for Breach of Implied  Covenant of Good Faith and Fair Dealing of the Dispute Resolution Agreement .............................................................................................. 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009).................................................................................... 3

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) ........................................................................ 3

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)........................................................................................ 3

*Douglas Med. Ctr., LLC v. Mercy Med. Ctr.*
203 Or. App. 619 (2006).................................................................................6

*Gibson v. Douglas Cty.*
197 Or. App. 204 (2005).................................................................................7

*Grimstad v. Knudsen*
283 Or. App. 28 (2016), *rev den,*
361 Or. 350 (2017)..........................................................................................5

*Mannex Corp. v. Bruns*
250 Or. App. 50 (2012) .................................................................................. 4

*Moss v. U.S. Secret Service*
572 F.3d 962 (9th Cir. 2009) ........................................................................ 3

*Nw. Nat. Gas Co. v. Chase Gardens, Inc.*
328 Or. 487 (1999)..................................................................................... 4, 6

*Oregon Univ. Sys. v. Oregon Pub. Employees Union,Local 503*
185 Or. App. 506 (2002)............................................................................7, 11

*Pollock v. D.R. Horton, Inc.-Portland*
190 Or. App. 1 (2003).................................................................................11

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ....................................................................... 9

*U.S. Nat. Bank of Oregon v. Boge*
311 Or. 550(1991).....................................................................................6, 11

**Statutes and Other Authorities**

Fed. R. Civ. P. 8.............................................................................................. 3

Fed. R. Civ. P. 12 ...................................................................................... 1, 2, 3

Fed. Rule of Evidence 408 ...........................................................................10

LR 7.1 ............................................................................................................. 1

Oregon Rule of Evidence 408 ..................................................................... 10

## CERTIFICATION

Pursuant to LR 7.1(a)(1), the parties have made a good faith effort to resolve this dispute and have been unable to do so.

## MOTIONS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Oregon Health Authority ("OHA") and Patrick Allen ("Allen") move this Court to dismiss as follows:

1.      Dismiss the claim for breach of the implied covenant of good faith and fair dealing of the Settlement Agreement (sixth claim) for failure to state a claim upon which that relief may be granted.

2.      Dismiss the claim for breach of the Dispute Resolution Agreement (seventh claim) for failure to state a claim upon which that relief may be granted.

3.      Dismiss the claim for breach of the implied covenant of good faith and fair dealing of the Dispute Resolution Agreement (eighth claim) for failure to state a claim upon which that relief may be granted.

4.      Dismiss the claim for intentional interference with business relations (ninth claim) for failure to state a claim upon which that relief may be granted.

5.      To the extent that the Court denies the motion to dismiss the claim for intentional interference with business relations (ninth claim), an alternative motion for a more definite statement of that claim pursuant to FRCP 12.

## POINTS AND AUTHORITIES

## I.      INTRODUCTION

The third amended complaint alleges three claims relating to an agreement executed by counsel for the parties on December 30, 2016 (the "Dispute Resolution Agreement").  The Dispute Resolution Agreement set forth a protocol for the parties to engage in discussions regarding FamilyCare's then-threatened lawsuit against OHA for breach of the parties' 2016 settlement agreement (the "Settlement Agreement") in setting FamilyCare's 2017 rates.  The third

**Page 1 -      OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12
                MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

amended complaint also alleges a claim regarding the Settlement Agreement.  The four claims allege as follows:

- The sixth claim for relief alleges that OHA breached the implied covenant of good  faith and fair dealing in the Settlement Agreement "by cutting FamilyCare's 2017 and 2018 rates in a manner that violated FamilyCare's reasonable contractual expectations."  Third. Am. Compl. ¶ 127.  The "expectation" FamilyCare asserts was an implied term in the contract "that OHA would not reduce FamilyCare's rates to recover  amounts paid to FamilyCare before the proposed 2017 and 2018 rates were issued." *Id*. ¶ 126.

- The seventh claim for relief alleges that OHA breached the express terms of the Dispute Resolution Agreement because it "did not act in good faith," and that "OHA's actions demonstrate that it never intended to fulfill its promises and instead duped FamilyCare into executing the Dispute Resolution Agreement and foregoing litigation while it developed its campaign to smear FamilyCare." Third Am. Compl. ¶ 130.

- The eighth claim for relief alleges OHA breached the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement by "not engaging in good faith and by using the dispute resolution process to gather information to use in its smear campaign against FamilyCare."  Third. Am. Compl. ¶ 136.  It seeks damages of at least $300,000, for expenses incurred "in connection with the  Dispute Resolution Agreement," made "in reliance on the promises OHA made in that agreement."  *Id*. ¶¶ 137, 138.

- The ninth claim for relief alleges that OHA intentionally interfered with FamilyCare's business relations by making statements to third parties about FamilyCare's business model, causing it unspecified damages.  Third Am. Compl. ¶¶ 140-145.

Under basic contract and tort law, the second amended complaint fails to sufficiently plead any of these claims, and so they should be dismissed pursuant to FRCP 12(b).  First, the intentional interference claim (ninth claim) fails because FamilyCare does not allege any statements that OHA made to third parties that actually interfered with its business relations or that FamilyCare suffered any specified monetary damages as a result.[1]  If the Court does not dismiss this claim, OHA respectfully asks that FamilyCare be required to plead facts regarding actual interference, causation, and damages with more specificity so that OHA may properly defend the claim.

---

[1] This tort claim also fails because it is barred by various privileges and immunities, which OHA will address on summary judgment to the extent the claim survives this motion.

**Page 2 -     OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12
MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

Second, the alleged breach of the express terms of the Dispute Resolution (seventh claim) fails to state a claim because that contract does not prohibit the conduct about which Plaintiff complains.

Finally, the claims alleging breaches of the implied covenant of fair dealing in the Dispute Resolution Agreement and Settlement Agreement (sixth and eighth claims) fail because both contracts contain substantive terms that control, and Plaintiff cannot rely on the implied covenant to redress FamilyCare's (unwarranted) accusations about OHA's alleged motive. The obligation of good faith may be implied under the covenant "only if the parties have not agreed to an express term that governs that issue" and the covenant cannot not vary or expand the substantive terms of the bargain.

## II.    ARGUMENT

### A.    Legal Standards

Dismissal of a complaint under to Rule 12(b)(6) is proper where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Under FRCP 8(a), a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal quotation marks omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

FRCP 12(e) permits a party to move to make more definite a statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

**Page 3 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**B.      FamilyCare Does Not Sufficiently Allege a Claim for Intentional Interference with Business Relations Because it Does Not Allege Any Improper Interference That Actually Caused Any Specified Monetary Damages**

FamilyCare's ninth claim for relief alleges intentional interference with business relations. To state this claim, FamilyCare must plead ultimate facts to establish that: (1) FamilyCare had a business relationship; (2) OHA was not a party to that business relationship; (3) OHA intended to interfere with that business relationship; (4) OHA interfered through improper means or for an improper purpose; (5) the interference caused harm to the business relationship; and (6) the interference resulted in damages to the plaintiff. *See Nw. Nat. Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 497−98 (1999); *Mannex Corp. v. Bruns*, 250 Or. App. 50, 53 (2012).

**1.      FamilyCare Does Not Allege Any Improper Interference**

FamilyCare relies heavily on words in an internal OHA document as the basis for its claim for intentional interference with business relations. But those words were made public only in response to a public records request. Third Am. Compl. ¶¶ 47,141-143. Words in an internal OHA document cannot interfere with FamilyCare's business relationships because they are, by definition, internal statements. And producing the internal document in response to a public records request cannot be improper. At most, the internal document shows that OHA merely *considered* a strategy to defend itself against FamilyCare's repeated attacks against OHA in the press by explaining issues specific to FamilyCare's rate challenges.

The only allegations upon which FamilyCare could rely to properly claim any sort of interference are those in which FamilyCare alleges that OHA in fact included in issued press releases or other statements to third parties. *See* Third Am. Compl. ¶ 58. But many of the allegations regarding what FamilyCare alleges OHA communicated to the press are, however, so vague and unclear in both content and dates and are insufficient to make out a claim for intentional interference. *See id.* (alleging, vaguely, that OHA sent "targeted press releases" and "personalized emails" to various publications and journalists, without indicating what those press releases said or how they could harm FamilyCare's business relations).

**Page 4 -      OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

The only alleged public statements by OHA that are specified in the third amended complaint are as follows:

- FamilyCare wanted higher rates to "pad its profits";

- The disagreements in court between the parties "has been driven by FamilyCare's goal to be paid more Medicaid dollars";

- Financial comparisons with other CCOs showed that FamilyCare is an "outlier"; and

- OHA issued a press release regarding its motion to dismiss this lawsuit "implying that FamilyCare's business decisions—not the low rates from OHA—were to blame for any financial difficulties FamilyCare was having and that FamilyCare's focus was not on the health and care of OHA [sic] members." *Id.*

None of these statements, however, can reasonably be interpreted to improperly interfere with any of FamilyCare's business relations with third parties; rather, at most they show OHA defending itself in the press against allegations in FamilyCare's numerous lawsuits against OHA. Statements made for purposes of defending oneself against allegations in litigation are not improper. *See Grimstad v. Knudsen*, 283 Or. App. 28, 56-57 (2016), *rev den*, 361 Or. 350 (2017) ("In order to prove that a defendant acted with an improper purpose or by improper means, a plaintiff must show that the interference resulting in injury . . . is *wrongful by some measure beyond the fact of the interference itself.*" (emphasis added)).

### 2. FamilyCare Does Not Allege That Any Improper Interference Caused Any Actual Damages

With regard to the elements of causation and damages, FamilyCare alleges only that "OHA's actions have already contributed to at least one provider group enrolling with FamilyCare's competitor, thereby causing disruption to the business relationship between FamilyCare and the provider group and economic harm to FamilyCare." Third. Am. Compl. ¶ 144. This allegation by itself is insufficient to establish that FamilyCare has suffered damages as a result of any improper interference. First, FamilyCare has not alleged that the provider group it refers to in this allegation has ceased contracting with FamilyCare or that a provider group may contract with only one CCO. Alleging that one provider under contract with FamilyCare has also contracted with another CCO is insufficient to establish that FamilyCare has suffered any actual

**Page 5 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

damages.  Second, FamilyCare receives payments based on the number of enrolled OHP members, not the number of providers.  Third Am. Compl. ¶¶ 11.

FamilyCare's further allegation that OHA's conduct "will likely cause further disruption of FamilyCare's business relationships, with resulting damages" is vague and entirely speculative. Third Am. Compl. ¶ 145.  Risk of future harm does not satisfy the required element of actual damages to plead an intentional interference claim.  *See generally Nw. Nat. Gas Co.* 328 Or. at 497−98 (setting forth the necessary elements of an intentional interference claim).

Finally, FamilyCare fails to sufficiently allege causation—namely, how or why OHA's conduct caused its alleged, but unspecified damages.  To plead an intentional interference claim there must be a "causal nexus between the interference and damage to the relationship." *Douglas Med. Ctr., LLC v. Mercy Med. Ctr.*, 203 Or. App. 619, 635 (2006).  At most, FamilyCare alleges that "OHA knew that its communications plan was substantially certain to interfere with the relationships among FamilyCare and its providers[.]"  Third Am. Compl. ¶ 141.  However, that allegation, even if true, would only establish OHA's intent.  It does not establish that the alleged harm suffered by FamilyCare—having a provider also contract with another CCO—was *caused by* OHA's conduct.

To the extent that the claim for intentional interference with business relations that OHA has moved to dismiss survives, OHA asks that FamilyCare be required to make the allegations more definite and certain so that OHA can understand the claim and more fairly respond to it.

## C.    FamilyCare Does Not Sufficiently Allege a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing of the Settlement Agreement

In its sixth claim for relief, FamilyCare alleges that OHA breached the implied covenant of good faith and fair dealing in the Settlement Agreement.  This claim fails as a matter of law and should be dismissed because it is based upon an alleged implied term on matters which express terms in the contract already squarely address.  The implied covenant of good faith cannot "vary the substantive terms of the bargain," nor does it provide a remedy for an act that is "expressly permitted by contract or statute." *U.S. Nat. Bank of Oregon v. Boge*, 311 Or. 550, 567(1991).

**Page 6 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

FamilyCare alleges that OHA breached the implied covenant of good faith and fair dealing of the Settlement Agreement "by cutting FamilyCare's 2017 and 2018 rates in a manner that violated FamilyCare's reasonable contractual expectations." Third. Am. Compl. ¶ 127. The "expectation" that FamilyCare asserts was an implied term in the contract alleging "that OHA would not reduce FamilyCare's rates to recover amounts paid to FamilyCare before the proposed 2017 and 2018 rates were issued." *Id.* ¶ 126. In other words, the claim is apparently based upon the contention that "not reduc[ing] FamilyCare's rates to recover amounts paid to FamilyCare before the proposed 2017 and 2018 rates were issued" was an implied term of the Settlement Agreement. *Id.*

But express terms in the contract directly address that same issue, providing that OHA would "not use rates paid to FamilyCare under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years." *Id.* ¶ 99. Thus, that matter is exclusively governed by the express terms of the Settlement Agreement, and cannot be expanded or modified as implied terms. Courts do not imply good faith when parties agree to an express term on the issue. *Oregon Univ. Sys. v. Oregon Pub. Employees Union,Local 503*, 185 Or. App. 506, 511 (2002).

Furthermore, to the extent that FamilyCare's theory is that OHA set the 2017 rates in a way that violated its good faith obligation under the Settlement Agreement but did not violate its express terms, that theory is similarly flawed. The implied duty of good faith "cannot expand the parties' substantive duties under a contract[.]" *Gibson v. Douglas Cty.*, 197 Or. App. 204, 217 (2005). *Gibson* illuminates that principle. There, the plaintiff asserted breach of contract because the defendant disclosed confidential information about the plaintiff during an announcement. *Id.* at 216. The relevant provision of the contract pertained only to "records" and therefore "d[id] not literally apply to the oral disclosure of confidential information." *Id.*

Plaintiff asserted a violation of the implied duty of good faith based on her reasonable expectations of confidentiality. *Id.* at 216-17. The Oregon Court of Appeals refused to expand the defendant's substantive duties and considered the plaintiff's reasonable expectations to be irrelevant because both parties agreed to an express term governing the issue.

**Page 7 -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

Similarly here, the implied duty of good faith cannot expand the substantive terms of the Settlement Agreement to grant Plaintiff a blanket guarantee that its rates will never be limited for other reasons. The parties agreed that the 2016 Rates and the Settlement Credit could not be used by OHA in setting Plaintiff's future rates. Whether this express term was breached by OHA will be resolved at a later date. Plaintiff is improperly attempting to expand the literal terms of the Settlement Agreement via the duty of good faith by inserting what amounts to an implied term that OHA could never reduce Plaintiff's rates for reasons related to the parties' prior dispute. Just as the plaintiff in *Gibson*, Plaintiff cannot expand OHA's substantive duties under a contract in that manner, and Plaintiff's subjective "reasonable expectations" are irrelevant because an express term governs the issue. In sum, OHA and Plaintiff are bound to the express terms of the Settlement Agreement; the express terms state the "reasonable expectations" of both parties, and any additional expectations asserted by Plaintiff are irrelevant and would impermissibly expand OHA's substantive duties.

The claim also fails because it seeks an impermissible remedy and fails to sufficiently allege a causal connection between the alleged breach—that OHA reduced FamilyCare's rates "to recover amounts paid to FamilyCare before the proposed 2017 rates were issued"—and the over $54 million in claimed "damages." Third Am. Compl. ¶¶ 98, 128. Even assuming the truth of the allegations, Plaintiff cannot possibly prove—and this Court cannot determine—what the 2017 rates would have been, unless the Court is willing to decide that, as a matter of law, a private entity is entitled to unilaterally decide how much public money it should receive based upon the opinions of its hired actuaries. In seeking such a remedy, Plaintiff improperly assumes that the Court will allow Plaintiff and its actuaries—not the government entities that administer the Medicaid program—to remake Oregon Health Plan policy to conform to Plaintiff's business model. In short, Plaintiff seeks a remedy that is simply not available in a breach of contract action and violates basic separation of powers and federalism principles.

Page 8 -    **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**D.** **FamilyCare Does Not Sufficiently Allege a Claim for Breach of the Dispute Resolution Agreement**

In its seventh claim for relief, FamilyCare alleges that OHA breached the Dispute Resolution Agreement because it "did not act in good faith," and that "OHA's actions demonstrate that it never intended to fulfill its promises and instead duped FamilyCare into executing the Dispute Resolution Agreement and foregoing litigation while it developed its campaign to smear FamilyCare." Third Am. Compl. ¶ 130. This claim fails because doing exactly what a contract calls for cannot also be a breach of that contract.

First, FamilyCare contends that OHA violated its duties under the Dispute Resolution Agreement by not providing FamilyCare with the information it wanted during the dispute resolution process—namely, cost data of other CCOs over which some CCOs assert trade secret protections. The Dispute Resolution Agreement expressly contradicts this contention— providing that OHA information was "subject to protection of confidential information such as trade secrets" and contemplated that the parties would "cooperatively work toward an agreement for protection of Confidential Information (by, for example, providing Confidential Information to an independent third-party expert)." ( Decl. of Harry B. Wilson In Support of Oregon Health Authority's Opp'n to FamilyCare's Mot. for a Protective Order ("Wilson Decl."), Ex. 1 (Document 76.))[2]

This is the exact information that is subject to the pending motion to intervene by other CCOs and statements made by counsel at the recent hearing on August 23, 2017. To this day, there is no agreement regarding protection of other CCOs' asserted trade secrets, so OHA cannot have breached the Dispute Resolution Agreement by not providing that information to

---

[2] The Court can and should consider the documents which Plaintiff's new claims are entirely predicated upon, the Dispute Resolution Agreement, in considering the sufficiency of the pleadings, attached as Exhibit 1 to the Stineman Declaration. Where, as here, a document is quoted, cited in, and relied upon in a pleading, that document has been incorporated by reference into the pleading and, therefore, is considered to be within the scope of the pleadings for purposes of a Rule 12(b)(6). *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (A court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[,]" but a court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

**Page 9 -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

FamilyCare.  In addition, the Dispute Resolution Agreement expressly acknowledged that OHA might not provide Plaintiff the information that it wanted, stating that "OHA understands and agrees that if it does not provide the information that FamilyCare's actuary believes is relevant and necessary … then FamilyCare's ability to provide a specific alternative proposal will be limited." *Id.*

Second, FamilyCare asserts that OHA acted in bad faith by considering information provided by FamilyCare in the course of negotiations to prepare for the possibility that the dispute would ***not*** be resolved and FamilyCare would sue OHA (which is what indeed occurred). Nothing in the Dispute Resolution Agreement prevents the use of information shared as part of the negotiation process outside of court.  Rather, the *sole* term that addresses use of such information simply provides that communications relating to the dispute resolution process are considered to be settlement communications subject to Oregon Rule of Evidence 408.  *Id.* ¶ 12a. Rule 408 governs only the admissibility of such evidence for certain purposes, such as to prove liability of the claim subject to the dispute resolution process (namely, breach of the Settlement Agreement).  Oregon Rule of Evidence 408 does not limit discovery or require confidentiality more generally.  *See also* Fed. Rule Evid. 408 (providing same).

Moreover, it is axiomatic that parties who agree to *attempt* to negotiate a resolution to a dispute in good faith do not simultaneously promise to settle the dispute or give up the right to prepare their respective claims and defenses.  A party to a dispute resolution agreement is permitted to simultaneously prepare its defense of claims threatened during the course of the dispute resolution process, and it does not act in bad faith by continuing to plan for threatened litigation.  Furthermore, given FamilyCare's own public relations and lobbying strategies in connection with this case and in past litigation, it cannot reasonably allege that the fact of making public communications relating to the litigation or internally considering adopting a communications strategy breached the Dispute Resolution Agreement.

**Page 10 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

E.    **FamilyCare Also Does Not Sufficiently Allege a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing of the Dispute Resolution Agreement**

In its eighth claim for relief, FamilyCare alleges that OHA breached the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement by "not engaging in good faith and by using the dispute resolution process to gather information to use in its smear campaign against FamilyCare." Third Am. Compl. ¶ 136. It seeks damages not less than $300,000, for expenses incurred "in connection with the Dispute Resolution Agreement," made "in reliance on the promises OHA made in that agreement." *Id.* ¶¶ 137, 138. This claim fails because Oregon courts do not imply a duty of good faith where, as here, there is an express term that governs the issue. FamilyCare and OHA explicitly defined "good faith" in the Dispute Resolution Agreement as participating in at least three dispute resolution discussions. Third Am. Compl. ¶ 41. For this claim to have any merit, FamilyCare would have to show that circulating the materials FamilyCare provided in the dispute resolution process for internal discussion was a breach.

Every contract contains an implied covenant of good faith and fair dealing, which is essentially an obligation to perform the contract "in a way that will effectuate the objectively reasonable contractual expectations of the parties." *Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 11 (2003). Two significant limitations on what duties can be implied under the covenant render FamilyCare's claim legally unavailing. First, as noted above, "[t]he obligation of good faith does not vary the substantive terms of the bargain or of the statute," *U.S. Nat. Bank of Oregon*, 311 Or. at 567, and so a duty may be implied under the covenant "only if the parties have not agreed to an express term that governs that issue[.]" *Oregon Univ. Sys.*, 185 Or. App. at 511. Second, and relatedly, "nor does [the covenant] provide a remedy for an unpleasantly motivated act that is expressly permitted by contract . . . ." *U.S. Nat. Bank of Oregon*, 311 Or. at 567.

Here, the Dispute Resolution Agreement expressly defines the scope and content of the parties' good faith duty under it, stating: "The parties agreed . . . that they would participate in

Page 11 -    **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

good faith in at least three substantive discussions." Third Am. Compl. ¶ 41.  As explained above, FamilyCare has not sufficiently pleaded a breach of this express term.  FamilyCare's claim depends upon implied terms that fundamentally differ from the agreement's express definition of the parties' good faith obligation, alleging that OHA breach its good faith duties by "using the dispute resolution process to gather information to use in its smear campaign against FamilyCare." Third. Am. Compl. ¶ 136.

Further, to the extent that FamilyCare alleges that OHA breached an implied good faith duty by continuing to plan for the impending litigation—by having OHA executives review the materials FamilyCare presented in the Dispute Resolution or by engaging in or considering adopting a communications strategy—FamilyCare's own tactics reflect that the parties clearly did not contemplate such an expansive implied duty of good faith.  FamilyCare should not be permitted to sue OHA for breaching an implied term that FamilyCare itself would also be guilty of breaching.

## CONCLUSION

For the reasons set forth above, OHA respectfully asks that this Court:

(1)    Dismiss FamilyCare's (sixth) claim for breach of implied covenant of good faith and fair dealing in the Settlement Agreement for failure to state a claim upon which the requested relief can be granted.

(2)    Dismiss FamilyCare's (seventh) claim for breach of the express terms of the Dispute Resolution Agreement for failure to state a claim upon which the requested relief can be granted.

(3)    Dismiss FamilyCare's (eighth) claim for breach of the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement for failure to state a claim upon which the requested relief can be granted.

(4)    Dismiss FamilyCare's (ninth) claim for intentional interference with business relations for failure to state a claim upon which the requested relief can be granted.

(5)    Require FamilyCare to make its (ninth) claim for intentional interference with business relations more certain so that OHA may fairly respond to it, to the extent that claim survives the motions to dismiss.

Dated this 11th day of April, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    */s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

715924

**Page 13 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S RULE 12
MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**