**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

> Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO(Trailing)

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official
capacity as director of the Oregon Health
Authority,

                                                    Defendants.

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 1

I.   The Court should dismiss FamilyCare's ninth claim for relief for failure to state a claim................................................................................................................ 1

    A.   FamilyCare's ninth claim fails because OHA's alleged conduct was not "improper." ................................................................................................... 1

        1.   FamilyCare fails to allege that OHA acted with "improper means."................................................................................................ 2

        2.   FamilyCare fails to allege that OHA acted with an "improper purpose." ............................................................................................ 3

    B.   FamilyCare's ninth claim fails because FamilyCare does not allege that OHA's conduct caused it harm. ................................................................... 3

II.  The Court should dismiss FamilyCare's sixth claim for relief for failure to state a claim because the Settlement Agreement's express terms, not the implied covenant of good faith and fair dealing, control this dispute.................................... 4

    A.   The sixth claim fails because the parties have already agreed to an express term governing OHA's right to limit FamilyCare's future rates. ............. 4

    B.   Even if the Court looks to the reasonable expectations of the parties, the sixth claim fails because the parties did not have a reasonable expectation that OHA would not reduce FamilyCare's rates in 2017. ................... 5

    C.   The sixth claim also fails because OHA's subjective motivations are irrelevant to whether OHA performed the Settlement Agreement according to the implied covenant of good faith and fair dealing. ........................ 6

III. The Court should dismiss FamilyCare's seventh claim for relief for failure to state a claim because the Dispute Resolution Agreement did not bar the creation of the communications plan nor require FamilyCare to disclose third-party trade secrets. ......................................................................................... 6

IV.  The Court should dismiss FamilyCare's eighth claim for relief for failure to state a claim................................................................................................................ 8

    A.   The eighth claim fails because the Dispute Resolution Agreement does not contain an implied term prohibiting OHA from using the dispute resolution process to "gather information." ........................................................... 8

    B.   The eighth claim fails because FamilyCare's own allegations show that OHA performed the Dispute Resolution Agreement in good faith. ...................... 8

CONCLUSION.................................................................................................................. 9

## TABLE OF AUTHORITIES

Page

**Cases**

*Bell Atl. Corp.*
  550 U.S. 554 (2007) ................................................................................................ 2, 3

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) ........................................................................................ 4

*Eusterman v. Nw. Permanente, P.C.*
  204 Or. App. 224 (2006 ......................................................................................... 2, 3

*Flynn v. Hanna*
  204 Or. App. 760 (2006) ............................................................................................. 6

*Franklin v. Portland Cmty. Coll.*
  100 Or. App. 465 (1990) ............................................................................................. 3

*Nw. Nat. Gas Co. v. Chase Gardens, Inc.*
  328 Or. 487 (1999) ...................................................................................................... 2

*Oregon Univ. Sys. (OUS) v. Oregon Pub. Employees Union, Local 503*
  185 Or. App. 506 (2002) ............................................................................................. 4

*Pac. First Bank v. New Morgan Park Corp.*
  319 Or. 342 (1994) ...................................................................................................... 4

*Reesman v. Highfill*
  327 Or. 597 (1998) ...................................................................................................... 2

*Stevens v. Foren*
  154 Or. App. 52 (1998) ............................................................................................... 6

*Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*
  320 Or. 638 (1995) ...................................................................................................... 5

*U.S. Nat. Bank of Oregon v. Boge*
  311 Or. 550 (1991) ...................................................................................................... 8

*W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*
  284 Or. App. 316 (2017) ......................................................................................... 5, 8

**Page ii -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE**
**RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

## INTRODUCTION

FamilyCare's third amended complaint alleges four contract and tort claims. Each fails to state a claim for relief. In its ninth claim for relief, FamilyCare alleges that the Oregon Health Authority ("OHA") used "improper means" and an "improper purpose" to interfere with its business relations. But FamilyCare's third amended complaint fails to allege that OHA did anything "improper." FamilyCare also fails to allege ultimate facts that OHA caused any of its business partners to cease doing business with it.

FamilyCare's sixth claim for relief, for breach of the implied covenant of good faith and fair dealing, fails as a matter of law. A plaintiff may not use the implied covenant of good faith and fair dealing to vary the substantive terms of a contract, to insert new terms into the contract, or to provide a remedy for an act that is expressly permitted by contract. FamilyCare's sixth claim for relief fails because the express terms of the Settlement Agreement, not the implied duty of good faith and fair dealing, provide the only limitations on OHA's right to limit FamilyCare's future rates.

FamilyCare's seventh and eighth claims for relief, for breach of the Dispute Resolution Agreement, fail because OHA performed that agreement in good faith and according to the agreement's express terms.

For these reasons, OHA respectfully requests that the Court dismiss FamilyCare's sixth, seventh, eighth, and ninth claims for relief. In the alternative to dismissal of the ninth claim, the Court should order FamilyCare to make that claim more definite and certain.

## ARGUMENT

I.    **The Court should dismiss FamilyCare's ninth claim for relief for failure to state a claim.**

A.    **FamilyCare's ninth claim fails because OHA's alleged conduct was not "improper."**

FamilyCare's intentional interference claim fails because OHA's conduct was not "improper." To plead a claim for intentional interference with a business relationship, FamilyCare must allege that OHA interfered with a FamilyCare business relationships through

**Page 1 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

"improper means" or for an "improper purpose." *Nw. Nat. Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 497-98 (1999). To be improper, a defendant's means "must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law. . ." *Id.* at 498. To be improper, a defendant's purpose "must be to inflict injury on the plaintiff 'as such.'" *Id.* (quoting *Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 211 (1978). It "is not improper for a defendant to interfere in a manner 'wholly consistent with its pursuit of its own business purposes as it sees them * * *.'" *Eusterman v. Nw. Permanente, P.C.*, 204 Or. App. 224, 238 (2006) (quoting *Top Serv. Body Shop, Inc.*, 283 Or. at 212) (alterations omitted).

### 1.    FamilyCare fails to allege that OHA acted with "improper means."

FamilyCare fails to allege that OHA interfered with its business relationships through improper means. Rather, FamilyCare alleges that OHA created, and partially implemented, a communications plan. (Third Am. Compl. ¶ 141.) But creation of a communications plan, alone, is not improper. (*See* Def.'s Rule 12 Mot. Resp. to the Third Am. Compl. at 6.) Creation of a communications plan does not "violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law[.]" *Nw. Nat. Gas Co.*, 328 Or. at 498.

In addition, the statements allegedly made by OHA employees that FamilyCare lists in paragraph 56 of the Third Amended Complaint are not improper because they are merely OHA's opinion about FamilyCare's motives in the rate-setting process. Such statements of opinion are not defamatory falsehoods. *See, e.g.*, *Reesman v. Highfill*, 327 Or. 597, 605-06 (1998) (expressions of opinion are not actionable defamation). Accordingly, the statements identified in paragraph 56 are not "improper."

Furthermore, FamilyCare's bare allegation that OHA used "misrepresentation, defamation, and disparaging falsehoods about FamilyCare," *see* Third Am. Compl. ¶ 142, is conclusory and unsupported by ultimate facts. FamilyCare does not identify a single statement made by OHA that is false or defamatory. See *Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)

**Page 2 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE
RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

(reiterating "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (alteration in original).  Thus, FamilyCare fails to allege that OHA acted with improper means.

> **2.** **FamilyCare fails to allege that OHA acted with an "improper purpose."**

FamilyCare also fails to allege that OHA interfered with its business relationships for an improper purpose.  FamilyCare makes numerous allegations that OHA sent out press releases and made statements of opinion regarding FamilyCare's position in the parties' dispute.  (*See, e.g.,* Third Am. Compl. ¶ 58.)  But those allegations do not show an improper purpose because those statements are consistent with OHA's own interests of defending its rate-setting methodology from FamilyCare's public criticism.  It "is not improper for a defendant to interfere in a manner 'wholly consistent with its pursuit of its own business purposes as it sees them * * *.'"  *Eusterman*, 204 Or. App at 238 (quoting *Top Serv. Body Shop, Inc.*, 283 Or. at 212) (alterations omitted).  It was—and is—appropriately within OHA's business purposes to defend its rate-setting process in the press, especially in the face of multiple lawsuits from FamilyCare.  Thus, FamilyCare fails to allege that OHA acted with an improper purpose.  Because FamilyCare has failed to adequately allege that OHA acted with improper means or for an improper purpose, the Court should dismiss FamilyCare's ninth claim for relief.

> **B.** **FamilyCare's ninth claim fails because FamilyCare does not allege that OHA's conduct caused it harm.**

To plead a claim for intentional interference, FamilyCare must allege that OHA's actions "in fact cause[d] injury to [FamilyCare's] contractual or business relationships." *Franklin v. Portland Cmty. Coll.*, 100 Or. App. 465, 467 (1990) (citations omitted) (emphasis omitted).  In its single allegation regarding causation and damages, FamilyCare alleges that OHA's actions "contributed to at least one provider group enrolling with FamilyCare's competitor, thereby causing disruption to the business relationship between FamilyCare and the provider group and economic harm to FamilyCare." Third Am. Compl. ¶ 144.  That allegation is conclusory and

**Page 3 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

fails to state any facts demonstrating that the "provider group" enrolled with FamilyCare's competitor *because* of OHA's alleged "interference." Conclusory allegations that merely restate an element are insufficient. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) (court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences). Because FamilyCare's allegations are insufficient to establish causation, FamilyCare's intentional interference claim fails as a matter of law.

**II.    The Court should dismiss FamilyCare's sixth claim for relief for failure to state a claim because the Settlement Agreement's express terms, not the implied covenant of good faith and fair dealing, control this dispute.**

**A.    The sixth claim fails because the parties have already agreed to an express term governing OHA's right to limit FamilyCare's future rates.**

The "duty of good faith operates to effectuate the reasonable expectations of the parties as determined under the terms of their contract." *Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 354 (1994). However, the "duty of good faith and fair dealing—which serves to effectuate the objectively reasonable expectations of the parties—may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue; indeed, the reasonable expectations of the parties are irrelevant if the parties have agreed to express terms governing the issue." *Oregon Univ. Sys. (OUS) v. Oregon Pub. Employees Union, Local 503*, 185 Or. App. 506, 511 (2002) (citations omitted).

Here, the parties have agreed to an express term that governs the only two bases upon which OHA may not limit FamilyCare's rates. Section 8 of the Settlement Agreement provides that OHA may "not use rates paid to FamilyCare under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years." Third Am. Compl. ¶ 64. Because the parties have agreed to an express term governing the issue, the duty of good faith and fair dealing may not be implied to provide that OHA cannot limit FamilyCare's future rates on any basis other than those expressly stated in the Settlement Agreement. The Court should dismiss FamilyCare's sixth claim for relief.

**Page 4 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**B.**     **Even if the Court looks to the reasonable expectations of the parties, the sixth claim fails because the parties did not have a reasonable expectation that OHA would not reduce FamilyCare's rates in 2017.**

The "reasonable contractual expectations of the parties are shown[] by the unambiguous terms[ ]of the contract." *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 647-48 (1995) (citations omitted). FamilyCare alleges that it had a "reasonable expectation, based on the Settlement Agreement," that "OHA would not reduce FamilyCare's rates to recover amounts paid to FamilyCare before the proposed 2017 and 2018 rates were issued."[1] Third Am. Compl. ¶ 9126. The Court should dismiss FamilyCare's claim because the unambiguous terms of the Settlement Agreement do not demonstrate that the parties had a reasonable expectation that OHA would not reduce FamilyCare's rates.

The Settlement Agreement contains only *one* sentence that addresses OHA's 2017 rates: Section 8 of the Settlement Agreement provides that OHA may "not use rates paid to Plaintiff under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to Plaintiff in future rate years." Third Am. Compl. ¶ 64. There are no other terms addressing the 2017 rates. The express, unambiguous terms of Section 8 state that OHA may not use rates paid under the "Contract for 2016" or the "Settlement Credit" to limit the "amount that can be paid to Plaintiff in future years." However, Section 8 does not prohibit OHA from limiting FamilyCare's rates for *any other reason*. FamilyCare may not construe the implied covenant of good faith and fair dealing to insert new terms into the Settlement Agreement or to expand the duties OHA owes to FamilyCare. *W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*, 284 Or. App. 316, 325 (2017) (The implied covenant of good faith and fair dealing cannot "be construed in a way that changes or inserts terms into a contract." Nor can it "expand the duties owed by the parties beyond those already provided by the contract." *Id.* at 329).

---

[1] Although not at issue in this motion, FamilyCare's contention that OHA "reduced" FamilyCare's 2017 rates is incorrect. OHA, in conjunction with a third-party actuary, develops new capitation rates every year. In 2017, OHA disallowed certain of FamilyCare's costs. (Third Am. Compl. ¶ 97.) OHA did not, however, first set FamilyCare's 2017 rates, and then choose to "reduce" them.

**Page 5 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

**C.**    **The sixth claim also fails because OHA's subjective motivations are irrelevant to whether OHA performed the Settlement Agreement according to the implied covenant of good faith and fair dealing.**

In its Response, FamilyCare contends that the mere existence of the communications plan shows that OHA did not act "fairly and in good faith" when it "cut FamilyCare's 2017 rates." (Pl.'s Opp'n to Def.' Rule 21 Mot. to the Second Am. Compl. ("Opp'n") at 7.) This new argument fails because it appears nowhere in the Complaint. In its Sixth Claim, FamilyCare makes no mention of the communications plan, instead alleging that OHA cut its rates to recover amounts previously paid to FamilyCare. Third Am. Compl. ¶¶ 97-99. This new argument is also nonsensical because, according to the Complaint, OHA did not start developing the communications plan until months *after* it developed the 2017 rates. (*Id.* ¶ 50.)

FamilyCare also appears to argue that OHA breached the implied covenant of good faith and fair dealing by harboring subjective animus towards FamilyCare in the 2017 rate-setting process as evidenced by the communications plan. (Opp'n at 6-7.) But an "unpleasantly motivated act" that is otherwise permitted by express contract terms does not violate the implied covenant. *Flynn v. Hanna*, 204 Or. App. 760, 774 (2006) ("[W]e will not examine the true motives of a party who exercises rights under a contract . . . ."). Instead the implied covenant "serves to protect the *objectively* reasonable contractual expectations of the parties." *Stevens v. Foren*, 154 Or. App. 52, 58 (1998) (emphasis added). OHA's alleged subjective animosity towards FamilyCare is irrelevant in this analysis. Accordingly, the Court should dismiss FamilyCare's sixth claim for relief.

**III.**    **The Court should dismiss FamilyCare's seventh claim for relief for failure to state a claim because the Dispute Resolution Agreement did not bar the creation of the communications plan nor require FamilyCare to disclose third-party trade secrets.**

FamilyCare asserts that OHA breached the terms of the Dispute Resolution Agreement by "us[ing] information and materials revealed in the dispute resolution process" to craft the communications plan. (Opp'n at 8; Third Am. Compl. ¶ 130.) The Dispute Resolution Agreement, however, does not prohibit OHA from using information and materials to develop a

**Page 6 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

communication plan or prepare for litigation.  Accordingly, the Court should dismiss FamilyCare's seventh claim for relief for breach of contract.

The Third Amended Complaint alleges that OHA specifically negotiated for the ability to disclose the dispute resolution materials to the media and other third parties: "During the negotiation of the Dispute Resolution Agreement, OHA insisted on removing a provision from that agreement that would have prevented the parties from communicating with third parties or the media about the dispute resolution process."  Third Am. Compl. ¶ 48.  Accordingly, the only Dispute Resolution Agreement provision regarding non-disclosure states that dispute resolution materials are settlement communications subject to ORE 408, *i.e.* inadmissible in court in certain circumstances.  (Decl. of Harry B. Wilson in Support of Oregon Health Authority's Opp'n to FamilyCare's Mot. for a Protective Order ("Wilson Decl."), Ex. 1 (Document 76).)  FamilyCare cannot argue that OHA violated non-disclosure terms that were intentionally left out of the contract.

FamilyCare also alleges that OHA breached the Dispute Resolution Agreement by failing to turn over other CCOs' confidential information.  (Opp'n. at 8; Third Am. Compl. ¶ 46.)  FamilyCare now acknowledges that the Dispute Resolution Agreement protected that information from disclosure, and instead argues that OHA breached its obligation to "cooperatively work toward an agreement for protection of Confidential Information."  (Opp'n. at 8.)  The Complaint contains no allegations bearing out this new theory, and FamilyCare cites none, instead stating that it will develop this claim "at trial."  (*Id.*)

But dismissal is appropriate at this stage because the Complaint allegations show that OHA worked diligently to ascertain and address the other CCOs' trade secret concerns.  The Complaint alleges that in February 2017, shortly after FamilyCare requested materials from OHA, OHA asked for the other CCOs' input regarding the potential trade secret materials in FamilyCare's requests.  Third Am. Compl. ¶ 43.  OHA asked FamilyCare to narrow its requests and communicated with the other CCOs to seek their input regarding the confidentiality of the information sought.  Third Am. Compl. ¶ 54.  A few weeks after OHA first raised the issue of other CCOs' confidentiality, FamilyCare filed this lawsuit.  Accordingly, the parties were not

**Page 7 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE
          RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

able to amicably resolve this contentious issue and instead the confidentiality of the CCOs' information became the subject of third-party motion practice in this Court. The Complaint demonstrates that OHA met its obligation to work "cooperatively" to resolve the other CCOs' confidentiality concerns. Accordingly, FamilyCare fails to state a claim for breach of Dispute Resolution Agreement and the Court should dismiss FamilyCare's seventh claim for relief.

**IV.     The Court should dismiss FamilyCare's eighth claim for relief for failure to state a claim.**

      **A.      The eighth claim fails because the Dispute Resolution Agreement does not contain an implied term prohibiting OHA from using the dispute resolution process to "gather information."**

The implied covenant of good faith and fair dealing cannot "be construed in a way that changes or inserts terms into a contract." *W. Prop. Holdings, LLC,* 284 Or. App. at 325. Nor can it "expand the duties owed by the parties beyond those already provided by the contract." *Id.* at 329. FamilyCare alleges that OHA breached the implied covenant of good faith and fair dealing in the Dispute Resolution Agreement by using "the dispute resolution process to gather information" to use in its communications plan. Third Am. Compl. ¶ 136. However, the Dispute Resolution Process does not contain any express terms prohibiting OHA or FamilyCare from gathering information during the dispute resolution process. Indeed, as explained above, the Third Amended Complaint alleges that OHA specifically negotiated for the ability to disclose the dispute resolution materials to the media and other third parties. Third Am. Compl. ¶ 48. Accordingly, FamilyCare fails to state a claim for breach of the implied covenant of good faith and fair dealing. *See U.S. Nat. Bank of Oregon v. Boge,* 311 Or. 550, 567 (1991) (duty of good faith and fair dealing does not provide a remedy for an act that is "expressly permitted by contract").

      **B.      The eighth claim fails because FamilyCare's own allegations show that OHA performed the Dispute Resolution Agreement in good faith.**

FamilyCare's own allegations show that OHA performed the Dispute Resolution Agreement in good faith. As alleged in the Complaint, OHA attorneys, officials, and an actuary attended a lengthy meeting with their counterparts at FamilyCare. Third Am. Compl. ¶ 49.

**Page 8 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE
               RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**

During this meeting, the OHA representatives listened to FamilyCare's concerns regarding the 2017 rates. (*Id.* ¶ 49.) Also during this meeting, FamilyCare's actuary requested materials from OHA to further analyze its rate-setting methodology. (*Id.*) As discussed above, further negotiations between the parties broke down over OHA's inability to provide FamilyCare with materials that OHA believed contained other CCOs' trade secret information. (*Id.* ¶ 43.) But given OHA's good faith negotiation, the dispute resolution process's failure to result in settlement is not itself actionable.

## CONCLUSION

For the foregoing reasons, the Court should dismiss FamilyCare's sixth, seventh, eighth, and ninth claims for relief. In the alternative to dismissal of the ninth claim, the Court should order FamilyCare to make that claim more definite and certain.

Dated this 11th day of April, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    */s/ Harry B. Wilson*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

715925

**Page 9 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S REPLY RE RULE 12 MOTIONS RESPONDING TO THIRD AMENDED COMPLAINT**