Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>             Plaintiff,<br><br>     v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>             Defendant.<br><br>———————————————<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>             Plaintiff,<br><br><br><br>     v. | No. 3:18−cv−00212−MO (LEAD)<br>No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT |

1-    PLAINTIFF FAMILYCARE, INC.'S MOTION FOR
LEAVE TO FILE FOURTH AMENDED
COMPLAINT

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,

Defendants.

## LOCAL RULE 7-1 CERTIFICATION

Before filing this motion, FamilyCare attempted to confer with Defendants in a good faith effort to resolve the issue in this motion.  FamilyCare received the following response, which Defendants requested be included in this conferral statement:

> The Oregon Health Authority ("OHA") and Patrick Allen received FamilyCare's proposed amendment at 2:18 p.m., along with a statement that FamilyCare intends to file its motion to amend today. The proposed amendment adds a new defendant and five new paragraphs of substantive allegations on a wholly new legal theory. There is no way that counsel for OHA and Mr. Allen can meaningfully confer with their clients in less than three hours on FamilyCare's significant alterations to this case. FamilyCare has not afforded defendants an opportunity to have a good faith conferral, as required under Local Rule 7-1.  Under these circumstances, OHA and Mr. Allen object to the proposed amendment.

Although FamilyCare remains open to further conferral and hopes that Defendants will not oppose this motion, FamilyCare understands that the Court expressed an interest in reviewing the proposed amended complaint while motions to dismiss are still pending, and is therefore filing this motion without delay.

## MOTION TO AMEND

Under Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2), FamilyCare requests leave of court to file its fourth amended complaint in this matter, attached hereto as Exhibit 1.

2- PLAINTIFF FAMILYCARE, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## MEMORANDUM OF POINTS AND AUTHORITIES

As set forth below, leave to amend should be granted because it is being made in a timely manner, is supported by good cause, and will not prejudice any party.

## I.    The Proposed Amendment

FamilyCare's Third Amended Complaint (the currently operative complaint) alleges that FamilyCare has requested information necessary to evaluate the Defendants' capitation rate-setting decisions (*see, e.g.*, Third Amended Complaint ("TAC") ¶¶ 21, 23, 35, 41, 52); notified Defendants that the rates were incorrect and unsound and were based on erroneous data and methodology (*see, e.g.*, TAC ¶¶ 20, 24, 59, 67); requested that Defendants correct those errors and redress the harm they caused (*see, e.g.*, TAC ¶¶ 38, 59, 69, 71); refused to sign contract amendments with erroneous and unsound rates (*see, e.g.*, TAC ¶¶ 26, 73); and filed lawsuits against Defendants, including this suit (*see, e.g.*, TAC ¶¶ 22, 27). FamilyCare's Third Amended Complaint further states that Defendants targeted FamilyCare by, among other things, setting rates that were unreasonable, biased, actuarially unsound and based on erroneous data (*see, e.g.*, TAC ¶¶ 4, 33, 59, 62, 67); refusing to correct known errors in data and methodology (*see, e.g.*, TAC ¶¶ 4, 70-71); developing and implementing a smear campaign against FamilyCare (*see, e.g.*, TAC ¶¶ 46-58); refusing to grant FamilyCare procedural protections guaranteed by law (*see, e.g.*, TAC ¶¶71-76); and implementing a plan to put FamilyCare out of business (*see, e.g.*, TAC ¶¶ 4, 13, 28, 87). FamilyCare seeks leave to amend its complaint to clarify that Defendants' actions were taken in retaliation for FamilyCare's exercise of its constitutionally protected rights to criticize the actions of government officials, to petition the government for redress of grievances, and to access the courts by filing suit against the government, therefore forming the basis for a claim under 42 U.S.C. § 1983. *See Soranno's Gasco, Inc. v. Morgan*, 874

3-  PLAINTIFF FAMILYCARE, INC.'S MOTION FOR
    LEAVE TO FILE FOURTH AMENDED
    COMPLAINT

F.2d 1310, 1314 (9th Cir. 1989) ("Deliberate retaliation by state actors against an individual's exercise of [their First Amendment rights] is actionable under section 1983."). FamilyCare further seeks to add Lynne signSaxton, former director of the Oregon Health Authority, as a defendant regarding FamilyCare's § 1983 claims.

## II.    Leave to Amend is Warranted.

### A.    Rule 15 and 20 Establish a Liberal Standard for Granting Leave to Amend.

Under Federal Rule 15(a), leave to amend a pleading should be given freely "when justice so requires." In the Ninth Circuit, the policy favoring leave to amend "is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of actions or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Supreme Court has instructed that "the leave sought should, as the rule requires, be 'freely given'" unless the nonmovant establishes undue delay, bad faith or dilatory motive on part of the movant, prejudice to the nonmovant, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also DCD Programs,* 833 F.2d at 186 (assessing factors and reversing denial of leave to amend to add a new party in fourth amended complaint notwithstanding defendants' arguments of undue delay and futility). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Without prejudice, or at least "a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

4-    PLAINTIFF FAMILYCARE, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

On a motion to amend to join additional parties, a court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (citing *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980)).  Rule 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20.  The addition of a party under Rule 20(a) calls for an equally liberal analysis as that mandated by Rule 15(a).  *Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) ("[R]equirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties.") (citing *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).

In sum, Rules 15 and 20 establish a liberal standard that favors granting leave to amend. That standard is easily satisfied here.

### B.    The Proposed Amendment Meets the Requirements of Rules 15 and 20.

#### 1.    The proposed amendment would not cause undue prejudice.

The party opposing amendment has the burden of establishing undue prejudice. *DCD Programs*, 833 F.2d at 187.  Here, FamilyCare's proposed amendment will not significantly alter the scope of discovery against the existing Defendants or otherwise prejudice them.  Indeed, the factual allegations underlying FamilyCare's theory of retaliation—*i.e.*, that FamilyCare engaged in constitutionally protected expression and that OHA targeted FamilyCare with the intent to drive it out of business—are already present in the Third Amended Complaint.  *See, e.g.*, TAC ¶¶

5-   PLAINTIFF FAMILYCARE, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

21-23 (describing FamilyCare's requests for information and lawsuit against OHA); *id.* ¶¶ 67-76 (describing FamilyCare's efforts to notify Defendants of errors in the 2018 rates and Defendants' subsequent actions to force FamilyCare from the Medicaid market). And the proposed amendment will not make it any more difficult for the existing Defendants to defend this action. To the contrary, joining Lynne Saxton to the existing action as opposed to filing a second lawsuit would promote judicial economy and should serve to reduce the costs of this litigation.

Nor would the proposed amendment prejudice Lynne Saxton. The current defendants have not yet answered the complaint, discovery is still open, and trial in this case is scheduled for January 2019. Moreover, Ms. Saxton was director of the Oregon Health Authority when FamilyCare filed its original complaint in February 2017, and was therefore on notice of the allegations in that complaint.

### 2.    The proposed amendment does not implicate the other *Foman* factors.

Just as the non-moving parties cannot meet their burden of establishing undue prejudice, so too are they unable to establish any of the other factors that counsel against amendment.

First, there is simply no basis to claim "bad faith or dilatory motive" on part of the FamilyCare, and the proposed amendment does not entail "undue delay." *See Foman*, 371 U.S. at 182. To the contrary, FamilyCare has diligently pursued its § 1983 claim, amending its complaint—with OHA's consent—to state a § 1983 claim in February 2018, shortly after it had been driven out of the Medicaid business. This motion to clarify and expand the § 1983 claim arises only two months after that.

In any case, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186; *see also Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("While it is true that the motion was made five years after the third party complaint had

6- PLAINTIFF FAMILYCARE, INC.'S MOTION FOR
LEAVE TO FILE FOURTH AMENDED
COMPLAINT

been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend . . . . There is no allegation that the government's motion was made in bad faith even though the government gave no reason for its lengthy delay."). Accordingly, courts liberally allow amendment to add new defendants even where much more time has passed than in the case here. *See, e.g., Expoconsul Int'l, Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 338-39 (S.D.N.Y. 1993) (rejecting claims of undue delay and permitting plaintiffs to add new defendants approximately five years after commencement of case); *Issen v. GSC Enters., Inc.*, 552 F. Supp. 390, 394 (N.D. Ill. 1981) (permitting amendment despite seven-year delay since amendment came before close of discovery, before trial, and before rulings on summary judgment motions).

Second, the proposed amendments are not futile. *See Foman*, 371 U.S. at 182. To the contrary, it is well established that deliberate retaliation by state actors against an entity's exercise of its rights to comment on the actions of government officials, petition the government for redress of grievances, and file suit against the government "is actionable under section 1983." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). The Defendants invoked qualified immunity in their motion to dismiss FamilyCare's existing § 1983 theories, but qualified immunity cannot shield Mr. Allen or Ms. Saxton from a claim of retaliation against political expression. *See id.* at 1319 (reversing grant of summary judgment on qualified immunity grounds because "[i]t could hardly be disputed that at the time of the [alleged government action] an individual had a clearly established right to be free of intentional retaliation by government officials based upon that individual's constitutionally protected expression.").

7-  PLAINTIFF FAMILYCARE, INC.'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**3.** **The proposed amendment satisfies the joinder requirements of Rule 20.**

The addition of Lynne Saxton as a new party likewise comports with the liberal joinder requirements of Rule 20. The underlying factual basis for the § 1983 claim against Ms. Saxton arises out of the "same transaction or occurrence" as the § 1983 claims against the other defendants, *i.e.*, a continuing course of conduct in which the defendants conspired to drive FamilyCare out of business. *See* Fed. R. Civ. P. 20(a)(2)(A). And the claims against the would-be Defendants involve "question[s] of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(B). As such, addition of Ms. Saxton as a party is proper.

## IV.    CONCLUSION

For the foregoing reasons, FamilyCare's motion for leave to file an amended complaint should be granted.

DATED: April 25, 2018                          **PERKINS COIE LLP**


By: *s/ Stephen F. English*
　　Stephen F. English, OSB No. 730843
　　SEnglish@perkinscoie.com
　　Matthew P. Gordon, *pro hac vice*
　　MGordon@perkinscoie.com
　　Brian P. Samuelson, OSB No. 165476
　　BSamuelson@perkinscoie.com
　　Perkins Coie LLP
　　1120 N.W. Couch Street, 10th Floor
　　Portland, OR  97209-4128
　　Telephone:  503.727.2000
　　Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

8-　PLAINTIFF FAMILYCARE, INC.'S MOTION FOR
　　LEAVE TO FILE FOURTH AMENDED
　　COMPLAINT