**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
Markowitz Herbold PC
1211 SW 5th Ave., Suite 3000
Portland OR  97204
Telephone: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Oregon Health
Authority, an agency of the State of Oregon, and Patrick
Allen, both individually and in his official capacity as
director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Plaintiff,<br><br>v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Defendant.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff, | Case No. 3:18-cv-00212-MO (Leading)<br>Case No. 6:18-cv-00296-MO (Trailing)<br><br>**PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

**PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

v.

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official
capacity as director of the Oregon Health
Authority,

Defendants.

**PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO
MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 1

III.  ARGUMENT ....................................................................................................... 4

   A.  FamilyCare's motion for leave to file a fourth amended complaint should be denied for
       failure to confer pursuant to LR 7-1. .................................................................. 4

   B.  FamilyCare's proposed amendments fail to satisfy FRCP 15 on multiple grounds. .......... 4

       1.  Allowing the proposed amendments will prejudice defendants and Saxton. .................. 4

       2.  FamilyCare unduly delayed in bringing its new retaliation theory. ................................. 6

       3.  The retaliation claim is futile. ...................................................................................... 7

           a.  The proposed amendments do not plausibly plead a retaliation claim and are thus
               futile. .................................................................................................................... 7

           b.  Saxton and Allen are entitled to qualified immunity, rendering the proposed
               amendments futile as to their individual liability. ............................................... 9

           c.  The proposed amendments do not plead any actual ongoing state conduct to enjoin and
               are thus futile as to Allen in his official capacity. ............................................ 10

IV.   CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Alpha Energy Savers, Inc. v. Hansen*
381 F.3d 917 (9th Cir. 2004) ...................................................................................7, 9

*Ascon Properties, Inc. v. Mobil Oil Co.*
866 F.2d 1149 (9th Cir. 1989) .....................................................................................4

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)......................................................................................................7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)....................................................................................................11

*Bonin v. Calderon*
59 F.3d 815 (9th Cir. 1995) .........................................................................................4

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*
149 F.3d 971 (9th Cir. 1998) .......................................................................................9

*City of Los Angeles v. Lyons*
461 U.S. 95 (1983)................................................................................................10, 11

*Forman v. Davis*
371 U.S. 178 (1962)......................................................................................................4

*Jackson v. Bank of Hawaii*
902 F.2d 1385 (1990)....................................................................................................4

*Moran v. Washington*
147 F.3d 839 (9th Cir. 1998) .......................................................................................9

*Morongo Band of Mission Indians v. Rose*
893 F.2d 1074 (9th Cir. 1990) .....................................................................................5

*O'Shea v. Littleton*
414 U.S. 488 (1974)................................................................................................10, 11

*Port of Portland v. Union Pacific R. Co.*
No. CV 98-886-ST, 1999 WL 1080328 (D. Or. Nov. 30, 1999)............................................6

*Puri v. Khalsa*
No. 3:10-CV-01532-MO, 2017 WL 6513055 (D. Or. Dec. 20, 2017) ...............................4, 6

*Solomon v. N. Am. Life & Cas. Ins. Co.*
151 F.3d 1132 (9th Cir. 1998) .....................................................................................4

*Soranno's Gasco v. Morgan*
874 F.2d 1310 (9th Cir. 1989) .................................................................................7, 10

*Spangler v. City of Monument*
   No. 2:16-CV-00090-SU, 2017 WL 8948240 (D. Or. Aug. 17, 2017) ....................................8

*Wash. Envtl. Council v. Bellon*
   732 F.3d 1131 (9th Cir. 2013) .......................................................................................10

*Williams v. California*
   764 F.3d 1002 (9th Cir. 2014) .....................................................................................8, 9

<u>Statutes and Other Authorities</u>

42 U.S.C. § 1983...................................................................................................*passim*

FRCP 15..............................................................................................................4

LR 7-1 ..................................................................................................................4

## I.  INTRODUCTION

This is FamilyCare's fourth attempt to amend its pleadings in this case and its second attempt to amend while motions to dismiss its claims are pending.  Yet by its own admission, FamilyCare's current proposed amendments are based on information known to FamilyCare from the outset of the case (and even before).  FamilyCare's delayed, serial amendments over the last 14 months have prevented the operative complaint from being settled and defendants from filing an answer, affirmative defenses, and counterclaims.  Furthermore, without their answer, affirmative defenses, and counterclaims on file, defendants' ability to conduct discovery has been constrained. With a June 29 discovery cut-off looming, and a motion to amend and motions to dismiss pending, the nature of FamilyCare's claims remain highly uncertain, seriously hindering defendants' ability to efficiently and effectively conduct depositions and prepare dispositive motions within the time allowed.  Granting FamilyCare's motion to amend will further disadvantage defendants.

Additionally, FamilyCare's proposed new theory of liability—retaliation based on an exercise of First Amendment rights—is futile because: (1) FamilyCare fails to plausibly plead a claim for retaliation as it offers no facts to establish that the actions of OHA's current and former directors (Patrick Allen and Lynne Saxton) were substantially motivated by FamilyCare's protected First Amendment activity; (2) Allen and Saxton are entitled to qualified immunity from money damages; and (3) having closed its business, FamilyCare has no standing for injunctive relief against Allen in his official capacity under Section 1983 as the only conduct it seeks to enjoin is purely theoretical.

## II.  BACKGROUND

On February 27, 2017, FamilyCare filed its original complaint in this case in Marion Circuit Court Case No. 17CV09226.  (Complaint ("Compl."), ECF No. 1-1 at 1.)  FamilyCare's primary basis for all of its claims in that complaint was its allegation that the 2017 Rate Amendment was an impermissible "clawback" of money covered by the Settlement Agreement.

**Page 1 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
            TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Compl. ¶ 52.  The claims alleged that, in setting the 2017 CCO rates, during calendar year 2016, OHA "penalized" FamilyCare for the Settlement Agreement.  *See* Compl. ¶ 54 ("The Clawback is an attempt to penalize FamilyCare for the rates it received from OHA in 2016 and/or for the Settlement Credit that FamilyCare received pursuant to the Agreement.").  The original complaint also alleged that "OHA has targeted FamilyCare . . . to be eliminated . . . ."  Compl. ¶ 13.  In addition, the complaint contained numerous allegations of alleged misconduct that FamilyCare's counsel described as "explaining how we got to this point, and why FamilyCare believes what it believes about what the State has done."  (5/19/17 hearing transcript at 35:10-15, attached to Decl. of Harry B. Wilson in Support of Patrick Allen and Oregon Health Authority's Opp. To Mot. for Leave to File Fourth Am. Compl. ("Wilson Decl.") as Ex. 1.)

In June 2017, FamilyCare amended its complaint to add a claim for more than $52 million in damages for breach of the Settlement Agreement (and other non-substantive changes). (First Amended Complaint, ECF No. 1-1 at 231.)  In August 2017, FamilyCare amended its complaint again.  (Second Amended Complaint ("SAC"), ECF No. 1-1 at 257.)  The second amended complaint alleged a new claim for intentional interference with business relations, new claims relating to the Dispute Resolution Agreement, and a new claim for breach of the implied covenant of good faith and fair dealing in the Settlement Agreement.  SAC ¶¶ 92-113.

In February 2018, while OHA's motions to dismiss the second amended complaint were pending, FamilyCare filed yet another amended complaint.  (Defendant's Rule 21 Motions Responding to Second Amended Complaint, ECF No. 1-1 at 557; Third Amended Complaint ("TAC"), ECF No. 1-1 at 501.)  The third amended complaint added claims challenging FamilyCare's 2018 rates.  TAC ¶¶ 108-118.  The TAC also added a claim under 42 U.S.C. § 1983 ("Section 1983") against OHA and Allen, alleging that they deprived FamilyCare of its property interests in "goodwill" and actuarially sound rates without due process of law, as required by the United States Constitution, and seeking $50 million in damages from Allen. TAC ¶ 82-90.

**Page 2 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

OHA and Allen moved to dismiss many of the claims in the TAC.  (Patrick Allen and Oregon Health Authority's Motions to Dismiss ("MTD"), ECF No. 21.)  At the conclusion of the hearing on those motions to dismiss, FamilyCare raised, for the first time, its desire to amend its complaint a fourth time:

> MR. ENGLISH: Your Honor, with respect to the current 1983 claim, it is our intention to actually add a pargraph[.]"
>
> THE COURT: Why don't you move to amend it, submit the proposed language[.]"

(4/20/18 hearing transcript at 45:17-24, Wilson Decl. Ex. 2.)

Five days later, on April 25 at 2:18 p.m., FamilyCare provided the proposed fourth amended complaint to OHA's counsel.  (04/25/18 email from Brian Samuelson to Brittany Simpson, Wilson Decl. Ex. 3.)  The proposed fourth amended complaint adds former OHA director Lynne Saxton as a new defendant.  It also adds a new legal theory for Section 1983 liability, alleging that Allen and Saxton retaliated against FamilyCare for expressing its First Amendment rights.[1]  Although the proposed fourth amended complaint contained six new paragraphs, five rewritten paragraphs, advanced an entirely new legal theory, and added a new defendant, FamilyCare demanded that OHA indicate whether it would consent to the motion by the end of the day.  (Prop. Fourth. Am. Compl.; 04/25/18 Samuelson email, Wilson Decl. Ex. 3.)  Counsel for OHA and Allen responded that they could not adequately confer with their clients about the new legal theory in defendant in less than three hours.  FamilyCare then filed its motion for leave to amend at 4:58 pm on April 25, 2018.  (04/25/18 email notification re filing of motion for leave, Wilson Decl. Ex. 4.)

---

[1] The proposed amendments seek $50 million in damages from Allen and Saxton.  (Proposed Fourth Amended Complaint ("Prop. Fourth Am. Compl.") attached to Plaintiff FamilyCare Inc.'s Motion for Leave to File Fourth Amended Complaint ("Mot."), ECF No. 85, as Ex. 1, ¶ 92).  FamilyCare now also seeks an injunction ordering Director Allen to "cease all efforts to retaliate against FamilyCare" and preventing him from prohibiting FamilyCare from entering a bid for future Medicaid contracts with OHA.  *Id.* ¶ 93.

**Page 3 -**    **PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

III.    ARGUMENT

A.    **FamilyCare's motion for leave to file a fourth amended complaint should be denied for failure to confer pursuant to LR 7-1.**

OHA and Allen received FamilyCare's proposed amendments less than three hours before FamilyCare filed them.  Despite FamilyCare's in-court representation five days earlier that the amendments would add only a single paragraph to FamilyCare's existing Section 1983 claim, the proposed amendments add five new paragraphs of substantive allegations alleging an entirely new legal theory with new requested relief and a new individual defendant.  Prop. Fourth Am. Compl. ¶¶ 5, 82, 83, 84, 85.  Because FamilyCare did not provide defendants a meaningful opportunity to confer, the motion for leave to amend should be denied.  *See Puri v. Khalsa*, No. 3:10-CV-01532-MO, 2017 WL 6513055, at *1 (D. Or. Dec. 20, 2017) (denying motion for failure to adequately confer where plaintiffs' only effort to comply with LR 7–1 was to send an email 3.5 hours before filing the motion).

B.    **FamilyCare's proposed amendments fail to satisfy FRCP 15 on multiple grounds.**

This Court may deny the motion for leave to file a fourth amended complaint, pursuant to FRCP 15, if the amendments would prejudice the defendants, are based on facts known to the plaintiff from the outset of litigation, would produce an undue delay in the litigation, or are futile for lack of merit.  *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (1990).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

1.    **Allowing the proposed amendments will prejudice defendants and Saxton.**

A motion for leave to amend should be denied where it would prejudice the opposing party by adding a new claim after substantial discovery has already occurred.  *See, e.g.*, *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (denying motion for leave to

**Page 4 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

amend filed weeks before the discovery deadline where new claim would increase discovery burden). The discovery deadline is June 29, 2018, less than two months from the filing of FamilyCare's motion to amend. FamilyCare's belated attempt to add a new theory and a new defendant will impair defendants' ability to complete discovery by the deadline.

As a result of FamilyCare's multiple prior amendments, some fourteen months after FamilyCare filed this action, defendants have still not answered the complaint, and defendants therefore still cannot obtain discovery regarding their anticipated defenses and counterclaims. Indeed, FamilyCare has resisted discovery on defendants' anticipated affirmative defenses and counterclaims by arguing that such discovery is premature without a filed answer. (*See* FamilyCare, Inc.'s Response to Oregon Health Authority's Motion to Compel Production of Documents (ECF 17), ECF No. 32, p. 4) ("OHA has not answered and thus has not pleaded any claims or defenses, and the Consultants-related communications are not relevant to any of the claims that FamilyCare asserts[.]"). Further, because FamilyCare's amendments would add a new defendant and a new legal theory, these new allegations would require defendants and Saxton to prepare a defense to Saxton and Allen's alleged retaliatory motives and FamilyCare's allegedly protected conduct. Permitting these belated amendments would mean that Saxton, a stranger to the current litigation, would be forced to conduct discovery and develop defenses in a little over a month. The facts alleged as the foundation for the amendments have been known to FamilyCare since at least 2016, and if alleged earlier, could have been addressed in discovery more efficiently. OHA, Allen, and Saxton should not be required to bear this additional burden to hit FamilyCare's moving target. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (rejecting amendment that "would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

///

///

///

**Page 5 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

### 2. FamilyCare unduly delayed in bringing its new retaliation theory.

FamilyCare makes no attempt to justify why it is only now seeking to amend the complaint to add a theory based on information that it has known, by its own admission, from the outset of the case. Mot. at 5 (acknowledging that "the factual allegations underlying FamilyCare's theory of retaliation—*i.e.,* that FamilyCare engaged in constitutionally protected expression and that OHA targeted FamilyCare with the intent to drive it out of business—are already present in the Third Amended Complaint") (citing TAC at ¶¶ 21-23); *see also supra* at Section II (describing allegations regarding OHA's nefarious intent that have been present since the original complaint).

In fact, *over two years ago*, FamilyCare accused defendants of the same conduct that it is only now attempting to include in litigation it filed fourteen months ago. In March 2016, FamilyCare wrote CMS a letter in which it accused defendants of punishing FamilyCare "for exercising is (*sic*) first amendment rights and its right to petition government[.]" (03/12/16 letter from William H. Murray to David L. Meacham, Wilson Decl. Ex. 5.) Despite raising a First Amendment-based retaliation claim in March 2016, FamilyCare did not include such a claim in its first, second, or third amended complaints. FamilyCare has known about the facts and theories raised by the proposed amendments from well before the time of its original complaint filed in February 2017. The fact that FamilyCare waited until now to seek to amend to add a new theory and a new defendant based on that already-existing information weighs against allowing the motion to amend. *See, e.g., Puri,* 2017 WL 6513055, at *2–3 (denying motion for leave to amend where plaintiffs knew of the facts and theories raised by the amendment years prior, and could have included these allegations at any time during the litigation); *Port of Portland v. Union Pacific R. Co*., No. CV 98-886-ST, 1999 WL 1080328, at *2–3 (D. Or. Nov. 30, 1999) (denying motion for leave to amend where party could have but chose not to include defense in earlier amendments and no excuse existed for the delay).

///

**Page 6 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

**3.      The retaliation claim is futile.**

FamilyCare's motion to amend should be denied for the additional reason that it is futile. The proposed amendments attempting to state a claim for retaliation because of FamilyCare's exercise of its First Amendment rights are futile because:  (1) FamilyCare fails to plausibly plead such a claim as the new allegations do not establish any factual nexus between any protected conduct and any alleged retaliation; (2) the individual defendants are entitled to qualified immunity because there is no analogous case clearly putting them on notice that their conduct related to rate-setting violated FamilyCare's First Amendment rights; and (3) FamilyCare lacks standing for its request for injunctive relief on the Section 1983 claim as it does not allege any ongoing state conduct to enjoin.

> **a.      The proposed amendments do not plausibly plead a retaliation claim and are thus futile.**

A government contractor alleging retaliation for exercise of First Amendment rights must show that the protected speech was a "substantial" factor in the defendant's decision to act as it did.  *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).  Then, the burden shifts to the defendant to establish that the agency's administrative interests outweigh the contractor's free speech interests or that the defendant would have taken the same action in the absence of the protected conduct.  *Id.*  Also, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Facts establishing actual motive to harm combined with suspicious timing may be enough to state a claim of retaliation, whereas alleged speculative motives and attenuated timing are not enough.  *See, e.g.*, *Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (complaint pleaded claim for retaliation where the defendant "intimated that he would 'somehow get even' with [the plaintiff] for embarrassing [the defendant] by generating publicity" over a

regulation defendant promulgated and the timing of the protected conduct and alleged retaliation was itself suspicious); *Williams v. California*, 764 F.3d 1002, 1016-17 (9th Cir. 2014) (dismissing complaint that contained only "boilerplate assertion that Defendants' conduct was retaliatory" instead of "facts giving rise to a plausible inference that [protected] activity was the motivating factor for any action taken by any of the Defendants").  Further, to plead a Section 1983 retaliation claim against an individual governmental official, the plaintiff must allege that the official knew of the plaintiff's protected activity and participated in the retaliatory acts.  *See, e.g.*, *Spangler v. City of Monument*, No. 2:16-CV-00090-SU, 2017 WL 8948240, at *5 (D. Or. Aug. 17, 2017) (dismissing retaliation complaint against individual government official where complaint failed to allege that official was "personally involved" in the alleged retaliatory acts).

Here, FamilyCare does not allege facts that would allow the Court to draw the reasonable inference that FamilyCare's protected First Amendment activity was a substantial factor in the alleged decision to retaliate.  FamilyCare does not allege any personal animus, and does not allege that either Saxton or Allen was involved in the actuarial processes that resulted in the allegedly actuarially unsound rates.  The proposed amendments only contain legal conclusions couched as factual allegations.

Indeed, factual allegations that FamilyCare does make are that OHA's rate-setting methodology caused FamilyCare's complaints, not the other way around.  *See* Prop. Fourth Am. Compl. ¶ 4; *see also id.* ¶¶ 70 (describing pre-existing "plan to put FamilyCare out of business"), 105 (citing actuarial unsoundness "over the past five years").  The amendments also include an allegation (which has been present since the original complaint) that OHA's alleged plan to eliminate FamilyCare had a non-retaliatory business purpose: "reduc[ing] the number of CCOs in Oregon so that OHA will have more control over the CCOs." *Id.* ¶ 13.  The amendments also allege that FamilyCare's alleged protected activity, speaking out about OHA's actuarial methodology, "[d]at[es] back to 2015," *i.e.* after OHA began implementing this alleged plan. *Id.* ¶ 4.

**Page 8 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

FamilyCare cites the creation of OHA's alleged plan and the provision of actuarially unsound rates as retaliatory conduct, and FamilyCare's communications and lawsuits regarding the perceived issues with the rates as protected activity. *See* Prop. Fourth Am. Compl. ¶¶ 83-84. But, according to FamilyCare's allegations, the alleged plan caused FamilyCare's speech, not the other way around. *See, e.g.*, *Williams*, 764 F.3d at 1017 (dismissing complaint alleging First Amendment retaliation where complaint allegations showed "that Defendants maintained the same position with respect to Plaintiffs' obligations both before and after they asserted their free exercise rights").

In sum, the proposed fourth amended complaint presents, even if allegations in it are taken as true, no plausible factual nexus between the alleged retaliation and any protected First Amendment activity. The motion for leave to amend should be denied because it is futile.

### b.     Saxton and Allen are entitled to qualified immunity, rendering the proposed amendments futile as to their individual liability.

FamilyCare's proposed claims for damages against the individual defendants are also futile because those defendants would be entitled to qualified immunity. In assessing a Section 1983 retaliation claim brought by a government contractor, a court must balance the agency's "legitimate administrative interests in promoting efficient service-delivery and avoiding workplace disruption" against the plaintiff's free speech rights. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004) (citing *Bd. of County Comm'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 684–85 (1996)). Because this test "requires a fact-sensitive, context-specific balancing of competing interests, the law regarding public-employee free speech claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 979–80 (9th Cir. 1998) (internal quotations omitted). Thus, the Ninth Circuit has repeatedly rejected generalized formulations of the relevant rule. *Brewster*, 149 F.3d at 979–80; *Moran v. Washington*, 147 F.3d 839, 845 (9th Cir. 1998).

**Page 9 -     PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
              TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

FamilyCare points to a single case in support of its claim that caselaw clearly establishes that "deliberate retaliation by state actors against an entity's exercise of its rights" was actionable. *Soranno's Gasco, Inc.*, 874 F.2d at 1314. But *Soranno's Gasco* involved a regulated entity, not a government contractor. *See Soranno's Gasco, Inc.* 874 F.2d at 1310. Thus, the Ninth Circuit did not balance the agency's interests against the plaintiff's interests as this Court must when analyzing FamilyCare's claims.

FamilyCare does not cite to any other clearly established law that would have put Saxton and Allen on notice that OHA's administrative interest in "promoting efficient service-delivery and avoiding workplace disruption" was outweighed by FamilyCare's interest in perennially disputing the capitation rates it received. FamilyCare's proposed damages claims are thus futile, even if the allegations are taken as true.

### c.    The proposed amendments do not plead any actual ongoing state conduct to enjoin and are thus futile as to Allen in his official capacity.

A plaintiff must demonstrate Article III standing for each claim it seeks to press and for each form of relief sought. *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). As noted above, the proposed amendments add requested relief for an injunction ordering Allen to "cease all efforts to retaliate against FamilyCare" and preventing him from prohibiting FamilyCare from entering a bid for future Medicaid contracts with OHA. Prop. Fourth Am. Compl. at Prayer A(4). But the proposed amendments are futile because they fail to allege facts establishing that FamilyCare has Article III standing for such prospective injunctive relief.

Article III's case or controversy requirement precludes federal courts from considering claims for equitable relief, including injunctions or declaratory judgments, unless the plaintiff can demonstrate that the threat of future injury is both real and immediate, not conjectural or hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding [prospective] injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v.*

**Page 10 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

*Littleton*, 414 U.S. 488, 495-96 (1974).  A plaintiff's subjective fear of future injury is irrelevant. *Lyons*, 461 U.S. at 107 n.8.

Here, none of the 160 paragraphs in the proposed fourth amended complaint allege any ongoing conduct by OHA (through Allen in his official capacity) vis-à-vis FamilyCare to enjoin. FamilyCare's CCO business is now closed, insulating it from any future harm of the sort about which it has complained.  *See* Prop. Fourth Am. Compl. ¶ 4 (alleging that FamilyCare "shut down its Medicaid business and cease[d] providing services to Oregon Health Plan members").  While the proposed amendments allege in conclusory fashion that "Defendants have continued targeting FamilyCare even after FamilyCare was forced to close its Medicaid business," they fail to specify *any facts* showing ongoing retaliation.  Prop. Fourth Am. Compl. ¶ 84.  This conclusory allegation should be disregarded as this Court need not "accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

Further, nowhere does the proposed fourth amended complaint allege that FamilyCare in fact plans to submit a bid for future Medicaid contracts with OHA, much less identify a specific contract for which FamilyCare intends to submit a bid.  The proposed fourth amended complaint falls far short of establishing a live, justiciable controversy to establish Article III standing. Leave to amend to add a claim for injunctive relief under Section 1983 should be denied.

///

///

///

///

///

///

///

**Page 11 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
          TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

## IV.    CONCLUSION

This Court should deny FamilyCare's motion for leave to file a fourth amended complaint.

DATED this 9th day of May, 2018.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By:   */s/ Harry B. Wilson*
> ———————————————————
> David B. Markowitz, OSB #742046
> DavidMarkowitz@MarkowitzHerbold.com
> Matthew A. Levin, OSB #003054
> MattLevin@MarkowitzHerbold.com
> Renée E. Rothauge, OSB #903712
> ReneeRothauge@Markowitzherbold.com
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Laura Salerno Owens, OSB #076230
> LauraSalerno@MarkowitzHerbold.com
> *Special Assistant Attorneys General for*
> *Oregon Health Authority, an agency of the*
> *State of Oregon, and Patrick Allen, both*
> *individually and in his official capacity as*
> *director of the Oregon Health Authority*

**Page 12 -    PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S OPPOSITION
TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**