Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>              Plaintiff,<br><br>       v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>              Defendant.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>              Plaintiff,<br><br>       v. | No. 3:18−cv−00212−MO (LEAD)<br>No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT |

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,

Defendants.

PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 2

    I.    Further conferral regarding the motion would have been futile and contrary to Local Rule 7-1's aim of judicial efficiency. ....................................... 2

    II.    Defendants' arguments against leave to amend lack merit. ................................... 4

        A.    Defendants will not be prejudiced by the proposed amendment. .............. 4

        B.    There has been no undue delay. ................................................................ 7

        C.    The proposed amendment is not futile. ..................................................... 8

            1.    The proposed amendment sufficiently states a retaliation claim. ............................................................................................. 8

            2.    Defendants are not entitled to qualified immunity. ..................... 10

            3.    The complaint adequately pleads a claim for prospective equitable relief. ........................................................................... 14

CONCLUSION………………………………………………………………….16

PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allen v. Scribner*,
812 F.2d 426 (9th Cir. 1987) ...............................................................................11

*Alpha Energy Savers, Inc. v. Hansen*,
381 F.3d 917 (9th Cir. 2004) ...................................................................... 8, 11-12

*Bowers v. Experian Information Solutions, Inc.*,
No. 08-1436-AC, 2009 WL 2136632 (D. Or. July 15, 2009) ...................................3

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) .................................................................................8

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*,
149 F.3d 971 (9th Cir. 1998) ...........................................................................13, 14

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)...................................................................................14, 15, 16

*Coszalter v. City of Salem*,
320 F.3d 968 (9th Cir. 2003) ...............................................................................13

*Creighton v. City of Livingston*,
628 F.Supp.2d 1199 (E.D. Cal. 2009)....................................................................14

*DCD Programs, LTD. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) .............................................................................4, 7

*Gerke v. Travelers Cas. Ins. Co. of America*,
815 F. Supp. 2d 1190 (D. Or. 2011) .......................................................................3

*Gilbrook v. City of Westminster*,
177 F.3d 839 (9th Cir.1999) ................................................................................12

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)............................................................................................10

*Howey v. United States*,
481 F.2d 1187 (9th Cir. 1973) .........................................................................1, 7, 8

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Johnson v. Multnomah County*,
    48 F.3d 420 (9th Cir. 1995) ...........................................................................................12

*Keyser v. Sacramento City Unified Sch. Dist.*,
    265 F.3d 741 (9th Cir. 2001) ................................................................................ 9, 12-14

*LaDuke v. Nelson*,
    762 F.2d 1318 (9th Cir. 1985) .......................................................................................15

*Lynch v. Baxley*,
    744 F.2d 1452 (11th Cir. 1984) .....................................................................................15

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) .....................................................................................1, 6

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)................................................................................................15, 16

*Phoenix Solutions, Inc. v. Sony Elecs., Inc.*,
    637 F. Supp. 2d 683 (N.D. Cal. 2009) .............................................................................6

*Pickering v. Bd. of Educ.*,
    391 U.S. 563 (1968)................................................................................................11, 13

*Puri v. Khalsa*,
    No. 3:10-cv-01532-MO, 2017 WL 6513055 (D. Or. Dec. 20, 2017) .......................................3

*Reeder v. Knapik*,
    No. 07-362, 2007 WL 2815046 (S.D. Cal. Sept. 24, 2007).....................................................5

*Robinson v. York*,
    566 F.3d 817 (9th Cir. 2009) ................................................................................. 12-13

*Roth v. Veteran's Admin.*,
    856 F.2d 1401 (9th Cir. 1988) .......................................................................................12

*Solomon v. N. Am. Life & Cas. Ins. Co.*,
    151 F.3d 1132 (9th Cir. 1998) .........................................................................................6

*Soranno's Gasco, Inc. v. Morgan*,
    874 F.2d 1310 (9th Cir. 1989) .....................................................................................9, 11

iii-  PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
    MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Thompson v. Federico*,
    324 F. Supp. 2d 1152 (D. Or. 2004) ...............................................................................2

*United States v. Pend Orielle Pub. Util. Dist. No. 1*,
    926 F.2d 1502 (9th Cir.1991) ........................................................................................8

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
    309 F.R.D. 645 (W.D. Wash. 2015) ...............................................................................7

*Wyndam Vacation Resorts, Inc. v. Architects Hawaii Ltd.*,
    No. 08-00236, 2009 WL 10677142 (D. Hawaii June 9, 2009)........................................5

STATUTES

42 U.S.C. § 1983................................................................................................... passim

RULES

Fed. R. Civ. P. 15(a) ......................................................................................................7

Local Rule 7-1..........................................................................................................2, 3

Oregon Uniform Trial Court Rule 2.030 .........................................................................5

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## INTRODUCTION

It is well established that leave to amend "shall be freely given when justice so requires," and that courts apply this policy with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Indeed, "[w]here there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Nevertheless, Defendants oppose FamilyCare's motion for leave to modify FamilyCare's existing Section 1983 claim and to name Lynne Saxton as a defendant. While they try to make much of FamilyCare's purported delay in offering the amendment, Defendants fail to demonstrate any prejudice, let alone undue prejudice, that would result from the proposed changes. Indeed, the amendment would neither alter the nature or scope of the case nor have a discernable impact on the wide-ranging discovery that is already taking place. This is critical, for "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

Defendants also fail to satisfy their burden of showing that the amendment is futile or otherwise frivolous. Contrary to Defendants' suggestion, the complaint's allegations are more than sufficient to state a claim for retaliation against FamilyCare's exercise of its First Amendment rights. Defendants contend that Allen and Saxton are entitled to qualified immunity because FamilyCare's right to be free from such retaliation is not clearly established, but multiple Ninth Circuit decisions handed down in the wake of the case relied upon by Defendants set forth FamilyCare's right to stand up for the public interest by challenging the improper conduct of government officials. And FamilyCare's right to proceed with its Section 1983 claim extends to its claim for injunctive relief prohibiting further retaliation against it.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Tellingly, Defendants do not cite a single case denying leave to amend on facts resembling those here. To the contrary, the cases on which they rely involved proposed amendments that would have materially impacted the case's scope and schedule or otherwise amounted to a "radical shift in direction" of the case. This is in stark contrast to FamilyCare's proposed amendment, which merely modifies an existing claim for relief and formally names as a defendant an individual who is already central to the case. Consistent with policy of extreme liberality in permitting amendments, the Court should grant FamilyCare's motion for leave to amend.

## ARGUMENT

**I.     Further conferral regarding the motion would have been futile and contrary to Local Rule 7-1's aim of judicial efficiency.**

Defendants first argue that FamilyCare's motion to amend should be denied for failure to confer. (Patrick Allen and Oregon Health Authority's Opposition to Motion for Leave to File Fourth Amended Complaint ("Opp.") at 4). Local Rule 7-1 is rooted in a concern for judicial efficiency, providing a first-line defense against issues that do not warrant elevation to the Court's attention. *See Thompson v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004) ("The obvious purpose of Local Rule 7.1 is to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention."). Here, FamilyCare believed in good faith that this concern for judicial efficiency was best served by submitting its motion to amend without delay. At the April 20, 2018 hearing on Defendants' motion to dismiss, the Court indicated that it intended to rule on the motion to dismiss "as quickly as possible," and instructed FamilyCare to submit its motion to amend so that the Court could "see whether it adjusts in any way [the Court's] decision on the 1983 claim." Dkt. 92-2 (Wilson Decl. Ex. 2), pages 4-5 (excerpt of transcript from April 20, 2018 hearing). FamilyCare therefore understood time to be of the essence. FamilyCare attempted to

2-    PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
      MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

confer with Defendants as described in the conferral certification. Faced with an unusual situation in which further conferral and delay was likely to hinder rather than enhance the Court's ability to focus on the critical issues in this case, FamilyCare decided in good faith to file its motion.

Citing *Puri v. Khalsa*, No. 3:10-cv-01532-MO, 2017 WL 6513055 (D. Or. Dec. 20, 2017), Defendants urge the Court to deny the motion to amend for failure to confer. (Opp. at 4). But this case—in which FamilyCare filed its motion promptly in order to help the Court resolve the pending motions to dismiss as quickly as possible—is very different from *Puri*, in which there was no such time pressure and in which the motion at issue—a motion for reconsideration that improperly re-raised previously-made arguments and asserted new legal theories—lacked merit on its face. *See Puri*, 2017 WL 6513055 at *1.

In any case, Defendants have not identified any purpose that would be served by further conferral on this motion. Although FamilyCare indicated in its conferral certification that it remained open to further conferral, Defendants have given no indication that there is any common ground to be found on this matter. The fact that Defendants urge the Court to deny the motion to amend in its entirety, and on multiple grounds, shows that further conferral would be futile. *See Gerke v. Travelers Cas. Ins. Co. of America*, 815 F. Supp. 2d 1190, 1199-1200 (D. Or. 2011) (declining to deny motion for failure to confer in part because further efforts to confer would have been futile); *Bowers v. Experian Info. Solutions, Inc.*, No. 08-1436-AC, 2009 WL 2136632, at *3 (D. Or. July 15, 2009) ("[T]he court will not enforce LR 7.1(a) where conferral clearly would be futile[.]"). Preservation of judicial resources is best served by considering the motion to amend now, on its merits.

## II.    Defendants' arguments against leave to amend lack merit.

### A.    Defendants will not be prejudiced by the proposed amendment.

Defendants argue that the motion should be denied because it will prejudice "defendants and Saxton." (Opp. at 4.) The party opposing amendment has the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants do not come close to meeting that burden here.

FamilyCare filed its motion to amend about two months before the close of fact discovery. Only four of an anticipated 38 depositions have been taken. (Declaration of Brian Samuelson in Support of FamilyCare, Inc.'s Reply Brief in Support of Motion to Amend ("Samuelson Decl.") ¶ 2.) Dispositive motions are not due until July 20, 2018. Defendants have issued 225 requests for production and FamilyCare has produced more than half a million pages of documents. (*Id.*) Defendants do not identify any additional documents they would need to request to mount a defense against FamilyCare's new Section 1983 theory, nor do they identify a single witness they would need to re-depose. (*See* Opp. at 4-5). To the contrary, they argue in their opposition that "[t]he proposed amendments only contain legal conclusions[.]" (Opp. at 8). While FamilyCare does not necessarily agree, Defendants' characterization certainly suggests that they have not identified any additional discovery that will be required as a result of the amendment. And they do not appear to be requesting an extension of the discovery period in the event the motion to amend is granted. Motions for summary judgment have not yet been filed, and trial is not until January.

Defendants point out that they have still not answered the complaint, and assert that they "cannot obtain discovery regarding their anticipated defenses and counterclaims." (Opp. at 5). But it is strange to lay Defendants' failure to file an answer at the *plaintiff's* feet, particularly when Defendants have filed serial motions to dismiss and for a more definite statement rather than answer and have shown no urgency in the matter. For example, OHA filed a motion to dismiss the second amended complaint in September 2017. After argument was heard on the

motion, OHA took no further action to request a ruling from the Court until after the case was removed to federal court in February 2018. *Cf.* Oregon Uniform Trial Court Rule 2.030 (requiring parties to call any matter under advisement for more than 60 days to the court's attention). Moreover, it is simply incorrect that Defendants have been unable to obtain discovery on their anticipated defenses and counterclaims in this case. As discussed above, Defendants have engaged in extensive and far-reaching discovery—they have propounded 225 requests for production to FamilyCare and issued 25 subpoenas to third parties—and FamilyCare has produced over 500,000 pages of documents. (Samuelson Decl. ¶ 2.) Defendants identify no more discovery that they would need to obtain, and indeed, there is precious little earth left for Defendants to scorch. Nor can Defendants' blame the instant motion for their failure to answer. Rather, it is because Defendants' motion to dismiss the current complaint is pending—not because FamilyCare has moved to amend the complaint—that Defendants have not yet answered. And Defendants can answer the proposed amended complaint just as well as the current one. In sum, FamilyCare's motion for leave has not delayed Defendants' answer, and Defendants' professed desire to get an answer on file simply has no relevance to the merits of this motion. If anybody has been prejudiced by Defendants not filing an answer, it is FamilyCare—after all, Defendants know what, if any, defenses or counterclaims they will assert, while FamilyCare is in the dark.

Defendants also object that the amendment "would require defendants and Saxton to prepare a defense to Saxton and Allen's alleged retaliatory motives and FamilyCare's allegedly protected conduct." (Opp. at 5). But "a defendant cannot claim prejudice merely from having to defend a case on its merits." *Reeder v. Knapik*, No. 07-362, 2007 WL 2815046, at *2 (S.D. Cal. Sept. 24, 2007); *see also Wyndam Vacation Resorts, Inc. v. Architects Hawaii Ltd.*, No. 08-00236, 2009 WL 10677142, at *5 (D. Hawaii June 9, 2009) ("DPH is undoubtedly displeased about the prospect of having to defend against new claims in this case and the expenses further

5-   PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
     MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

litigation will entail. This prejudice to DPH, however, is not sufficient to warrant denial of leave to amend."). Rather, prejudice exists when the "new amended claims would greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing *Morongo Band of Mission Indians*, 893 F.2d at 1079). Here, the proposed amendment will not change the position of the parties in the action. Indeed, the factual allegations underlying FamilyCare's theory of retaliation—*i.e.*, that FamilyCare engaged in constitutionally protected expression and that OHA targeted FamilyCare with the intent to drive it out of business—are already present in the Third Amended Complaint. And the current complaint already states a Section 1983 claim, albeit under a different theory. Defendants have identified no new defenses applicable to the new Section 1983 theory, nor have they identified any additional discovery that will be required.

The cases Defendants cite illustrate that the circumstances in this case fall well below the threshold of prejudice that would warrant denial of the motion to amend. In *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132 (9th Cir. 1998) (cited in Opp. at 4-5), the court held that it was not an abuse of discretion to deny a motion to amend where the motion was made only two weeks before the end of discovery, the defendant had already filed its motion for summary judgment (which was granted in its entirety), the amendment would have required re-opening discovery and delaying the proceedings, and the proposed amendment failed to allege a required element of the claim. *Id.* at 1139. None of those considerations are relevant here.

In *Morongo Band of Mission Indians* (cited in Opp. at 5), the court noted that a delay of two years between the original filing and the motion to amend was "not alone enough to support denial" of the motion. *Id.* at 1079. It further noted that although the proposed amendment would have "greatly altered" the nature of the litigation and would have required the defendants to have "undertaken, at a late hour, an entirely new course of defense," that too was "not fatal to amendment." *Id.* It was only after considering the combination of the "radical shift in direction"

posed by the amendment—which added entirely new statutory claims—the "tenuous nature" of the new claims, and the "inordinate delay" that amendment would cause that the court concluded that it was not an abuse of discretion to deny leave to amend. *Id.* Here again these considerations are not applicable. Far from a "radical shift" in the direction of the case, the proposed amended complaint merely adds a new theory to support a claim already present in the current complaint. And the defendants have not identified any "new course of defense" necessary to respond to this new theory.

### B.    There has been no undue delay.

Defendants also assert that FamilyCare "unduly delayed." (Opp. at 6.) But Defendants' only argument is that FamilyCare could have asserted the retaliation theory earlier—*i.e.*, FamilyCare delayed asserting that theory. In so arguing, Defendants conflate "delay" with "undue delay." A delay is only undue—and is only relevant in assessing a motion for leave to amend—where the delay "prejudices the nonmoving party or imposes unwarranted burdens on the court." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651–52 (W.D. Wash. 2015) (citing *Davis v. Powell*, 901 F.Supp.2d 1196, 1212 (S.D.Cal.2012)). In other words, delay matters only insofar as it results in prejudice or unwarranted burden. *See also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."); *Howey*, 481 F.2d at 1190 ("[W]e know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"). As detailed above, Defendants fail to identify any prejudice to them or unwarranted burden on the Court from the proposed amendment. As such, any delay by FamilyCare in asserting the retaliation theory is not undue and does not provide grounds to deny FamilyCare's motion to amend.

In any event, Defendants overstate FamilyCare's purported delay and omit much of the relevant history regarding FamilyCare's prior amendments. Each time FamilyCare has

previously amended its complaint, it has been in response to either a court order or to newly-discovered facts or changed circumstances.  The first amended complaint was filed in response to a court order to make certain sections more definite.  The second amended complaint was filed after it was revealed in mid-2017 that OHA and Lynne Saxton had developed a smear campaign against FamilyCare—a revelation that forced Lynne Saxton to resign.  (Proposed Fourth Amended Complaint "FAC" ¶¶ 55-58).  The third amended complaint was filed after OHA, in late 2017, announced 2018 rates and forced FamilyCare to shut down its Medicaid business. (FAC ¶ 76).  OHA consented to FamilyCare filing its Third Amended Complaint to add a Section 1983 claim in February 2018—less than three months before FamilyCare filed this motion to amend.  At most, therefore, FamilyCare waited three extra months—from the time OHA consented to adding a Section 1983 claim in February 2018 to the time FamilyCare filed this motion to amend in May 2018—to add the Section 1983 retaliation theory.

As discussed above, Defendants have not shown how they would be prejudiced from this brief delay.  Nor have they provided any other reason why this delay warrants denial of leave to amend.  Simply put, there has been no undue delay, and in any event "[u]ndue delay by itself is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999); *see also United States v. Pend Orielle Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (abuse of discretion when only factor considered was delay); *Howey*, 481 F.2d at 1190 (reversing denial of motion for leave to amend where trial court failed to make a contemporaneous finding of prejudice, bad faith or futility in addition to delay).

## C.   The proposed amendment is not futile.

### 1.   The proposed amendment sufficiently states a retaliation claim.

To state a claim for First Amendment retaliation under Section 1983, the plaintiff must plead facts showing that (1) it engaged in expressive conduct that addressed a matter of public concern; (2) the government officials took an adverse action against it; and (3) its expressive

8-   PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

conduct was a substantial or motivating factor for the adverse action. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004). Defendants make a smattering of fact-based arguments in support of their assertion that there is "no plausible factual nexus between the alleged retaliation and any protected First Amendment activity." (Opp. at 9). These arguments should be decided by a jury, not on a motion to amend. And in any case, they are meritless.

First, Defendants argue that "FamilyCare does not allege any personal animus." (Opp. at 8). But while FamilyCare must show that its First Amendment conduct was a "substantial" or "motivating" factor in the decision to retaliate, "personal animus" is not an element of the claim. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("If the plaintiffs can establish that the decision to suspend the permits was made because of Soranno's exercise of constitutionally protected rights, they have established a first amendment violation, and are entitled to relief under section 1983."). And FamilyCare *does* allege that "FamilyCare's protected expression was a substantial or motivating factor in the Defendants' decision to act as they did." (FAC ¶ 84). Although FamilyCare is not required to plead the specific evidence it intends to use to prove this allegation, the allegation is supported in part by the suspicious nature and timing of Defendants' actions towards FamilyCare, including, for example, Defendants' refusal to reveal the results of the 2018 rate redetermination before FamilyCare had to make a decision about whether to sign the 2018 contract amendment, followed by the announcement that rates would increase significantly soon after FamilyCare was forced out of the market. (FAC ¶¶ 71, 78). The proximity in time between this conduct and FamilyCare's protected activity— including filing suit in 2017—is enough for jury to logically infer that FamilyCare was penalized for its protected activity. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001) (proximity in time between protected action and allegedly retaliatory conduct is enough to create genuine issue of material fact on retaliatory motive).

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Second, Defendants argue that "FamilyCare . . . does not allege that either Saxton or Allen was involved in the actuarial processes that resulted in the allegedly actuarially unsound rates." (Opp. at 8). But FamilyCare does allege that both Saxton and Allen are, respectively, the former and current directors of the Oregon Health Authority, from which a reasonable jury could conclude that they were involved with OHA's rate-setting decisions. (FAC ¶ 3). And the complaint alleges that each defendant committed misconduct independent of rate-setting: Lynne Saxton, for example, developed and implemented a smear campaign against FamilyCare, and Patrick Allen violated state law by demanding that FamilyCare decide within 24 hours whether to sign the 2018 rate amendment without furnishing information critical to FamilyCare's ability to make an informed decision about whether to accept the rate amendment. (FAC ¶¶ 55, 71).

Third, Defendants argue that the facts in the complaint suggest that "OHA's rate-setting methodology caused FamilyCare's complaints, not the other way around." (Opp. at 8). But this is an assertion of fact, and not one that is supported by the complaint. As just one example, Defendants' 2018 rate-setting decisions were made *after* the bulk of FamilyCare's protected conduct, including FamilyCare's decision to file this suit in early 2017.

Finally, Defendants argue that FamilyCare's retaliation claim is defeated by the allegation that "[o]n information and belief, OHA wants to reduce the number of CCOs in Oregon so that OHA will have more control over the CCOs." (Opp. at 8 (citing FAC ¶ 13)). But of course, a desire to reduce the number of CCOs in Oregon is not inconsistent with the decision to penalize a CCO that speaks out against the State.

In sum, the proposed amendment adequately states a retaliation claim.

### 2.     Defendants are not entitled to qualified immunity.

As detailed in FamilyCare's Opposition to Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 42), qualified immunity is an affirmative defense that may be raised by government officials whose "conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine is scarcely cognizable in First Amendment retaliation cases because it can "hardly be disputed that . . . an individual ha[s] a clearly established right to be free of intentional retaliation by government officials based upon that individual's constitutionally protected expression." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1319 (9th Cir. 1989) (citing *Allen v. Scribner*, 812 F.2d 426, 436 (9th Cir. 1987), *amended* 828 F.2d 1445 (9th Cir. 1987)).

Defendants claim that an exception to this rule applies by virtue of FamilyCare's status as a government contractor, which requires balancing whether the government's legitimate administrative interests in promoting efficient service-delivery and avoiding workplace disruption outweighs the contractor's free speech interests, pursuant to *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). (Opp. at 9-10 (citing *Alpha Energy Savers, Inc.*, 381 F.3d at 923)). Defendants contend that because the *Pickering* balancing test is fact-specific, the law prohibiting Defendants' conduct is not "clearly established" and thus Defendants are entitled to qualified immunity. (Opp. at 9-10). But FamilyCare's right to be free from the improper retaliation alleged in the complaint is clearly established, and Defendants cannot carry their burden of establishing that amendment to add the retaliation claim would be futile.

As a preliminary matter, Defendants do not dispute that FamilyCare's exercise of its First Amendment rights—including raising concerns about OHA's compliance with state and federal law, its use of taxpayer funds, and procedural and systemic irregularities in the administration of the agency—addressed matters of public concern. *See* FAC ¶ 83; *see also Alpha Energy Savers,* 381 F.3d at 926 ("We have held that when government employees speak about corruption, wrongdoing, misconduct, wastefulness, or inefficiency by other government employees, . . . their speech is inherently a matter of public concern." (quoting other authority)). And Defendants do not make any attempt to show that FamilyCare's speech improperly caused "workplace

11- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

disruption." (*See* Opp. at 9). Indeed, FamilyCare is not an employee of OHA and does not share a workplace with the agency. *See Alpha Energy Savers,* 381 F.3d at 930 (Court could "conceive of no possible explanation" for how government contractor's speech could decrease the efficiency of government program).

Moreover, it is clearly established in the Ninth Circuit that: (1) misuse of public funds, wastefulness, and inefficiency in managing and operating government entities are matters of public concern; and (2) the public's interest in learning about these matters of public concern outweighs a state employer's interest in avoiding a potential disturbance to the workplace. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 747-48 (9th Cir. 2001).

In *Keyser*, the plaintiffs, administrators in the Sacramento City Unified School District, complained that the School District and the Deputy Superintendent, Jim Sweeney, were spending federal Title I money to pay for consultants and other personnel in violation of federal guidelines on the use of the money. *Id.* at 745. Eventually, the plaintiffs filed a complaint alleging, among other things, that Sweeney had violated 42 U.S.C. § 1983 by depriving them of their First Amendment rights because he demoted them in retaliation for alerting the School Board to his alleged misuse of federal money. *Id.* at 746. On appeal, the Ninth Circuit was asked to decide whether Sweeney was entitled to qualified immunity on the retaliation claim. *Id.*

Relying on a "formidable line of cases," the Ninth Circuit held that the defendant was not entitled to qualified immunity because it was clearly established "that the public's interest in learning about illegal conduct by public officials and other matters at the core of First Amendment protection outweighs a state employer's interest in avoiding a mere *potential* disturbance to the workplace." *Id.* at 748 (discussing *Gilbrook v. City of Westminster*, 177 F.3d 839, 867–70 (9th Cir.1999); *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1403–08 (9th Cir. 1988); and *Johnson v. Multnomah County*, 48 F.3d 420, 425–27 (9th Cir. 1995)). Subsequent cases have likewise held that, long before the Defendants' conduct in this

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

case, "both the constitutional protection of employee speech and a First Amendment cause of action for retaliation against protected speech were clearly established." *Robinson v. York*, 566 F.3d 817, 826 (9th Cir. 2009) (holding defendant was not entitled to qualified immunity); *Coszalter v. City of Salem*, 320 F.3d 968, 979 (9th Cir. 2003) (same).

Defendants argue that under *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971 (9th Cir. 1998), the *Pickering* test requires context-specific balancing, which, they argue, means that the law regarding free speech retaliation claims will rarely if ever be sufficiently clearly established to preclude qualified immunity.  (Opp. at 9-10).  This argument was considered—and rejected—in *Keyser*.  *Keyser*, 265 F.3d at 749.  In *Brewster*, a teacher allegedly complained that there were errors in the school's attendance records.  *Brewster*, 149 F.3d at 979.  After the school elected not to renew his contract, the teacher brought a Section 1983 claim alleging that the decision was made in retaliation for his protected conduct.  *Id.*  After balancing the public nature of the speech with the school's need to maintain order and harmony among co-workers, the court concluded that "the question whether Brewster's speech was protected by the First Amendment is perhaps a close one."  *Id.* at 981. The court concluded that Brewster's right to speak about the enrollment records was not sufficiently clearly established to defeat the school officials' assertion of qualified immunity.  *Id.* 981-82.

*Keyser* distinguished *Brewster* from a situation in which the defendant retaliated against the plaintiff for speaking about a clearly established matter of public concern, like mismanagement of a government agency:

> [I]t is *Brewster* that is distinguishable.  In *Brewster*, we decided that qualified immunity was warranted because the particular balance of free speech and workplace disruption in that case was both unprecedented and too close to call to say it was clearly established.  But unlike this case, the government employer in *Brewster* pointed to testimony in the record where other employees stated that Brewster's allegations of falsified attendance records had caused disruption at the workplace.

13- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Keyser*, 265 F.3d at 749.  Accordingly, courts in the Ninth Circuit have not read *Brewster* to extend qualified immunity to cases like the present one, in which the speech at issue was clearly about a matter of public concern and the defendant has not established that the speech impermissibly disrupted the workplace.  *See Keyser,* 265 F.3d at 749; *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1215 (E.D. Cal. 2009) (distinguishing *Brewster* and denying summary judgment on qualified immunity grounds).  Here, unlike in *Brewster*, the conduct does not involve a "close call" in the balancing between free speech and workplace disruption because the free speech interest is strong while *no* potential for disruption has been alleged.  As such, Defendants cannot satisfy their burden of establishing that Pat Allen and Lynne Saxton are entitled to qualified immunity from the retaliation claim, and the proposed amendment is thus not futile.

### 3. The complaint adequately pleads a claim for prospective equitable relief.

Finally, Defendants contend that FamilyCare's claim for prospective injunctive relief is futile because FamilyCare alleges only a "conjectural or hypothetical" threat of future injury and thus lacks Article III standing as to its claim for injunctive relief.  (Opp. at 10).  But in stark contrast to the cases cited by Defendants, FamilyCare alleges both a pattern and practice of prior retaliation as well as ongoing retaliation.  This satisfies the standard for pleading entitlement to the prospective equitable relief requested by FamilyCare.

Defendants rest their argument on two Supreme Court decisions involving isolated acts of alleged misconduct in criminal proceedings, both of which the Court determined were unlikely to be repeated and thus could not give rise to a claim for prospective injunctive relief.  In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), Lyons claimed that he was unconstitutionally choked by police officers during a traffic stop.  *Id.* at 98.  As a result, "Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers."  *Id.* at 105.  Because Lyons had merely been the victim of a

14- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
    MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

single, isolated incident of illegal choking, the Court found that Lyons failed to "establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Id.* In *O'Shea v. Littleton*, 414 U.S. 488 (1974), the plaintiffs-respondents alleged that a magistrate and circuit court judge engaged in illegal bond-setting, sentencing, and jury-fee practices in criminal cases. *Id.* at 490. In addition to other defects in the complaint—including a lack of allegations that the named plaintiffs had even suffered harm in the manner specified—the Court found that "the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners," which "takes us into the land of speculation and conjecture" and thus could not give rise to a claim for prospective injunctive relief. *Id.* at 496-97.

FamilyCare's claims of current and potential future retaliation bear no resemblance to the speculative claims at issue in *Lyons* and *O'Shea*. First, FamilyCare alleges a wide-ranging and long-standing effort by Saxton, Allen, and their cohorts to retaliate against FamilyCare's exercise of its First Amendment rights. As the Supreme Court recognized in *O'Shea*, this history of past wrongs itself is evidence bearing on "whether there is a real and immediate threat of repeated injury." 414 U.S. 496; *see also Lynch v. Baxley*, 744 F.2d 1452, 1456 (11th Cir. 1984) ("The alleged past wrongs in the present case, Pearcy's detention on successive commitment petitions, underscores the likelihood that Pearcy will spend more time in jail awaiting commitment proceedings."). Moreover, "[t]he Supreme Court has repeatedly upheld the appropriateness of federal injunctive relief to combat a 'pattern' of illicit . . . behavior." *LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985) (citing cases). As such, the complaint's allegations of Defendants' pattern of prior targeting support FamilyCare's claim that it is likely to be targeted by Defendants in the future. This is particularly true given the relatively small, regulated

15- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

industry in which FamilyCare operates, and the fact that any future Medicaid operations in Oregon would be dependent on a contract with OHA.

Second, unlike the plaintiffs in *Lyons* and *O'Shea*, FamilyCare alleges that Defendants' unconstitutional retaliation against FamilyCare continues to this day. Specifically, FamilyCare alleges that "Defendants have continued targeting FamilyCare even after FamilyCare was forced to close its Medicaid business." (FAC ¶ 84.) Defendants contend that FamilyCare "fail[s] to specify *any facts* showing ongoing retaliation" (Opp. at 11), but as explained in FamilyCare's Opposition to Defendants' Motion to Dismiss (Dkt. 42), the Federal Rules of Civil Procedure simply do not require the sort of fact pleading insisted upon by Defendants. *Compare* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief") *with* Or. R. Civ. P. 18(A) (requiring a "statement of the ultimate facts constituting a claim for relief"). Defendants also contend that FamilyCare's allegation amounts to a "legal conclusion" that the Court need not accept as true. (Opp. at 11.) But FamilyCare alleges the fact of continued targeting, not any legal conclusion stemming from that targeting. And Defendants cannot seriously dispute that FamilyCare's allegation of ongoing targeting is plausible given the history of targeting detailed in the complaint.

## CONCLUSION

The Court should grant FamilyCare's motion for leave to file a fourth amended complaint.

16- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: May 23, 2018                          **PERKINS COIE LLP**


By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Matthew P. Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Brian P. Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    Perkins Coie LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

17- PLAINTIFF FAMILYCARE, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT