BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**RENATA GOWIE, OSB #175273**
Assistant United States Attorney
Renata.Gowie@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:   (503) 727-1000

Attorney for Non-Party United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the state of Oregon, | Case No.: 3:18-cv-00212-MO (Leading)<br>Case No.: 6:18-cv-00296-MO |
| Plaintiff, | |
| v. | **UNITED STATES' OBJECTIONS TO SUBPOENA SERVED BY FAMILYCARE, INC.** |
| FAMILYCARE, INC., an Oregon non-profit corporation, | |
| Defendant. | |
| FAMILYCARE, INC., an Oregon non-profit corporation, | |
| Plaintiff, | |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of Oregon Health Authority, | |
| Defendants. | |

**United States' Objections to Subpoena Served by FamilyCare, Inc.**                    **Page 1**

**TO**:     **FAMILYCARE, INC., and its counsel of record, Brian P. Samuelson, Perkins Coie LLP, 1120 NW Couch Street, 10th Floor, Portland, OR   97209-4128**

The United States of America, by and through its attorneys Billy J. Williams, United States Attorney for the District of Oregon, and Renata Gowie, Assistant United States Attorney, on behalf the Centers for Medicare & Medicaid Services ("CMS"), a non-party to this action, hereby files objections to the FamilyCare, Inc. subpoena to produce documents, information, or objects served on CMS on May 15, 2018. The compliance deadline noted on the subpoena is nine days later, May 24, 2018. CMS respectfully objects to the Subpoena pursuant to Fed. R. Civ. P. 26 and 45. Without limiting CMS's right to raise additional objections before or after conferral with the above-named attorney, CMS makes the following objections:

## GLOBAL OBJECTIONS TO DOCUMENT REQUESTS

CMS objects to the production of "[a]ll documents recording or reflecting communications" as overbroad. CMS does not have the capability to provide responsive documents and electronically-stored information ("ESI") in the manner and form instructed without inordinate staff time and expense that would be disproportionate to the relevance of the documents requested. *See* Fed. R. Civ. P. 26(b)(1) (discovery is limited to nonprivileged matters that are relevant to the party's claim or defense and "proportional to the needs of the case," considering, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit"). CMS objects to a request for ESI to the extent the subpoena purports to require CMS to produce ESI that is not readily accessible.

CMS objects to producing documents of any "third-party firm" over which CMS does not have authority or control. CMS does not maintain custody and control of third-party documents.

**United States' Objections to Subpoena Served by FamilyCare, Inc.**                    **Page 2**

CMS objects to the production of documents that are accessible from other sources, such as sources within the public domain or within the scope of this ongoing litigation, to include documents obtained from Parties in this litigation.

CMS objects to the production of documents that are protected by well-recognized Privileges, such as the attorney-client privilege, the attorney work-product privilege, and/or the deliberative process privilege.

### OBJECTION TO RESPONSE DEADLINE

CMS objects to the date and time set forth in the Subpoena for its response because in affording only nine days to respond to the subpoena, Plaintiff "fails to allow a reasonable time to comply" with it. Fed. R. Civ. P. 45(d)(3)(A)(i) (court must quash or modify a subpoena that fails to allow a reasonable time to comply). Plaintiff seeks potentially voluminous documents of CMS, a federal governmental organization. Indeed, a reasonable time to comply is at least 60 days.

### OBJECTIONS TO DOCUMENT REQUESTS

REQUEST NO. 1:  All documents from October 11, 2016 and onward recording or reflecting communications between OHA or its actuary Optumas, and CMS or any third-party firm regarding the development, review and approval of Oregon's Medicaid capitation rates for 2017.

OBJECTION NO. 1:  CMS objects to the production of "[a]ll documents recording or reflecting communications" as overbroad. CMS does not have the capability to provide responsive documents and electronically-stored information ("ESI") in the manner and form instructed without inordinate staff time and expense that would be disproportionate to the relevance of the documents requested. *See* Fed. R. Civ. P. 26(b)(1) (discovery is limited to nonprivileged matters that are relevant to the party's claim or defense and "proportional to the needs of the case,"

considering, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit").

REQUEST NO. 2:   All documents from November 2, 2017 and onward recording or reflecting communications between OHA or its actuary Optumas, and CMS or any third-party firm regarding the development, review and approval of Oregon's Medicaid capitation rates for 2018.

OBJECTION NO. 2:   CMS objects to producing documents of any "third-party firm" over which CMS does not have authority or control. CMS does not maintain custody and control of third-party documents.

REQUEST NO. 3:   All documents recording or reflecting communications between OHA or its actuary Optumas and CMS or any third-party firm regarding any eligibility determination or enrollment issues related to Oregon's Medicaid program, including, but not limited to, the financial impact of any over/underpayments in capitation payments made to CCOs and the financial impact of any over/underpayments in Oregon's Federal match related to both CCO capitation payments and fee-for-service claims.

OBJECTION NO. 3:   CMS objects to producing any documents that are confidential or that involve proprietary information.

REQUEST NO. 4:   All documents recording or reflecting communications between OHA or its actuary Optumas and CMS or any third-party firm regarding any quality of care, or other performance-related concerns related to Oregon's Medicaid program, including but not limited to, concerns about FamilyCare or any other Oregon CCO.

**United States' Objections to Subpoena Served by FamilyCare, Inc.**                    **Page 4**

OBJECTION NO. 4:   CMS objects to the production of documents to the extent compliance, without reasonable limitation, would subject the recipients to undue burden and would be generally detrimental to the recipients' ability to perform their official governmental functions. CMS further object to the production of documents that are beyond the scope of this litigation.

REQUEST NO. 5:   All documents recording or reflecting communications between OHA or its actuary Optumas and CMS or any third-party firm regarding any corrective action plan, or any other recommendations or findings for improvement or changes to Oregon's Medicaid program. CMS further objects to the production of documents that are beyond the scope of this litigation.

OBJECTION NO. 5:   CMS objects to the production of documents that are accessible from other sources, such as sources within the public domain or within the scope of this ongoing litigation, to include documents obtained from Parties in this litigation.

REQUEST NO. 6:   All documents recording or reflecting communications between OHA or its actuary Optumas and CMS or any third-party firm regarding any change or potential change in the number of CCOs in Oregon.

OBJECTION NO. 6:   CMS objects to the production of documents that are protected by well-recognized Privileges, such as the attorney-client privilege, the attorney work-product privilege, and/or the deliberative process privilege.

REQUEST NO. 7:   All documents from October 11, 2016 and onward recording or reflecting internal CMS or third party firm communications pertaining to the review and approval of the processes used by OHA to set the Oregon's Medicaid Capitation rates for 2017.

OBJECTION NO. 7:   CMS objects to the production of documents that are protected by well-recognized Privileges, such as the attorney-client privilege, the attorney work-product privilege, and/or the deliberative process privilege.

REQUEST NO. 8:   All documents from November 2, 2017 and onward recording or reflecting internal CMS or third-party firm communications pertaining to the review and approval of Oregon's Medicaid capitation rates for 2018.

OBJECTION NO. 8: CMS objects to the production of documents that are protected by well-recognized Privileges, such as the attorney-client privilege, the attorney work-product privilege, and/or the deliberative process privilege.

REQUEST NO. 9:   The following documents recording or reflecting CMS's practice of contracting with third-party firms to review Medicaid capitation rates:

      a,   CMS policies regarding third-party reviews of Medicaid capitation rates;

      b.   Agreements between CMS and any third-party firms involved in reviewing Oregon's Medicaid capitation rates;

      c.   Any documents provided by CMS to third-party review firms for purposes of instructing the third party in the review of Oregon's Medicaid rates, including, but not limited to, any checklists, review procedures or guidance documents.

OBJECTION NO. 9:   CMS objects to the production of documents that are accessible from other sources, such as sources within the public domain or within the scope of this ongoing litigation, to include documents obtained from Parties in this litigation. CMS further objects to the production of documents that are protected by well-recognized Privileges, such as the attorney-client privilege, the attorney work-product privilege, and/or the deliberative process privilege.

**United States' Objections to Subpoena Served by FamilyCare, Inc.**                    **Page 6**

CMS reserves the right to amend or supplement these objections as necessary based upon determination of additional grounds for objection. CMS further reserves the right to amend or supplement these objections as necessary based upon its review of documents that may ultimately be produced in response to these subpoenas.

DATED: **May 24, 2018.**

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


    *s/ Renata Gowie*
**RENATA GOWIE, OSB #175273**
Assistant United States Attorney