**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Oregon
Health Authority, an agency of the State of Oregon,
and Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO (Trailing)

**PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

**Request for Oral Argument**

**PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and LYNNE
SAXTON,

                                   Defendants.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

CERTIFICATION ................................................................................................................... 1

MOTIONS ............................................................................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION ..................................................................... 1

I.      INTRODUCTION ....................................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................................... 1

III.    LEGAL STANDARDS .............................................................................................. 2

IV.     ARGUMENT ............................................................................................................. 3

        A.      FamilyCare fails to allege facts to state its claim that Allen violated its
                First Amendment rights. ................................................................................. 3

        B.      Allen did not violate FamilyCare's clearly established First
                Amendment rights............................................................................................ 5

CONCLUSION ........................................................................................................................ 8

## TABLE OF AUTHORITIES

Page

Cases

*Anderson v. Creighton*
  483 U.S. 635 (1987)................................................................................5, 6

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)................................................................................2

*Ashcroft v. al-Kidd*
  131 S. Ct. 2074 (2011)............................................................................3, 6

*Hydrick v. Hunter*
  669 F.3d 937 (9th Cir. 2012) ...................................................................3

*Kelley v. Borg*
  60 F.3d 664 (9th Cir.1995) ......................................................................6

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*
  429 U.S. 274 (1977)................................................................................3

*Peacock v. Duval*
  694 F.2d 644 (9th Cir. 1982) ...................................................................3

*Reichle v. Howards*
  132 S. Ct. 2088 (2012)............................................................................6, 7

*Saucier v. Katz*
  533 U.S. 194 (2001)................................................................................3

*Soranno's Gasco v. Morgan*
  874 F.2d 1310 (9th Cir. 1989) .................................................................4

*Spangler v. City of Monument*
  No. 2:16-CV-00090-SU, 2017 WL 8948240 (D. Or. Aug. 17, 2017)....................3

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ...................................................................2

*Todd v. United States*
  849 F.2d 365 (9th Cir. 1988) ...................................................................6

*White v. Pauly*
  137 S. Ct. 548 (2017)..............................................................................7

*Williams v. California*
  764 F.3d 1002 (9th Cir. 2014) .................................................................4, 5

Statutes and Other Authorities

42 U.S.C. § 1983.....................................................................................2, 3, 7

Fed. R. Civ. P. 12................................................................................................................1, 2

LR 7-1(a)(1)........................................................................................................................1

**Page iii-   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

**CERTIFICATION**

Pursuant to LR 7-1(a)(1), counsel for Patrick Allen made a good faith effort to resolve this dispute by sending a draft copy of this motion to opposing counsel over four hours before filing. Opposing counsel has not responded to our request to confer.

**MOTIONS**

Pursuant to Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Patrick Allen ("Allen"), Director of the Oregon Health Authority ("OHA"), moves this Court to dismiss and/or strike the First Claim for Relief as to damages, because Allen is entitled to qualified immunity as to any claim against him in his individual capacity.[1]

**MEMORANDUM IN SUPPORT OF MOTION**

**I.      INTRODUCTION**

Allen became director of OHA in September 2017, following years of complaints and litigation by FamilyCare. In its Fourth Amended Complaint, FamilyCare alleges that during the first three months of his tenure, Allen retaliated against FamilyCare because FamilyCare has exercised its First Amendment right to wage a campaign of discontent about the rates that it receives under contracts with OHA. This Court should dismiss FamilyCare's claim because, even with all facts alleged in the Fourth Amended Complaint taken as true, Allen's conduct is shielded by the doctrine of qualified immunity: he neither violated FamilyCare's rights, nor is FamilyCare's novel theory of free speech retaliation clearly established under the law.

**II.     FACTUAL BACKGROUND**

In the latest iteration of its complaint, FamilyCare alleges that Allen, the new director of OHA, deprived FamilyCare of its First Amendment rights. Fourth Am'd Compl. at ¶¶ 81-93. More specifically, FamilyCare alleges that it exercised its First Amendment rights by, "among other things," requesting information to evaluate OHA's rate-setting decisions, notifying OHA that, at least in FamilyCare's view, the rates were incorrect and asking OHA to correct those

---

[1] FamilyCare makes similar allegations against Lynne Saxton ("Saxton"), former director of OHA. Saxton is separately represented, and Allen individually moves this Court to dismiss the First Claim for Relief against him only.

**Page 1 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

errors, communicating with the legislature, media, and CMS and filing lawsuits. *Id*. at ¶ 83.

FamilyCare alleges that Allen then retaliated against FamilyCare for exercising those rights by

allegedly:

- Setting unreasonable, biased and actuarially unsound rates based on erroneous data and methodology;

- Refusing to correct known errors in that data and methodology;

- Developing and implementing a "smear campaign" against FamilyCare;

- Refusing to grant FamilyCare the procedural protections guaranteed by law; and

- Implementing a policy decision and plan to put FamilyCare out of business.

*Id*. at ¶ 84. FamilyCare seeks damages against Allen in his individual capacity for no less than

$50 million. *Id*. at ¶ 92.[2]

## III.    LEGAL STANDARDS

A court must dismiss a claim if the complaint fails to "state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b)(6). In the context of a motion to dismiss based on qualified

immunity, for a plaintiff to overcome qualified immunity, the party must include "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). The court need not accept as true any allegations that are "merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,

266 F.3d 979, 988 (9th Cir. 2001). Rather, a plaintiff must allege "factual content"

demonstrating "more than a sheer possibility" of unconstitutional conduct; thus, the complaint

must include more than "facts that are merely consistent with a defendant's liability[.]" *Iqbal*,

556 U.S. at 678 (internal quotations and citations omitted).

///

///

---

[2] FamilyCare has also alleged that Allen deprived FamilyCare of its constitutionally protected interests in its "goodwill," without due process of law. This Court dismissed that allegation in its June 1, 2018 order, finding that Allen's conduct did not constitute a violation of "clearly established law." Dkt. 106.

**Page 2 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

IV.    ARGUMENT

FamilyCare's Section 1983 claim against Allen in his individual capacity fails under the doctrine of qualified immunity.  Qualified immunity protects a government official from liability unless "it would be clear to a reasonable officer that his [or her] conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The qualified immunity inquiry involves two prongs: whether the official's conduct violated a constitutional right and whether the right was clearly established in the specific context of the case.  *Saucier*, 533 U.S. at 201.  And where the defendant seeks qualified immunity, "a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."  *Id*. at 200.

As demonstrated below, the complaint fails to plead facts stating a claim either that Allen violated FamilyCare's constitutional rights or that the constitutional rights that he allegedly violated were clearly established.  This Court should therefore grant Allen's motion to dismiss.

**A.    FamilyCare fails to allege facts to state its claim that Allen violated its First Amendment rights.**

To establish a claim for retaliation based on the exercise of free speech, a plaintiff must plead that the protected activity was a "substantial" or "motivating factor" in the adverse action. *See Peacock v. Duval*, 694 F.2d 644 (9th Cir. 1982); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).  Further, to plead a Section 1983 retaliation claim against an individual governmental official, the plaintiff must allege that the official knew of the plaintiff's protected activity and participated in the retaliatory acts.  *See, e.g., Spangler v. City of Monument*, No. 2:16-CV-00090-SU, 2017 WL 8948240, at *5 (D. Or. Aug. 17, 2017) (dismissing retaliation complaint against individual government official where complaint failed to allege that official was "personally involved" in the alleged retaliatory acts); *Hydrick v. Hunter*, 669 F.3d 937, 939-941 (9th Cir. 2012) (to establish individual liability under 42 U.S.C. §

**Page 3 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Iqbal*, 129 S. Ct. at 1948).

Alleged speculative motives and attenuated timing are insufficient to state a claim of retaliation. *See, e.g.*, *Williams v. California*, 764 F.3d 1002, 1016-17 (9th Cir. 2014) (dismissing complaint that contained only "boilerplate assertion that Defendants' conduct was retaliatory" instead of "facts giving rise to a plausible inference that [protected] activity was the motivating factor for any action taken by any of the Defendants"); *cf., Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (complaint pled claim for retaliation where the defendant "intimated that he would 'somehow get even' with [the plaintiff] for embarrassing [the defendant] by generating publicity" over a regulation defendant promulgated and the timing of the protected conduct and alleged retaliation was itself suspicious).

Here, FamilyCare fails to allege facts that would allow the Court to draw the reasonable inference that Allen was involved in any retaliation or that FamilyCare's protected First Amendment activity was a causative factor for actions alleged in the Fourth Amended Complaint by Allen (or anyone else).

FamilyCare does not allege that Allen had any personal animus towards FamilyCare, and does not allege that Allen was involved in the processes that resulted in the alleged actuarially unsound rates. To the contrary, FamilyCare acknowledges, as it must, that Allen did not become director of OHA until September 1, 2017, when the 2017 rate-setting process was complete, and when both this litigation and the 2018 rate-setting process were well underway. *See* Fourth Am. Compl. ¶ 59 ("By the time that Mr. Allen took up this position, the process of setting the 2018 rates was well underway, and already, problems were once again evident."). FamilyCare further alleges that OHA had a plan, beginning in conjunction with the 2015 rates, to reduce the number of CCO's in Oregon, and therefore "targeted" FamilyCare for elimination. *Id*. at ¶ 13. Similarly, FamilyCare also alleges that the 2018 rates reflected the "same" data errors and actuarial methodology as prior rate years, *i.e.*, prior rate years in which Allen was not the director of OHA. *See* Fourth Am. Compl. ¶ 59. Thus, FamilyCare's complaint itself precludes any reasonable inference that Allen participated in any alleged retaliation involving rate setting.

**Page 4 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

What is more, FamilyCare's retaliation claim is causally, and ultimately fatally, inverted. For FamilyCare to demonstrate that its speech was a substantial factor in Allen's alleged retaliation, it must allege that Allen took retaliatory action *based on* or *because of* FamilyCare's exercise of its First Amendment rights.  And yet, at best, FamilyCare has alleged that its exercise of free speech rights was subsequent to, or was a result of OHA actions, not vice versa.

For instance, FamilyCare alleges that OHA's rate redevelopment process has been flawed since as early as 2014 (the rate setting for 2015).  *E.g.*, Fourth Am'd. Compl., ¶¶ 20, 24. FamilyCare also alleges actuarial unsound rates "over the past five years", *id*. at ¶ 105. FamilyCare's alleged protected activity, speaking out about OHA's actuarial methodology, "[d]at[es] back to 2015" and FamilyCare, again dating back to 2015, alleges that it repeatedly alerted OHA to basic errors in the data and methodology used to set rates, making the rates allegedly unfair and unsound.  *Id.* ¶ 4.  Simply put, FamilyCare's complaint alleges that OHA took actions and FamilyCare *then* complained.  Reading FamilyCare's own allegations in FamilyCare's favor, FamilyCare's complaint falls short of demonstrating that FamilyCare's speech was a motivating or substantial factor in Allen's conduct. *Williams*, 764 F.3d at 1017 (dismissing complaint alleging First Amendment retaliation where complaint allegations showed "that Defendants maintained the same position with respect to Plaintiffs' obligations both before and after they asserted their free exercise rights").

Because FamilyCare has failed to state a claim that Allen unlawfully retaliated against it based on its exercise of its right to free speech, this Court should dismiss the First Claim for Relief for damages as alleged against Allen in his individual capacity.

### B.    Allen did not violate FamilyCare's clearly established First Amendment rights.

Even if FamilyCare has sufficiently alleged a constitutional violation, it cannot establish that the specific right at issue was clearly established.  As stated above, for a right to be clearly established, the contours of the right must be "sufficiently clear" such that a reasonable official would understand that she or he is violating that right.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Indeed, "at the time of the challenged conduct, 'the contours of a right'" must be

**Page 5 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

"'sufficiently clear' that *every* 'reasonable official would have understood that what he [or she] is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (emphasis added) (quoting *Anderson v. Creighton*, 483 U.S. at 640). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (quoting *al-Kidd*, 131 S.Ct. at 2083).

The "clearly established right" standard "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified." *Anderson*, 483 U.S. at 639; *Todd v. United States*, 849 F.2d 365, 370 (9th Cir. 1988) (The clearly established right is "not a general constitutional guarantee ... but its application in a particular context[.]"). The United States Supreme Court has thus mandated that the inquiry into whether a claimed right was "clearly established" must focus upon the right not in a general, abstract sense, but rather in a practical, "particularized" sense. *See Anderson*, 483 U.S. at 640; *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir.1995) ("Broad rights must be particularized before they are subject[ed] to the clearly established test."). Anything less than the particularized standard would "destroy 'the balance that our cases strike between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties,' by making it impossible for officials 'reasonably [to] participate when their conduct may give rise to liability for damages.'" *Anderson*, 483 U.S. at 639-40.

Properly framed, the relevant "right" at issue in this case is not the generic First Amendment right to free speech or the right to be free from speech-based retaliation. *Reichle*, 132 S. Ct. at 665 ("the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free from a retaliatory arrest that is otherwise supported by probable cause."); *see also al-Kidd*, 563 U.S. at 742 (dismissing complaint based on qualified immunity and concluding that the question was not whether an unreasonable search or seizure violates the Fourth Amendment but the more particular question whether, in the particular circumstances of the case, the officer violated that right). Rather, in light of

///

///

**Page 6 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

FamilyCare's allegations,[3] the right at issue is the "more particularized right" to be free from certain responses from a state agency in answer to a contracting party's complaints about the rates under the contract; namely, that FamilyCare had a right to be free from Allen declining to adjust or change the rates to FamilyCare's liking and a right to be free from Allen requiring FamilyCare to either accept or reject the rates so that OHA could take steps to ensure services to the public will continue to be provided.

As to that particularized right, there is no binding or persuasive authority that such a right exists or that Allen's responses to FamilyCare's complaints about its rates would violate FamilyCare's First Amendment rights. The particular, and somewhat novel, constitutional claim that FamilyCare is raising simply cannot be described as being "beyond debate" such that "every reasonable official would have understood" that Allen's responses violated FamilyCare's constitutional rights. *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks omitted); *Reichle*, 132 S. Ct. at 2093.

In fact, FamilyCare's claim is little more than a repackaged version of the Section 1983 claim that this Court already dismissed on qualified immunity grounds. In its Third Amended Complaint, FamilyCare alleged a constitutionally protected property interest in its goodwill and alleged that Allen had deprived FamilyCare of that property interest without due process. Now FamilyCare claims that Allen's alleged free speech violation deprived it of its goodwill. *See* Fourth Am'd Compl. at ¶ 85 (Allen's alleged retaliation deprived FamilyCare of its "relationships with providers and employees, and its goodwill.") But just as this Court concluded that because "no court, or any other source of law, has ever made that [alleged constitutional deprivation] clear to someone in Director Allen's position[,]", Dkt. 106 at p. 19, so

---

[3] FamilyCare's alleged protected speech includes statements that it made to OHA, the legislature, and the press complaining about the actuarial soundness of rates (and related issues). Allen's retaliation, according to FamilyCare, included declining to change or adjust the rates to FamilyCare's liking ("plan to put FamilyCare out of business"); drafting a communications plan to explain to the media and legislature why the agency did not respond to FamilyCare's complaints about the rates to FamilyCare's liking ("smear campaign" and "plan to put FamilyCare out of business"); and requiring FamilyCare to either accept the rates or reject them so that OHA could take steps to ensure services will be provided to the public (final step in "plan to put FamilyCare" out of business). Fourth Am'd Compl. at ¶ 83.

**Page 7 -   PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**

here too.  Because no court, or any other source of law, has ever made clear to Allen that the actions he allegedly took amounted to any constitutional violation, let alone retaliation in violation of the First Amendment resulting in the loss of goodwill, the claim for damages against him in his individual capacity should be dismissed on qualified immunity grounds.[4]

### CONCLUSION

For the foregoing reasons, FamilyCare's first claim for relief for monetary damages should be dismissed or stricken as against Allen in his personal capacity.

DATED this 25th day of June, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    */s/ Matthew A. Levin*
      David B. Markowitz, OSB #742046
      DavidMarkowitz@MarkowitzHerbold.com
      Matthew A. Levin, OSB #003054
      MattLevin@MarkowitzHerbold.com
      Renée E. Rothauge, OSB #903712
      ReneeRothauge@Markowitzherbold.com
      Harry B. Wilson, OSB #077214
      HarryWilson@MarkowitzHerbold.com
      Laura Salerno Owens, OSB #076230
      LauraSalerno@MarkowitzHerbold.com

      *Special Assistant Attorneys General for Oregon Health Authority, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

739601

---

[4] FamilyCare also alleges in conclusory fashion that Allen retaliated against FamilyCare by failing to provide procedural protections required by law.  Fourth Am'd Compl. at ¶ 84.  But this Court has already decided that Allen has qualified immunity from FamilyCare's claim that Allen violated its procedural due process rights.  It necessarily follows that Allen also has qualified immunity from FamilyCare's claim that Allen violated it First Amendment rights by refusing to provide procedural process required by law.

**Page 8 -  PATRICK ALLEN'S MOTION TO DISMISS OR STRIKE**