**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

    Special Assistant Attorneys General for Oregon Health
    Authority, an agency of the State of Oregon, and Patrick
    Allen, both individually and in his official capacity as
    director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>               Plaintiff,<br><br>v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>               Defendant. | Case No. 3:18-cv-00212-MO (Leading)<br>Case No. 6:18-cv-00296-MO(Trailing)<br><br>**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS** |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>               Plaintiff,<br><br>v. | |

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,

Defendants.

**OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 1

I.    The parties briefed and argued OHA's motion to dismiss FamilyCare's Tenth
      Claim for Relief. ...................................................................................................... 1

II.   This Court correctly dismissed FamilyCare's Tenth Claim for Relief because
      FamilyCare has no contractual right to actuarially sound rates. ........................... 3

III.  The Contract did not incorporate by reference an actuarial soundness
      requirement. ............................................................................................................ 5

IV.   The Contract's "total consideration" clause bars any contract claim for rates in
      excess of those included in the contract. ................................................................ 6

V.    The Court did not clearly err by dismissing FamilyCare's entire Tenth Claim
      for Relief. ................................................................................................................ 6

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

Page

Cases

*Armstrong v. Exceptional Child Ctr., Inc.*
 135 S. Ct. 1378 (2015) .................................................................................................. 5

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009) ..................................................................................................... 8

*Best v. U.S. Nat. Bank of Oregon*
 303 Or. 557 (1987) ...................................................................................................... 4

*Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*
 No. 2:16-CV-01641-SRB, 2017 WL 5714727 (D. Ariz. July 25, 2017) ...................... 2

*Daghlian v. DeVry Univ., Inc.*
 461 F. Supp. 2d 1121 (C.D. Cal. 2006) ...................................................................... 2

*Eaton Veterinary Pharm. Inc. v. Diamondback Drugs of Delaware LLC*
 No. 2:14-CV-1208-HRH, 2014 WL 6471427 (D. Ariz. Nov. 18, 2014) ...................... 2

*Fleshman v. Wells Fargo Bank*
 27 F. Supp. 3d 1127 (D. Or. 2014) .............................................................................. 4

*Kona Enterprises, Inc. v. Estate of Bishop*
 229 F3d 877 (9th Cir. 2000) ........................................................................................ 1

*Perkins v. Standard Oil Co.*
 235 Or. 7 (1963) .......................................................................................................... 4

*Pyramid Lake Paiute Tribe of Indians v. Hodel*
 882 F.2d 364 (9th Cir. 1989) ....................................................................................... 1

*Remington v. Mathson*
 No. CV09-4547 NJV, 2010 WL 1233803 (N.D. Cal. Mar. 26, 2010) .......................... 2

*Sharemaster v. U.S. Sec. & Exch. Comm'n*
 847 F.3d 1059 (9th Cir. 2017) ..................................................................................... 2

*United States v. Ullah*
 976 F.2d 509 (9th Cir. 1992) ....................................................................................... 2

*United States Nat'l Bank of Oregon v. Boge*
 311 Or. 550 (1991) ................................................................................................... 6, 7

*Uptown Heights Associates Ltd. P'ship v. Seafirst Corp.*
 320 Or. 638 (1995) ...................................................................................................... 4

*Warnock v. Bonneville Gen. Agency, Inc.*
 271 Or. 634 (1975) ...................................................................................................... 4

*Werschky v. Moore*
  75 Or. App. 169 (1985).............................................................................................4

*White v. City of Sparks*
  341 F. Supp. 2d 1129 (D. Nev. 2004),
  *aff'd*, 500 F.3d 953 (9th Cir. 2007) ..................................................................... 3

Statutes and Other Authorities

42 C.F.R. § 438.4(b) ...............................................................................................5

42 U.S.C. § 1396b....................................................................................................5

Fed. R. App. P. 28 ................................................................................................... 2

Fed. R. Civ. P. 12 ................................................................................................... 2

LR 7........................................................................................................................ 3

## INTRODUCTION

FamilyCare's, Inc. ("FamilyCare") motion for reconsideration lacks merit.  This Court correctly concluded that FamilyCare has no express or implied contractual right to actuarially sound rates: the contract at issue makes no mention of actuarial soundness, and the federal Medicaid law that FamilyCare cites does not itself provide a private right of action.  Those arguments were fully briefed, and addressed—correctly—by this Court.  This Court should therefore deny FamilyCare's motion for reconsideration.

## ARGUMENT

A motion for reconsideration should only be granted when doing so is necessary to "correct a clear error or prevent manifest injustice." *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000) (internal quotes omitted).  As explained below, FamilyCare's motion falls well short of meeting that high standard for granting reconsideration.

I.    **The parties briefed and argued OHA's motion to dismiss FamilyCare's Tenth Claim for Relief.**

OHA adequately raised its argument that FamilyCare had no contract right to actuarially sound rates in its initial motion to dismiss.  That motion sought dismissal of "each claim that depends upon FamilyCare, Inc.'s ("FamilyCare") allegation that it has a right or entitlement to sue OHA because it believes its contract rates are actuarially unsound in violation of federal Medicaid law[.]" (Motion to Dismiss at 2.)  The motion specifically moved against the "Tenth Claim for Relief," FamilyCare's contract claim.  (*Id.* at 5.)  In the motion, OHA framed the relevant question as "does FamilyCare have the authority to sue OHA because it believes that its contracts contain actuarially unsound rates?" (*Id.* at 1.)  OHA's motion answered that question as follows: "The law does not create a parallel right for a coordinated care organization, like FamilyCare, to demand that the state set actuarially sound rates *in its contractual dealings*." (*Id.* at 6 (emphasis added).)  Thus, contrary to its arguments on reconsideration, FamilyCare had

**Page 1 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION
              TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER
              GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO
              DISMISS**

ample opportunity to brief OHA's argument for dismissal of FamilyCare's Tenth Claim for Relief.

In any event, a movant is permitted to reply to arguments raised in an opposition brief. *See, e.g.*, *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1070 (9th Cir. 2017); *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992); *Remington v. Mathson*, No. CV09-4547 NJV, 2010 WL 1233803, at *2 (N.D. Cal. Mar. 26, 2010); *Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*, No. 2:16-CV-01641-SRB, 2017 WL 5714727, at *1 (D. Ariz. July 25, 2017). In its opposition briefing, FamilyCare argued that "applicable law" created the "reasonable expectation" that FamilyCare would receive actuarially sound rates, the same argument it raises now. (Opposition to Motion to Dismiss at 7, 15-16 & n.2). OHA was permitted to respond to this argument in its reply. This Court thus did not clearly err or work a manifest injustice by deciding an issue that was briefed and argued by the parties.

Finally, failure to state a claim is a non-waivable defense and can be raised any time before trial. *See* Fed. R. Civ. P. 12(h)(2). Thus, a new argument in a reply brief supporting a particular 12(b)(6) motion is not waived; a court has discretion to address the new argument so long as plaintiff has had the opportunity to respond to the argument either by filing additional briefing or defending at oral argument. *See, e.g.*, *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 (C.D. Cal. 2006); *Eaton Veterinary Pharm. Inc. v. Diamondback Drugs of Delaware LLC*, No. 2:14-CV-1208-HRH, 2014 WL 6471427, at *3 (D. Ariz. Nov. 18, 2014) (permitting new argument in reply where plaintiff had opportunity to respond the argument at oral argument).[1]

Here, FamilyCare responded to OHA's arguments at oral argument. At oral argument, counsel for OHA asserted "there is . . . no contract, express or implied, which imposed that right [to actuarially sound rates]." (Wilson Decl., Ex. 1, Transcript at 22:20-25.) FamilyCare

---

[1] FamilyCare derives its contrary rule from cases interpreting the Federal Rules of Appellate Procedure, which contain unique requirements for preserving issues through appellate briefing. *See* Motion for Reconsideration at 8-9; Fed. R. App. P. 28(a)(8)(A) (stating that an appellate brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

**Page 2 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

responded, arguing—as it does now—that "the federal regulations" created such a contract right. (Wilson Decl., Ex. 1, Transcript at 29:3-16). FamilyCare later further developed that argument, stating: "I think the congressional purpose is to make sure that the state set actuarially sound rates. And to the point that I was starting with, there is -- there is a contractual right to these actuarially sound rates, and it's not just about a contractual right or a right to rates that have been approved by CMS. And it's two sides of the same coin, I think." (*Id.* at 37:16-22).

FamilyCare also failed to avail itself of additional procedural safeguards. FamilyCare could have, but did not, moved to strike the reply. *See, e.g.*, *White v. City of Sparks*, 341 F. Supp. 2d 1129, 1134 (D. Nev. 2004), *aff'd*, 500 F.3d 953 (9th Cir. 2007) (deciding motion to strike new material in reply brief). FamilyCare could also have moved to file a sur-reply or requested leave to file supplemental briefing after the contract claim became a topic of contention at oral argument. *See* LR 7(e)(3). Given the ample opportunities it had to avail itself of those additional procedural safeguards, FamilyCare should not be permitted to await an adverse decision and then complain about an alleged failure to brief or raise an issue.

## II.    This Court correctly dismissed FamilyCare's Tenth Claim for Relief because FamilyCare has no contractual right to actuarially sound rates.

On its merits, this Court correctly dismissed FamilyCare's breach of contract claim because FamilyCare had no contractual right to actuarially sound rates. In its Tenth Claim for relief, FamilyCare asserted that the implied covenant of good faith and fair dealing in its five-year contract with OHA required OHA to set rates each year that were "reasonable, unbiased, actuarially sound, and free of errors." (Third Amended Complaint ("Third Am'd Compl.") ¶ 148.)[2] FamilyCare contends that the implied covenant of good faith and fair dealing incorporates various federal Medicaid requirements so as to create a contractual right to actuarially sound rates. (Motion for Reconsideration at 12-15.) But as this Court correctly concluded, the mere existence of federal Medicaid law "is not sufficient to give FamilyCare a reasonable *contractual*

---

[2] FamilyCare has since filed a Fourth Amended Complaint, but the motion to dismiss at issue here was as against its Third Amended Complaint.

**Page 3 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

expectation in actuarially sound rates." (Opinion and Order on Motion to Dismiss ("Order") at 26.)

The implied, contractual duty of good faith and fair dealing requires that the parties to a contract not act in a way that destroys or injures the rights of the other, *Perkins v. Standard Oil Co.*, 235 Or. 7, 16 (1963), or that frustrates or defeats the object of the contract. *Warnock v. Bonneville Gen. Agency, Inc.*, 271 Or. 634, 639 (1975). The contractual good faith doctrine "emphasizes faithfulness to an agreed common purpose" and is designed to "effectuate the reasonable contractual expectations of the parties." *Best v. U.S. Nat. Bank of Oregon*, 303 Or. 557, 562–63 (1987) (citations omitted). "[T]he terms of the contract help serve to define the objectively reasonable expectations of the parties." *Uptown Heights Associates Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 645 (1995).

A party's reasonable contractual expectations must flow from the contract's terms and not some independent legal duty. Where an obligation is "independent of the alleged contract" then the claim does not sound in contract. *See, e.g. Werschky v. Moore*, 75 Or. App. 169, 172 (1985) (citation omitted).

For instance, in *Fleshman v. Wells Fargo Bank*, plaintiffs contended that Wells Fargo breached various loan agreements with the plaintiffs in their handling of the plaintiffs' loans. 27 F. Supp. 3d 1127, 1130 (D. Or. 2014). Because the agreement's express terms required that Wells Fargo comply with "applicable law," the plaintiffs argued that the implied covenant of good faith and fair dealing obligated Wells Fargo to comply with various federal statutes regarding response times for loan servicers, accuracy of credit reporting, and consumer privacy. *Id.* at 1135. Applying Oregon law, this Court rejected the contract claims, reasoning that the statutes cited were not themselves "terms in the contracts." *Id.* at 1136. Accordingly, the plaintiff's claims could survive only to the extent those statutes themselves created private rights of action. *Id.* at 1138-39. Because none of the statutes cited created a private right of action on the plaintiff's facts, the plaintiff's contract claims failed. *Id*.

**Page 4 -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

So too here.  The various federal requirements FamilyCare cites are not themselves terms of the contract.[3]  FamilyCare's contract claim thus fails.

### III.    The Contract did not incorporate by reference an actuarial soundness requirement.

FamilyCare cites the following Contract provision as the source of its freestanding contract right to actuarially sound rates:

> If Contractor believes that any provision of this Contract or OHA's interpretation thereof is in conflict with federal or State statutes or regulations, Contractor shall notify OHA in writing immediately.
>
> If any provision of this Contract is in conflict with applicable federal Medicaid or CHIP statutes or regulations that CMS has not waived for the OHP, the Parties shall amend this Contract to conform to the provision of those laws or regulations.

(Motion for Reconsideration at 14 (citing Hesterberg Decl., Ex. 1 at 10.).)  FamilyCare's argument fails for two reasons.  First, this provision contemplates that the terms of the contract as signed could be "in conflict" with Medicaid statutes or regulations, and in that case FamilyCare would provide notice to OHA and seek an amendment.  FamilyCare does not contend that it ever availed itself of this contractual provision during the term of the contract, so this provision is irrelevant.

Second, and more critically, even adopting FamilyCare's reading of this provision as incorporating federal Medicaid law, federal Medicaid law does not provide FamilyCare with a private right of action to seek actuarially sound rates.  If anything, this provision forecloses FamilyCare's argument, because any contractual right to rates other than those approved by the Secretary would be "in conflict" with federal Medicaid statutes and regulations.

///

///

///

---

[3] Regardless, federal Medicaid law does not provide a private right of action, let alone a right to rates different from those reviewed and approved by the Secretary.  *See* 42 U.S.C. § 1396b(2)(m)(A)(iii) (requiring that the contracts between states and CCOs be approved by the Secretary of Health and Human Services); 42 C.F.R. § 438.4(b) (providing criteria used by CMS in approving contract rates as actuarially sound); *see also Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1385 (2015).

**Page 5 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

IV.    **The Contract's "total consideration" clause bars any contract claim for rates in excess of those included in the contract.**

In any event, FamilyCare's contract claim is barred by another express contract term. The contract provides that the "consideration described in [the contract] is the total consideration payable to Contractor for all work performed under this Contract." (Hesterberg Decl., Ex. 1 at 123). FamilyCare now contends that the contract's implied terms entitled FamilyCare to rates greater than those described in its 2017 and 2018 contract amendments. But it is black letter law that the implied covenant of good faith and fair dealing cannot contradict an express contract term. *United States Nat'l Bank of Oregon v. Boge*, 311 Or. 550, 567 (1991) ("The obligation of good faith does not vary the substantive terms of the bargain[.]"). Therefore, FamilyCare cannot demand rates in excess of those included in its rate amendments.

FamilyCare contends that the total consideration clause does not apply because FamilyCare "protest[ed]" the 2017 rate amendment and reserved its rights to contest the 2017 and 2018 rate amendments. (Motion for Reconsideration at 17.) But a *reservation* of rights only reserves rights that already exist; it does not create new rights. Here, in seeking to enforce the Contract, FamilyCare alleges that the Contract is "valid and binding." (Complaint ¶ 147.) Because a contracting party has no right to selectively enforce the provisions of a contract, FamilyCare had no right to reserve. FamilyCare also contends that the "total consideration" clause is unenforceable because rates were amended annually. (Motion for Reconsideration at 17.) But the Contract was also amended and restated annually, and the 2017 and 2018 contract amendments at issue included the "total consideration" clause. (*See* Hesterberg Decl, Ex. 1 at 123; Wilson Decl. Ex. 2.) The "total consideration" clause is valid and binding, and bars FamilyCare's Tenth Claim for Relief.

V.    **The Court did not clearly err by dismissing FamilyCare's entire Tenth Claim for Relief.**

In a final effort to obtain reconsideration, FamilyCare argues for the first time that its Tenth Claim for Relief, which alleges that FamilyCare had an implied contractual right to rates that were "reasonable, unbiased, actuarially sound, and free of errors in underlying data and

**Page 6 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

methodology" is disjunctive, and that it alleged separate implied contract rights to rates that were "reasonable," "unbiased," and "free of errors." (Third Am'd. Compl. at ¶148.) This argument fails for three reasons.

First, the balance of FamilyCare's complaint shows that its allegations regarding bias, reasonableness, and errors were intertwined with FamilyCare's actuarially soundness theory, not independent legal theories. For instance, FamilyCare defined actuarial soundness to mean rates that "provide[d] for all reasonable, appropriate, and attainable costs." (Third Am'd. Compl. at ¶¶ 38, 116, 117.) The complaint makes no further mention of reasonable rates. Similarly, FamilyCare alleged that OHA's bias resulted in the use of "actuarially unsound methods" to "target[]" FamilyCare. (Third Am'd. Compl. at ¶¶100-101.) FamilyCare asserted no theories for a contractual right to rates that were "reasonable," "unbiased," and "free of errors" independent from a right to actuarially sound rates. (Third Am'd. Compl. at ¶148.) Thus, this Court's ruling that FamilyCare lacked a contractual right to actuarially sound rates was fatal to FamilyCare's entire Tenth Claim for relief.

Second, even if the Tenth Claim for Relief can be read as asserting four independent legal theories, the Court should have disregarded any independent assertions of a right to rates that were "reasonable," "unbiased," and "free of errors" as the type of threadbare conclusory statements that should be disregarded when deciding a 12(b)(6) motion. FamilyCare's independent contractual rights regarding each of these concepts were developed nowhere in the complaint, and only mentioned in the context of actuarial soundness.

Finally, any error in dismissing these legal theories was harmless. The implied covenant of good faith and fair dealing does not protect against subjective "bias." *Boge*, 311 Or. at 567 (1991) ("The obligation of good faith does not . . . provide a remedy for an unpleasantly motivated act[.]"). Further, the contract expressly excludes from its terms the contents of the actuarial report that formed the basis of the rates. (Hesterberg. Decl, Ex. 1 at 132; Wilson Decl. Ex. 2.) Accordingly, FamilyCare had no contract-based right to attack "errors" in the rate-setting methodology outlined in that report. And FamilyCare's theory that its "reasonable contract

**Page 7 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**

expectations" entitled it to "reasonable" contract rates is a circular legal conclusion, not a plausible basis for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662 at 679 (2009).

This Court need not reconsider its decision to dismiss the entirety of FamilyCare's Tenth Claim for Relief.

**CONCLUSION**

This Court should deny FamilyCare's motion for reconsideration.

DATED this 27th day of June 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    */s/ Harry B. Wilson*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

739230

**Page 8 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS**